IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, MICHAEL S. IOANE, SR., SHELLY IOANE, ASHLEY M. IOANE, MICHAEL S. IOANE, JR.,<br><br>   Plaintiffs,<br><br>   v.<br><br>KENT R. SPJUTE, JEAN NOLE, JEFF HODGES, BRIAN APPLEGATE, MICHELLE M. CASAREZ, UNKNOWN DOES 1-20, and THE UNITED STATES OF AMERICA,<br><br>   Defendants. | 1:07-CV-00620-AWI-GSA<br><br>ORDER REGARDING MOTION FOR ALLOWANCE OF LIMITED DISCOVERY<br><br>(Document 52) |

INTRODUCTION

On July 2, 2008, Pro Per Plaintiff Michael S. Ioane, Sr. ("Plaintiff") filed the instant motion for an order allowing discovery of the real names and locations of the currently fictitiously-named 'Unknown Doe' defendants. The motion was heard on August 29, 2008, before the Honorable Gary S. Austin, United States Magistrate Judge. Michael S. Ioane, Sr., appeared *in propria persona* by telephone. Lauren Castaldi appeared telephonically on behalf of Defendants United States of America and Kent Spjute, Jeff Hodge, Jean Noll, Brian Applegate, and Michele Casarez ("federal defendants").

## BACKGROUND

Plaintiffs Glen Halliday, Michael S. Ioane, Sr., Shelly Ioane, Ashley M. Ioane and Michael S. Ioane, Jr., proceeding *in propria persona*, initiated this action on April 24, 2007. On January 14, 2008, Plaintiffs filed an amended complaint against Defendants for violation of the Fourth Amendment, violation of due process, excessive force, violations of the First Amendment, failure to supervise and unauthorized disclosure of tax information. (Doc. 39). Plaintiffs allege these violations arise out of the execution of a search warrant by federal agents at Plaintiffs' leased residential building. The warrant purported to authorize the seizure of computer equipment and software along with various documents. Plaintiffs contend the warrant was overbroad, the property was seized without due process of law, the agents used excessive force by drawing guns at Michael and Shelly Ioane, the agents were acting under the direction and control of unknown supervisors who failed to properly instruct and supervise and the agents improperly disclosed Plaintiffs' tax information. Plaintiffs seek compensatory and punitive damages, along with declaratory and injunctive relief.

On January 25, 2008, Defendants filed a motion to dismiss for lack of jurisdiction and/or motion for summary judgment. (Doc. 44). Defendants argue several grounds for dismissal of Plaintiffs' claims, including the lack of an actionable violation of a constitutional right and lack of cognizable claims under the Fourth Amendment. Defendants further argue the claims against the United States are barred by sovereign immunity, the federal defendants are entitled to qualified immunity and the federal defendants are entitled to summary judgment.

On February 28, 2008, the Court vacated the hearing on Defendants' motion to dismiss/motion for summary judgment and took the matter under submission. (Doc. 47). To date, the Court has not ruled on the motion to dismiss/motion for summary judgment. Additionally, in the related case of *Booth, et al. v. Spjute, et al.*, 1:07-cv-00609 AWI GSA, there is a pending motion to dismiss under submission with the Court.

## DISCUSSION

In the instant motion, Plaintiff seeks discovery of unknown Doe defendants who are alleged to be federal agents who planned and executed certain search warrants and the supervisors and superiors of those agents. Plaintiff argues that the Court has broad discretion pursuant to Rule 26 to allow discovery of the unknown Doe defendants and the pending motion to dismiss is irrelevant to naming and serving such defendants. Defendants counter that the Court should not permit discovery because there is a dispositive motion pending and the federal defendants have raised the defense of qualified immunity.

1. Pending Dispositive Motions

Defendants assert that discovery should not be permitted because the dispositive motion challenges all of the allegations in the complaint. Defendants cite several cases to support the proposition that courts routinely suspend discovery when a dispositive motion is pending that is likely to dispose of all of the claims in a complaint. *See, e.g.*, *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (involving issuance of protective order suspending discovery and noting a district court may limit discovery for good cause); *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1978) (district court denied discovery after original complaint was dismissed with leave to amend; upholding denial of discovery and stating that a district court "may properly exercise its discretion to deny discovery where it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted"); *Duff v. Nevada*, 212 Fed. Appx. 676, 677 (9th Cir. 2006) (unpublished decision; discovery stayed pending resolution of motions to dismiss); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (finding no error in district court's grant of protective order barring Plaintiff from discovery pending resolution of motion to dismiss).

Plaintiff counters that Defendants fail to cite a case that stands for the proposition that discovery of unknown defendants should be delayed when a dispositive motion is pending. With regard to unknown defendants, the Ninth Circuit has indicated that, as a general rule, the use of a Doe to identify a defendant is not favored, but situations arise where the identity of alleged defendants will not be known prior to filing a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642

(9th Cir. 1980). In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* In *Gillespie*, the court found that the district court had abused its discretion by denying discovery of Doe defendants and the subsequent dismissal of the complaint was in error. The court reasoned that with disclosure of the identities of the Doe defendants, the allegations in the plaintiff's complaint could have provided bases for relief on a *Bivens*-type action. *Id.* at 63.

Here, Doe defendants are identified in the first cause of action for Fourth Amendment violation and in the fifth cause of action for failure to instruct, supervise, control and discipline. Defendants' pending dispositive motion addresses the claims asserted against the Doe defendants. For example, Defendants seek dismissal of the Fourth Amendment (first cause of action) on the following grounds: (1) Plaintiffs do not allege any conduct on the part of any federal defendant that constitutes an actionable violation of a constitutional right; and (2) Plaintiffs do not assert any legally cognizable Fourth Amendment Claims regarding the validity of the warrants. Defendants also seek summary judgment on the issue of qualified immunity because the warrants at issue were not facially invalid and the defendants acted reasonably in protecting themselves while searching a residence known to contain firearms.

Unlike *Gillespie*, Plaintiff has not argued that the identities of the unknown Doe defendants would provide him with separate bases for relief against the Doe defendants or undermine the motion to dismiss/motion for summary judgment presently pending before the Court. Instead, it appears that Plaintiff merely seeks to substitute a specifically named party in place of a Doe defendant. There is no indication that Plaintiff would be offering new and different theories of liability or that the Doe defendants are new parties outside the contemplation of the complaint at issue. Further, the unnamed agents and supervisors arguably would be able to assert the same challenges to the amended complaint currently contained in the present motion to dismiss, along with the qualified immunity argument forwarded by the federal defendants in the motion for summary judgment.

2.     Qualified Immunity

Plaintiff argues that qualified immunity cannot be used to shield the identities of possible co-defendants and that there is no absolute and complete bar on discovery for a qualified immunity claim.  The federal defendants counter that if they are required to respond to discovery prior to the resolution of their motion, then one of the purposes of allowing a qualified immunity defense is lost.

A qualified immunity defense shields government agents from liability for civil damages in cases where the conduct does not violate clearly established statutory or constitutional rights. *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  "'Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* at 306 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  The Supreme Court in *Behrens* indicated that the qualified immunity defense is meant to give government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery ..., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'" *Id.* at 308 (quoting *Mitchell, supra*, at 526 and *Harlow, supra*, at 817).

Although the governmental burden associated with discovery of the identities of unknown defendants may be limited, *Behrens* indicates that qualified immunity allows government officials to avoid the burden of pretrial discovery.  Plaintiff's citation to *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) correctly notes that *Harlow* did not preclude all discovery.  However, *Crawford-El* contemplated limited discovery related directly to the question of a defendant's qualified immunity.  *Id.*  As Plaintiff concedes that the discovery he seeks is not related to the merits of the claims against defendants, it is therefore unrelated to a qualified immunity defense against such claims.  Accordingly, *Crawford-El*, which involved discovery regarding qualified immunity, is not applicable.

**CONCLUSION**

Based on the foregoing, the Motion for Allowance of Limited Discovery by Plaintiff

Michael S. Ioane, Sr., is DENIED without prejudice. Plaintiff may renew such motion, if appropriate and/or necessary, following the Court's ruling on the pending motion to dismiss/motion for summary judgment.

IT IS SO ORDERED.

Dated: **September 3, 2008**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE