FILED

OCT 1 0 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

1   Glen Halliday
    Michael S. Ioane, Sr.
2   Shelly Ioane
    Ashley M. Ioane
3   Michael S. Ioane, Jr.

4   108 E. John St.
    Carson City, NV 89706
5   (775) 331-1185
    (same address/phone for all plaintiffs)
6   Plaintiffs In Pro Per

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10
    Glen Halliday, Michael S. Ioane, Sr.,      )   Case No.  1:07-CV-0620 AWI GSA
11  Shelly Ioane, Ashley M. Ioane, Michael     )
    S. Ioane, Jr., Briana C. Ioane,            )
12                                             )   SECOND AMENDED COMPLAINT
              Plaintiffs,                      )   FOR DAMAGES FOR
13                                             )   CONSTITUTIONAL VIOLATIONS AND
              vs.                              )   DECLARATORY AND INJUNCTIVE
14                                             )   RELIEF
    Kent R. Spjute, Jean Noll, Jeff            )
15  Hodge, Brian Applegate,  Michele M.        )   JURY TRIAL REQUESTED
    Casarez, Unknown 'Does' 1-15, and          )
16  United States,                             )
                                               )
17            Defendants.                      )
    _____    )

18                              JURISDICTION

19      1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

20                                 VENUE

21      2.    All acts described in this complaint occurred within this judicial district.

22                                PARTIES

23      3.    Defendant KENT R. SPJUTE is a federal officer, and was acting under

24  color of federal law at all times mentioned.  He is sued in his individual capacity.

25      4.    Defendant JEAN NOLL is a federal officer, and was acting under color of

26  federal law at all times mentioned.  She is sued in her individual capacity.

27      5.    Defendant JEFF HODGE is a federal officer, and was acting under color of

28  federal law at all times mentioned.  He is sued in his individual capacity.

                                     1

6.    Defendant BRIAN APPLEGATE is a federal officer, and was acting under color of federal law at all times mentioned. He is sued in his individual capacity.

7.    Defendant MICHELE M. CASAREZ is a federal officer, and was acting under color of federal law at all times mentioned. She is sued in her individual capacity.

8.    Unknown DOE defendants 1-15 are also federal agents, and acting under color of federal law at all times mentioned. They include other unknown persons involved with planning and executing the below described search warrant raids, as well as supervisors and superiors of the agents who physically participated in the raids. Plaintiffs do not presently know the true names of these defendants. They are sued in their individual capacities.

9.    Defendant UNITED STATES is a government entity, and is the employer of the individual defendants.

### FIRST CAUSE OF ACTION

(Unreasonable Search & Seizure In Violation of Fourth Amendment)

10.    On June 8, 2006 the named individual defendants (SPJUTE, NOLL, HODGE, APPLEGATE, CASAREZ) and at least five other unknown DOE agents appeared at plaintiffs' leased residential building located at 1521 Fruitland Ave., Atwater, California to execute an alleged search warrant (copy attached as Exhibit A).

11.    The purported warrant cited no violations of any federal laws, and no affidavit in support of the warrant accompanied it at the time of execution or was ever served on plaintiffs at any time. The defendants fully intended not to disclose, and did not disclose anything to plaintiffs about any affidavit they used to obtain the warrant.

12.    No plaintiff has ever been informed that he or she is under investigation for any alleged federal offense.

13.    The warrant purported to authorize the seizure of virtually any document found, and any computer equipment and software, bank/credit card, phone/address books, phone records, rolodex cards, etc. concerning 1999 to the present concerning a specific list of names, "plus persons or entities unknown" and "names unknown or entities

2

1 | unknown".

2 |     14.    The warrant was overbroad and void on its face.

3 |     15.    Nonetheless, claiming to rely on the facially void warrant, and the non-
4 | specific 'names unknown or entities unknown' language in the warrant, the defendants
5 | forced their way into the property, conducted a lengthy search of it, including areas
6 | belonging to all plaintiffs, and indiscriminately seized numerous items of property
7 | belonging to plaintiffs, whether or not they were specified in the warrant. The agents also
8 | seized property from the premises that belongs to plaintiff Glen Halliday.

9 |     16.    The agents who participated, but were not in charge of the search raid, were
10 | fully informed of the scope and breadth of the warrant, examined and familiarized
11 | themselves with it, including the 'names unknown or entities unknown' language in it,
12 | and either knew or should have known it was overbroad and invalid on its face.

13 |     17.    One of the defendants told plaintiff Michael Ioane that because the warrant
14 | authorized the seizure of items relating to "persons or entities unknown" and "names
15 | unknown or entities unknown", the agents could take anything they wanted.

16 |     18.    Plaintiff Shelly Ioane was not even allowed to go to the bathroom without
17 | one of the female agents inside the bathroom watching her as she tried to relieve herself.

18 |     19.    The above acts violated plaintiffs' Fourth Amendment rights against
19 | unreasonable searches and seizures.

20 |                       SECOND CAUSE OF ACTION

21 |                          (Excessive Force)

22 |     20.    Paragraphs 1-18 are incorporated herein.

23 |     21.    At the time of the search raid by the defendants, plaintiffs Michael Ioane,
24 | Sr., and Shelly Ioane were present at the property location.

25 |     22.    The defendants had no valid reason to believe the plaintiffs or any residents
26 | of the property were armed or dangerous.

27 |     23.    On rushing through the door, the agents had guns drawn and pointed them
28 | in a threatening manner at the heads of both Michael and Shelly Ioane without reason or

1    provocation, and intended to cause and did cause these plaintiffs to fear for their lives.

2         24.    Although plaintiff Shelly Ioane was unarmed, and frantically screaming and

3    crying for help, defendant APPLEGATE continued approaching her and pointing his gun

4    at her beyond any amount of time it might take for a reasonable person to determine she

5    was unarmed and no threat to anyone.

6         25.    Defendant APPLEGATE's behavior was so unnecessary that one of the

7    female agent defendants screamed at him at least three times to put away his gun, and had

8    to continue screaming at him at the top of her voice until he finally did so.  Defendant

9    APPLEGATE either does not have the mentally stability for using firearms in a law

10   enforcement capacity, or was not properly trained to do so.

11        26.    Although plaintiffs Ashley Ioane, Briana Ioane, and Michael Ioane, Jr. were

12   not present at the time of the search raid, they saw the results of it, and have concern and

13   anxiety that federal agents will once again come into their home anytime they please to

14   conduct a search and seizure, and are fearful of such agents.

15        27.    Having their home invaded, and especially being threatened with guns, has

16   caused trauma and emotional distress to the plaintiffs Shelly and Michael Ioane, Sr.  This,

17   in combination with being watched by a federal agent while she attempted to relieve

18   herself in the bathroom, has caused trauma, emotional distress, embarrassment, and

19   humiliation to Shelly Ioane.

20        28.    The actions of the defendants were a use of unnecessary and excessive

21   force, in violation of plaintiff's Fourth Amendment rights.

22                         THIRD CAUSE OF ACTION

23   (Interference with First Amendment Association, Freedom of Speech & Press Rights)

24        29.    Paragraphs 1-16 are incorporated herein.

25        30.    Many of the documents seized were related to plaintiffs' exercise of their

26   right of association with others, free speech, and free press rights protected under the First

27   Amendment of the United States Constitution.  In addition, during the raid, some of the

28   defendants asked Michael Ioane about books and materials Ioane read, conferences he

                                    4

1 | might have attended, and associations with other people he might have, especially any
2 | association with Steven Booth.

3 |     31.    The defendants seizure and retention of the documents is interfering with
4 | plaintiff's exercise of their associational, free speech, and free press rights.

5 |     32.    Defendants have violated, and are continuing to violate, the above First
6 | Amendment protected rights by their continued possession of the above described
7 | categories of items.

8 |     33.    Plaintiffs are entitled to an injunction against the defendants' continued
9 | possession of the items, an order directing their immediate return, and damages.

10 | FOURTH CAUSE OF ACTION

11 | (Retaliation For Exercise of Constitutional Rights Against All Defendants)

12 |     34.    Paragraphs 1-33 are incorporated herein.

13 |     35.    Prior to the search raid, plaintiff Michael Ioane, Sr had threatened to sue the
14 | IRS for recording a false, bogus 'nominee' federal tax lien against his real property.

15 |     36.    During the search raid, defendant Jeff Hodge told Michael Ioane, Sr several
16 | times that if Ioane had not made the threat of filing such a lawsuit, the search raid would
17 | never have happened.

18 |     37.    Defendant Kent Spjute also told plaintiff Michael Ioane, Sr that if Ioane and
19 | his attorney had not demanded the liens be removed, none of this would have happened.

20 |     38.    Plaintiff Ioane's actions of demanding release of the lien notice(s) was (and
21 | is) a 'petition for redress of grievance' and pre-litigation activity, both of which are
22 | protected activities under the First Amendment of the U.S. Constitution.

23 |     39.    The defendants' search raid was made in retaliation of Ioane exercising his
24 | First Amendment protected rights.

25 |     40.    All defendants were aware of the underlying retaliatory reason for the
26 | search raid.

27 |     41.    The defendants are liable to the plaintiffs for their retaliatory acts (which
28 | violated the First Amendment), and the resulting gross invasion of privacy.

5

1  FIFTH CAUSE OF ACTION

2  (Failure to Instruct, Supervise, Control, Discipline Against Unknown DOE's)

3  42.  Paragraphs 1-41 are incorporated herein.

4  43.  At all relevant times, the defendants executing the warrants were acting
5  under the direction and control of the unknown DOE superiors and supervisors.

6  44.  Acting under color of federal law, the unknown DOE superiors and
7  supervisors intentionally, knowingly, recklessly and with deliberate indifference to the
8  rights of the inhabitants of the area failed to instruct, supervise, control, and/or discipline
9  the defendants who executed the warrants to refrain from conducting unlawful searches
10  and seizures, and conspiring to violate federally protected rights, and otherwise depriving
11  citizens of their constitutional and statutory rights, privileges, and immunities.

12  45.  Defendant unknown DOE superiors and supervisors had knowledge or
13  should have had knowledge that the wrongs alleged herein, or other unlawful,
14  unconstitutional acts were going to be committed and had the power to prevent, or aid in
15  preventing, the commission of said wrongs, could have done so, and intentionally,
16  knowingly, or with deliberate indifference to the rights of inhabitants of the area, failed or
17  refused to do so.

18  46.  Defendant unknown DOE superiors and supervisors directly or indirectly,
19  under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and
20  wanton conduct of the defendants executing the warrants, and thereby caused damages to
21  occur to plaintiffs.

22  SIXTH CAUSE OF ACTION

23  (Unauthorized Disclosure of Tax Information Against United States)

24  47.  Within the last 2 years, agents of defendant United States knowingly or
25  negligently disclosed tax information about plaintiff Michael Ioane, Sr. multiple times to
26  third-parties without plaintiffs' consent and when no statutory exception allowed for any
27  such disclosures.

28  48.  The above disclosures included accusations of tax evasion to third-parties

6

1  by some of the individual defendants herein, as well as other IRS agents.

2       49.    These disclosures were made in violation of 26 U.S.C. §6103, and Michael

3  Ioane, Sr. is entitled to damages for each disclosure under 26 U.S.C. §7431.

4  JURY TRIAL DEMAND

5       50.    Plaintiffs seek trial by jury for all triable issues.

6  <u>REQUEST FOR RELIEF</u>

7  Plaintiffs seek the following relief for the above violations:

8  1.    $1,000,000 in compensatory damages against all individual defendants

9      jointly and severally for their constitutional violations;

10  2.    $1,000,000 in punitive damages against all individual defendants jointly and

11      severally for their constitutional violations;

12  3.    A declaration that defendants violated plaintiffs' rights against

13      unreasonable searches, and the seizure of the property was illegal;

14  4.    An injunction against the defendant's continued possession of the

15      equipment, property, and records seized, an order directing them to be

16      returned to plaintiffs, and damages for their seizure and detention;

17  5.    Damages according to proof against the United States under 26 U.S.C.

18      §7431;

19  6.    Costs of this action;

20  7.    Any further relief the Court deems just.

21

22

23

24

Glen Halliday                        Michael S. Ioane, Sr.

25

26

Shelly Ioane                         Ashley M. Ioane

27

28

7

1    Michael S. Ioane, Jr.                              Briana C. Ioane

2    CERTIFICATE OF SERVICE

3        It is hereby certified that on _10/9/2009_ , 2008, **PLAINTIFFS'**
     SECOND AMENDED COMPLAINT FOR DAMAGES FOR CONSTITUTIONAL
4    VIOLATIONS AND DECLARATORY AND INJUNCTIVE RELIEF
     was served on the following parties by depositing true and correct copies in the United
5    States mail, in enclosed envelopes, with proper postage prepaid, and addressed as
     follows:
6
     U.S. Department of Justice
7    Tax Division
     P.O. Box 683
8    Ben Franklin Station
     Washington, D.C. 20044
9
         The undersigned declares under penalty of perjury that the foregoing is true and
10
     correct.
11
     DATE: _10/9/2008_
12

13                                                     Michael Ioane

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          8

# United States District Court

| EASTERN | DISTRICT OF | CALIFORNIA |

In the Matter of the Search of
(Name, address or brief description of person or property to be search)



**SEARCH WARRANT**

**Residence & Outbuildings at
1521 Fruitland Ave., Atwater, California**

CASE NUMBER:

7:  0 6 M 0 0 1 4 7    LJO

TO: **Kent R. Spjute, Special Agent, Internal Revenue Service, Criminal Investigation Division,**
and any Authorized Officer of the United States

Affidavit(s) having been made before me by **Kent R. Spjute** who has reason to believe that **( )** on the person of or **(X )**
on the premises known as (name, description and/or location)

## SEE ATTACHMENT A

in the Eastern District of California there is now concealed a certain person or property, namely
(describe the person or property to be seized)

## SEE ATTACHMENT B

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or
property so described is now concealed on the person or premises above-described and establish grounds for the
issuance of this warrant.

YOU ARE HEREBY COMMANDED TO SEARCH ON OR BEFORE _____ June 17, 2006 _____

DATE

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search  and if the person or property be found there to seize same, leaving a copy of this warrant and
receipt for the person or property taken and prepare a written inventory of the person or property seized and promptly
return this warrant to                                    LAWRENCE J. O' NEILL
as required by law.
                                                         U.S. Judge or Magistrate

| | |
|---|---|
| **June 7, 2006** | at **Fresno, California** |
| Date and Time Issued | City and State |
| **LAWRENCE J. O'NEILL** | |
| Name and Title of Judicial Officer | Signature of Judicial Officer |

**RETURN**

| Date Warrant Received | Date and Time Warrant Executed | Copy of Warrant and Receipt For Items Left With |
|---|---|---|
| | | |

Inventory Made in the Presence of

Inventory of Person or Property Taken Pursuant to the Warrant

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____

                                  U.S. Judge or Magistrate              Date

## ATTACHMENT A

PREMISES, GARAGE AND ANY OUTBUIDLINGS TO BE SEARCHED
At 1521 Fruitland Ave, Atwater, CA

This location is a one story single-family residence located 1521 Fruitland Atwater, California with the address on the mail box in front on the west side of the residence. It is described as a single story white or cream colored stucco house with a wood shake roof and a separate open carport structure to the west of the residence. There are arches in the front with tan bricks part way up on the walls of the house. The residence and carport sits on about 2.8 acres with a separate single wide trailer in the back section of the property. The property with carport area and trailer is pictured below.



Front of 1521 Fruitland, Atwater, CA from street.

1



Carport area to west of property



Front door area of residence



Trailer in back of property at 1521 Fruitland Ave, Atwater, CA- as part of property to be searched.

## Attachment B

The following list of items are believed to be found in the residence, carport, trailer or any outbuildings of Michael Scott Ioane Sr. ; AKA Michael Johnson, at 1521 Fruitland Ave., Atwater, CA more particularly described in Attachment A, for the period of time beginning Jan. 1 1999 to the present:

All records, as cited below, involving the following individuals or entities listed, plus persons or entities unknown; are set forth below:

Vincent Steven Booth, V. Steven Booth, Louise Booth, Aligned Enterprises Trust, Alpha Omega Trust, Booth Health Management Org. Inc., Agape Foundation, Bakersfield Properties & Trust Co , San Joaquin Wellness & Medical Group Prof. Corp dba Booth Chiropractic, Southern Financial Services, 21st Century Management & Trust, Acacia Corporate Management, Acacia Charitable Foundation, First Amendment Publishers, Paradise Solutions Trusts, American Federal Trust, Michael Scott Ioane, Michael Ioane, Michael Johnson, Mike Olsen, Shelly Olson-Ioane, Shelly Olsen, Shelly Ioane, Steven Stucker, James Baker, Laurel Fierro, plus names unknown or entities unknown.

To include the following records:

1. Records of the creation, existence and operation of trusts or other entities, including: trust agreements, trust minutes, trust correspondence, trust transfers, notices, letters, correspondence, trust income records, records of receipts, expenses, loan records, deeds of trusts, payments on loans, ledgers, schedules, bank records, cancelled checks, asset records of purchases and transfers, deposit records, trustee appointments and trustee records.

2. Records used to prepare tax returns, copies of tax returns, schedules, all attached schedules, forms, work papers, copies of Forms W-2, Forms 1099, Forms 1098, letters, correspondence, communications with the IRS or California state franchise tax board, and letters to the IRS.

3. Bank records, cancelled checks, check registers, deposit records, bank statements, cashier's check or money order records, bank loan records, deposit slips, postal money orders or other items to make payments, and the transfers of any funds or money.

4. Records, letters, emails, schedules, memorandums, or documents to counsel, advise, direct, Steven Booth, Louise Booths, and other individuals and entities regarding trusts, companies, assets, taxes, IRS, and financial transactions.

5. Records showing purchase or transfer of assets, real property investments, partnership records, fiduciary records, and assets for V. Steven Booth, Louise Booth and other entities and individuals.

6. Records showing receipt of funds, such as gift, transfers or income from any source to include trusts, wages, dividends, capital gains, cash receipts, loans, gifts, loan documents, loan payment schedules, and other records.

4

7. Records of property ownership and transfer of any real properties to include deeds, deeds of trusts, reconveyances, title records, escrow records, loan records, ownership records, evidence of ownership records, payments on behalf of real properties, rental records, rental income records and rental expense records

8. Records of all IRS contacts and communications about IRS contacts, such as letters, receipts, books, manuals, guides, templates, 'how to" records,

9. Cellular telephones and other electronic storage devices, such as personal digital assistants (PDA) for storage of dates, phone numbers, calendars or names, and phone records.

10. Calendar schedules, appointment books, rolodex, phone records,

**Computer, computer related equipment and storage devices**
1. Any computer equipment and storage device capable of being used to commit, further or store evidence of the offense listed above;

2. Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners.

3. Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, and personal digital assistants;

4. Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software.

5. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched.

6. Electronically stored communications, emails, letters, or other stored data.

7. Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

8. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data. Papers that have words, letters, or phrases that could include computer passwords or other such material to access computers or computer information.

9. Computer related documentation consisting of written, recorded, printed or electronically stored material which explain or illustrate how to configure or use computer hardware, software, or other related items.

5

**Computer Searching/seizure procedure**

In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

    a.  Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices to determine whether these items can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve the data.

    b.  If the computer equipment and storage devices cannot be searched on-site in a reasonable amount of time, then the computer personnel will determine whether it is practical to copy the data during the execution of the search in a reasonable amount of time without jeopardizing the ability to preserve the data.

    c.  If the computer personnel determine it is not practical to perform an on-site search or make an on-site copy of the data within a reasonable amount of time, then the computer equipment and storage devices will be seized and transported to an appropriate law enforcement laboratory for review.  The computer equipment and storage devices will be reviewed by appropriately trained personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

    d.  Any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offense, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offense specified above.

    e.  In searching the data, the computer personnel may examine all of the data contained in the computer equipment and storage devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein.  In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

    f.  If the computer personnel determine that the computer equipment and storage devices are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(b), the government will return these items within a reasonable period of time not to exceed 60 days from the date of seizure.

# Inventory Listing of All Items Seized at Search Warrant Site

| Site Name:<br>1521 Fruitland Ave<br>Atwater, CA 95301 | Investigation Number:<br>1000206064<br>Starting Date and Time:<br>06/08/2006 09:05 AM<br>Ending Date and Time:<br>06/08/2006 03:30 PM | Report Date:<br>Thursday, June 08, 2006 |
|---|---|---|

| Control #: | 1 | Evidence Box: | 1 |
|---|---|---|---|
| Location: | Large Storage | Locator Code: | |
| Found: | Center Aisle | | |
| Description: | Seized Per Warrant | Corp records of Mountain Property Management and Golden Opportunity. | |

| Control #: | 2 | Evidence Box: | 2 |
|---|---|---|---|
| Location: | Large Storage | Locator Code: | |
| Found: | Center Aisle | | |
| Description: | Seized Per Warrant | Minutes - Project Go, Record of Trust - Project Go, Corporate Records - Artic Gold | |

| Control #: | 3 | Evidence Box: | 3 |
|---|---|---|---|
| Location: | Large Storage | Locator Code: | |
| Found: | Center Aisle | | |
| Description: | Seized Per Warrant | Equitable Financial Services documents, including minuts | |

| Control #: | 4 | Evidence Box: | 4 |
|---|---|---|---|
| Location: | Large Storage | Locator Code: | |
| Found: | Center Aisle | | |
| Description: | Seized Per Warrant | National Holding Trust, Rugged USA, Mud Creek, True Technologies, Candle Mining, Nevak Mining, Corporate Records | |

| Control #: | 5 | Evidence Box: | 5 |
|---|---|---|---|
| Location: | Large Storage | Locator Code: | |
| Found: | Center Aisle | | |
| Description: | Seized Per Warrant | Two minute books, searchlight, contract and declarationn of creation - American Lending Service | |

| Control #: | 6 | Evidence Box: | 6 |
|---|---|---|---|
| Location: | Large Storage | Locator Code: | |
| Found: | East Wall Shelf | | |
| Description: | Seized Per Warrant | Misc. documents as covered in Search Warrant. | |

| | | | |
|---|---|---|---|
| **Control #:** | 7 | **Evidence Box:** | 7 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | 2001 Tax Records - First Amendment Publishers. | |

| | | | |
|---|---|---|---|
| **Control #:** | 8 | **Evidence Box:** | 8 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | 2001 Tax Records - Various Entities. | |

| | | | |
|---|---|---|---|
| **Control #:** | 9 | **Evidence Box:** | 9 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | Bank Statements, deposit records, phone records, other misc. records. | |

| | | | |
|---|---|---|---|
| **Control #:** | 10 | **Evidence Box:** | 3 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | Declarations of intent for numerous trusts. | |

| | | | |
|---|---|---|---|
| **Control #:** | 11 | **Evidence Box:** | 3 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | 1996 Form 1041 for First Amendment Publishers that was prepared in 2002. | |

| | | | |
|---|---|---|---|
| **Control #:** | 12 | **Evidence Box:** | 10 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | 2003 Tax infor for various entities including American Fed trust, Global Funding, and Acacia Court Management. | |

| | | | |
|---|---|---|---|
| **Control #:** | 13 | **Evidence Box:** | 11 |
| **Location:** | Large Storage | **Locator Code:** | |
| **Found:** | Center Aisle | | |
| **Description:** | Seized Per Warrant | Two 2003 receipts, misc. financial documents. | |

| | | | |
|---|---|---|---|
| **Control #:** | 14 | **Evidence Box:** | 12 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Bank records and accounting records for various entities. | |

| | | | |
|---|---|---|---|
| **Control #:** | 15 | **Evidence Box:** | 13 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Trust and various entity accounting records, trust court documents, bank records and investment account records. | |

| | | | |
|---|---|---|---|
| **Control #:** | 16 | **Evidence Box:** | 14 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Accounting records for trusts and various entities. | |

| | | | |
|---|---|---|---|
| **Control #:** | 17 | **Evidence Box:** | 15 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Trustee info, trust accounting records, invoices, bank documents; LLC, trust, personal, and corporate bank records. | |

| | | | |
|---|---|---|---|
| **Control #:** | 18 | **Evidence Box:** | 16 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Trust and various accounting records; corporate records. | |

| | | | |
|---|---|---|---|
| **Control #:** | 19 | **Evidence Box:** | 17 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Binders: Fruitland purchase contract, Acacia lein issues, First Amendment - minutes. | |

| | | | |
|---|---|---|---|
| **Control #:** | 20 | **Evidence Box:** | 18 |
| **Location:** | Garage | **Locator Code:** | |
| **Found:** | Top of file cabinets. | | |
| **Description:** | Seized Per Warrant | Bank Statements and other financial documents for various entities. | |

| | | | |
|---|---|---|---|
| **Control #:** | 21 | **Evidence Box:** | 19 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Contracts and trust records, tax data, court records. | |

| | | | |
|---|---|---|---|
| **Control #:** | 22 | **Evidence Box:** | 20 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | United Sovereign of America Manuel, The Right of Travel, legal rights binder, blank loan documents, Brick Mortgage, Exposing Bank Fraud. | |

| | | | |
|---|---|---|---|
| **Control #:** | 23 | **Evidence Box:** | 21 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Trust identifications, trust perceptions, IRS Exhibit, Acacia Declaration and Contract - First Amendment, Charitable Scholarship. | |

| | | | |
|---|---|---|---|
| **Control #:** | 24 | **Evidence Box:** | 22 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Booth tax audits and taxes, various trust tax audits and taxes. | |

| | | | |
|---|---|---|---|
| **Control #:** | 25 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Fist Computer Desk | | |
| **Description:** | Seized Per Warrant | Image of System F1 - Generic PC (Serial: heliuso4020011) | |

| | | | |
|---|---|---|---|
| **Control #:** | 26 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Main desk on right. | | |
| **Description:** | Seized Per Warrant | Image of loose drive, F6 (Serial: d23y2yye) - Maxtor | |

| | | | |
|---|---|---|---|
| **Control #:** | 27 | **Evidence Box:** | 24 |
| **Location:** | Garage | **Locator Code:** | |
| **Found:** | Filing Cabinet #7, Drawers 1 and 2 | | |
| **Description:** | Seized Per Warrant | Financial documents for American Federal Trust, assets owned. | |

| | | | |
|---|---|---|---|
| **Control #:** | 28 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Second Desk on left | | |
| **Description:** | Seized Per Warrant | Image of Dell Laptop Computer, F3 (Service Tag: 8cl4521) | |

| | | | |
|---|---|---|---|
| **Control #:** | 29 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Main desk on left | | |
| **Description:** | Seized Per Warrant | Image of Generic PC, F4 (no serial number). | |

| | | | |
|---|---|---|---|
| **Control #:** | 30 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Main desk on right. | | |
| **Description:** | Seized Per Warrant | Image of generic PC (Serial #: 02042201) removable harddrive, Harddrive 1 | |

| | | | |
|---|---|---|---|
| **Control #:** | 31 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Main desk on right. | | |
| **Description:** | Seized Per Warrant | Image of generic PD (serial # 02042201) harddrive 0 | |

| | | | |
|---|---|---|---|
| **Control #:** | 32 | **Evidence Box:** | 23 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Second Desk on left | | |
| **Description:** | Seized Per Warrant | Image of Dell Laptop, F2 (Service Tag: hnn4521). | |

| | | | |
|---|---|---|---|
| **Control #:** | 33 | **Evidence Box:** | 23 |
| **Location:** | Trailer Liv/Off/Kit. | **Locator Code:** | |
| **Found:** | On desk | | |
| **Description:** | Seized Per Warrant | Image of Action Computer harddrive 0 | |

| | | | |
|---|---|---|---|
| **Control #:** | 34 | **Evidence Box:** | 25 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Acacia Management, APG-Mariposa Holding, Booth and San Joaquin Wellness binders. | |

| | | | |
|---|---|---|---|
| **Control #:** | 35 | **Evidence Box:** | 26 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Accounting records, invoices, contract and declaration of trust, Booth Wellness HMO Binder. | |

| | | | |
|---|---|---|---|
| **Control #:** | 36 | **Evidence Box:** | 27 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Bookshelves | | |
| **Description:** | Seized Per Warrant | Address book, Nevada phone line, Acacia phone line, estate restructuring, two 3 1/2" diskettes. | |

| | | | |
|---|---|---|---|
| **Control #:** | 37 | **Evidence Box:** | 27 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | Under table in middle of room | | |
| **Description:** | Seized Per Warrant | Clien billing and receipts. | |

| | | | |
|---|---|---|---|
| **Control #:** | 38 | **Evidence Box:** | 27 |
| **Location:** | Office | **Locator Code:** | |
| **Found:** | On floor next to desk on right. | | |
| **Description:** | Seized Per Warrant | Two computer disks, deed info for fruitridge address. | |

| **Control #:** | 39 | | **Evidence Box:** | 27 |
|---|---|---|---|---|
| **Location:** | Office | | **Locator Code:** | |
| **Found:** | Corner desk filing cabinet | | | |
| **Description:** | Seized Per Warrant | Jim Baker files, trust files, account transaction printouts for trusts. | | |

| **Control #:** | 40 | | **Evidence Box:** | 27 |
|---|---|---|---|---|
| **Location:** | Office | | **Locator Code:** | |
| **Found:** | Bottom of black filing cabinet | | | |
| **Description:** | Seized Per Warrant | Property documents, Bill of exchange. | | |

| **Control #:** | 41 | | **Evidence Box:** | 27 |
|---|---|---|---|---|
| **Location:** | Office | | **Locator Code:** | |
| **Found:** | Bottom of black filing cabinet | | | |
| **Description:** | Seized Per Warrant | Booth files. | | |

| **Control #:** | 42 | | **Evidence Box:** | 27 |
|---|---|---|---|---|
| **Location:** | Office | | **Locator Code:** | |
| **Found:** | Top of main desk on right | | | |
| **Description:** | Seized Per Warrant | Documents with Booth, 21st Century, San Joaquin Wellness, Trust minutes. | | |

| **Control #:** | 43 | | **Evidence Box:** | 27 |
|---|---|---|---|---|
| **Location:** | Office | | **Locator Code:** | |
| **Found:** | Main desk on left | | | |
| **Description:** | Seized Per Warrant | Booth corresp with IRS, "Mike's Bible" containing Booth information. | | |