# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN HALLIDAY, et al., | ) | 1:07-CV-00620 AWI GSA |
| | ) | |
| | ) | ORDER RE: MOTION FOR A STAY |
| Plaintiffs, | ) | (Document 66) |
| | ) | |
| v. | ) | |
| | ) | |
| KENT R. SPJUTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant United States of America ("United States") filed the instant motion for a stay of this civil action on October 21, 2008. Plaintiffs Glen Halliday, Ashley M. Ioane, Shelly J. Ioane, Michael S. Ioane, Jr., and Michael S. Ioane, Sr. ("Plaintiffs") filed an opposition to the motion. This Court considered the United States' motion for a stay on the record and without oral argument or a hearing, pursuant to this Court's Local Rule 78-230(h).

## BACKGROUND

Plaintiffs Michael Ioane, Sr., Shelly Ioane, Ashley Ioane, and Michael Ioane, Jr., live at 1521 Fruitland Ave., Atwater, CA. Plaintiffs are involved in tax disputes with Defendant United States. Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). The United States obtained a search warrant for Plaintiffs' residence, which was carried out by the Federal Agents on June 8, 2006.

1  Plaintiffs filed suit on April 20, 2007. (Doc. 1). They filed an amended complaint as a
2 matter of right on January 14, 2008. (Doc. 39). Defendants filed a Motion to Dismiss, or in the
3 alternative, Motion for Summary Judgment on January 25, 2008. (Doc. 44). By order of
4 September 24, 2008, the court granted the motion in part and denied the motion in part. Plaintiffs
5 filed a second amended complaint on October 10, 2008, which contains six causes of action: (1)
6 unreasonable search and seizure in violation of the Fourth Amendment; (2) excessive force; (3)
7 interference with First Amendment rights of association, speech and press; (4) retaliation for
8 exercise of constitutional rights; (5) failure to instruct, supervise, control, and discipline against
9 unknown DOE defendants; and (6) unauthorized disclosure of tax information against the United
10 States. (Doc. 64).

11  On October 21, 2008, Defendant United States filed a motion to stay this case for six
12 months based on a pending criminal investigation and grand jury investigation, requesting that
13 "thereafter the United States be required to submit a written status report explaining the current
14 status of the criminal prosecution." Doc. 66-2, Defendant's Brief, at 2 n. 2. Defendant also
15 received permission to file a declaration, *ex parte* and sealed, explaining the entanglement
16 between this civil case and the criminal investigation. Doc. 68. Plaintiffs filed an opposition
17 contending that documents obtained under the Freedom of Information Act ("FOIA") show no
18 criminal investigation existed as of August 2008 concerning Michael Ioane or any other plaintiff.
19 Plaintiffs alternately contend that even if any criminal tax investigation is occurring, the issues in
20 the instant matter would not require "discovery into ... any of the areas defense counsel complains
21 about." Doc. 74, Opposition, at p. 2.

## LEGAL STANDARD

> While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution....A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated. Other factors a court should consider will vary according to the case itself, but generally will include: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation;

and (5) the interest of the public in the pending civil and criminal litigation.

*Federal Sav. and Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902-03 (9th Cir. 1989) (internal citations and quotations omitted).  In *Molinaro*, the private party (defendant) sought a stay in the civil suit brought by a governmental agency (plaintiff) for fear that the discovery process would force defendant to choose between his Fifth Amendment rights and his civil defense.  The case at hand presents the reverse position of a government seeking a stay to prevent privileged information in a criminal case from being exposed during discovery.  The Third Circuit has found the situations so different that it termed the case law of one "not relevant" to the other.  *De Vita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970).  Nevertheless, courts within the Ninth Circuit have applied the *Molinaro* factors when considering a government's request for a stay.  *See Belford Strategic Inv. Fund, LLC v. United States*, 2005 WL 3278597, *1-2 (N.D. Cal. November 7, 2005) ("[*Molinaro*] holdings have little direct application in the present context, but the factors enumerated by the court are instructive"); *De Felice v. Chugach Maint. Servs.*, 2007 WL 3293394 (E.D. Cal. November 5, 2007); *Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996).  Importantly, "[t]he case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned[, and] no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903, quoting *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980).

## DISCUSSION

Defendant accuses Plaintiff Ioane and V. Stephen Booth and Louise Q. Booth[1] of tax evasion by using a variety of third party entities.  Defendant further states that there is an on-going

---

[1] The Booths are not parties to the instant action.  However, Plaintiff Ioane is involved in a quiet title action in which the Booths and the United States are defendants, which is entitled *Acacia Corporate Management, LLC, Michael Ioane v. United States*, et al., 1:07-cv-01129 AWI GSA.  On May 7, 2008, the court granted a stay in that matter due in part to the pending criminal investigation involving Plaintiff Ioane and the Booths.  On November 14, 2008, the court extended the stay in that matter through May 18, 2009.  The court noted that the lack of any indictment since April 2008 was "disturbing" and warned Defendant that without a change in circumstances the court would likely not grant any further extension of the stay.

The Booths also are involved in a *Bivens* suit against the United States and the Federal Agents related to execution of a search warrant.  The action is entitled *V. Stephen Booth, Louise Q. Booth v. Kent R. Spjute, et al.*, 1:07-cv-00609 AWI GSA.  The United States also seeks a stay in that action.


criminal investigation involving the Booths as well as Plaintiff Michael Ioane. The Booths and Plaintiff Ioane have filed multiple lawsuits, including the instant suit. This suit seeks compensatory and injunctive relief against the IRS agents for alleged Fourth and Fifth Amendment constitutional violations pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 396 (1971). Plaintiffs allege that their Fourth Amendment rights were violated when the Federal Agents searched their property with an invalid search warrant and also used excessive force. There is overlap in the criminal matter and this suit as Plaintiffs challenge the actions of the Federal Agents in conducting the criminal investigation.

### A.   Plaintiffs' Interests

Although Plaintiffs have an interest in reaching a resolution regarding the allegations in the instant action, a six month delay would not appear to hamper Plaintiffs as the search warrant at issue has been executed. Defendant argues that the legality of search and seizure would not accrue until after the criminal proceeding is completed. At this stage, however, criminal charges have not been filed and, as Defendant admits, the matter has not yet proceeded to the point of indictment.

Plaintiffs do not address the issue of Plaintiff Ioane's Fifth Amendment rights. Plaintiffs suggest, however, that even if discovery might touch "on certain issues, they could be handled with...objections to certain inquiries at the time they are made." Doc. 74, Plaintiffs' Opposition, at p. 2. Plaintiffs do not state that Mr. Ioane's right against self-incrimination would not be threatened by this case. Defendant contends that Plaintiffs may be forced to make an election between their interests in this case and their Fifth Amendment rights in the criminal investigation. Defendant likely is correct and Plaintiff Ioane's Fifth Amendment rights may be implicated by allowing the case to go forward.

### B.   Defendant's Interests[2]

To demonstrate disadvantage, Defendant contends that "should the United States be forced to proceed with the instant civil action, the civil attorneys will be at a distinct disadvantage,

---

[2] The memorandum considers Defendant United States' interests in the instant civil case. Any interest in the administration of the criminal justice system is addressed below as a component of the public's interest.

because the civil attorneys will lack access to the criminal files that are part of the grand jury investigation, or which have been sealed by the Court." Doc. 66-2, Defendant's Brief, at p. 9. This argument was rejected by the Court in the *Acacia* matter. *Acacia Corporate Management v. United States, et al*., 2008 WL 2018438, *3 (E.D. Cal. May 7, 2008). The Court reasoned that Defendant was presuming it was entitled to use the contents of the criminal files in defending the civil case. The Court found that to be a faulty assumption as lack of access to certain evidence would be a factor that equally disadvantaged both sides in this situation. *Id*.

As noted by the Northern District,

> If the prosecutors and government civil defendant are somehow barred from collaborating, then the defendant here will simply have to conduct its own discovery, like every other civil defendant must do. In other words, the government defendant does not have a special right to the prosecutor's discovery or to the information used by a grand jury. Any additional discovery obtained through a parallel criminal proceeding is a windfall, not an entitlement.

*Belford*, 2005 WL 3278597 at *3. Accordingly, Defendant has made no strong argument of special prejudice to its position in the civil case should a stay not be granted. As the Defendant brought the motion for a stay, granting one would not burden Defendant.

**C.   Court Efficiency**

Defendant claims a stay would conserve judicial resources, stating as follows:

> the criminal case will shed light on the claims herein, refocus the parties on what factually remains in dispute and narrow the issues for adjudication. It is very possible that Plaintiffs may challenge the search warrants in the criminal case, negating the need to re-visit the issue in a civil case. A stay will also likely negate the need for two courts to hear discovery disputes regarding witnesses and testimonial privileges and rights.

Doc. 66-2, Defendant's Brief, at p. 11. Although a stay would conserve court resources, the concern for court efficiency carries little weight.

**D.   Third Party Interests**

Ninth Circuit precedent compels consideration of third party interests. *Molinaro*, 889 F.2d at 902-03. Plaintiffs have not asserted the interests of any third parties. However, Defendant contends that discovery will place a burden on the Booths and, potentially, other non-parties whose ability to defend themselves in a criminal action could be imperiled. This is speculation by Defendant and hence third party interests only weakly support a stay in this action.

5

**E.     Public Interests**

The public has a strong interest in a well functioning criminal justice system. Administrative policy gives priority to the public interest in law enforcement, such that a trial judge must give substantial weight to it in balancing the policy against the rights of a civil litigant in prompt determination of his claims.  See *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

Defendant also contends that if the case proceeds:

> Plaintiffs may be able to use the discovery devices in the Federal Rules of Civil Procedure to require the United States to disclose information and documents concerning the specifics of that ongoing investigation, including the identities of actual and potential witnesses, the evidence they provided, and any analyses of that evidence conducted by agents working with the grand jury.

Doc. 66-2, Defendant's Brief, at p. 9.  As discussed by the United States Supreme Court:

> A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified.  In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence.  The Government contends Degen might use the rules of civil discovery in the forfeiture suit to gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner not otherwise permitted.  These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time....the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over.

*Degen v. United States*, 517 U.S. 820, 825-26 (1996), citations omitted, superceded on other grounds at 28 U.S.C. § 2466(a).

Discovery in this case and any related criminal matter likely will cover the same substantive material.  Although Plaintiffs argue that the issues in the instant matter would not require discovery into any of the areas defense counsel complains about, the execution of the search warrant and alleged disclosure of tax information relate to the criminal investigation and any criminal tax proceedings.  As the civil discovery rules are quite broad, they would permit discovery that likely will interfere with the criminal investigation. This factor weighs strongly in favor of staying the case and the risk of compromising the criminal case can be avoided by staying the civil suit.

6

**CONCLUSION AND ORDER**

Based on the above, Plaintiff Ioane's Fifth Amendment rights may be burdened and the public interest weighs strongly in favor of a stay. A full stay of the case satisfies the concerns outlined in *Molinaro* and the public's interest. However, as there has been no indictment, the stay should be limited in duration and subject to reevaluation at the end of six months. *Molinaro*, 889 F.2d at 903 (rationale for stay is far weaker in the absence of an indictment).

The Defendant United States' motion for stay is GRANTED. The case is STAYED through May 21, 2009. The United States is DIRECTED to file a written status report regarding related criminal matters not later than fourteen (14) days before the stay expires. A status conference is SET for May 27, 2009 at 9:30 a.m.

IT IS SO ORDERED.

Dated: **November 24, 2008**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE