# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN HALLIDAY, et al. | ) | 1:07-cv-00620 AWI GSA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER CONTINUING STAY |
| v. | ) | |
| | ) | |
| KENT R. SPJUTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In its Status Report dated May 1, 2009, Defendant United States of America requests this Court continue the stay previously ordered on November 25, 2008, due to the ongoing criminal prosecution of Plaintiffs, following an indictment of April 9, 2009. (Doc. 82.) Plaintiffs oppose Defendant's request. (Doc. 84-85.)

**RELEVANT BACKGROUND**

Plaintiffs Michael Ioane, Sr., Shelly Ioane, Ashley Ioane, and Michael Ioane, Jr., live at 1521 Fruitland Avenue in Atwater, California. Plaintiffs are involved in tax disputes with Defendant United States. Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate and Michelle M. Casarez are Internal Revenue Service agents ("Federal Agents"). The United States obtained a search warrant for Plaintiffs' residence, which was carried out by the Federal Agents on June 8, 2006.

1   Plaintiffs filed suit on April 20, 2007.  (Doc. 1).  They filed an amended complaint as a
2   matter of right on January 14, 2008.  (Doc. 39).  Defendants filed a Motion to Dismiss, or in the
3   alternative, Motion for Summary Judgment on January 25, 2008.  (Doc. 44).  By order of
4   September 24, 2008, the court granted the motion in part and denied the motion in part.
5   Plaintiffs filed a second amended complaint on October 10, 2008, which contains six causes of
6   action: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) excessive
7   force; (3) interference with First Amendment rights of association, speech and press; (4)
8   retaliation for exercise of constitutional rights; (5) failure to instruct, supervise, control, and
9   discipline against unknown DOE defendants; and (6) unauthorized disclosure of tax information
10  against the United States.  (Doc. 64).
11      On November 24, 2008, this Court granted the motion for stay and set the matter for a
12  status conference on May 27, 2009.  In a status report dated May 1, 2009, Defendant asserts the
13  court should continue the stay in light of its indictment of the Plaintiffs on April 9, 2009, for
14  conspiracy to defraud the United States and evade the payment of income taxes, among other
15  charges.  (Doc. 82.)  On May 14, 2009, Plaintiffs filed opposition to Defendant's request for a
16  continued stay of the civil proceedings.  (Docs. 84-85.)

## DISCUSSION

18      In its status report, Defendant indicates that this Court has previously noted that discovery
19  in this case and any related criminal matter would likely cover the same substantive material, and
20  assert that "[c]ontinuing the stay is appropriate at this time as administrative policies prioritize
21  criminal prosecutions over civil actions due to courts' recognition that liberal civil discovery can
22  imperil a criminal prosecution. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)."
23  (Doc. 82 at 2.)
24      As discussed by the United States Supreme Court,

> A criminal defendant is entitled to rather limited discovery, with no general right
> to obtain the statements of the Government's witnesses before they have testified.
> In a civil case, by contrast, a party is entitled as a general matter to discovery of
> any information sought if it appears reasonably calculated to lead to the discovery
> of admissible evidence.  The Government contends Degen might use the rules of
> civil discovery in the forfeiture suit to gain an improper advantage in the criminal
> matter, prying into the prosecution's case in a manner not otherwise permitted.

> These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time . . . the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over.

*Degen v. United States*, 517 U.S. 820, 825-26 (1996), citations omitted, superceded on other grounds at 28 U.S.C. § 2466(a). In light of the criminal prosecution now pending as the result of the April 9, 2009, indictment naming Plaintiffs, this Court finds a continued stay of the instant civil proceedings is warranted. *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989).

Plaintiffs' opposition to the request for a continued stay lacks merit. Plaintiffs assert "there are simply no grounds for any further stay." (Doc. 84 at 1.) Most significantly, Plaintiffs contend that discovery concerns are "no longer justified in view of the fact that (1) any 'criminal investigation' is now concluded; (2) disclosures in the criminal case have been made, and (3) the prosecutor in the criminal case has indicated that he does not even intend on using any of the materials that were seized as part of the search warrant raid since he does not even possess them." (Doc. 64 at 2, emphasis omitted.) The court does not have before it any documentation that indicates the "'criminal investigation' has now concluded." The Declaration of Michael Ioane, Sr., declaring that his criminal defense attorney informed him that "disclosures . . . have been made," is insufficient. (Doc. 85 at 1.) Additionally, Mr. Ioane's interpretation of the prosecutor's alleged statement in open court that the items related to the search warrant were in possession of the IRS is not proof that the government does not intend to use materials seized previously. (Doc. 85 at 1-2.)

**CONCLUSION AND ORDER**

Defendant United States' request to continue the previously-imposed stay of these proceedings is GRANTED. The case is STAYED through December 1, 2009. Defendant United States is DIRECTED to file a written status report regarding related criminal matters not later than fourteen (14) days before the stay expires. A status conference is set for December 2, 2009 at 9:30 a.m. in Department 10 of this Court.

//

//

1       It is further ORDERED that the Status Conference currently set for May 27, 2009, before
2 the undersigned is taken OFF CALENDAR.

6     IT IS SO ORDERED.

7     **Dated:**   **May 26, 2009**                     /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE