# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLEN HALLIDAY, et al. | ) | 1:07-cv-00620 AWI GSA |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ORDER GRANTING EXTENSION OF STAY AND VACATING STATUS CONFERENCE OF DECEMBER 2, 2009 |
| KENT R. SPJUTE, et al., | ) ) | |
| Defendants. | ) ) | |

In its Status Report dated November 17, 2009, Defendant United States of America requests this Court continue the stay previously ordered on May 26, 2009, due to the ongoing criminal prosecution of Plaintiffs. (Doc. 86.)

**BRIEF PROCEDURAL BACKGROUND**

Plaintiffs Michael Ioane, Sr., Shelly Ioane, Ashley Ioane, and Michael Ioane, Jr., live at 1521 Fruitland Avenue in Atwater, California. Plaintiffs are involved in tax disputes with Defendant United States. Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate and Michelle M. Casarez are Internal Revenue Service agents ("Federal Agents"). The United States obtained a search warrant for Plaintiffs' residence, which was carried out by the Federal Agents on June 8, 2006.

Plaintiffs filed suit on April 20, 2007. (Doc. 1). They filed an amended complaint as a matter of right on January 14, 2008. (Doc. 39). Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment on January 25, 2008. (Doc. 44). By order of

1  September 24, 2008, the court granted the motion in part and denied the motion in part.
2  Plaintiffs filed a second amended complaint on October 10, 2008, which contains six causes of
3  action: (1) unreasonable search and seizure in violation of the Fourth Amendment; (2) excessive
4  force; (3) interference with First Amendment rights of association, speech and press; (4)
5  retaliation for exercise of constitutional rights; (5) failure to instruct, supervise, control, and
6  discipline against unknown DOE defendants; and (6) unauthorized disclosure of tax information
7  against the United States.  (Doc. 64).

8  On November 24, 2008, this Court granted the motion for stay and set the matter for a
9  status conference on May 27, 2009.  In a status report dated May 1, 2009, Defendant asserted the
10  court should continue the stay in light of its indictment of the Plaintiffs on April 9, 2009, for
11  conspiracy to defraud the United States and evade the payment of income taxes, among other
12  charges.  (Doc. 82.)  On May 14, 2009, Plaintiffs opposed Defendant's request.  (Docs. 84-85.)
13  On May 26, 2009, this Court granted Defendant's motion for a stay of the proceedings and set the
14  matter for a status conference on December 1, 2009.  (Doc. 86.)  On November 17, 2009,
15  Defendant filed its status report, seeking to extend the stay through the resolution of the related
16  criminal proceeding.  (Doc. 89.)

## DISCUSSION

18  In its status report, Defendant indicates that this Court has previously noted that discovery
19  in this case and any related criminal matter would likely cover the same substantive material, and
20  assert that "[c]ontinuing the stay is appropriate at this time as administrative policies prioritize
21  criminal prosecutions over civil actions due to courts' recognition that liberal civil discovery can
22  imperil a criminal prosecution. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)."
23  (Doc. 89 at 2.)

24  As discussed by the United States Supreme Court,

> A criminal defendant is entitled to rather limited discovery, with no general right
> to obtain the statements of the Government's witnesses before they have testified.
> In a civil case, by contrast, a party is entitled as a general matter to discovery of
> any information sought if it appears reasonably calculated to lead to the discovery
> of admissible evidence.  The Government contends Degen might use the rules of
> civil discovery in the forfeiture suit to gain an improper advantage in the criminal
> matter, prying into the prosecution's case in a manner not otherwise permitted.

> These problems are not uncommon when criminal and civil forfeiture suits are pending at the same time . . . the risk of compromising the criminal case could be avoided by staying the civil suit until the prosecution is over.

*Degen v. United States*, 517 U.S. 820, 825-26 (1996), citations omitted, superceded on other grounds at 28 U.S.C. § 2466(a). In light of the criminal prosecution now pending as the result of the April 9, 2009, indictment naming Plaintiffs, and the trial scheduled to commence on January 26, 2010, this Court finds a continued stay of the instant civil proceedings is warranted. *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989).

**CONCLUSION AND ORDER**

Defendant United States' request to continue the previously-imposed stay of these proceedings is GRANTED. The case is STAYED until the resolution of the criminal case. Defendant United States is DIRECTED to file a written status report every three months, beginning February 20, 2010, to apprise the Court of the proceedings in the criminal case.

It is further ORDERED that the Status Conference currently set for December 2, 2009, before the undersigned is taken OFF CALENDAR.

IT IS SO ORDERED.

Dated:   **November 23, 2009**          /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE