

1  Glen Halliday, et al
2  214 W. Robinson Street
3  Carson City, Nevada 89703
   Telephone: 775-331-1185

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, et al,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KENT R. SPJUTE, et al,<br>　　　　　Defendants. | Case No. 1:07-CV-00620-AWI-GSA<br><br><br><br><br><br>PLAINTIFFS' STATUS REPORT |

Plaintiffs submit their status report that appears to them that defendants are acquiescing to plaintiffs' causes of action in this case as follows:

1. Mr. Booth is not a plaintiff in this case, and has no interest in this litigation, the facts, circumstances, and causes of action against the defendants in this case.

2. Defendants have either failed or refused to attach a copy of Mr. Booth's plea agreement to their status report, and show **with particularity**, where Mr. Booth has any interest in this litigation, the facts, circumstances, and causes of action against the defendants in this case. (emphasis added)

3. Defendants can't establish and prove that they should be excused from their unconstitutional extra-executive conduct relying upon a plea agreement irrelevant to plaintiffs' causes of action against them. Contrary to defendants' unsubstantiated belief, this case is **not** related to another case involving Mr. Booth's plea agreement, the definition of related cases being ....

"**(a) Definition of Related Cases.** An action is related to another action within the meaning of this Rule when
(1) both actions involve the same parties and are based on the same or a similar claim;
(2) both actions involve the same property, transaction, or event;
(3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or
(4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges." L.R. 123 (F. R. Civ. P. 83) [emphasis added]

4. At all times to this case defendants have either failed or refused to establish and prove that their acts and conduct does not violate plaintiffs' Constitutional guarantees.

5. Defendants have failed to establish and show by their first, second and third requests for stay that this case applies **within the narrow exception** provided for by Rule 62 Federal Rules of Civil procedure. (emphasis added)

Irrespective of whether the defendants might have created an exception to F.R. Civ. P. R. 62, defendants have sought a stay from this court because of an alleged investigation prior to what plaintiffs perceive to be a retaliatory action against them (in particular plaintiff

Michael Scott Ioane, Sr.) in the form of an indictment. Now that defendants have concluded their investigation, have submitted their alleged evidence to a grand jury that was supplied to plaintiff Michael Scott Ioane, Sr., there is **no** longer any grounds for this court to stay this case. Otherwise plaintiffs are prejudice from prosecuting all defendants to the fullest extent of the law.

However, on the other hand, if the defendants in this case insist seeking a stay when their claim has been extinguished and that there is no longer any investigation, then it would appear to plaintiffs that this court is obligated to declare that there was no probable cause for defendants to seek a stay in the first instance because any indictment that they obtained was not enough to call for a trial of the charge on the merits, and does not satisfy the requirements of the Fifth Amendment.

An indictment returned by a legally constituted unbiased grand jury, if valid on its face, is enough to call for a trial of the charge on the merits, and satisfies the requirements of the Fifth Amendment, *Lawn v. United States*, 355 U.S. 339 (1958). Conversely an indictment returned from either an illegally constituted or biased grand jury is not enough to call for a trial of the charge on the merits, and does not satisfy the requirements of the Fifth Amendment further supporting plaintiffs' causes of action against all defendants. (emphasis added)

WHY have defendants attempted to co-mingle this case with an unrelated criminal case ? Because they know ". . . [T]he indictment is a matter of public record. The cooperating grand jury examiner/revenue officer, in cooper-

ation with the Assistant U.S. Attorney (AUSA), should attempt to include complete **civil** assessment information/information required for the collection of taxes in the indictment." Internal Revenue Manual 25.1.5.3 (01-15-2010)

Clearly a grand jury is not qualified or authorized to discern probable cause whether defendants included complete civil assessment in their pursuit of abuse of the criminal process being that this information is required for the collection of taxes in the indictment. Obviously without complete civil tax assessment information, there is and was no probable cause.

The point being that defendants are attempting to commingle their criminal case with this case and neither are related to each other further being proven by the material fact that defendants have attempted to avoid or evade their duty and responsibility to both the court and plaintiffs to establish and prove related case relevance defined by both local rule and the federal rules of civil procedure.

It appears to plaintiffs, based on the material facts, points and authorities stated above that defendants and their counsel are committing a fraud upon the court by making claims they know requires evidence or proof supporting their compliance with the court's rules, and that does not obstruct plaintiffs from seeking relief from this court involving plaintiffs' Constitutional claims.

"In order to meet the necessarily demanding standard of proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. * * * [O]ne species of fraud upon the court occurs when an

'officer of the court' perpetuates fraud affecting the ability of the court or jury to impartially judge a case. Pumphrey v. Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir. 1995).'" *Herring v. U.S.* 424 F.3d 384 (2005). See *H.K. Porter Co. Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976) (dicta) ("Since attorneys are officers of the court, their conduct, if dishonest, would constitute fraud on the court."); Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1079 (2nd Cir. 1972) (an attorney might commit fraud upon the court by instituting an action "to which he knew there was a complete defense"). *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989).

Plaintiffs are informed and believe that defendants and their attorney or attorneys know that there was and are no grounds to continue the stay in order to either avoid or evade plaintiffs' prosecution.

Would the court have issued a stay if it had known at any time that any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregarded any provision of the revenue law, or any regulation promulgated under the revenue laws ?

Plaintiffs believe that the court would take corrective action against anyone violating the constitution, law or regulation.

Corrective action being defined as any remedy or relief that this court can extend to plaintiffs being in injunctive, declaratory, monetarily, etc. where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief. *Bell v. Hood,* 327 U.S. 678 (1946)

In this case plaintiffs have clearly demonstrated their reasons why the stay ought to be lifted, and to allow them to proceed with their case and claims against defendants.

In conclusion taking the law, facts, evidence, and circumstances into consideration, this court could take corrective action against all defendants, and can do so in any form that grants plaintiffs necessary relief from defendants' arbitrary and unsubstantiated harm being caused to plaintiffs.

Plaintiffs therefore respectfully move the court for an order lifting the stay, and for an order requiring the parties to meet and confer regarding discovery.

Respectfully submitted this 11th day of September, 2010.

by, *(signature)*
Ashley M. Ioane

by *(signature)*
Shelly J. Ioane

By: *(signature)*
Michael Scott Ioane, JR.

By: *(signature)*
Michael Scott Ioane, SR.

## CERTIFICATE OF SERVICE/DEFAULT

It is hereby certified that the attached document was served on the following: PLAINTIFFS' STATUS REPORT; on September 11, 2010, by depositing true and correct copies thereof, enclosed in a sealed envelope with postage fully prepaid, in the United States mail at Stockton, California addressed as follows:
ERIN B. AHWELL
TRIAL ATTORNEY,
TAX DIVISION
US DEPT OF JUS-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TICE
P.O. BOX 683
BEN FRANKLIN
STATION
WASHINGTON, D.C.
20044-0683

By: *[signature]*

Michael Ioane