# EXHIBIT 1

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL


UNITED STATES OF AMERICA,      )
                               ) 1:09-cr-142  LJO
            Plaintiff,         )
                               ) MOTION HEARING/STATUS
       vs.                     ) CONFERENCE
                               )
VINCENT STEVEN BOOTH, LOUISE   )
Q. BOOTH, MICHAEL S. IOANE,    )
                               )
            Defendants.        )
_____)

Fresno, California                 Thursday, October 8, 2009


REPORTER'S TRANSCRIPT OF PROCEEDINGS


REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

2

APPEARANCES OF COUNSEL:

For the Government:          **JAMES TERZIAN**
                             Assistant U.S. Attorney
                             2500 Tulare Street, Rm. 4401
                             Fresno, California  93721

For the Defendants:          FLETCHER & FOGDERUDE, INC.
(Vincent Booth)              5412 N. Palm Ave., Ste. 101
                             Fresno, CA  93704
                             BY:  **ERIC K. FOGDERUDE**

(Louise Q. Booth)            Law Offices of Katherine Hart
                             2055 San Joaquin Street
                             Fresno, Ca 93721
                             BY:  **KATHERINE HART**

(Michael S. Ioane)           Law Offices of Anthony P. Capozzi
                             1233 W. Shaw Avenue, Suite 102
                             Fresno , CA 93711
                             BY:  **ANTHONY P. CAPOZZI**

3

1  Thursday, October 8, 2009                 Fresno, California

2  10:00 a.m.

3          THE COURT:  Number 6 on calendar, United States

4  versus Booth, Booth and Ioane.

5          MS. HART:  Kathy Hart for Louise Booth, who is

6  present in court.

7          MR. FOGDERUDE:  Eric Fogderude on behalf of Steven

8  Booth, present in court.

9          MR. CAPOZZI:  Tony Capozzi on behalf of Mr. Ioane,

10 who is present.

11         THE COURT:  All right.

12         MR. TERZIAN:  James Terzian for the United States.

13         THE COURT:  We have Defendant Vincent Booth's motion

14 for continuance and severance.  We have Louise Booth's joinder

15 in that motion.  Also we have Michael Ioane's motion to

16 suppress and Defendant Vincent Booth's motion to suppress.

17         The Court has received and reviewed Defendant Vincent

18 Booth's notice, motion, and authorities; Defendant Louise

19 Booth's joinder; the government's opposition.  Also, the Court

20 has received and reviewed the Defendant Ioane's motion to

21 suppress, with the Exhibits A, B and C, and the Government's

22 opposition.

23         On the third motion, the Court has received Defendant

24 Vincent Booth's motion to suppress, with Exhibits A, B, C and

25 D, and the government's motion.

4

1    On the first motion, Defendant Vincent Booth's motion

2    for continuance and severance, which is joined by Louise

3    Booth.

4    The basis is due to the undue prejudice of being

5    tried with codefendants -- or excuse me, Codefendant Ioane.

6    Since they have mutually exclusive defenses, a joint trial

7    would be violative of the constitutional rights to a fair

8    trial.

9    The government's position on that is that there is no

10   declaration, which is required under *United States versus*

11   *Kaplan*, at 554 Fed.2d 958 at 966, which is a Ninth Circuit

12   decision, that would be inclusive, saying that the Codefendant

13   Ioane would testify for Defendants Booth, what that defendant

14   will say, and that it would be substantially exculpatory.

15   So do you wish to respond?

16   MR. FOGDERUDE:  Yes, your Honor.  At this point in

17   time, we have not been able to secure an appropriate

18   declaration to comply with that requirement.  So my opinion is

19   that the government's position is appropriate at this time,

20   but we would ask the Court to deny this motion without

21   prejudice --

22   THE COURT:  Done.

23   MR. FOGDERUDE:  -- to raise it at a later date.

24   THE COURT:  Done.

25   Okay.  On the second motion, that is Defendant

1  Ioane's motion to suppress all evidence seized due to an

2  alleged defective search warrant issued on June 7 that

3  actually executed on June 8 of '06, the legal basis is

4  overbreadth.

5          The issue is on Item 1, "records of creation,

6  existence, and operation of trusts or other activities,"

7  quote, unquote, which is Exhibit B to the defendant's moving

8  papers.

9          Item 2, the records are documents relating to the

10  quote, "transfers of any funds or money," end of quote.

11          Item 6, "the receipts of funds," quote, "and other

12  records," end of quote.

13          And Item 7, the reference to, quote, "unknown

14  persons," end of quote, and quote, "all records," end of

15  quote.

16          The motion includes eight categories that the

17  defendant says were not listed or contemplated by the warrant.

18          Do you wish me to give a tentative ruling?

19          MR. FOGDERUDE:  Yes.

20          THE COURT:  The tentative is the motion is granted in

21  part.  The Court would find that the search warrant is not

22  overly broad; however, some of the items were indeed seized --

23  that were seized exceeded the scope of the warrant.  And of

24  the eight categories outlined at page 5, lines 16 through 25

25  of the moving papers, which is document 47, the items and

Case 1:09-cr-00600-AWI-LPG Document 693-1 Filed 06/28/21 Page 7 of 15

6

1  categories 1 through 7 would be excluded.

2          And regarding category 8, the Court would hold in

3  abeyance that decision, in that counsel would need to meet and

4  confer and advise the Court within three weeks if an issue

5  still exists, because it sounds to me, based on the opposition

6  papers, that if counsel were to meet and confer and identify

7  specifically those documents, that that may be decided.

8          MR. FOGDERUDE:  Your Honor, we agree with the Court's

9  decision.

10          MR. TERZIAN:  And we do too, your Honor.

11          THE COURT:  All right.  Then the tentative is the

12  ruling.

13          The third motion, Defendant Vincent's Booth's motion

14  to suppress all the evidence seized pursuant to two search

15  warrants issued March 10 of '06, one for a residence and one

16  for an office, the legal basis again is overbreadth.

17          There are nine categories that are authorized.  And

18  my tentative on that would be categories listed at page 6,

19  lines 16 through 26 of the moving papers, that the documents

20  that were seized outside of the scope of the warrant -- or

21  that there were documents seized outside the scope of the

22  warrant, so the motion would be granted as to categories 1, 3,

23  5 -- I'm sorry, 1, 3, 4, 5, and 6.

24          Category 2 would be denied, and categories 7, 8 and 9

25  would have the same meet and confer issue because I believe

Case 1:09-cr-00600-AWI-EPG Document 693 Filed 06/23/21 Page 8 of 15

1   from my reading of the opposition papers and inferences I'm

2   drawing from it, that, again, if those documents are

3   identified and you go through them, that, quite possibly,

4   there could be an agreement on those documents.

5           MR. TERZIAN:  That's fine, your Honor.

6           MR. FOGDERUDE:  Yes, your Honor.  That's fine with

7   the defense.

8           MR. TERZIAN:  Essentially, your Honor, the government

9   is just interested in the entities or individuals that relate

10  to the ones that are specifically named in the first paragraph

11  of Attachment B of the search warrant.  And that that is what,

12  essentially, the Court is finding as far as my understanding

13  is concerned.

14          THE COURT:  Exactly.  And that's why I'm also

15  convinced that on both those motions, if you just sit down, it

16  won't take long, but I think you can agree on this.

17          Ms. Hart?

18          MS. HART:  Yes, your Honor.  I wish to join in the

19  suppression motion.  In reviewing these materials last night,

20  I noticed that my joinder was for the severance motion and not

21  for the suppression motion.  So this morning, I electronically

22  filed a joinder which was filed, I believe, before this actual

23  hearing, so I would ask that my client be able to join that

24  and receive the benefit of the Court's ruling.

25          THE COURT:  Any objection?

8

1          MR. TERZIAN:  No, your Honor.

2          THE COURT:  Either way, whether it was or wasn't, the

3    Court will rule nunc pro tunc that it's granted.

4          MS. HART:  Thank you.

5          THE COURT:  Now, there is a trial date set for

6    November 26th.  What are we -- is there anything going on

7    between now and then?

8          MR. TERZIAN:  I didn't know we had a trial date set,

9    your Honor.

10         MS. HART:  I did not know we had a trial date.

11         MR. CAPOZZI:  That's Thanksgiving, your Honor.

12         THE COURT:  Maybe that's why it's set for that date.

13   It's open.  Oh, I'm sorry.  Now, that I have given three

14   attorneys at least, maybe four, heart attacks, that's the date

15   where the Speedy Trial Act runs.

16         So we need to discuss the trial.  It's all right.

17         MR. FOGDERUDE:  Your Honor, on behalf of Steven

18   Booth, we have been provided a proposed plea agreement, which

19   will require some analysis as to potential tax liability

20   issues.  That's going to drive that plea agreement.  And as a

21   result, I would be asking if we could put this hearing over

22   one last time, perhaps for five weeks, to do the analysis we

23   need to do.

24         THE COURT:  Are you convinced that that's enough?

25   Because I don't mind coming back.  I just want to do something

1    when we do come back.  If you need the extra time, that's not

2    a problem, but it will be a problem if we come back and do

3    anything.

4            MS. HART:  I will request time, I have a trial in

5    Merced County that's been confirmed as a go.  It has been

6    tried twice before to a hung jury.  That's set for the end of

7    October and it is predicted to be four to five weeks.  Last

8    time it was tried, it was 22 Court days, and there is various

9    holidays in November, so I request that we not come back until

10   at least the middle of December.

11           MR. TERZIAN:  That's fine with the government.

12           MR. FOGDERUDE:  Part of this analysis, we are going

13   to need to retain a CPA to do some analysis work.  So the

14   Court's suggestion is one that I think we should follow and

15   perhaps go off into December, the latter part of December?

16           MR. TERZIAN:  I would suggest that.

17           THE COURT:  18th or 24th?

18           MR. CAPOZZI:  Your Honor, on behalf of Mr. Ioane, we

19   don't agree to that long of a continuance.  He is not charged

20   with that same charge that Mr. Booth is.  We don't want to

21   waive any rights and we want the trial as quickly as we can.

22           THE COURT:  I understand, but I don't think there is

23   anything I can do because they do need what they are

24   suggesting.

25           And do you believe then that based on the amount of

1   time that they are asking for, that it is too long?

2            MR. CAPOZZI:  I missed the date.

3            THE COURT:  The 18th of December.

4            MS. HART:  Yes.

5            MR. FOGDERUDE:  Your Honor, could we go over to the

6   following week.  Will there be Court on the 24th?

7            THE COURT:  Yes, I'm here.

8            MR. TERZIAN:  I won't be here, and I'm not sure if

9   Mr. Cullers will be here.  So either the week before or the

10  week after.

11           MR. FOGDERUDE:  I'm on two weeks' vacation.  The 7th

12  and 14th is my only problem, so either the week of December

13  21st some day or the 28th.

14           MS. HART:  I'm gone the 29th.

15           THE COURT:  How about December 21st?  Monday, the

16  21st?

17           MR. TERZIAN:  I'm not going to be here.  We can't do

18  it the 18th?  Can we do it later?

19           MR. FOGDERUDE:  First week of January?

20           MR. CAPOZZI:  Maybe we shouldn't go that far out.

21           THE COURT:  I'm fine.  I'm here.  Tell me when.

22           MR. FOGDERUDE:  Your Honor, at least on our side,

23  January 11th, which is a Monday.  I don't know if we could

24  come in on that.

25           MR. CAPOZZI:  I'm gone that whole week.  Can we do it

1   earlier?  Again, we object to a continuance.

2          THE COURT:  Let's set the trial date.  That's way,

3   you are not prejudiced by that.  We will set a trial date, and

4   it won't make any difference when they come back.

5          MR. CAPOZZI:  Here's the problem.  A plea offer has

6   been made.  We don't know whether or not he accepts.  If he

7   does, we would want to have a -- an expeditious trial date.

8   And if we set a date now, it is going to be way out.  Maybe it

9   would be better if you sever it and let us go to trial.

10         THE COURT:  I'm looking at you, Mr. Terzian.

11         MR. TERZIAN:  We are going to be objecting to that,

12  plus Mr. Cullers is the one who handled the motion to sever,

13  which the Court has just denied.  So if we are going to argue

14  that, I would ask that we do it at a time when Mr. Cullers can

15  be available.  I don't think we should be picking a trial

16  date, especially since we are in plea negotiations with two of

17  the parties.

18         THE COURT:  Why don't we do this.  Do what you can,

19  Mr. Fogderude, to get moving with the CPA.

20         MR. FOGDERUDE:  Yes.

21         THE COURT:  If you -- if there are additional

22  documents you need for the government, is that an issue?

23         MR. FOGDERUDE:  Well, they can certainly expedite

24  things for us, so we will make the request of what we think

25  our CPA needs.

1          MR. TERZIAN:  That's fine.

2          THE COURT:  Why don't we come back on December 4.

3          MR. TERZIAN:  That's fine.

4          MR. CAPOZZI:  We would like a sooner date.

5          MR. FOGDERUDE:  Your Honor, I'm flying out on the

6    4th.  Can we do it Thursday, the 3rd?

7          THE COURT:  Is everybody out of custody?

8          THE CLERK:  Yes.

9          THE COURT:  That's fine.  Do it December 3rd.  How

10   about 8:00 o'clock in the morning.

11         MR. FOGDERUDE:  That's fine.

12         MR. CAPOZZI:  I may be in trial in Madera that week,

13   but 8:00 o'clock is fine.

14         THE COURT:  8:00 o'clock, December 3rd.

15         And the Court is making a finding that based on what

16   counsel are indicating they need to accomplish, that it would

17   be, frankly, a waste of time to do it before then because you

18   won't get what you are needing to get done with the documents

19   and the analysis.  And at least at this point, there is not

20   good cause to sever, and so there is good cause to put it out

21   that far.

22         But on that date, we should be in a position where,

23   at Mr. Capozzi's insistence, which I'm not criticizing, that

24   we should be able to pick a trial date or make a determination

25   of whether or not there is going to be a change of plea on one

1  or more defendants.  How is that?

2        MR. CAPOZZI:  One other comment.  If there is a

3  change of plea, if it's resolved with the other defendants, we

4  would like to come in earlier and set a trial date that's

5  before that December 3rd date.

6        THE COURT:  I don't have any problem with that, if

7  people know that there is going to be a change of plea, this

8  is out of custody time, and I mean -- excuse me, these are out

9  of custody defendants, so I can put it on almost any day as

10  long as it is early because I will probably be in trial.

11  Okay?  Just let me know if there is a change of plea, let's

12  get it in, let's get it in earlier, let's get it done, and let

13  Mr. Capozzi know, and he can make his request on when to come

14  in.

15        MR. CAPOZZI:  Again, just the Defendant Ioane objects

16  to that long of a continuance.  The Defendants Booths are

17  charged with some additional charges than we are, and our

18  charges are not as numerous as they are, and we would ask that

19  time not be excluded and that we be allowed to get to trial as

20  quickly as possible.

21        THE COURT:  I understand the position, but I am

22  making the finding that it is necessary to put it out that far

23  to get accomplished what needs to be accomplished on the

24  discovery and investigation side of other defendants, and

25  there is not good cause to sever.

1    So we will see you on the 4th [sic] at 8:00 a.m.

2    MR. TERZIAN:  Your Honor, and the Court is excluding

3  time?

4    THE COURT:  I am sorry, it wasn't the 4th.  It was

5  the 3rd, because you are flying out, it was December 3rd, and

6  I am excluding time to that date, indicating there is good

7  cause.

8    MR. TERZIAN:  Thank you.

9    MR. FOGDERUDE:  Thank you.

10   (The proceedings were concluded at 10:20 a.m.)

11

12   I, PEGGY J. CRAWFORD, Official Reporter, do hereby

13      certify the foregoing transcript as true and correct.

14

15  Dated:  06/27/2010            /s/ Peggy J. Crawford
                                  PEGGY J. CRAWFORD, RDR-CRR
16

17

18

19

20

21

22

23

24

25