1  KATHRYN KENEALLY
   Assistant Attorney General
2
   G. PATRICK JENNINGS
3  COLIN C. SAMPSON
   LAUREN M. CASTALDI
4  Trial Attorneys, Tax Division
   U.S. Department of Justice
5  P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044-0683
6  Telephone:    (202) 307-6432
   Facsimile:    (202) 307-0054
7  Email:        Guy.P.Jennings@USDOJ.gov
                 Colin.C.Sampson@USDOJ.gov
8                Lauren.M.Castaldi@USDOJ.gov

9  *Of Counsel:*
   BENJAMIN B. WAGNER
10 United States Attorney

11 *Attorneys for the United States of America*

12         IN THE UNITED STATES DISTRICT COURT FOR THE

13                EASTERN DISTRICT OF CALIFORNIA

14 GLEN HALLIDAY, ASHLEY M. IOANE,
   ) BRIANA C. IOANE, SHELLY J. IOANE,       )
15 MICHAEL S. IOANE, JR.,                     )   Case No. 1:07-000620-AWI-GSA
   AND MICHAEL S. IOANE, SR.,                 )
16                                            )   DECLARATION OF JEFF HODGE
                         Plaintiffs,          )
17                                            )
                                              )
18 vs.                                        )
                                              )
19 KENT R. SPJUTE, JEAN NOLL,                 )
   JEFF HODGE, BRIAN APPLEGATE,               )
20 MICHELE M. CASAREZ,                        )
   UNKNOWN DOES 1-20, AND                     )
   THE UNITED STATES OF AMERICA,              )
21                                            )
                         Defendants.          )
22                                            )
                                              )
23 _____)

24      I, JEFF HODGE, declare that:

25      1.      I am a duly commissioned Special Agent for the Internal Revenue Service - Criminal

26              Investigation.  I have been a Special Agent for 13 years.

27      2.      This declaration is being made in support of the Federal Defendants' Motion to Dismiss

28                                                                          2936292.11

1     or, in the Alternative, for Summary Judgment.

2     3.     I have personal knowledge of the facts set forth in this declaration, and if called upon to

3     testify to such facts, I could do so competently.

4     4.     During 2006, I was asked to assist in the execution of a search warrant as part of the

5     criminal investigation of Michael Scott Ioane, Sr. Mr. Ioane was under investigation for

6     criminal tax fraud and conspiracy.

7     5.     On June 8, 2006, prior to the execution of the warrant, I attended a pre-operational

8     briefing with the other agents of the IRS who would take part in the search of 1521

9     Fruitland Avenue, Atwater, California ("the Ioane residence"). At that time, I was given

10     an explanation and overview of the investigation, the purposes of the search and what

11     property could be seized as part of the search. I also familiarized myself with the search

12     warrant at that meeting.

13     6.     Prior to the execution of the search warrant, I learned that there were likely firearms

14     located at the Ioane residence.

15     7.     On June 8, 2006, I helped execute the search warrant on the Ioane residence. At

16     approximately 9:05 a.m. I knocked on the front door. Michael Ioane, Sr. let myself and

17     the other agents assisting in the search enter the residence. Numerous agents remained

18     outside the Ioane residence during the course of the entire search to secure the location.

19     8.     Only Michael Ioane, Sr. and Shelley Ioane were present in the residence.

20     9.     As is standard procedure during the execution of a search warrant, I carried a weapon, a

21     Glock semi-automatic handgun, issued by IRS-Criminal Investigation. I never removed

22     my service weapon from its holster. I did not point a weapon at either Michael or Shelley

23     Ioane.

24     10.     I never observed anyone pointing a weapon at the heads of Michael or Shelley Ioane.

25     11.     I did not hear any agent yell at Special Agent Applegate to holster his weapon, nor did I

26     yell at him.

27     12.     A special agent secured several rifles, including a Colt AR-15 semi-automatic rifle, during

28

2936292.11

1  the course of the search.  These rifles were not seized. Two handguns were also at the

2  Ioane residence.

3  13.  There were numerous records stored at the Ioane residence. Mr. Ioane had a home office

4  that had several bookshelves filled with binders of documents.  He also had file cabinets

5  in the garage full of documents. Finally Mr. Ioane had an outlying building/storage shed

6  filled with documents. During the course of my 13 year career, I have encountered few

7  locations that had a greater volume of documents than the Ioane residence.

8  14.  In executing the search warrant, the Special Agents took care to only seize materials that

9  were within the scope of the search warrant. I was available for consultation if any Special

10  Agent had a question about whether certain records were within the scope of the warrant.

11  Given the volume of materials at the Ioane residence and the complexity of Mr. Ioane's

12  suspected crimes, it was a laborious search. We spent nearly six and a half hours

13  reviewing materials and ultimately selected only the records that we reasonably believed

14  were in the scope of the warrant to seize given the facts and circumstances of the search.

15  **CERTIFICATION**

16  Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing Declaration is

17  true and correct.

18  Executed on this 14th day of November, 2012.

19

20

21  JEFF HODGE

22  Special Agent, Internal Revenue Service

23

24

25

26

27

28

2936292.11