Declaration of Shelly Ioane

I am fully familiar with the facts in this case and a party to this action.

On June 8, 2006 federal officers Kent Spjute, Jean Noll, Jean Noll, Jeff Hodge, Brian Applegate, Michele Casarez and several other officers entered my home located at my leased residential building located at 1521 Fruitland Avenue, Atwater, California to execute an alleged search warrant.  I and my husband Michael Scott Ioane Sr. were home.

The purported warrant cited no violations of any federal laws and no affidavit in support of the warrant accompanied it at the time of execution.  Further we still have not received a copy of any affidavit.

The warrant seemed to authorize the seizure of just about every document found and any computer equipment and software, bank/credit card, phone/address books, phone records, rolodex cards and much more concerning the years 1999 to that present time concerning a specific list of names plus persons or entities unknown and names unknown or entities unknown.  So virtually property belonging to anyone in the house they seized.

The federal officers forced their way in and conducted a lengthy search of all areas of the house including areas belonging to plaintiffs other than Michael Scott Sr. and seized property belonging to all of the plaintiffs including the property of plaintiff Glen Halliday.

The federal agents reviewed the warrant and were aware that the language including but not limited to names unknown or entities unknown was overbroad on its face but continued with the search and seizure.  One of the agents told my husband Michael Scott Ioane, Sr. that the warrant authorized the seizure of items relating to persons or entities unknown and names and entities unknown and that the agents could take anything they wanted.

I was not even allowed to go into the bathroom without an officer inside the bathroom with me. Officer Jean Null followed me into the bathroom and made me completely disrobe before I could use the bathroom.  I had to relieve myself in the presence of this officer with none of my clothing on.  I was humiliated and it brought me to tears.  I was unarmed and I was not suicidal.  Defendant Null knew I was unarmed.  I believe this was done in this manner to make me feel like less than a person.

The federal officers had no reason to believe that myself or my husband Michael Scott Ioane were armed or dangerous.  When the rushed through our door they had their guns drawn and pointed them at us in a threatening manner.  They pointed their guns at my head and my husband Michael Scott Ioane's head.  I was terrified and feared that they were going to kill us.  We did not provoke this action. We were unarmed and I was frantically screaming and crying.  Defendant Applegate continued to approach me and pointed at me for a long period of time although it was clear that I was unarmed.  I

was alone in the room with defendant Applegate. We are in a room that my husband and I use as an office. One of the female officers screamed at defendant Applegate three times to put away his gun and had to continue screaming at him until eventually he put it away.

My children, plaintiffs Ashley Ioane, Briana Ioane and Michael Scott, Jr. were not present but having heard the horror of the treatment of myself and my husband that they are fearful and suffer from anxiety that the federal officers will once again come into their home to conduct another purported search and seizure and they are scared of those officers. Their property was searched and seized.

$30,000 worth of jewelry was taken and never returned. There were no guns in the house and there were no weapons in the proximity of me or my husband.

The officers used excessive and unnecessary force in violation of my constitutional rights.

Prior to the raid my husband Michael Scott Ioane Sr. had threatened to sue the IRS for recording false, bogus 'nominee' federal tax lien against his property. During the search defendant Jeff Hodge told Michael Scott Ioane Sr. several times if he had not made that threat of filing such a lawsuit the search would never have happened. Defendant Kent Spjute also told Michael that if he and his attorney had not demanded the liens be removed, "none of this would have happened".

This search and seizure was retaliation. All of the defendants were aware of the underlying retaliatory reasons for this search. None of the documents seized from the plaintiffs in this action have been returned.

The defendants who executed the search warrant were acting under the direction of the unknown DOE superiors and supervisors who under color of law approved and ratified unlawful deliberate and malicious retaliatory actions.

Additionally the United States disclosed tax information about my husband Michael Scott Ioane Sr. to third parties without his prior consent.

My husband was convicted in the criminal case, however, the Ninth Circuit is currently reviewing that conviction. The most crucial of which is the validity of the search warrant. The Ninth Circuit is currently deciding whether the search warrant was valid and if the search was in fact legal. A motion to suppress the evidence was made by my husband's lawyer at his criminal trial which was denied. This is not surprising considering that the same judge that signed the warrant presided over Michael's criminal case. The Ninth Circuit is reviewing the same issues that are at issue in this case de novo in the appeal. If the conviction is overturned and the search warrant deemed invalid that would change the course of this case. This is why we moved to stay this case until the decision came back on Michael's criminal appeal.

/s/