IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, MICHAEL S. IOANE, SR., SHELLY IAONE, ASHLEY M. IOANE, MICHAEL S. IOANE, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>KENT R. SPJUTE, JEAN NOLE, JEFF HODGES, BRIAN APPLEGATE, MICHELLE M. CASAREZ, UNKNOWN DOES 1-20, AND THE UNITED STATES OF AMERICA,<br><br>Defendants. | CIV F-07-0620 AWI GSA<br><br>ORDER RE: MOTION FOR STAY |

**I. History**

Plaintiffs Michael Ioane Sr., Shelly Ioane, Ashley Ioane, and Michael Ioane Jr. live at 1521 Fruitland Ave., Atwater, CA. Plaintiffs are involved in tax disputes with Defendant United States ("United States"). Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by the Federal Agents on June 8, 2006. The precise relationship of Plaintiff Glen Halliday to this case is unclear. The United States was investigating Michael Ioane Sr. ("Michael Ioane") for violating federal tax laws.

Plaintiffs filed suit on April 20, 2007. In the operative amended complaint, Plaintiffs allege violations of their First, Fourth, and Fifth Amendment against all Defendants. Plaintiffs allege the Federal Agents were under the supervision of Defendant Does who failed to adequately instruct, control, and/or discipline Federal Agents for their conduct. They also allege

the United States disclosed tax information about the Plaintiffs to third parties in violation of 26 U.S.C. §6103.  This case was stayed pending related criminal proceedings.  On April 9, 2009, a grand jury in Sacramento indicted Vincent Steven and Louise Q. Booth (the "Booths") and Michael Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142).  The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed.  The Booths cooperated with the United States's criminal prosecution of Michael Ioane; Vincent Booth testified against Michael Ioane at his trial.  On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud.  Ioane has appealed the conviction.  The Ninth Circuit has yet to make its ruling on the appeal.  Meanwhile, the stay in this case was lifted on August 31, 2012.  Doc. 107.  This suit is only one of several civil suits dealing with events surrounding the Booths' and Michael Ioane's alleged tax evasion and alleged attempts to shield certain real property from the United States's reach. Civ. Case Nos. 07-1129, 09-1689, and 12-0171.

Plaintiffs made a first motion for stay, citing Michael Ioane's continuing criminal appeal. Doc. 129.  Magistrate Judge Austin denied the motion. Doc. 138.  Plaintiffs have now made a second motion for stay. Doc. 148.  The motion was opposed and taken under submission without oral argument.

## II. Legal Standards

Fed. Rule Civ. Proc. 72(a) allows a party to serve and file objections to a Magistrate Judge's nondispositive order, to be decided by the District Judge.  In the Eastern District of California, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge. See Local Rule 303.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See also Fed. Rule Civ. Proc. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion"). Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).

### III. Discussion

Plaintiffs have filed parallel motions for stay in each of the four related civil cases. In this case, Plaintiffs made a first motion for stay, to be heard before the undersigned. Doc. 129. The matter was reset before Judge Austin by minute order. Doc. 130. Judge Austin denied the motion on December 17, 2012. Doc. 138. Plaintiffs then made a second motion for stay, to be heard by the undersigned on January 17, 2013. Doc. 148. The second motion for a stay relied upon the same argument as the first motion, namely that Michael Ioane was involved in a criminal appeal that shared the same subject matter as the civil suits. Indeed the briefing for the two motions shared large chunks of completely identical text, including the majority of the legal argumentation. See Doc. 129, Part 2, 3:11-6:10 and Doc. 148, 5:8-8:5. The second motion should properly be considered a motion for reconsideration. To be clear, Plaintiffs filed four parallel motions for stay which were all denied by Judge Austin on December 17, 2012 and then filed four parallel second motions for stay on January 17, 2013.

Fed. Rule Civ. Proc. 72(a) states "When a pretrial matter not dispositive of a party's

3

claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Plaintiffs received electronic service of Judge Austin's order on December 17, 2012. Plaintiffs did not file their second motion until well after the fourteen day deadline had passed. The second motion did not raise any new circumstance, changed facts, or new case law to justify the delay. Plaintiffs' motion is untimely and on that basis, deserves to be denied.

Further, Judge Austin's order is sound on the merits. The main thrust of Plaintiffs' argument is that Michael Ioane's Fifth Amendment right against self-incrimination is in jeopardy as both the criminal and civil cases deal with the same operative facts. However, Judge Austin points out that in his criminal trial, Michael Ioane took the stand in his own defense; there is no indication that Michael Ioane has ever asserted his Fifth Amendment right against self-incrimination in any of the many instances he has been questioned/deposed. Doc. 138, 4:3-7. Plaintiffs argue that "If in fact Mr. Ioane's appeal is granted he may have to stand trial again and the government will have the advantage of discovery and testimony that they would not have but for this civil action." Doc. 148, 4:15-19. The court does not find this to be a strong argument given the fact of his prior testimony in the criminal trial.

## IV. Order

Plaintiffs' motion for stay is DENIED.

IT IS SO ORDERED.

Dated:   April 29, 2013

SENIOR DISTRICT JUDGE

4