# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, MICHAEL S. IOANE, SR., SHELLY IOANE, ASHLEY M. IOANE, MICHAEL S. IOANE, JR., <br><br> Plaintiffs, <br><br> v. <br><br> KENT R. SPJUTE, JEAN NOLE, JEFF HODGES, BRIAN APPLEGATE, MICHELLE M. CASAREZ, UNKNOWN DOES 1-20, AND THE UNITED STATES OF AMERICA, <br><br> Defendants. | CIV F-07-0620 AWI GSA <br><br> ORDER RE: MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND <br><br><br> (Docs. 131 and 146) |

## I. History[1]

Plaintiffs Michael Ioane Sr., Shelly Ioane, Ashley Ioane, and Michael Ioane Jr. live at 1521 Fruitland Ave., Atwater, CA. Plaintiffs are involved in tax disputes with Defendant United States. Additional Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by the Federal Agents on June 8, 2006. The precise relationship of Plaintiff Glen Halliday to this case is unclear.

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

Plaintiffs filed suit on April 20, 2007. Doc. 1. They filed an amended complaint ("FAC") as a matter of right on January 14, 2008. Doc. 39. In the FAC, Plaintiffs listed six causes of action, alleging that Federal Agents executed an overbroad search warrant, deprived Plaintiffs of due process by seizing property, used excessive force, violated Shelly Ioane's bodily privacy, violated the First Amendment by seizing organization membership lists. Plaintiffs allege the Federal Agents were under the supervision of Defendant Does who failed to adequately instruct, control, and/or discipline Federal Agents for their conduct. They also allege the United States disclosed tax information about the Plaintiffs to third parties in violation of 26 U.S.C. §6103.

Defendants made a motion to dismiss the complaint for lack of jurisdiction, failure to state a claim, and qualified immunity. Doc. 44. The due process, First Amendment, and unauthorized disclosure of tax information causes of action were dismissed without prejudice but with leave to amend. Doc. 61, September 24, 2008 Order. Plaintiffs stated claims for unreasonable search and seizure as well as excessive force and bodily privacy; the supervisor liability cause of action was not challenged by Defendants. Plaintiffs filed a second amended complaint ("SAC") that listed six causes of action which were a mixture of old and new claims: (1) unreasonable search and seizure, (2) excessive force, (3) First Amendment, (4) retaliation, (5) supervisor liability, and (6) unauthorized disclosure of tax information. Doc. 61, SAC.

The case was then stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud, based in part on the evidence seized during the search at the heart of this case. Crim. Case. No. 09-0142. Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial. His conviction is being appealed. In the meantime, the stay was lifted in this case.

Defendants made a new motion to dismiss. Doc. 132. Plaintiffs opposed the motion. Doc. 141. As part of their opposition, Plaintiffs asked for this case to be stayed pending final resolution of Michael Ioane's appeal. Plaintiffs' motion to stay was denied. Doc. 158. Plaintiffs also made a motion to amend their complaint, and attached a proposed third amended complaint ("TAC"). Doc. 146. All of these matters were taken under submission without oral argument.

2

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969. Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint. "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If

the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

**A. First Cause of Action - Search and Seizure**

For the first cause of action, Plaintiffs allege in key part, "13. The warrant purported to authorize the seizure of virtually any document found, and any computer equipment and software, bank/credit card, phone/address books, phone records, rolodex cards, etc. concerning

4

1999 to the present concerning a specific list of names, 'plus persons or entities unknown' and 'names unknown or entities unknown.' 14. The warrant was overbroad and void on its face." Doc. 64, SAC, 2:25-3:1.  This language is identical to that contained in the prior complaint. See Doc. 339, FAC, 2:25-3:2.  In response, Defendants make two arguments: (1) the claim is barred by Heck, (2) the claim is barred by res judicata, and (3) qualified immunity applies. Doc. 131, Part 3, Brief, 13:12-14:6, 12:22-13:11, and 16:14-20:19.

      The U.S. Supreme Court stated that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994).  The Ninth Circuit has found that "a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until...the conviction has been overturned." Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000), abrogated on other grounds by Wallace v. Kato, 549 U.S. 384, 392-94 (2007) (Heck does not apply until there is an actual conviction; anticipated future convictions do not bar civil suits).  "[Section] 1983 claims premised on alleged Fourth Amendment violations are not entirely exempt from the Heck analysis." Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011).  "We join the other federal circuits that have addressed this issue, and hold that the rationale of Heck applies to Bivens actions." Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996), citations omitted.

      In this case, the United States asserts Michael Ioane Sr.'s "conviction ...relied on information seized pursuant to the warrant." Doc. 131, Part 3, Brief, 14:1.  Plaintiffs agree that the evidence seized lead to his conviction as the criminal trial court "denied Mr. Ioane's motion to suppress the evidence due to an invalid search warrant at the trial. The Ninth Circuit is now in control of that issue and may in fact overturn his conviction for that reason." Doc. 141,

Opposition, 12:14-19.  Thus, this claim of unreasonable search and seizure is subject to the Heck bar.  As Michael Ioane Sr.'s conviction still stands at this time, this claim must be dismissed without prejudice.

**B. Second Cause of Action - Excessive Force and Bodily Privacy**

Plaintiffs' SAC contains the same allegations as the FAC with regards to this cause of action.  As stated in the prior order, Plaintiffs have stated Bivens claims for excessive force and bodily privacy under the Fourth Amendment; qualified immunity can not be determined at this stage of the proceedings. Doc. 61, September 24, 2008 Order, 8:11-23.  Defendants point out that only Shelly Ioane and Michael Ioane Sr. were present when the search took place.  Thus, no other Plaintiffs were subject to these alleged violations; their claims under this cause of action are dismissed.  The SAC can be fairly read to allege that the Federal Agents had their guns out and pointed at Shelly Ioane and Michael Ioane Sr.  "Absent a waiver of sovereign immunity, the Federal Government is immune from suit." Loeffler v. Frank, 486 U.S. 549, 554 (1988).  Plaintiffs need to show that the United States waived immunity as to each specific cause of action alleged.  As has been stated before in prior orders, the United States has not waived sovereign immunity for Bivens causes of action. Cato v. United States, 70 F.3d 1103, 1110 (9th. Cir. 1995).  Shelly Ioane and Michael Ioane Sr. have stated Bivens claims against the Federal Agents.

**C. Third Cause of Action - First Amendment**

In the FAC, Plaintiffs alleged a "Interference with First Amendment Association, Freedom of Speech & Press Rights" cause of action in which they alleged "32. Many of the documents seized were related to plaintiffs' exercise of their right of association with others, free speech, and free press rights protected under the First Amendment of the United States Constitution. Doc. 39, FAC, 4:26-5:2.  That cause of action was dismissed as one, it was unlikely

that Bivens would apply to alleged First Amendment violations during a tax investigation and two, qualified immunity would apply regardless as the law was unclear given the facts of the case. Doc. 61, September 24, 2008 Order, 13:3-14:21.

In the SAC, Plaintiffs again allege "Interference with First Amendment Association, Freedom of Speech & Press Rights....30. Many of the documents seized were related to plaintiffs' exercise of their right of association with others, free speech, and free press rights protected under the First Amendment of the United States Constitution....31. The defendants seizure and retention of the documents is interfering with plaintiff's exercise of their associational, free speech, and free press rights. 32. Defendants have violated, and are continuing to violate, the above First Amendment protected rights by their continued possession of the above described items." Doc. 64, SAC, 5:3-7.  Again, regarding the execution of the search warrant, the Federal Agents are entitled to qualified immunity.  Regarding the retention of documents, the First Amendment implications appear to be different.  "[C]ompelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as the forms of governmental action." NAACP v. Ala. ex rel. Patterson, 357 U.S. 449, 462 (1958).  After the initial seizure, the affiliation has been revealed.  It is not readily apparent to the court how retention of the documents presents an independent First Amendment violation.

Defendants point out that the proper means of addressing the return of seized items is through Fed. Rules Crim. Proc. 41(g): "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Such a motion was already brought and denied in the time leading up to Michael Ioane Sr.'s criminal trial. See Case No. 06-sw-0147 LJO, Doc. 13.  "Rule 41(e) does not contain the explicit waiver of sovereign immunity required to authorize monetary relief against the government when property cannot be returned." United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001).  Further, a Bivens claim directed at federal officers for return of seized item is subject to Heck. See Okoro v.

7

Callaghan, 324 F.3d 488, 492 (7th Cir. 2003).  Plaintiffs have not explained in details what items they seek to have returned and how they affect Michael Ioane Sr.'s criminal conviction. Plaintiffs have not stated a claim under the First Amendment.

**D. Fourth Cause of Action - Retaliation**

Plaintiffs allege "36. During the search raid, defendant Jeff Hodge told Michael Ioane, Sr several times that if Ioane had not made the threat of filing such a lawsuit, the search raid would never have happened. 37. Defendant Kent Spjute also told plaintiff Michael Ioane, Sr that if Ioane and his attorney had not demanded the liens be removed, non of this would have happened....39. The defendants' search raid was made in retaliation of Ioane exercising his First Amendment protected rights." Doc. 64, SAC, 5:15-24.  Defendants argue there is no retaliation cause of action under Bivens in this circumstance.  In general, actions by individuals acting under federal authority to deter exercise of First Amendment activity gives rise to a Bivens retaliation claim. See Martin v. Naval Crim. Investigative Serv., 2013 U.S. App. LEXIS 18498, *2-3 (9th Cir. 2013).  However, as with the third cause of action, courts have been loathe to expand the scope of Bivens when dealing with tax investigations. See Adams v. Johnson, 355 F.3d 1179, 1184-16 (9th Cir. 2004) (reaching a "conclusion rejecting a Bivens remedy for challenges to IRS officials' actions in tax assessment and collection"); Kortlander v. Cornell, 816 F. Supp. 2d 982, 989 (D. Mont. 2011) (presenting a history of the U.S. Supreme Court's refusal to expand the Bivens cause of action in various contexts).

Further, qualified immunity would probably apply given the specific facts of this case. The search was conducted on June 8, 2006.  Plaintiffs object that the warrant was overbroad but do not suggest that Defendants lacked probable cause to do a more limited search.  The Ninth Circuit stated on November 20, 2006 that "We have decided only today that a right exists to be free of police action for which retaliation is a but-for cause even if probable cause exists for that action. At some future point, this right will become clearly established in this Circuit. At the time

8

Royster acted, however, the law was far from clear. Accordingly, even assuming Royster's primary motivation for seizing Skoog's still camera was to retaliate for Skoog's exercise of his First Amendment rights, he violated no clearly established law because probable cause existed for the search. Royster is thus entitled to qualified immunity under the second prong of our qualified immunity analysis." Skoog v. County of Clackamas, 469 F.3d 1221, 1235 (9th Cir. 2006).  As this search took place before Skoog, qualified immunity would apply even if Bivens was a cognizable cause of action here.

**E. Fifth Cause of Action - Supervisor Liability**

Plaintiffs allege "44. Acting under color of federal law, the unknown DOE superiors and supervisors intentionally, knowingly, recklessly and with deliberate indifference to the rights of the inhabitants of the area failed to instruct supervise, control, and/or discipline the defendants who executed the warrants to refrain from conducting unlawful searches and seizures, and conspiring to violate federally protected rights, and otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities." Doc. 64, SAC, 6:6-11. Defendants point out that Bivens does not provide for respondeat superior liability for supervisors.  "Iqbal means that constitutional claims against supervisors must satisfy the elements of the underlying claim, including the mental state element, and not merely a threshold supervisory test that is divorced from the underlying claim. Iqbal does not stand for the absurd proposition that government officials are never liable under § 1983 and Bivens for actions that they take as supervisors." OSU Student Alliance v. Ray, 699 F.3d 1053, 1073 (9th Cir. 2012), citations omitted.  In applying that standard, "it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging 'a specific policy' or 'a specific event' instigated by them that led to the constitutional violations." Elfand v. County of Sonoma, 2012 WL 4836944, *9 (N.D. Cal. 2012), citations omitted.  Plaintiffs have failed to state a claim

against supervisors.

**F. Sixth Claim - Disclosure of Tax Information**

Plaintiffs re-raise a cause of action which was dismissed in the FAC: "47. Within the last 2 years, agents of defendant United States disclosed tax information about plaintiff Michael Ioane, Sr. multiple times to third-parties without plaintiffs' consent and when no statutory exception allowed for any such disclosures. 48. The above disclosures included accusations of tax evasions against plaintiffs to third-parties by some of the individual defendants herein, as well as other IRS agents. 49. These disclosures were made in violation of 26 U.S.C. §6103, and Michael Ioane, Sr. are entitled to damages under 26 U.S.C. §7431." Doc. 64, SAC, 6:24-7:3. "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. §7431(a)(1).  "[T]o state a claim for unauthorized disclosure under 26 U.S.C. § 7431, Plaintiffs must allege '(1) that the disclosure [by IRS] was unauthorized; (2) that the disclosure was made knowingly or by reason of negligence; and (3) that the disclosure was in violation of section 6103.'" Aloe Vera of Am., Inc. v. United States, 128 F. Supp. 2d 1235, 1246 (D. Ariz. 2000), quoting Weiner v. IRS, 789 F. Supp. 655, 656 (S.D.N.Y. 1992).  Plaintiffs simply assert this legal standard without providing any of the necessary factual detail.  Such a statement is inadequate. See Chapin v. Hutton, 1999 U.S. Dist. LEXIS 10560, *24-25 (D. Idaho 1999) ("Plaintiffs have alleged that the Defendants have discussed Plaintiffs' tax liabilities and other confidential matters with unauthorized persons and that the disclosures are not within a statutory exception....Plaintiffs have not alleged sufficient facts to state a claim under Section 7431").  Plaintiffs have failed to state a claim under Section 7431.

**G. Motion to Allow Filing of Third Amended Complaint**

The Proposed TAC is a copy of the SAC with two additional causes of action. The seventh cause of action alleges conspiracy for deprivation of constitutional rights. Looking at the proposed filing, the main thrust of the claim appears to be malicious prosecution. Specifically, Plaintiffs state "68. Defendants and unnamed DOES 1-15 agreed to work together to have Michael Scott, Sr. prosecuted for the sole purpose of retaliation. 69. Defendants and unnamed DOES 1-15 conspired to manufacture a crime that did not exist in order to justify the raid on the Plaintiffs home." Doc. 146, Part 1, Proposed, TAC, 9:16-19. Under Heck, a malicious prosecution claim can not be brought unless the plaintiff is first vindicated in the criminal proceedings. See Braunstein v. United States Postal Serv., 2007 U.S. App. LEXIS 8831, *4 (9th Cir. Apr. 12, 2007), citing Heck v. Humphrey, 512 U.S. 477, 484 (1994) and Hartman v. Moore, 547 U.S. 250, 258 (2006), (in a Bivens case, "malicious prosecution claims do not accrue until the underlying prosecution terminates in favor of the plaintiff").

The eighth cause of action is for false arrest. Plaintiffs allege "90. [Defendants] falsely arrested Plaintiff Michael Scott Ioane, Sr. without a valid arrest warrant on or about April 9, 2009 in violation of his Fourth Amendment Rights." Doc. 146, Part 1, Proposed, TAC, 12:21-23. Michael Ioane Sr. was arraigned on April 10, 2009 and released on bond. Crim. Case No. 09-0142, Doc. 8. However, Plaintiffs did not seek to add this claim until January 16, 2013. Doc. 146, Motion to Amend. Under California law, the applicable statute of limitations for false arrest is two years. Cal. Code Civ. Proc. 335.1. "The running of the statute of limitations on false imprisonment is subject to a distinctive rule - dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends. Thus, to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end. Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for

11

example, he is bound over by a magistrate or arraigned on charges." Wallace v. Kato, 549 U.S. 384, 389 (2007).  Thus, Michael Ioane Sr. had until April 10, 2011 to raise his claim.  He is now time barred.

### IV. Order

Defendants' motion to dismiss for failure to state a claim is GRANTED in part and DENIED in part.  The first, third, fourth, fifth and sixth causes of action are DISMISSED without prejudice.  The only remaining claim is the second cause of action, in which Shelly Ioane and Michael Ioane Sr. have stated claims against the Federal Agents.  All other Plaintiffs and Defendants are DISMISSED from this case.  Plaintiffs' motion for leave to file an amended complaint is DENIED.

IT IS SO ORDERED.

Dated:   October 1, 2013

SENIOR  DISTRICT  JUDGE