KATHRYN KENEALLY
Assistant Attorney General

G. PATRICK JENNINGS
COLIN C. SAMPSON
LAUREN M. CASTALDI
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-6648 (v)
202-305-6062 (v)
202-514-9668 (v)
202-307-0054 (f)
Guy.P.Jennings@usdoj.gov
Colin.C.Sampson@usdoj.gov
Lauren.M.Castaldi@usdoj.gov

Of Counsel:
BENJAMIN B. WAGNER
United States Attorney
Eastern District of California

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, ET. AL., | Case No. 1:07-cv-00620 |
| Plaintiff, | **ANSWER** |
| v. | |
| KENT SPJUTE, ET. AL., | |
| Defendant. | |

The Federal Defendants (former Special Agent Kent R. Spjute, Special Agents Jeff Hodge, Brian Applegate and Michele M. Casarez, and former Supervisory Special Agent Jean Noll), by and through their undersigned counsel, hereby answer the Plaintiffs' Second Amended

1

1. Complaint for Damages for Constitutional Violations and Declaratory and Injunctive Relief ("Complaint").  This Court has entered an Order dismissing most of the Plaintiffs' claim, as well as several of the original Plaintiffs. *See* Docket No. 163. The United States was also dismissed as a defendant.  In response to the specific numbered paragraphs contained in the complaint, the Federal Defendants, deny and allege as follows, and respectfully deny each and every allegation contained in the complaint that is not expressly admitted below.  To the extent that the Federal Defendants lack knowledge sufficient to form a belief as to the truth of averments set forth in the complaint, such averments are denied.  *See* Fed. R. Civ. P. 8 (b).

    1. The Federal Agents admit the allegations of Paragraph 1.

    2. The Federal Agents admit the allegations of Paragraph 2.

    3. The Federal Agents admit the allegations of Paragraph 3 were true at the time of the execution of the search warrant, however Defendant Spjute is currently retired.

    4. The Federal Agents admit the allegations of Paragraph 4 were true at the time of the execution of the search warrant, however Defendant Noll is currently retired.

    5. The Federal Agents admit the allegations of Paragraph 5.

    6. The Federal Agents admit the allegations of Paragraph 6.

    7. The Federal Agents admit the allegations of Paragraph 7.

    8. The Federal Agents admit that additional agents were present during the execution of the search warrant.  To the extent additional agents were present, they were acting in their official capacity as employees of the Internal Revenue Service.

1  9. The United States was dismissed as a Defendant in this action and therefore no response to this allegation is necessary. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 9 are admitted.

10. The Federal Agents deny that Michelle Casarez was present during the execution of the search warrant. The Federal Agents admit the remainder of Paragraph 10.

11. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 11 are denied.

12. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 12 are denied.

13. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 13 are denied.

14. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 14 are denied.

15. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required.  Glenn Halliday has also been dismissed as a Plaintiff.  *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 15 are denied.

16. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 16 are denied.

17. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 17 are denied.

18. The Federal Defendants deny the allegations of Paragraph 18.

19. All claims related to the First Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 19 are denied. The Federal Defendants also deny that Shelly Ioane's Fourth Amendment rights were violated.

20. By this reference, the Federal Defendants incorporate their responses to Paragraphs 1-19 inclusive, as if fully set forth herein.

21. The Federal Defendants admit the allegations of Paragraph 21.

22. The Federal Defendants deny the allegations of Paragraph 22.

23. The Federal Defendants deny the allegations of Paragraph 23.

24. The Federal Defendants deny the allegations of Paragraph 24.

25. The Federal Defendants deny the allegations of Paragraph 25.

26. Ashley Ioane, Briana Ioane, and Michael Ioane, Jr. were dismissed as Plaintiffs in this action and therefore no response to this allegation is necessary. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 26 are denied.

27. The Federal Defendants deny the allegations of Paragraph 27.

| | | |
|---|---|---|
| 1 | 28. | The Federal Defendants deny the allegations of Paragraph 28. |
| 2 | 29. | All claims related to the Third Cause of Action have been dismissed, and |
| 3 | | therefore no response to this allegation is required. *See* Docket No. 163. To the |
| 4 | | extent that a response is required, by this reference, the Federal Defendants |
| 5 | | incorporate their responses to Paragraphs 1-16 inclusive, as if fully set forth |
| 6 | | herein. |
| 7 | 30. | All claims related to the Third Cause of Action have been dismissed, and |
| 8 | | therefore no response to this allegation is required. *See* Docket No. 163. To the |
| 9 | | extent that a response is required, the allegations in Paragraph 30 are denied. |
| 10 | 31. | All claims related to the Third Cause of Action have been dismissed, and |
| 11 | | therefore no response to this allegation is required. *See* Docket No. 163. To the |
| 12 | | extent that a response is required, the allegations in Paragraph 31 are denied. |
| 13 | 32. | All claims related to the Third Cause of Action have been dismissed, and |
| 14 | | therefore no response to this allegation is required. *See* Docket No. 163. To the |
| 15 | | extent that a response is required, the allegations in Paragraph 32 are denied. |
| 16 | 33. | All claims related to the Third Cause of Action have been dismissed, and |
| 17 | | therefore no response to this allegation is required. *See* Docket No. 163. To the |
| 18 | | extent that a response is required, the allegations in Paragraph 33 are denied. |
| 19 | 34. | All claims related to the Fourth Cause of Action have been dismissed, and |
| 20 | | therefore no response to this allegation is required. *See* Docket No. 163. To the |
| 21 | | extent that a response is required, by this reference, the Federal Defendants |
| 22 | | incorporate their responses to Paragraphs 1-33 inclusive, as if fully set forth |
| 23 | | herein. |

35. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 35 are denied.

36. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 36 are denied.

37. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 37 are denied.

38. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 38 are denied.

39. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 39 are denied.

40. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 40 are denied.

41. All claims related to the Fourth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 41 are denied.

42. All claims related to the Fifth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a

response is required, by this reference, the Federal Defendants incorporate their responses to Paragraphs 1-41 inclusive, as if fully set forth herein.

43. All claims related to the Fifth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 43 are denied.

44. All claims related to the Fifth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 44 are denied.

45. All claims related to the Fifth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 45 are denied.

46. All claims related to the Fifth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 46 are denied.

47. All claims related to the Sixth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 47 are denied.

48. All claims related to the Sixth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 48 are denied.

49. All claims related to the Sixth Cause of Action have been dismissed, and therefore no response to this allegation is required. *See* Docket No. 163. To the extent that a response is required, the allegations in Paragraph 49 are denied.

50. The Federal Defendants admit Plaintiffs' <u>Bivens</u> claims are entitled to a jury.

Additional Defenses

1. The Federal Defendants are entitled to qualified immunity related to any allegations of excessive force.

2. The Federal Defendants are entitled to qualified immunity related to any allegations of privacy violations.

WHEREFORE the Federal Defendants respectfully request that this Court deny the relief requested in the Second Amended Complaint and grant any other relief to which the Federal Defendants may be entitled.

Dated this 10th day of October, 2013.

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

<u>/s/ Lauren M. Castaldi</u>
LAUREN M. CASTALDI
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9668

Of Counsel:

BENJAMIN B. WAGNER
United States Attorney