IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHALE IOANE, ET. AL.,** | ) |
| | ) **Case No. 1:07-cv-00620-AWI-GSA** |
| **Plaintiffs,** | ) |
| | ) **ORDER RE. DEFENDANTS'** |
| v. | ) **MOTION TO COMPEL** |
| | ) **ATTENDANCE AT DEPOSITION** |
| **KENT SPJUTE, ET. AL.,** | ) |
| | ) **Doc. 193** |
| **Defendants.** | ) |
| | ) |

**INTRODUCTION**

On February 5, 2014, the United States and the individual defendants (collectively, "Defendants") in this matter,[1] filed a Motion to Compel the attendance of Plaintiff Shelly Ioane ("Plaintiff") at her deposition set for February 19, 2014. Doc. 193. Plaintiff filed an Opposition on February 12, 2014. The Court held a hearing on shortened time on February 14, 2014. Doc. 203. Counsel Colin Sampson appeared on behalf of Defendants. Plaintiff failed to appear. For the reasons discussed below, Defendant's Motion to Compel is GRANTED.

---

[1] The individual defendants are: Kent R. Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle M. Casarez.

1

**DISCUSSION**

Defendants' moving papers indicate that Defendants' counsel and Plaintiff had discussed the matter of Plaintiff's deposition as early as January 6, 2014. Doc. 193-2. More importantly, the Defendants served a Notice of Deposition on Plaintiff on January 23, 2014, which specified that the Deposition was scheduled for February 19, 2014 and also provided the time and place of the deposition.[2]  Doc. 193-3. Plaintiff states that she received the Notice of Deposition on January 29, 2014. Docs. 193-5; 200, ¶ 4. Given that Plaintiff received the Notice of Deposition on January 29, 2014, she was notified as to the date, time, and place of the deposition three weeks before the deposition is to take place. The Court finds that notification of the deposition three weeks in advance constitutes reasonable notice so as to enable Plaintiff to make arrangements to appear for her deposition as scheduled.

Nevertheless, on February 4, 2014, Plaintiff sent an email to Defendants' counsel stating that she was not available for her deposition on February 19, 2014, and would "not be available to discuss this matter until February 20, 2014." Doc. 193-5. Plaintiff's refusal, without providing any reason or explanation, to discuss the status of her deposition with Defendants' counsel until February 20, when the deposition of her husband, Michael Ioane, also a plaintiff in this case, is scheduled to take place, is unreasonable and possibly suggests that Plaintiff intends to delay her deposition so that it must occur after the deposition of Michael Ioane. *See* Doc. 193-3, pp. 5-7.

---

[2] The Notice of Deposition states that Plaintiff's deposition will take place on February 19, 2014, at 9:00 a.m., at the offices of Esquire Solutions, 155 East Shaw, Second Floor, Suite 201, Fresno, California 93710. Doc. 193-3.

At no time did Plaintiff move the Court for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, to excuse her attendance at her deposition based on a showing of good cause. Rather, on February 6, 2014, Plaintiff filed a "Notice of Non-Availability" with the Court stating that she was "unavailable for depositions on February 19, 2014, at 9:00AM, because of pre-scheduled appointments." Doc. 195, p. 1. Plaintiff stated that she was residing in Carson City, Nevada during the month of February, 2014. Plaintiff explained that although she was unavailable for her own deposition, she would travel back to California during the evening on February 19, 2014, in order to attend the deposition of her husband, Michael Ioane, on February 20, 2014, at Taft Correctional Institution in Taft, California. Plaintiff provided no details or explanation as to why she could not adjust her schedule to travel to California one day earlier, in order to attend her own properly-noticed deposition, other than to state in general terms that she had "meetings with clients" on February 19, 2014 in Carson City, Nevada. Doc. 195. Plaintiff's cursory and vague explanation is unpersuasive.

After receipt of Plaintiff's Notice of Non-Availability (which was sent separately to Defendants in addition to being filed with the Court), Defendants filed the instant motion to compel Plaintiff to attend her deposition. Doc. 193. Plaintiff filed an Opposition. Doc. 200. Plaintiff's Opposition basically reiterates the points noted in her Notice of Non-Availability, and fails to provide additional details or evidence in support of her claims. The Court finds that Plaintiff's generalized claims are inadequate and unpersuasive in terms of demonstrating good cause to excuse her presence at her deposition as noticed. Plaintiff does not state when the appointments at issue were made; what efforts, if any, she has made to re-schedule them; or why these appointments must be prioritized over her deposition in a case in which she is a plaintiff. The Court also finds troubling that Plaintiff did not attend the hearing on the motion to compel,

despite the fact that the Court had not excused her appearance and had specifically permitted her, in advance, to appear telephonically. Doc. 194. Plaintiff's vague and unsupported statement that "I am not available for the shortened hearing schedule of February 14, 2014, at 9:30 a.m., because of previously scheduled events and appointments" does not excuse her presence at the hearing on the motion to compel. Doc. 200, p. 1. Given that Plaintiff did not attend the hearing, the Court was unable to obtain additional details from her regarding her reasons for being unavailable for her February 19, 2014 deposition, or to obtain additional, <u>specific</u> dates when she would be available for her deposition.

For all the foregoing reasons, Defendants' Motion to Compel is granted.

## ORDER

Given that Plaintiff's deposition was properly and timely noticed, Defendants' Motion to Compel is GRANTED. Plaintiff Shelly Ioane is ORDERED to attend her deposition as noticed by the Defendants, Doc. 193-3, on Wednesday, February 19, 2014 at 9:00 a.m. at the offices of Esquire Solutions, 155 East Shaw, Second Floor, Suite 201, Fresno, California 93710. Plaintiff is advised that failure to comply with the Court's orders and to attend her deposition may result in the dismissal of her claims from this action and also subject her to the full range of discovery sanctions pursuant to Fed. R. Civ. P. 37(d).

IT IS SO ORDERED.

Dated: **February 14, 2014**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE