IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHALE IOANE, ET. AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>KENT SPJUTE, ET. AL.,<br><br>    Defendants. | Case No. 1:07-cv-00620-AWI-GSA<br><br>ORDER DENYING PLAINTIFFS' EX PARTE REQUESTS WITHOUT PREJUDICE<br><br>Docs. 201, 206, 207 |

At 5:15 p.m. on February 13, 2014, Plaintiff Shelly Ioane filed an "ex parte request" for a court order directing prison authorities at Taft Correctional Institution ("Taft CI") in Taft, California to allow her to attend the deposition of Plaintiff Michael Ioane on February 20, 2014.[1] Doc. 201. The deposition of Plaintiff Michael Ioane is set to take place at Taft CI because he is presently incarcerated there on account of a conviction he sustained in a related criminal case.

---

[1] Plaintiff Shelly Ioane's Ex Parte Request was filed in the Court's Electronic Filing System ("CM-ECF") by Attorney William McPike. Mr. McPike is not attorney of record in this case, and the Court has previously admonished him for intervening on behalf of Plaintiffs in this case. *See* Doc. 136. Mr. McPike is advised that he needs to file a substitution of attorney form if he is now representing Plaintiffs in this matter. Alternatively, if he does not represent Plaintiffs, he shall not intervene in this case on their behalf. He is advised that misuse of his CM-ECF log-in and password could result in the loss of CM-ECF access for all purposes. After Plaintiff Shelly Ioane's Ex Parte Request was electronically filed as Doc. 201, it was also received by the Court through U.S. Mail. Consequently, this document appears on the Court's docket twice: Docs. 201 and 207.

1

On February 18, 2014, Plaintiffs Shelly Ioane and Michael Ioane ("collectively, Plaintiffs") filed a separate ex parte document asking the Court to order the Defendants[2] in this action to "make arrangements for both plaintiffs to be present during all depositions, telephonically" or to "strike all depositions for being improperly conducted." Doc. 206.

Plaintiffs' ex parte requests are denied without prejudice. Docs. 201, 206. Both requests fail to comply with the Court's Local Rules and fail to cite to any legal authority. *See* Local Rules 251, 230, and 144(e). In light of security concerns and other constraints that apply to prison facilities and incarcerated prisoners, the Court cannot order the Warden of Taft Correctional Institution to make necessary arrangements for Plaintiffs to participate in each other's depositions on the basis of last-minute ex parte requests. *See Acacia Corporate Mgmt., LLC v. United States*, 2013 WL 2660538, *3 ((E.D. Cal. June 12, 2013) reconsideration denied 2013 WL 5460121 (E.D. Cal. June 14, 2013) ("Lawful incarceration results in the limitation of many privileges and rights, including the right under 28 U.S.C. § 1654 of parties to plead and manage their own causes personally.") (citation omitted); *also see Smith v. Adam*, 2013 WL 1283478, *7 (N.D. Cal. Mar. 26, 2013) (denying incarcerated plaintiff's request to attend and take the deposition of a witness because "[a] plaintiff has no absolute right to attend a deposition in his action"); *Maruzen Co., Ltd. v. HSBC USA*, Inc., 2002 WL 31767794, *1 (S.D.N.Y. Dec. 3, 2002) ("There is no question that a party incarcerated in a criminal case has no constitutional right to attend depositions taken in a civil action."); *In re Terry L. Collins*, 73 F.3d 614, 615 (6th

---

[2] The Defendants in this action are Special Agents Kent R. Spjute, Jeff Hodge, Brian Applegate and Michele M. Casarez; former Supervisory Special Agent Jean Noll; and the United States of America (collectively, "Defendants").

Cir. 1995) (per curiam) (outlining a number of relevant factors to be considered by district courts in determining whether to permit an inmate to attend pre-trial depositions).

In order to adjudicate the Plaintiffs' requests, the Court would need to consider appropriate legal authority cited by the parties and properly-submitted information about the constraints and concerns allegedly keeping prison authorities from complying with Plaintiffs' requests. Here, Plaintiffs did not file and serve appropriate motions, with citations to applicable legal authority and accompanied by any relevant declarations, that would put the requisite parties on notice and allow them to respond according to the time requirements specified in the Court's Local Rules. *See* Local Rules 230 and 251. Plaintiffs also did not submit applications to shorten time for the Court's consideration. *See* Local Rule 144(e). Were the Court to rule on the basis of the ex parte documents submitted here, Defendants and prison authorities would not be afforded an opportunity to respond to Plaintiffs' filings, and would be precluded from submitting properly-supported arguments and relevant declarations for the Court's consideration.

The Court notes that the depositions in question were noticed on January 23, 2014 and are set to take place on February 19-20, 2014. *See* Doc. 193-3. Plaintiffs would have received the notices of depositions towards the end of January, 2014 and could have filed motions for protective orders and, if necessary, applications to shorten time, at that point, in order for the Court to resolve the issues they now raise for the first time just days before the depositions are set to occur. *See* Docs. 193-5; 200, ¶ 4; *also see* Rule 26(c), Fed. R. Civ. P. and Local Rules 230, 251, 144(e). Indeed, Plaintiffs have been on notice since at least mid-January that these depositions would take place during the week of February 20, 2014. On January 10, 2014, the Court issued an order granting Defendants' motion to depose Plaintiff Michael Ioane; the order specifically stated that "Mr. Ioane's deposition is tentatively scheduled for Thursday, February

20, 2014." Doc. 183.  Thus Plaintiffs were on notice, upon receipt of the Court's January 10, 2014 order, that Michael Ioane's deposition would likely occur on February 20, 2014. Furthermore, Shelly Ioane was on notice as of January 6, 2014 that Defendants intended to depose her in Fresno in the same week in which Michael Ioane's deposition would occur at Taft CI.  Doc. 200, p. 14.

The Court notes that Plaintiffs are husband and wife, and understands that each plaintiff would be able to attend the deposition of the other plaintiff under normal circumstances.  Here, however, Plaintiff Michael Ioane is incarcerated as a result of a conviction he sustained in a criminal case that is related to the present civil action.  The very day that the Court received Plaintiff Shelly Ioane's request for an ex parte order to be present at the deposition of Michael Ioane, in light of the applicable time constraints, the Court convened an informal telephonic conference call with an official from Taft CI, Officer Dale Patrick.  Doc. 204.  The Court undertook this informal measure in an effort to facilitate Shelly Ioane's request to attend Michael Ioane's deposition at Taft CI.  Officer Patrick informed the Court that the Warden of Taft CI was unwilling to allow Shelly Ioane to attend the deposition of Michael Ioane at Taft CI because of specific prison regulations as well as security concerns.  Officer Patrick had also previously informed Colin Sampson, counsel for Defendants, when counsel attempted to arrange for Shelly Ioane to be present by telephone for Michael Ioane's deposition, that "there is no telephone in the deposition room," and prison authorities could not accommodate a request for telephonic participation of a third party in a deposition held at the prison.  Doc. 201-1.

Given the procedural defects in Plaintiffs' ex parte requests and the fact that they are untimely, the Court, at this point, is precluded from ordering prison authorities to make the accommodations requested by the Plaintiffs.  For similar reasons, the Court cannot rule on

Plaintiffs' ex parte request to strike their depositions.  Accordingly, Plaintiffs' ex parte requests, Doc. 201 [also filed as Doc. 207] and 206, are DENIED without prejudice.

IT IS SO ORDERED.

    Dated: **February 19, 2014**           **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE