# EXHIBIT 1

Michael Ioane
64460-097
P.O. Box 7001
Taft, CA 93268

Shelly Ioane
257 E. Bellevue RD #188
Atwater, CA 95301
Pro Se Plaintiffs
(209) 617-6636

2014 MAR 31 PM 2:23
TAX DIVISION
CTS. WESTERN REGION

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Glen Holliday et. al., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>Kent Spjute, et. al., )<br>_____) | Case No. 1:07-CV-00620<br><br>Plaintiff Mr. & Mrs. Ioane,<br>Response to Defendant's<br>First Request for Production<br>of Documents & things. |

Plaintiffs Mr. & Mrs. Ioane, herein after "Ioane" provide these responses to defendant's First Request for Production of Documents & Things dated February 20, 2014, as follows:

## GENERAL OBJECTIONS

The following general objections shall be deemed incorporated into the Ioane Plaintiffs response to each specific Request for Production as stated below.

1.   The Ioane plaintiffs object to defendant's Request for Production of Documents to the Ioane to the extent that such requests purport to impose requirements beyond the scope of, or in conflict with, the federal Rules of Civil Procedure or the Local rules of the United States Court for the Eastern District of California.

2.   The Ioane plaintiffs object to defendant's Request for Production of Documents to the extent that such requests seek

1

information that is protected from disclosure by 26 U.S.C. §6103, the Governmental deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or prohibition on disclosure prescribed by statute, rule, or case law. Moreover, the Ioane plaintiffs' specific responses to defendant's Request for Production of Documents shall not be construed to mean that the Ioane plaintiffs have waived any applicable privilege or other prohibition on disclosure, nor that the Ioane plaintiffs intend to divulge any information that is privileged or otherwise protected from disclosure.

3. The Ioane plaintiffs object to defendant's Request for Production of Documents to the extent that such requests seek information that is irrelevant to the outcome of this proceeding and, thus, are not reasonably calculated to lead to the discovery of admissible evidence, within the meaning of Fed. R. Civ. P. 26(b)(1).

## RESPONSES TO REQUEST FOR PRODUCTION

1. All documents relied on in responding the Federal defendants' First Set of Interrogatories.

RESPONSE: Object to the term all documents is vaque, burdensome, and overbroad. Without waiving and subject to the General objections, plaintiff states that all documents relied on are in the possession of the IRS from the illegal search warrant raid. Plaintiff has conducted a diligent search of our records and of other papers and materials in their possession and been unable to locate those records. Many of the records are available in Court

2

case 09-0142 and I.R.S. Master File. Michael Ioane does not have the resources to obtain records or otherwise because he is incarcerated, however, plaintiffs continue to search for responsive documents and will produce any additional responsive and non-privileged documents they discover. Their answers were based on memory of documents.

2. All documents you intend to rely on in support of your claim for $1,000,000 in compensatory damages.

RESPONSE: Plaintiff incorporates as set forth in full here the response made in paragraph (1) above.

3. All documents you intend to rely on in support of your claim for $1,000,000 in punitive damages.

RESPONSE: Plaintiff incorporates as set forth in full here the response made in paragraph (1) above.

4. All medical bills, receipts, invoices, or any other documents that document that amount of all medical expenses, including but not limited to, doctors' visits, medical tests, medical treatments , and medication costs, you incurred as a result of the alleged actions of the Federal Defendants identified in the Second Amended Complaint.

RESPONSE: Plaintiff incorporates as set forth in full here the response to paragraph (1) above. Additionally, plaintiff objects to the term "All Medical Bills, Receipts, invoices or any other documents" as being vague, burdonsome, and overbroad. Plaintiff objects to the term "alleged actions" as argumentative and inacurate.

5. All documents you intend to rely on in support of your claim for damages as a result of your alleged emotional distress.

RESPONSE: Plaintiff incorporates as set forth in full here the response made in paragraph (1) above.

6. All documents you intend to rely on in support of your claim for any economic damages as a result of the alleged actions of the Federal Defendants identified in the Second Amended Complaint.

RESPONSE: Plaintiff incorporates as set forth in full here the response made in paragraph (1) above.

7. All of your personal tax returns (form 1040) for the tax years 2006 through the present.

RESPONSE: Plaintiff objects on grounds of privacy and requests a protective order or stipulation to keep all returns confidential. Plaintiffs do state that their income from 2006 through the present has significantly dropped because of the wrong done to them by defendants. The total tax return income for that time period is estimated at $195,000.00 and for the time period previous plaintiff income as determined by the IRS was over $2,000,000. All these records are in in the custody and control of defendants and United states Government including the Fresno AUSA's office. Plaintiff continue to search for responsive documents and will produce any additional non-privileged documents they discover.

8. All form W-2s and Form 1099s for the tax years 2006 through the present.

RESPONSE: Plaintiff incorporates as set forth in full the response made in paragraph (7) above.

9. All documents that demonstrate your loss of any clients and/or accounts you claim you lost from 2006 to the present as a result of the alleged actions of the Federal Defendants identified in the Second Amended Complaint.

RESPONSE: Plaintiff incorporates as set forth in full the response made in paragraph (1) above.

10. All documents that demonstrate your failure to obtain any clients and/or accounts you claim you lost from 2006 to the present as a result of the alleged actions of the Federal Defendants identified in the Second Amended Complaint.

RESPONSE: Plaintiff incorporates as set forth in full the response made in paragraph (1) above.

11. All documents or materials that document or memorialize the actions of the Federal Defendants conducting the search of the residence at 1521 Fruitland Avenue, Atwater, CA 95301 on June 08, 2006.

RESPONSE: Plaintiff incorporates as set forth in full the response made in paragraph (1) above.

12. All documents subject to disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure not already produced to the federal Defendants.

RESPONSE: Plaintiff incorporates as set forth in full the response made in paragraph (1) above.

Dated: March 27, 2014      By _____
                              Michael Ioane, Palintiff
                              Pro Se Inmate

                           By ____/S/_____
                              Shelly Ioane

5

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the Ioane plaintiff's response to defendants' First Request for Production and things was made on March 27, 2014, First class mail to: G. Patrick Jennings, Department of Justice, P.O. Box 683, Washington, D.C. 20044.

By _____   by Shelly Ioane
   Michael Ioane

Encl:  2006 Tax Return
       2007 Tax Return
       2007 1099 - Michael Ioane
       2007 1099 - Shelly Ioane
       2008 Tax Return
       2008 1099 - Michael Ioane
       2008 1099 - Shelly Ioane
       2009 Tax Return
       2009 1099 Michael Ioane
       2009 1099 Shelly Ioane
       2010 Tax Return
       2010 W2 - Michael Ioane
       2010 1099 Shelly Ioane
       2011 Tax Return
       2011 W2 Michael Ioane
       2012 Tax Return

6

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

MICHAEL IOANE, ET. AL.,           )
                                  )
          Plaintiff,              )
                                  )
     v.                           )  Case No. 1:07-cv-00620
                                  )
KENT SPJUTE, ET. AL.,             )
                                  )
          Defendant.              )
                                  )

DEPOSITION OF MICHAEL SCOTT IOANE

Thursday, February 20, 2014

Taft, California

Reported by:  Patricia Kerchner, CSR No. 12017

1                    Taft, California

2          Thursday, February 20, 2014; 9:12 a.m.

3              Taft Correctional Institution

4

5                  MICHAEL SCOTT IOANE,

6    one of the Plaintiffs, called as a witness by counsel

7    for the Defendants, having affirmed to tell the truth,

8    testified as follows:

9              EXAMINATION BY MR. SAMPSON

10       Q.   Good morning.  We're on the record now in

11   Ioane, et al., versus Spjute, et al., Case Number

12   1:07-cv-620, pending in the Federal District Court in

13   the Eastern District of California.  My name is

14   Colin Sampson.  With me is Lauren Castaldi.  We're trial

15   attorneys in the Tax Division of the United States

16   Department of Justice.

17            Will you please state your full name for the

18   record.

19       A.   Michael Scott Ioane.

20       Q.   And your birth date, please.

21       A.   February 27, 1961.

22       Q.   And I understand that we are at the Taft

23   Correctional Institution.  That's your current place of

24   incarceration.  Before you were incarcerated, what was

25   your address?  What was your residential address?

1    Q.   And tell us what happened.

2    A.   Well, from what I can recall, I opened the door
3  and they rushed in. One of them had a gun pointed at me
4  and a couple of them went off down the hallway. I
5  remember Kent Spjute handing me a piece of paper. I
6  remember kind of off towards the office a few -- two or
7  three guys went up into the office.

8    Q.   When they came in, did it appear they were
9  splitting up to go through the house?

10   A.   Well, I seen them go to the office and go down
11 the other hallway. So I guess that's what they were
12 doing, yeah.

13   Q.   And would that be consistent with a sweep of
14 the house of some kind?

15   A.   I'm not familiar with those terms, but it
16 makes -- when you say that, I guess that might be what
17 they were doing.

18   Q.   From the front door is it -- tell me if this is
19 correct -- you turn left down the hallway and go to the
20 office, you turn right down the hallway and go to the
21 bedrooms; is that right?

22   A.   Well, it depends what direction. I mean, from
23 them coming in?

24   Q.   Looking straight in.

25   A.   Them looking straight in, they would go to the

1  didn't address the, you know, probable cause issue.
2      Q.   Those would be the subject of another case.
3      A.   Correct.  That would be -- well, or an amended
4  complaint or at a time if my conviction is overturned,
5  then -- you know, then I would come back on that, you
6  know, then those issues would be addressed.
7      Q.   Are there any other facts from the day, June 8,
8  2006, that you feel are relevant to your Constitutional
9  claims?
10     A.   Not that I can recall at this time.
11     Q.   And your excessive force claim.
12     A.   My -- my -- sure.  The excessive force is the
13 Constitutional claim, I believe.
14          MR. SAMPSON:  Okay.  Thank you for your
15 testimony.  With that, we'll go off the record.  We
16 discussed a moment ago your right to read and sign in
17 30 days.
18          THE WITNESS:  All right.
19          MR. SAMPSON:  Thank you.
20 (12:06 p.m.)
21                       --ooOoo--
22
23
24
25

KATHRYN KENEALLY
Assistant Attorney General

G. PATRICK JENNINGS
LAUREN M. CASTALDI
COLIN C. SAMPSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 307-6432
Facsimile:    (202) 307-0054
Email:        Guy.P.Jennings@USDOJ.gov
              Colin.C.Sampson@USDOJ.gov
              Lauren.M.Castaldi@USDOJ.gov

*Of Counsel:*
BENJAMIN B. WAGNER
United States Attorney

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE, SR., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KENT SPJUTE, et al., <br><br> Defendants. | Case No. 1:07-CV-0620 AWI GSA <br><br> **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that service of the following:

1. FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JOINT SCHEDULING (DOC. NO. 217) AND MOTION TO SUPPLEMENT THE SECOND AMENDED COMPLAINT (DOC. NO. 221)

2. DECLARATION OF LAUREN M. CASTRALDI; and

3. CERTIFICATE OF SERVICE

was made this 4th day of April, 2014, by United States mail, postage prepaid, addressed to:

CERTIFICATE OF SERVICE

Shelly J. Ioane
257 East Bellevue Road #188
Atwater, CA 95301

Michael S. Ioane
#64460-097
TAFT CORRECTIONAL INSTITUTION (7001)
P.O. Box 7001
Taft, California 93268

                                              */s/ Lauren M. Castaldi*
                                              LAUREN M. CASTALDI
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice