IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHALE IOANE, ET. AL.,** | ) |
| | ) **Case No. 1:07-cv-00620-AWI-GSA** |
| **Plaintiffs,** | ) |
| | ) **AMENDED ORDER RE.** |
| v. | ) **PLAINTIFFS' MOTION FOR A** |
| | ) **DISCOVERY PROTECTIVE ORDER**[1] |
| **KENT SPJUTE, ET. AL.,** | ) |
| | ) **Docs. 223, 235**[2] |
| **Defendants.** | ) |
| | ) |

# INTRODUCTION[3]

Pending before the Court is Plaintiffs Michael S. Ioane and Shelly J. Ioane's (collectively, "Plaintiffs") motion for a protective order. Doc. 223. Defendants United States of America, Kent R. Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle M. Casarez

---

[1] The parties are advised that the contents of this order are identical to the contents of the Court's order (Doc. 251) issued on June 27, 2014. This amended order is issued only to correct the caption of the prior order (Doc. 251), which erroneously referenced Defendants' Motion for a Discovery Protective Order.

[2] Doc. 235 is a copy of the motion previously filed as Doc. 223. Since these motions are identical, this order resolves both.

[3] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

(collectively, "Defendants") filed an opposition and Plaintiffs filed a reply. Doc. 224, 234. The motion was submitted on the papers pursuant to Local Rule 230(l) and this Court's order issued on April 9, 2014. Doc. 232. For the reasons discussed below, Plaintiffs' motion is DENIED.

## DISCUSSION

### A. Summary of the Parties' Positions

Plaintiffs seek a protective order to protect "tax information and medical information." Doc. 223 at 2. Plaintiffs generally state that Defendants have requested in discovery, evidence of Plaintiffs' financial losses as well as medical evidence pertaining to their mental and physical injuries related to their claims in this case. Doc. 223 at 2. Plaintiffs further state that they "have evidence to produce" but "are waiting for some sort of protective order to assure confidential and private medical and financial remain that way [sic]; to the extent reasonable." Doc. 223 at 2. Plaintiffs assert that they "wish all financial and medical information to be under seal and that the court admonishes defendants about privacy issues regarding same." Doc. 223 at 2. This is essentially the sum total of Plaintiffs' one-page motion.

Defendants respond that Plaintiffs' motion fails to make the good cause showing required for the granting of a protective order, and also violates the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's Scheduling Order. Doc. 224 at 5.

Plaintiffs do not provide additional arguments or authority in support of their motion for a protective order in their reply.

### B. Applicable Legal Standards

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the scope of discovery, unless limited by court order, is as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature,

> custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . .. The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

A party from whom discovery is sought may move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Rule 26(c) was "enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).

"In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for the order of protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1994). Furthermore, in order to show good cause, the moving party must demonstrate a *particularized* need for protection. *See San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (to obtain a protective order, the moving party must make a particularized showing of good cause with respect to any individual document). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Industries, Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992); *also see United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"); *Deford v. Schmid Prods. Co*., 120 F.R.D. 648, 653 (D.Md. 1987) (requiring party requesting a

protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

In sum, to meet the "good cause" requirement, the moving party must show that specific prejudice or harm will result in the absence of a protective order. *Beckman*, 966 F.2d at 476; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**C.  Analysis**

Plaintiffs have not shown good cause for the issuance of a blanket protective order regarding any and all medical and financial information they are obligated to provide in discovery. Based on the threadbare motion before it, the Court does not have enough information to properly assess the propriety of a protective order pertaining to unspecified medical and financial information relevant to the Defendants' discovery requests, which also remain unknown to the Court. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (the moving party must make a clear showing of a particular and specific need for the protective order).

Furthermore, Plaintiffs have not delineated the scope and parameters of the protective order they seek other than to state that they wish to provide all the medical and financial information at issue "under seal" and want the Court to "admonish" the Defendants regarding "privacy issues." Doc. 223 at 2. Plaintiffs have not submitted a proposed protective order for

the Court's review and did not make any effort to work with the Defendants to craft a stipulated protective order. *See* Doc. 224 at 2. Indeed, Plaintiffs have entirely failed to comply with the meet-and-confer provisions of Rule 26(c). *Id.* Rather, Plaintiffs assert that they "are waiting for some sort of protective order to assure confidential and private medical and financial [information] remain that way." Doc. 223 at 2.

In sum, Plaintiffs' assertions are far too vague, sweeping, and conclusory for the Court to adequately assess them, let alone issue a protective order. *See Beckman*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827-828 (9th Cir. 2004) (a showing of good cause under Rule 26(c) "is a heavy burden," requiring "evidence, not speculation"). The lack of specific information, concrete examples, and articulated reasoning in Plaintiffs' motion, as well as their failure to meet and confer with Defendants, lends credence to the Defendants' contention that the instant motion is essentially an attempt to obstruct the discovery process. Doc. 224 at 5.

At this juncture, the Court cannot order Plaintiffs to produce the requested documents because the Court does not know what discovery requests and responses are at issue. However, Plaintiffs are warned that failure to comply with the discovery provisions of the Federal Rules of Civil Procedure and this Court's Scheduling Order will result in the imposition of sanctions under Rules 37(c) and (d) of the Federal Rules of Civil Procedure.

///

///

///

///

**ORDER**

For the reasons discussed above, Plaintiffs' motion for a protective order is DENIED. Docs. 223, 235.

IT IS SO ORDERED.

Dated:   **July 10, 2014**                         **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE