**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **MICHAEL IOANE, et al.,** | ) | **Case No. 1:07-cv-00620-AWI-GSA** |
| **Plaintiffs,** | ) | |
| | ) | **ORDER RE. PLAINTIFF'S MOTION** |
| **v.** | ) | **TO COMPEL RESPONSES TO FIRST** |
| | ) | **REQUEST FOR THE PRODUCTION** |
| **KENT SPJUTE, et al.,** | ) | **OF DOCUMENTS AND THINGS** |
| | ) | |
| **Defendants.** | ) | **(Doc. 211)** |
| | ) | |

**INTRODUCTION**[1]

        Pending before the Court is Plaintiff Michael S. Ioane's ("Plaintiff") motion to compel

responses to his first set of requests for the production of documents and things.  Doc. 211.

Defendants Kent R. Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle M. Casarez

(collectively, "Defendants") filed an opposition and Plaintiff filed a reply.  Docs. 216, 231.  The

motion was submitted on the papers pursuant to Local Rule 230(l) and this Court's order issued

on April 9, 2014.  Doc. 232.  For the reasons discussed below, Plaintiffs' motion is GRANTED

in part and DENIED in part.

---

[1] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

1

**DISCUSSION**

**A.  Summary of the Parties' Positions**

Plaintiff served on Defendants, by U.S. Mail, a first set of Requests for Production of Documents and Things dated January 17, 2014; Defendants' counsel's office received these requests on January 28, 2014.  Docs. 211 at 2; 216 at 3.  Defendants served their responses on February 18, 2014.  *Id.*

In the instant motion to compel, Plaintiff argues that Defendants "have basically objected to all requests and have provided only a small fraction of the documents available to them."  Doc. 211 at 2.  Plaintiff states that he requested documents regarding 18 Internal Revenue Service ("I.R.S.") agents who were present during a search of his residence which gave rise to the instant lawsuit.  Plaintiff asserts that the Defendants have not provided agent reports, statements, and other documents related to the search.  Doc. 211 at 2.  Plaintiff asks the Court to (1) "overrule all objections" raised by Defendants in their responses to his Request for Production of Documents and Things; (2) "order defendants to produce the documents and things;" and (3) extend the non-expert discovery cutoff.  Doc. 211 at 3.

In their opposition to Plaintiff's motion to compel, Defendants state that, in response to Plaintiff's requests for the production of documents, they have produced "documents, photographs, videos, and daily diary entries for the IRS agents," subject to general and specific objections.  Doc. 216 at 4.  Defendants argue that the Plaintiff "assert[s] no facts, and provide[s] only baseless claims in support of [his] Motion[] to Compel."  Doc. 216 at 4.  Defendants further argue that because "Defendants have provided responses to [Plaintiff's] written discovery requests in compliance with the Federal Rules of Civil Procedure and Federal Rules of Evidence,

1  no extension of the discovery period is warranted in this matter, and the Court should summarily

2  reject [Plaintiff's] motion."  Doc. 216 at 6.

3       **B.  Applicable Legal Standards**

4         Pursuant to Federal Rule of Civil Procedure 34(a), parties to an action may request another

5  party to produce documents which "contain matters within the scope of Rule 26(b) and which are

6  in the possession, custody or control of the party upon whom the request is served."  "Parties

7  may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

8  defense of any party .... Relevant information need not be admissible at the trial if the discovery

9  appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P.

10  26(b)(1).  "[T]he determination whether ... information is discoverable because it is relevant to

11  the claims or defenses depends on the circumstances of the pending action."  Fed.R.Civ.P. 26

12  Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).  A party

13  responding to requests for the production of documents must furnish documents in the party's

14  "possession, custody or control."  Fed.R.Civ.P. 34(a); *also see Wayson v. Rundell,* 2008 WL

15  819014 (D. Alaska Mar. 24, 2008).

16         A party responding to requests for the production of documents must furnish documents in

17  the party's "possession, custody or control."  Fed.R.Civ.P. 34(a); *also see Wayson v. Rundell*,

18  2008 WL 819014 (D. Alaska Mar. 24, 2008).  Documents are within a party's "possession,

19  custody or control" if the party has the legal right to obtain the documents on demand.  *U.S. v.*

20  *International Union of Petroleum and Industrial Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th

21  Cir. 1989) (citing *Searock v. Stripling*, 734 F.2d 650, 653 (11th Cir. 1984)).

22         The discovery process is subject to the overriding limitation of good faith.  *Asea, Inc. v.*

23  *Southern Pac. Transp. Co*., 669 F.2d 1242, 1246 (9th Cir. 1981).  The Court must limit discovery

1   if the burden of the proposed discovery outweighs its likely benefit.  Fed.R.Civ.P.

2   26(b)(2)(C)(iii).

3           As clarified by several district courts, the party moving to compel discovery bears an

4   initial burden of informing the Court which discovery requests are the subject of the motion to

5   compel, which of the responding party's responses are disputed, why the responding party's

6   responses are deficient, why the responding party's objections, if any, are not justified, and why

7   the documents sought are relevant to the claims at issue in the action.  *See, e.g..*, *Grabek v.*

8   *Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga,* 2011 WL

9   6703958, at *3 (E.D. Cal. Dec.21, 2011); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal.

10   Mar.27, 2008); *Walker v. Karelas*, 2009 WL 3075575 at *1 (E.D. Cal. Sep.21, 2009); *Brooks v.*

11   *Alameida*, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009).  "The fact that a party may

12   disbelieve or disagree with a response to a discovery request ... is not a recognized ground for

13   compelling discovery, absent some indication beyond mere suspicion that the response is

14   incomplete or incorrect." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992); *also see*

15   *Jimena v. UBS AG Bank*, 2010 WL 4363193 at *3 (E.D. Cal. Oct. 25, 2010).

16           **C.  Analysis**

17                 *1.  Discovery Requests and Responses*

18           Plaintiff's first set of requests for the production of documents contained 18 specific

19   requests.  *See* Doc. 211, Exhs. A and B to Plaintiff's Mtn. to Compel.  Defendants provided

20   signed responses to these requests and produced documents, videos, daily diary reports, etc.,

21   subject to general and specific objections.  Defendants also provided a privilege log identifying

22   documents that were responsive to specific requests but were withheld.  *See* Doc. 211, Exhibit B

23   to Plaintiff's Mtn. to Compel.

1    In the instant motion to compel, Plaintiff asserts that Defendants have not provided

2    complete responses and are "playing games with [the] discovery process," and asks the Court to

3    order Defendants to produce additional documents in response to his requests for the production

4    of documents.  Doc. 211 at 2.  Plaintiff has not revealed what documents and other things were

5    actually produced by the Defendants, and, furthermore, does not provide any explanation or facts

6    to support his bare assertion that Defendant's responses are not complete, accurate, and made in

7    good faith.  Plaintiff further asks the Court to "overrule all objections" raised by the Defendants

8    in their responses to his requests for the production of documents and things.  Doc. 211 at 3.

9    Once again, Plaintiff provides no facts, arguments, or authorities to support this request.  Indeed,

10   Plaintiff fails even to identify which discovery requests and objections are the subject of his

11   motion to compel, let alone address the propriety of the specific requests and objections at issue.

12   Courts have repeatedly held that when a party seeking discovery brings a motion to

13   compel challenging the responding party's objections to his discovery requests, the moving party

14   bears the burden of demonstrating that the disputed objections are improper.  *See, e.g., Grabek v.*

15   *Dickinson,* 2012 WL 113799 at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga,* 2011 WL

16   6703958 at *3 (E.D. Cal. Dec.21, 2011); *Mitchell v. Felker,* 2010 WL 3835765 at *2 (E.D. Cal.

17   Sep.29, 2010); *Ellis v. Cambra,* 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).  In meeting

18   this burden, the moving party must identify which discovery requests are at issue, demonstrate

19   that the requests are proper, and make an initial showing that the disputed objections are not

20   justified.  *Grabek,* 2012 WL 113799 at *1; *Womack,* 2011 WL 6703958 at *3; *Mitchell,* 2010

21   WL 3835765 at *2; *Ellis,* 2008 WL 860523 at *4.  Here Plaintiff has utterly failed to meet his

22   burden.  Nonetheless, because the Plaintiff is a pro se litigant, the Court will endeavor to resolve

23   the issues raised by Plaintiff by ruling on the propriety of all of his requests for the production of

1   documents as well as the adequacy of the Defendants' responses and objections.  *See, e.g.*, *Hunt*

2   *v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor*

3   *Productions,* 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.

4   2002) (courts are vested with broad discretion to manage discovery).

5                   Requests Nos. 1, 2, 3, 4 and 6

6            The Court first collectively addresses Plaintiff's Requests for Production Nos. 1, 2, 3, 4

7   and 6.  These requests are framed extremely broadly, and are not limited to documents in the

8   possession, custody or control of the individual Defendants.  Defendants object to these requests

9   on grounds, *inter alia*, that these requests are vague, overbroad and overly burdensome, and are

10  not reasonably calculated to lead to the discovery of admissible evidence.  In light of the open-

11  ended scope of these requests, the Defendants objection is proper.

12           Defendants have nonetheless provided documents and a privilege log in response to these

13  requests, subject to their objections.  There is no indication that these responses are incomplete

14  or not made in good faith.  *See Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The

15  fact that a party may disbelieve or disagree with a response to a discovery request ... is not a

16  recognized ground for compelling discovery, absent some indication beyond mere suspicion that

17  the response is incomplete or incorrect."); *Jimena v. UBS AG Bank*, 2010 WL 4363193 at *3

18  (E.D. Cal. Oct. 25, 2010).  Defendants' responses also state that Defendants will continue to

19  search for responsive documents and produce any additional responsive and non-privileged

20  documents they discover.  Moreover, Defendants have signed these responses thereby certifying

21  that they are correct and complete, comport with applicable rules and law, and are not intended

22  for any improper purpose.  *See* Fed.R.Civ.P. 26(g)(1).  "Should it later appear that requested

23  information was not revealed or was deliberately concealed, [the] responding party or attorney

1  would be subject to appropriate sanctions." *Gray*, 148 F.R.D. at 223; *Jimena*, 2010 WL 4363193

2  at *3.  The Court is satisfied that Defendants have adequately responded to Requests Nos. 1, 2, 3,

3  4 and 6.

4        <u>Request No. 5</u>

5        Plaintiff's Request for Production No. 5 seeks "all documents which authorize the United

6  States of America, through the department of justice, to represent/pay for the defendants

7  including Doe defendants of this case."  Doc. 211 at 11.  Plaintiff has not explained how this

8  request is relevant to his claims in the case or how it would lead to the discovery of admissible

9  evidence.  Moreover, the scope of this request is not limited to documents in the possession,

10  custody or control of the individual defendants.  Therefore, the Defendants' objections that this

11  request is overbroad and is not reasonably calculated to lead to the discovery of admissible

12  evidence appear to be well-founded.  Based on the present record, the Court finds that this

13  request is not relevant to Plaintiff's claims and that Defendants have properly not produced

14  documents in response to it.

15        <u>Requests Nos. 7, 8, 9</u>

16        With respect to Plaintiff's Requests for Production Nos. 7 and 8, Defendants have

17  certified, respectively, that they "are not aware of any responsive documents" and that they "are

18  not in possession of [any] responsive documents."  Doc. 211, Exh. B at 6.  Similarly, with

19  respect to Request for Production No. 9, Defendants have certified that they "are aware of no

20  responsive documents."  Doc. 211, Exh. B at 7.  Defendants have further certified with respect to

21  these requests, that they "continue to search for responsive documents and will produce any

22  responsive and non-privileged documents they discover."  Doc. 211, Exh. B at 6-7.  Defendants

23  responded to Requests for Production Nos. 7, 8, and 9 subject to the objection that Plaintiff's

requests for "[a]ll documents" are vague, burdensome, and overbroad."  Doc. 211, Exh. B at 6-7.
To the extent that Plaintiff has not limited these requests to documents in the possession, custody
or control of the individual Defendants, the Defendants' objection is proper.  *See Wayson v.
Rundell,* 2008 WL 819014 (D. Alaska Mar. 24, 2008).  In sum, the Court finds that the
Defendants have adequately responded to Requests Nos. 7, 8 and 9.

    Request No. 10

    With respect to Plaintiff's Request for Production No. 10, Defendants have produced
responsive documents and a privilege log, and stated that they "continue to search for responsive
documents and will produce any additional responsive and non-privileged documents they
discover."  Doc. 211, Exh. B at 7.  Defendants responded to this request subject to the objection
that Plaintiff's request for "all documents" is "vague, burdensome, and overbroad."  Doc. 211,
Exh. B at 7.  To the extent that Plaintiff has not limited this requests to documents in the
possession, custody or control of the individual Defendants, the Defendants' objection is proper.
The Court finds that the Defendants have adequately responded to this request for the production
of documents.

    Request No. 11

    With respect to Plaintiff's Request for Production No. 11 seeking "[a]ll documents that
support paragraph[s] 11-19 of the [Defendants'] answer," the Defendants' correctly responded
that this request seeks documents that are relevant to the First Cause of Action in Plaintiff's
Second Amended Complaint ("SAC"), which was dismissed by the District Court.  *See* Docs.
211, Exh. B at 8; 163.  Plaintiff is not entitled to documents responsive to this request since they
are not relevant to Plaintiff's operative claim.

///

1    <u>Request No. 12</u>

2         Plaintiff's Request for Production No. 12 seeks "[a]ll documents that support paragraphs

3    22-50 of [Defendants'] answers."  Defendants responded that this request seeks documents that

4    are relevant to claims that have been dismissed by the District Court.  *See* Docs. 211, Exh. B at

5    8; 163.  Defendants are correct that this request is not relevant to Plaintiff's operative claim to

6    the extent it pertains to paragraphs 29-50 of the Defendants' answer because these paragraphs

7    concern claims that were dismissed by the District Court.  Docs. 163, 164.  However, this request

8    also seeks documents that support paragraphs 22-28 of the Defendants' answer.  Paragraphs 22-

9    28 of Defendants' answer pertain to Plaintiff's Second Cause of Action, which the District did

10   not dismiss.  Therefore, Defendants are obligated to produce responsive documents in their

11   possession, custody or control that support paragraphs 22-28 of their answer.  *See Wayson v.*

12   *Rundell,* 2008 WL 819014 at *1-*2 (D. Alaska Mar. 24, 2008).

13   <u>Request No. 13</u>

14        Plaintiff's Request for Production No. 13 seeks "[a]ll reports and or documents related to

15   any F.B.I. investigation of the defendants including Doe defendants related to the search warrant

16   [at issue in this case] and its execution [and] any Atwater police reports related to the defendants

17   including Doe defendants related to the search warrant [at issue in this case] and its execution."

18   Doc. 211 at 13.  In their signed response to this request, the Defendants stated that "they are

19   aware of no responsive documents" and "continue to search for responsive documents and will

20   produce any additional responsive and non-privileged documents they discover."  Doc. 211, Exh.

21   B. at 8.  There is no indication that Defendants' response to this request is incomplete or

22   inaccurate.  Furthermore, Defendants' objection that this request is "vague, burdensome, and

23   overbroad," is proper to the extent that the request is not limited to documents in the possession,

9

1    custody or control of the Defendants.  Therefore, the Court finds that the Defendants have

2    adequately responded to Request No. 13.

3            Request No. 14

4            Plaintiff's Request for Production No. 14 seeks "the 'claim application' filed by both

5    Michael Ioane and Shelly Ioane with the Federal Government seeking damages for the unlawful

6    search warrant raid, privacy violations, excessive force and so forth, filed immediately after the

7    search warrant raid of June 8, 2006."  Doc. 211 at 13.  Defendants have produced documents in

8    response to this request, subject to the objection that the term "claim application" is vague.  Doc.

9    211, Exh. B. at 25.  There is no indication that Defendants' response is incomplete.  Moreover,

10   Defendants' objection that the term "claim application" is vague is appropriate.  The Court finds

11   that the Defendants have adequately responded to Request No. 14.

12           Requests Nos. 15, 16, 17, 18

13           With respect to Plaintiff's Requests for Production Nos. 15, 16, 17 and 18, there is no

14   indication before the Court that the Defendants' responses are incomplete or inaccurate.  The

15   Defendants have produced documents, daily diary reports, and videos as well as a privilege log

16   in response to these requests.  The Defendants have certified that they continue to search for

17   responsive documents and will produce any additional responsive and non-privileged documents

18   they discover.  Moreover, the Defendants' objection that Requests Nos. 16 and 17 are overbroad

19   is proper to the extent that this request is not restricted to documents in the possession, custody

20

21

22

23

10

or control of the Defendants.  Therefore, the Court finds that the Defendants have adequately

responded to these requests for production of documents. [2]

### 2. *Plaintiff's Request to Extend the Non-Expert Discovery Deadline*

Plaintiff has requested an extension of the non-expert discovery cutoff on account of

purported "delays" caused by the Defendants.  It is not clear from Plaintiff's motion what delays

he is referring to.  However, as addressed above, Defendants are required pursuant to this order

to produce, with respect to Plaintiff's request for production No. 12, responsive documents to the

extent any exist in their possession, custody or control.  Accordingly, the Defendants shall

produce any responsive documents within fourteen days from the date of this order.  At this

point, there appears to be no reason to extend the non-expert discovery cutoff for any other

purpose. [3]  Therefore, with the exception of limited discovery to be produced by Defendants in

response to Plaintiff's request No. 12, the non-expert discovery cut-off shall remain in effect.

### ORDER

Plaintiff's motion to compel responses to his requests for production of documents

is GRANTED in part and DENIED in part.  Defendants are ordered to respond to

Plaintiff's Request for Production No. 12 within fourteen days from the date of this order.

Specifically, the Defendants shall produce all documents in their possession, custody or

control that support paragraphs 22-28 of the Defendants' answer to the Second Amended

---

[2] Defendants' response to Plaintiff's Request for Production No. 17 states that responsive documents and a privilege log were produced; however, the bates-number range listed for the documents appears to be erroneous.

[3] In his reply to Defendants' opposition to the instant motion, Plaintiff states that he incorporates a separate motion to continue discovery deadlines filed by Plaintiff Shelly Ioane (Doc. 219) into his instant reply.  Doc. 231 at 2. However, since Plaintiff has raised this issue for the first time in his reply and Defendants have not had the opportunity to respond to it, the Court will not consider it here.  Rather, the Court will separately address the motion filed by Shelly Ioane, and joined by Plaintiff (Doc. 227), in due course.

Complaint.  Defendants shall also, within the same time frame, provide Plaintiff with the correct bates-number range for documents produced in response to Plaintiff's Request for Production No. 17, to the extent that the Defendant's previous response lists an incorrect bates-number range for these documents.  In all other respects, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated:   **July 17, 2014**                  **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE