UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KENT SPJUTE, et al.,<br><br>　　　　Defendants. | Case No. 1:07-cv-00620-AWI-GSA<br><br>**ORDER RE. PLAINTIFF'S MOTION TO COMPEL RESPONSES TO SECOND REQUEST FOR THE PRODUCTION OF DOUCMENTS AND THINGS**<br><br>**(Doc. 214)** |

**INTRODUCTION[1]**

Pending before the Court is Plaintiff Michael S. Ioane's ("Plaintiff") motion to compel responses to his second request for the production of documents and things. Doc. 214. Defendants Kent R. Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle M. Casarez (collectively, "Defendants") filed an opposition and Plaintiff filed a reply. Docs. 216, 231. The motion was submitted on the papers pursuant to Local Rule 230(l) and this Court's order issued on April 9, 2014. Doc. 232. For the reasons discussed below, Plaintiff's motion is DENIED.

---

[1] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

1

**DISCUSSION**

**A. Summary of the Parties' Positions**

Plaintiff served on Defendants, by U.S. Mail, a second set of Requests for the Production of Documents and Things, dated January 27, 2014; Defendants received these requests on February 3, 2014. Docs. 214 at 2; 216 at 3. In the instant motion to compel Plaintiff asserts that Defendants' responses, which he received on March 6, 2014, were untimely in that the certificate of service was back-dated to February 26, 2014. Doc. 214 at 2, 4. Defendants' respond that they timely served their responses on February 26, 2014 via U.S. Mail, as certified in the attached certificate of service. Docs. 216 at 3, 5; 214 at 18.

Plaintiff next argues that Defendants made "frivolous objections" with respect to his second set of Requests for the Production of Documents and things, and "simply refuse[d] to produce documents they have." Doc. 214 at 2. Plaintiff argues that the Defendants are "the U.S. government" and "have all the documents request[ed], especially statements given by the 18 IRS agents to Atwater Police, during the 911 call [sic], Interviews with Federal Bureau of Investigation currently available and all reports done by the Treasury Inspector General for Tax Administration regarding the incident and defendants not excluding the Doe defendants." Doc. 214 at 2. Plaintiff asks the Court to "overrule all objections of the Defendants and order them to produce the documents requested." Plaintiff further asks the Court to continue the non-expert discovery cutoff.

Defendants, in their opposition to the instant motion, argue that "Plaintiffs provide nothing to support their bald assertions." Doc. 216 at 4. Defendants dispute that they "have access to 'statements given by 18 IRS agents to Atwater Police, during the 911 call, interviews with Federal Bureau of Investigation,' among other things." Doc. 216 at 4. Defendants argue that the Court should not consider Plaintiff's motion because it is entirely unsupported by facts

and argument.  Doc. 216 at 6.  Finally, Defendants argue that "no extension of the discovery period is warranted" because "Defendants have provided responses to Plaintiff's written discovery requests in compliance with the Federal Rules of Civil Procedure and Federal Rules of Evidence."  Doc. 216 at 6.

### B.  Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 34(a), parties to an action may request another party to produce documents which "contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  "[T]he determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed.R.Civ.P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

A party responding to requests for the production of documents must furnish documents in the party's "possession, custody or control."  Fed.R.Civ.P. 34(a); *also see Wayson v. Rundell*, 2008 WL 819014 (D. Alaska Mar. 24, 2008).  Documents are within a party's "possession, custody or control" if the party has the legal right to obtain the documents on demand.  *U.S. v. International Union of Petroleum and Industrial Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing *Searock v. Stripling*, 734 F.2d 650, 653 (11th Cir. 1984)).

The discovery process is subject to the overriding limitation of good faith.  *Asea, Inc. v. Southern Pac. Transp. Co*., 669 F.2d 1242, 1246 (9th Cir. 1981).  The Court must limit discovery if the burden of the proposed discovery outweighs its likely benefit.  Fed.R.Civ.P. 26(b)(2)(C)(iii).

As clarified by several district courts, the party moving to compel discovery bears an initial burden of informing the Court which discovery requests are the subject of the motion to compel, which of the responding party's responses are disputed, why the responding party's responses are deficient, why the responding party's objections, if any, are not justified, and why the documents sought are relevant to the claims at issue in the action.  *See, e.g.*, *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec.21, 2011); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar.27, 2008); *Walker v. Karelas*, 2009 WL 3075575 at *1 (E.D. Cal. Sep.21, 2009); *Brooks v. Alameida*, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009).  "The fact that a party may disbelieve or disagree with a response to a discovery request ... is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992); *also see Jimena v. UBS AG Bank*, 2010 WL 4363193 at *3 (E.D. Cal. Oct. 25, 2010).

**C. Analysis**

*1. Discovery Requests and Responses*

As a preliminary matter, the Court finds that Defendants timely served their responses to Plaintiff's second set of requests for the production of documents.  Plaintiff provides no facts or evidence in support of his allegation that the certificate of service accompanying the responses was intentionally back-dated.  In light of the absence of any evidence to the contrary, the Court accepts Defendants' certification that the responses were served via U.S. Mail on February 26, 2014.

As to Plaintiff's general allegations that the Defendants are "the U.S. government" and have access to documents generated by various federal agencies and departments as well as local police agencies, the Court notes that the District Court has previously dismissed the United States

as a defendant in this matter. *See* Docs. 214 at 3; 163 at 12. Therefore, Plaintiff is entitled, in discovery, to documents in the possession, custody or control of the individual Defendants left in the case. *See Wayson v. Rundell*, 2008 WL 819014 at *2 (D. Alaska Mar. 24, 2008) (holding that a plaintiff suing a Bureau of Land Management ("BLM") official in a *Bivens* action was not entitled to documents in the possession of the BLM or the United States Attorney's Office as the latter agencies were not parties to the action).

Finally, the Court notes that Plaintiff's second set of requests for the production of documents is identical to his first set of requests for the production of documents, with one request (Request No. 19) added to his second set of requests. The Court has previously ruled on Requests Nos. 1-18 in its order addressing Plaintiff's motion to compel responses to his first set of requests for the production of documents. (Doc. 211). Here the Court will only address Requests Nos. 9, 13 and 19 because (1) the instant motion appears to include a new argument regarding Requests Nos. 9 and 13; and (2) the Court has not previously addressed Request No. 19.

**Request Nos. 9, 13**

In Request No. 9, Plaintiff seeks investigation reports of the Treasury Inspect[or] General for Tax Administration. In Request No. 13, he seeks unspecified reports generated by the F.B.I. and the Atwater Police Department. In the instant motion, Plaintiff contends that the Defendants possess all the reports requested because they are "the U.S. government." Doc. 214 at 2. However, as discussed above, the United States is no longer a party to this action. Rather, the only defendants left in this case are individual I.R.S. agents. Pursuant to Federal Rule of Civil Procedure 34(a), parties to an action may request another party to produce documents which "contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." Plaintiff's suggestion that Defendants

must provide documents in the possession of the U.S. government does not comport with Rule 34.

With respect to Plaintiff's Requests Nos. 9 and 13, Defendants have responded that they are aware of no responsive documents but continue to search for responsive documents and will produce any responsive and non-privileged documents they discover. Doc. 214 at 12, 13. Plaintiff has not made any showing, in light of the Defendants' certified responses, that the requested documents are in the individual Defendants' possession, custody or control. Moreover, although Plaintiff asserts in his reply brief that the documents requested pursuant to these requests are in the possession of Defendants' attorneys, the Tax Division of the Department of Justice, Plaintiff provides no authority or facts to indicate that Defendants have access to such documents if any exist. Therefore, the Court finds that Defendants' have adequately responded to Requests Nos. 9 and 13. *See Wayson*, 2008 WL 819014 at \*2 (denying, in *Bivens* action, plaintiff's motion to compel the production of documents from the individual defendant's attorney and the federal agency that employed the defendant, when there was no evidence that the defendant had access to the requested documents).

### **Request No. 19**

Plaintiff's Request No. 19 states, in its entirety, as follows:

(a) If a claim of privilege is asserted for any document, identify the document for which a privilege is being claimed and the type of and basis for the claimed privilege. (b) provide training manuals or statements of policy relating to: (a) the obtaining of search warrants (b) the execution of such warrants (c) the use of firearms during the execution of such warrants (c) the unholstering of and brandishing of firearms in any circumstances [sic].

In their response to this request, the Defendants state that they have already produced a privilege log. Doc. 214 at 16. Defendants further direct Plaintiff to the Internal Revenue Manual, Part 9 (Criminal Investigation), available at www.irs.gov/irm/part9. Doc. 214 at 16. Therefore, the

Court finds that Defendants have adequately responded to Plaintiff's Request No. 19.

### *2. Plaintiff's Request to Extend the Non-Expert Discovery Cut-Off*

Plaintiff requests an extension of the non-expert discovery cutoff.  However, Plaintiff gives no reason for extending the non-discovery cutoff except for his unsubstantiated allegations that Defendants responses were untimely and that Defendants were "play[ing] games with [the] discovery process."[2]  Doc. 214 at 2.  The Court discerns no reason to extend the discovery cut-off at this point.  Therefore, the non-expert discovery cut-off specified in the Court's scheduling order shall remain in effect.  Doc. 174.

### ORDER

Based on the foregoing, Plaintiff's motion to compel responses to his second set of requests for the production of documents is DENIED.

IT IS SO ORDERED.

   Dated:   **July 17, 2014**　　　　　　　　　**/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] In his reply to Defendants' opposition to the instant motion, Plaintiff states that he incorporates a separate motion to continue discovery deadlines filed by Plaintiff Shelly Ioane (Doc. 219) into his instant reply.  Doc. 231 at 2.  However, since Plaintiff has raised this issue for the first time in his reply and Defendants have not had the opportunity to respond to it, the Court will not consider it here.  Rather, the Court will separately address the motion filed by Shelly Ioane, and joined by Plaintiff (Doc. 227), in due course.