UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>KENT SPJUTE, et al,<br><br>　　　　Defendants | CASE NO. 1:07-CV-0620 AWI GSA<br><br>ORDER RE: MOTION TO DISQUALIFY COUNSEL<br><br><br>(Doc. 187) |

　　　The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with United States. Current Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by the Federal Agents on June 8, 2006. This search forms the basis for the claims in this suit. Michael Ioane Sr. and Shelly Ioane, together with former plaintiffs Glen Halliday, Ashley Ioane, and Michael Ioane Jr., originally filed suit against the Federal Agents and the United States. Glen Halliday, Ashley Ioane, Michael Ioane Jr., and the United States are no longer part of this case. The only cause of action remaining in this case is a Bivens claim for violation of the Fourth Amendment based on excessive force and bodily privacy.

　　　Plaintiffs have made a motion that "the legal representation of the defendants by the Attorney Generals office be terminated and counsel withdrawn." Doc. 187, Plaintiffs Brief, 2:2-4. The Federal Agents respond that their representation by the U.S. Department of Justice is proper. In general "The Solicitor General, or any officer of the Department of Justice, may be sent by the

Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517.  More specifically, "a federal employee (hereby defined to include present and former Federal officials and employees) may be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, not covered by § 15.1 of this chapter, when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a).

This case is a situation in which the United States has determined that it is in its interest to represent the Federal Agents in a civil action.  This decision is not subject to review by the courts. See Falkowski v. EEOC, 764 F.2d 907, 911 (D.C. Cir. 1985) ("the DoJ's decision not to provide her with counsel was within the agency's unreviewable discretion"); James v. Mason, 513 Fed. Appx. 364, 368 (5th Cir. 2013) ("James has not demonstrated that the Department of Justice's discretionary decision to provide Mason with representation is subject to judicial review"); Walls v. Holland, 1999 U.S. App. LEXIS 26588, *5 (6th Cir. Oct. 18, 1999) ("the representation of the defendants by the Department of Justice is solely within the discretion of the Department and is not subject to judicial review"); Turner v. Schultz, 187 F. Supp. 2d 1288, 1297 (D. Colo. 2002) ("the DOJ's refusal to provide legal counsel here is not reviewable").

Plaintiffs cite to 5 U.S.C. § 704 and 28 U.S.C. § 2679(d)(1), but those provisions are not applicable to this situation.  Section 2679(d)(1) states "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant" and Section 704 states "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  Plaintiffs argue that in order for 28 C.F.R. § 50.15(a) to apply, the U.S. Attorney General

must have certified that Federal Agents were acting within the scope of their employment per 28 U.S.C. § 2679(d)(1) and that determination must be judicially reviewable under 5 U.S.C. § 704. Doc. 187, Plaintiffs Brief, 8:12-18.  Plaintiffs' argument fails because there is no requirement for formal certification under Section 2679(d)(1) before Section 50.15(a) can apply.

Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

Dated:   January 13, 2015

SENIOR  DISTRICT  JUDGE