# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al, <br><br>　　　　　Plaintiffs <br><br>　　v. <br><br>KENT SPJUTE, et al, <br><br>　　　　　Defendants | CASE NO. 1:07-CV-0620 AWI GSA <br><br> ORDER RE: MOTION FOR RECONSIDERATION <br><br><br> (Doc. 242) |

## I. History

　　　　The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with United States. Current Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by the Federal Agents on June 8, 2006. This search forms the basis for the claims in this suit.

　　　　Michael Ioane Sr. and Shelly Ioane, together with former plaintiffs Glen Halliday, Ashley Ioane, and Michael Ioane Jr., filed suit against the Federal Agents and the United States on April 20, 2007 and a First Amended Complaint shortly thereafter. Docs. 1 and 39. The case was stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud conspiracy, based in part on the evidence seized during the search. Crim. Case. No. 09-0142 LJO. Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial. He appealed the conviction, but it was affirmed. Michael Ioane Sr. has filed a habeas corpus petition under 28 U.S.C. § 2255. In the

meantime, the stay was lifted in this case. Doc. 107.

The latest complaint is the Second Amended Complaint ("SAC") that listed six causes of action claims: (1) unreasonable search and seizure, (2) excessive force, (3) First Amendment, (4) retaliation, (5) supervisor liability, and (6) unauthorized disclosure of tax information. Doc. 61. Defendants filed a motion to dismiss. Doc. 132. The motion was granted in part and denied in part; the only remaining claim in this suit is the second cause of action, Fourth Amendment excessive force and violation of bodily privacy by Michael Ioane Sr. and Shelly Ioane against Federal Agents. Doc. 163. The claims of Glen Halliday, Ashley Ioane, and Michael Ioane Jr. were dismissed; they are no longer active plaintiffs. The claims against the United States were also dismissed; it is no longer an active defendant.

Plaintiffs have made a motion for reconsideration. Doc. 242. Defendants have filed no opposition to Plaintiffs' motion. No oral argument was held in this case.

**II. Legal Standards**

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason that justifies relief." "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted. Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987).

## III. Analysis

Plaintiffs seek reconsideration of the court's prior order (Doc. 163) regarding the first five causes of action. They make two arguments, that the Heck doctrine should not apply and that the United States waived sovereign immunity.

**A. First Cause of Action - Search and Seizure**

In the prior order, the search and seizure cause of action was dismissed based upon Heck v. Humphrey, 512 U.S. 477 (1994). Michael Ioane Sr. was convicted of federal tax fraud conspiracy and fraudulent presentation of fictitious United States financial instruments. The parties agreed that the evidence seized in the search lead to his conviction. Michael Ioane Sr. made a motion to suppress evidence gathered in the search of June 8, 2006, arguing that the search warrant was overbroad. Crim. Case No. 09-0142, Doc. 47. The motion was denied and the issue was addressed on direct appeal. The Ninth Circuit specifically found that "the challenged search warrant was not impermissibly overbroad." Doc. 160-1, May 23, 2013 Memo in Ninth Cir. Case No. 12-10068; United States v. Ioane, 524 Fed. Appx. 383, 384 (9th Cir. 2013). That conviction is now final.

Regarding Michael Ioane Sr., Plaintiffs argue that "because of ineffective assistance of counsel, the district court never reviewed the legality of the search warrant affidavit. Mr. Capozzi, simply argued that the search warrant was 'overbroad'. The district court never ruled on the affidavit and its failure to allege probable cause." Doc. 242, Plaintiffs Brief, 2. Michael Ioane Sr. has filed a habeas corpus petition alleging ineffective assistance of counsel. Crim. Case. No. 09-0142 LJO, Doc. 271. The habeas challenge is not a direct appeal and does not disturb the finality of a conviction. Reyes v. AG of the United States, 514 Fed. Appx. 129, 132 (3rd Cir. 2013) ("A petition for a writ of habeas corpus is a collateral attack on a conviction, which does not negate finality. Finality would be negated in this case only if Reyes' conviction was overturned as a result of the habeas petition, which he has not alleged has occurred," citations omitted). Michael Ioane Sr.'s claim remains barred by Heck until he has his conviction set aside.

Plaintiffs also argue that the Heck bar should not apply to Shelly Ioane as she has never

been convicted of any crime based on the fruits of the search in question. Doc. 242, Plaintiffs Brief, 2. This is an issue that was not directly addressed in the prior order. The clearest precedent is a recent Sixth Circuit case that stated quite definitively, "Heck does not apply to third-party § 1983 claims." Hayward v. Cleveland Clinic Found., 759 F.3d 601, 616 (6th Cir. 2014); see also Rodriguez v. City of Salinas, 2011 U.S. Dist. LEXIS 3427, *13 (N.D. Cal. Jan. 7, 2011) ("Defendants cite no authority for the proposition that Heck bars a Section 1983 action brought by an individual who has not been convicted of any crime simply because his constitutional claims may have some bearing on the validity of a third party's conviction"); Church of Universal Love & Music v. Fayette County, 2011 U.S. Dist. LEXIS 41166, *5-7 (W.D. Pa. Apr. 15, 2011) ("none of the present Plaintiffs were parties to the state court criminal cases to which Defendants point, and there is no suggestion that any Plaintiff was convicted of a crime; thus, none of the Plaintiffs had any habeas remedy available to them. I find, therefore, that Heck is inapplicable here"); Baranski v. Fifteen Unknown Agents of the BATF, 452 F.3d 433, 464 (6th Cir. 2006) (dissenting opinion) ("nothing in Heck contemplates extending the bar against civil damages actions to third parties like [plaintiff], whose prior criminal judgments are not at issue"). The Ninth Circuit has not directly dealt with this issue. However in one case, the court found one convicted robber's Section 1983 claims to be Heck barred while conspicuously not subjecting his dead co-conspirator's claims to any Heck analysis. See Cunningham v. Gates, 312 F.3d 1148, 1155 (9th Cir. 2002) ("Cunningham's § 1983 claims, in each of their incarnations, are barred under Heck because they would necessarily imply the invalidity of his state convictions for felony murder and attempted murder....Although [Soly's parents'] § 1983 claims are identical to Cunningham's, Soly died during the shooting and was never charged or convicted of any crime related to the events of that night"). Heck does not directly bar Shelly Ioane's claim.

However, that does not fully resolve the issue. Defendants also asserted res judicata. Doc. 131-3, Defendants Brief, 13:10-11. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008). At issue here is issue preclusion which "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court

determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001). The legal question is whether the Ninth Circuit's final ruling concerning the validity of the search warrant is sufficiently related to prevent Shelly Ioane from bringing her claim at this point.

The case law on this issue appears to be incredibly sparse and surprisingly points to a finding of preclusion. The limited precedent on res judicata as opposed to direct application of Heck to third parties, again, comes from the Sixth Circuit. See Hawkins v. Czarnecki, 1998 U.S. App. LEXIS 1690, *12 (6th Cir. Feb. 2, 1998) (dealing with federal conviction, "The search of the Hawkins home was litigated in Hawkins's federal criminal action to which he alone of the plaintiffs in this action was a party. However, because Hawkins was represented by counsel, his interests were closely related to those of his family, and his very freedom was at stake, the district court did not err in finding that his litigation of the search issue was sufficient to estop his wife and children from relitigating it in this action"). In related precedent, some opinions considering the preclusive effect of state judgments come to the same conclusion. See Barton v. Priest, 2008 U.S. Dist. LEXIS 73101, *12-13 (E.D. Mich. Sept. 19, 2008) (dealing with state conviction, "Plaintiff Barton did not prevail on his Motion to Quash in state court, was ultimately convicted by a jury, and he will not be given this opportunity to have a second bite at the apple, potentially invalidating the state court felony conviction. Accordingly, Heck bars both Plaintiffs' 42 U.S.C. § 1983 claims, as Plaintiff Pierce stands in privity with her husband, and is also collaterally estopped from re-litigating the lawfulness of the officers' entry into the home and subsequent search of the premises"). In a ruling explicitly based on Illinois law, a spouse's support in the criminal proceedings will be considered as a factor in favor of finding preclusion. See Henderson v. Stone, 1989 U.S. Dist. LEXIS 8162, *12-13 (N.D. Ill. July 7, 1989) (dealing with state conviction, "Although she was not a defendant in that criminal trial, she testified on behalf of her husband. The issues she addressed were the very issues presented here. She had every incentive to present her strongest arguments and her testimony was considered and rejected by the trial judge and the appellate court. We conclude that her interests were so aligned with her husband's as to make him a virtual representative in the prior proceedings for collateral estoppel purposes"), affirmed 1991

1  U.S. App. LEXIS 7320, *11-15 (7th Cir. Apr. 11, 1991); but see <u>Corder v. City of Chicago</u>, 2010 U.S. Dist. LEXIS 111093, *9 (N.D. Ill. Oct. 18, 2010) ("Here, Elizabeth did not have any measure of control or direction over Eric's proceedings and her submission of an affidavit in the proceedings was insufficient to bar her instant claim. Accordingly, Elizabeth's illegal search claim survives"). The very limited federal case law dealing directly with res judicata/issue preclusion between spouses in this circumstance points towards application of preclusion. This is an unclear area of law which may benefit from further development from higher courts.

Further, on the merits the search warrant was not overbroad on its face. Putting aside the issue of res judicata, the Ninth Circuit has reviewed the language of the warrant and found it "was not impermissibly overbroad. The warrant specified dates, individuals, and corporate parties, and contained a reasonably precise delineation of the types of records to be seized; it was not a 'laundry list.'" <u>United States v. Ioane</u>, 524 Fed. Appx. 383, 384-85 (9th Cir. 2013). Quite obviously, that ruling is on all fours with the challenge raised in this case. The parties have provided the search warrant in question and the affidavit that supported the issuance of the warrant. Doc 64, Search Warrant, 9-16; Doc. 137-7, Kent Spjute Affidavit. The affidavit provided detail on the suspected illegal activity and how the records to be seized related to the crime. Under the circumstances, the language of the warrant was sufficiently specific and supported by probable cause.

**B. Second Cause of Action - Excessive Force and Bodily Privacy**

The prior order found that Plaintiffs stated a <u>Bivens</u> claim against the Federal Agents, but dismissed that claim against the United States due to sovereign immunity. Plaintiffs argue that "the Government did 'very specifically' waive sovereign immunity for this case and all the causes of action." Doc. 242, Plaintiffs Brief, 3. They submit letters from the U.S. Department of the Treasury discussing a claim of damages to be evaluated under the Federal Tort Claims Act ("FTCA"). Doc. 242, Ex. A.

Plaintiffs' claim is based on allegations of excessive force and violation of bodily privacy. Both of those are violations of the Fourth Amendment. See <u>Gravelet-Blondin v. Shelton</u>, 728 F.3d

1086, 1090 (9th Cir. 2013) ("The Fourth Amendment...protects against excessive force in the course of an arrest"); Bull v. City & County of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) ("the Fourth Amendment does apply to the invasion of bodily privacy").  An FTCA claim may only be brought "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).  The U.S. Supreme Court has interpreted that language to exclude torts based on the U.S. Constitution. FDIC v. Meyer, 510 U.S. 471, 478 (1994) ("Meyer's constitutional tort claim is not 'cognizable' under § 1346(b) because it is not actionable under § 1346(b) -- that is, § 1346(b) does not provide a cause of action for such a claim....we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State -- the source of substantive liability under the FTCA. By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. To use the terminology of Richards, the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims," citations omitted).  Thus, Plaintiffs may not state an FTCA claim against the United States for violation of the Fourth Amendment.

As for the Bivens claim, such a cause of action can only be brought against federal government actors, not the United States itself. See Wilkie v. Robbins, 551 U.S. 537, 550 (2007) ("We have seen no case for extending Bivens to claims against federal agencies," citations omitted); Lomax v. United States Senate Armed Forces Serv. Comm., 454 Fed. Appx. 93, 95 (3rd Cir. 2011) ("*Bivens* claims do not lie against the federal government or federal agencies"); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior").

The second cause of action remains dismissed against the United States.

C. Other Causes of Action

Plaintiffs then state that "the third, fourth, and fifth causes of action should be reconsidered

7

in light of paragraphs 1-6; at least as to Shelly Ioane." Doc. 242, Plaintiffs Brief, 3. "Paragraphs 1-6" contain Plaintiffs' arguments concerning Heck and sovereign immunity. As those arguments are not sufficient for grant of reconsideration, these other causes of action remain dismissed.

### IV. Order

Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   January 13, 2015

_____
SENIOR DISTRICT JUDGE