UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KENT SPJUTE, et al.,<br><br>　　　　Defendants. | Case No. 1:07-cv-00620-AWI-GSA<br><br>ORDER RE. PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES<br><br>(Doc. 213) |

### INTRODUCTION[1]

Pending before the Court is Plaintiff Michael S. Ioane's ("Plaintiff") motion to compel responses to interrogatories propounded to defendants. Doc. 213. Defendants Kent R. Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle M. Casarez (collectively, "Defendants") filed an opposition. Doc. 216. The motion was submitted on the papers pursuant to Local Rule 230(l). For the reasons discussed below, Plaintiff's motion is DENIED.

///

---

[1] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

1

## DISCUSSION

**A. Summary of the Parties' Positions**

Plaintiff served on Defendants, by U.S. Mail, a "First Request for Interrogatories," dated January 27, 2014; Defendants received these requests on February 3, 2014. Docs. 213 at 2; 216 at 3. Plaintiff asserts that Defendants' responses, which he received on March 6, 2014, were untimely in that the certificate of service was back-dated to February 26, 2014. Doc. 213 at 2. Defendants' respond that they timely served their responses on February 26, 2014 via U.S. Mail, as certified in the attached certificate of service. Docs. 216 at 3, 5.

Plaintiff next argues that Defendants made "frivolous and unfounded objections" in answering his interrogatories. Doc. 213 at 2. Plaintiff further asserts that "Defendants have failed to be forthright or honest and simply are playing games." Doc. 213 at 2. Plaintiff asks the Court to "overrule all objections of the defendants, order that they either answer the propounded interrogatories or assert the 5th." Doc. 213 at 3. Plaintiff does not specify which responses he objects to and on what grounds. Instead of providing specific arguments, Plaintiff refers the Court, in blanket fashion, to numerous exhibits attached to his motion, none of which relate to interrogatories propounded by Plaintiff or the Defendants' responses. Finally, Plaintiff asks the Court to continue the non-expert discovery cutoff.

In their opposition, Defendants state that they timely served their responses and objections to Plaintiff's interrogatories on February 26, 2014 as noted on the relevant proof of service. Doc. 216 at 5. They argue that consequently no extension of the discovery period is warranted. Doc. 216 at 5.

///

///

///

### B. Applicable Legal Standards

Pursuant to Federal Rule of Civil Procedure 33(a)(1), "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "[T]he determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed.R.Civ.P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).  The discovery process is subject to the overriding limitation of good faith.  *Asea, Inc. v. Southern Pac. Transp. Co*., 669 F.2d 1242, 1246 (9th Cir. 1981).  The Court must limit discovery if the burden of the proposed discovery outweighs its likely benefit.  Fed.R.Civ.P. 26(b)(2)(C)(iii).

As clarified by several district courts, and Local Rule 250.2(c), Plaintiff as the moving party bears an initial burden of informing the Court which discovery requests are the subject of the motion to compel, which of the responding party's responses are disputed, why the responding party's responses are deficient, why the responding party's objections, if any, are not justified, and why the documents sought are relevant to the claims at issue in the action. *See, e.g*., *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Womack v. Virga*, 2011 WL 6703958, at *3 (E.D. Cal. Dec.21, 2011); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar.27, 2008); *Walker v. Karelas*, 2009 WL 3075575 at *1 (E.D. Cal. Sep.21, 2009); *Brooks v. Alameida*, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009).  A party moving to compel discovery must provide "specific arguments in support of his motion to compel" and cannot "ask[] the court to make his arguments for him." *Karelas*, 2009 WL 3075574 at *1 ("The court will not review each of plaintiff's discovery requests and each of the defendant's responses thereto in order to

3

determine whether any of the defendant's responses are somehow deficient. Plaintiff has the burden of describing why the defendant's particular response is inadequate"). "The fact that a party may disbelieve or disagree with a response to a discovery request ... is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect." *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992); *also see Jimena v. UBS AG Bank*, 2010 WL 4363193 at *3 (E.D. Cal. Oct. 25, 2010).

**C. Analysis**

As a preliminary matter, the Court finds that Defendants timely served their responses to Plaintiff's interrogatories. Plaintiff provides no facts or evidence in support of his allegation that the certificate of service accompanying the responses was intentionally back-dated. In light of the absence of any evidence to the contrary, the Court accepts Defendants' certification that the responses were timely served on February 26, 2014. Since Plaintiff has not demonstrated good cause for any extension of the non-expert discovery deadline, the Court will not extend it here. The Court also cannot grant Plaintiff's motion in other respects because Plaintiff has not met his initial burden of identifying the specific interrogatory responses he disputes and his grounds for disputing them. *See Brooks v. Alameida*, 2009 WL 331358 at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Williams v. Flint*, 2007 WL 2274520 at *1 (E.D.Cal. Aug.6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete."); *Ellis v. Cambra*, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified."). Accordingly, Plaintiff's motion is DENIED in its entirety.

4

**ORDER**

Based on the foregoing, Plaintiff's motion to compel responses to interrogatories propounded on Defendants is DENIED.

IT IS SO ORDERED.

 Dated:  **April 23, 2015**      **/s/ Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE