# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL IOANE, et al.**, | **Case No. 1:07-cv-00620-AWI-GSA** |
| Plaintiffs, | |
| v. | **ORDER RE. PLAINTIFF SHELLEY IOANE'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| **KENT SPJUTE, et al.**, | |
| Defendants. | |
| | **(Doc. 220)** |

## INTRODUCTION[1]

Pending before the Court is Plaintiff Shelley Ioane's ("Plaintiff") motion to compel responses to interrogatories and requests for production of documents propounded to defendants. Doc. 220. Defendants Kent R. Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle M. Casarez (collectively, "Defendants") filed an opposition. Doc. 222. The motion was submitted on the papers pursuant to Local Rule 230(l). For the reasons discussed below, Plaintiff's motion is DENIED.

---

[1] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

1

**DISCUSSION**

Plaintiff contends that she served on Defendants two sets of interrogatories and one set of requests for the production of documents on March 17, 2014, March 19, 2014, and March 27, 2014 respectively. Defendants' did not respond to these discovery requests on grounds that they were served late. Plaintiff seeks an order compelling Defendants to respond to her discovery requests. The question before the Court is whether Defendants' timeliness objections should be sustained.

Discovery requests must be made in a timely fashion. A party served with interrogatories, requests for admissions or requests for production must respond within 30 days after being served with the discovery requests. Fed.R.Civ.P. 33(b), 34(b) and 36(a)(3). This Court has previously found that in order for discovery requests to be timely, the requesting party must serve them at least 30 days before the discovery cutoff in order to allow the other party sufficient time to respond. *Miller v. Rufion*, 2010 WL 4137278, at *1 (E.D. Cal. Oct. 19, 2010) ("discovery requests must be served at least 30 days prior to the discovery deadline"). Other courts have similarly found that discovery requests served within 30 days of the discovery deadline are untimely. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (stating that discovery requests served on the date of discovery cut off would be untimely); *Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss.1990) (holding that interrogatories served six (6) days prior to the discovery cut off were untimely); *Brooks v. Johnson & Johnson*, 1990 U.S. Dist. LEXIS 8144, *3, 1990 WL 92569 (E.D. Pa. June 28, 1990) (holding that requests for discovery must be made with "sufficient time to allow the answering party to respond before the termination of discovery"); *Northern Indiana Public Serv. Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986) (stating that it is "common sense" that requests must be made with sufficient time to respond before the deadline); *Bishop v. Potter*, 2010 WL

2775332, at *1 (D. Nev. July 14, 2010) (accord).

Here Plaintiff served her discovery requests on March 17, 2014, March 19, 2014, and March 27, 2014, well within 30 days of the applicable discovery cut-off of April 4, 2014 set forth in the Court's scheduling order.  Therefore Plaintiff's discovery requests are untimely.  Moreover, Plaintiff's explanations for the delay in serving her discovery requests—i.e., the difficulties of coordinating with her incarcerated husband and the limitations of being a pro se party— are too general to be persuasive.  Plaintiff must abide by all applicable civil procedure and discovery rules.  Here she served her discovery requests late and also propounded an excessive number of interrogatories.  The Court sustains Defendants' objection based on the untimeliness of Plaintiff's discovery requests.  Plaintiff's motion to compel discovery responses from Defendants is accordingly DENIED.

IT IS SO ORDERED.

Dated: **April 27, 2015**                     **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE