UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al., | Case No. 1:07-cv-00620-AWI-GSA |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT |
| KENT SPJUTE, et al., | |
| Defendants. | (ECF Nos. 217, 221) |

## I. INTRODUCTION

On March 20, 2014, Plaintiff Michael Ioane filed a Motion to Join Defendants and file an amended complaint. (ECF No. 217.) On March 31, 2014, Mr. Ioane filed a Motion to Supplement the Second Amended Complaint ("SAC"). (ECF No. 221.) On April 7, 2014, Plaintiff Shelly Ioane filed a notice indicating that she wished to join Mr. Ioane's motion to supplement the Second Amended Complaint. (ECF No. 228.) Defendants oppose both Motions. (ECF No. 226.) The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(l). Based on a review of the pleadings, Plaintiff's motions are DENIED.

## II. BACKGROUND

Plaintiffs are a married couple involved in tax disputes with the United States. Current defendants are Jean Nole, Jeff Hodges, and Brian Applegate, federal agents who assisted in searching Plaintiffs' residence in 2006. Mr. Ioane was convicted of tax fraud conspiracy on October 3, 2011 as a result, in part, of evidence that was obtained during the search.

Plaintiffs filed a Complaint on April 20, 2007 and a First Amended Complaint ("FAC") on January 14, 2008. (ECF Nos. 1, 39.) Both alleged damages arising out of the 2006 search of Plaintiffs' home. On September 24, 2008, the Court granted a motion to dismiss a number of the causes of action in the FAC with leave to amend. (ECF No. 61.) Plaintiffs filed the SAC on October 10, 2008. (ECF No. 64.) Plaintiffs then attempted to amend the SAC to add two additional causes of action. (ECF No. 146.) The Court denied the motion to amend on October 2, 2013. (ECF No. 163.) The current operative complaint is the SAC, and the six causes of action originally alleged in the SAC have now been pared down to a single cause of action for excessive force and violation of bodily privacy by Plaintiffs against Defendants Nole, Hodges, and Applegate.

Plaintiffs now seek to amend the SAC to:

1) Add 14 additional individuals (collectively, the "Federal Agents"), whom Plaintiffs allege were "directly or indirectly involved in the excessive form claims," as defendants[1]; and

2) Change the compensatory damages alleged from $1,000,000 to $3,850,000 and punitive damages from $1,000,000 to $11,550,000.

---

[1] The individuals whom Plaintiffs propose to add are listed on a form produced by Defendants which purportedly lists the individual agents who were present during the search of Plaintiffs' residence.

The pretrial scheduling order, which was issued on December 5, 2013, did not set a final date for amendment of the pleadings, "[i]n light of the long history and procedural posture of the case." (ECF No. 174.) It did, however, set the close of nonexpert discovery as April 4, 2014.

### III.  LEGAL STANDARDS FOR LEAVE TO AMEND

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course" 21 days after serving the complaint or within 21 days after a response pleading has been served without the court's leave. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Once 21 days have passed from the service of a responsive pleading, however, a party can only amend the pleading with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a)(2). Defendants have filed an answer to the SAC and currently oppose Plaintiffs' Motion. (ECF No. 64.)

The grant or denial of leave to amend a complaint is within the discretion of the Court, although leave should be "freely give[n] when justice so requires."[2] Fed. R. Civ. P. 15(a)(2); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

To evaluate a motion to amend under Rule 15, the Court should consider: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2)

---

[2] There is some question whether Rule 15 provides the applicable standard here. Where a motion to amend comes after the deadline for amending the complaint provided in a scheduling order, courts have typically used Rule 16 to require that a party show "good cause" to justify an amendment to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000); *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In this case, the Court did not set a deadline for amendments because it determined that there should be no further amendments, given the duration of the case. Arguably, then, the Court could construe these Motions as filed after the deadline to amend and apply the "good cause" standard. Because the Motions fail to meet even the lenient standard established by Rule 15, however, the Court will not apply the Rule 16 standard.

whether there have been repeated failures to cure deficiencies by previous amendments; (3) whether there has been undue prejudice to the opposing party "by virtue of the allowance of the amendment"; and (4) whether amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015), *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. DISCUSSION

Defendants focus primarily on two of these factors. They argue that: (1) Plaintiffs' amendments would be futile; and (2) the amendments would cause undue delay, would prejudice Defendants, and are brought in bad faith.

The first argument, futility, is simply that the addition of the new defendants to the SAC would immediately subject the SAC to a motion to dismiss or summary judgment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal"). Specifically, Defendants contend that the proposed amendment is not plead with sufficient particularity and that testimony given at Mr. Ioane's deposition precludes the possibility that the Federal Agents all committed the acts alleged in the SAC.

The second argument, which includes undue delay, prejudice, and bad faith on the part of Plaintiffs, addresses a number of facts that Defendants say suggest intentional delay on the part of Plaintiffs. Among other things, Defendants point out that Plaintiffs: (1) delayed serving discovery requests; (2) served only superficial discovery requests which did not target relevant information; (3) obstructed Defendants' discovery without justification; and (4) made frivolous and inappropriate objections to discovery requests (and failed to respond in a timely manner). Defendants also argue that Plaintiffs do not have any good faith basis for altering their alleged damages and that Defendants will be substantially prejudiced by any amendments at this point,

4

1  given the close of discovery on April 4, 2014. Finally, they point out that this litigation has lasted
2  for nearly eight years and that Defendants are entitled to resolution of the claims against them.
3      Plaintiffs have not a filed a reply brief responding to Defendants' opposition brief, nor do
4  they attach a proposed third amended complaint, as required by the Local Rules. *See* Local Rule
5  137(c).

### A. Addition of the Federal Agent Defendants

Among the factors a court weighs in a motion to amend, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a)'"). Courts have found prejudice, which is frequently intertwined with undue delays caused by amendment, in a variety of circumstances. Prejudice is frequently intertwined with undue delays caused by amendment. Prejudice exists, for instance, where a party waits for "nearly two years" before asking for leave to amend a complaint. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts have also found prejudice where an amendment would require the parties to re-open discovery. *Solomon v. N. Amer. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); *Bullard v. Fort Campbell Fed. Credit Union*, No. 3:06-1162, 2007 WL 4260887, at *3 (M.D. Tenn. Nov. 30, 2007) (denying leave to amend where amendment was sought two weeks before close of discovery).

Plaintiffs' request to add 14 additional defendants would create a substantial delay in the course of this litigation. As Defendants point out, discovery has closed (and has been closed for nearly a year at this point). The addition of more defendants would require additional discovery, in particular because Plaintiffs appear not to have used the existing discovery period to inquire into the roles of any of the Federal Agents or to identify specifically which Federal Agents

interacted with Plaintiffs during the 2006 search. Indeed, Plaintiffs never attempted to depose any of the Defendants during discovery. Defendants' Opposition to Motion to Join Doe Defendants and Motion to Supplement the Second Amended Complaint ("Opposition Brief") 5:7-15, ECF No. 226. Re-opening discovery in its entirety and without limitations would unnecessarily delay the progress of this case and force Defendants to, essentially, start the discovery process again from scratch with over a dozen new parties nearly 8 years into a heavily litigated case.[3] Such a delay would be prejudicial.

Moreover, Plaintiffs appear to have engaged in a pattern of behavior designed to delay the discovery process. For example, Plaintiffs consecutively served at least two separate (but substantially identical) sets of requests for the production of documents on Defendants, even after the Court expressly found that Defendants had responded to the first set.[4] Plaintiffs also brought motions to compel in response to Defendants' responses to each set, asserting each time without any basis that Defendants had not produced all documents in their possession. Each motion, similar to the current Motions, was short and did not include any details or facts to justify their claims. *See, e.g.,* ECF Nos. 211, 214, 257, 258. Plaintiffs engaged in similar tactics when the Defendants sought to take their depositions. These dilatory tactics strongly suggest that Plaintiffs are not acting in good faith and are seeking to unduly prolong the litigation.

Finally, the addition of the Federal Agents as Defendants would immediately subject the third amended complaint to a motion to dismiss or summary judgment. The amendment would

---

[3] The Court notes that Defendants have a motion pending regarding the potential re-opening of expert discovery for the *limited purpose* of deposing Plaintiffs' medical expert and naming a rebuttal expert, which is distinguishable from the wholesale re-opening of discovery with respect to 14 new defendants.

[4] In some cases, Plaintiffs appear to have used the exact same forms for their discovery requests by crossing out the word "First" in "First Set of Interrogatories" and hand writing in the word "Second." *See* ECF No. 219.

thus be futile. *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). At this point in the litigation, the only existing claims are claims for: (1) excessive force; and (2) invasion of bodily privacy. The excessive force claim is based on the allegations that:

> 23. On rushing through the door, the agents had guns drawn and pointed them in a threatening manner at the heads of both Michael and Shelly Ioane without reason or provocation, and intended to cause and did cause these plaintiffs to fear for their lives. 24. Although plaintiff Shelly Ioane was unarmed, and frantically screaming and crying for help, defendant Applegate continued approaching her and pointing his gun at her beyond any amount of time it might take for a reasonable person to determine she was unarmed and no threat to anyone.

SAC 3:27-4:5. The bodily privacy claim is based on an allegation that an agent accompanied Ms. Ioane into the bathroom during the search. SAC 4:17-18.

Mr. Ioane previously testified at his deposition, however, that only one agent pointed a gun at him. Declaration of Lauren M. Castaldi ("Castaldi Decl.") Exh. 2, ECF No. 226-2 ("One of them had a gun pointed at me and a couple of them went off down the hallway"). In other briefing that Plaintiffs have submitted, Plaintiffs again identify the agent who pointed a gun at them as Defendant Applegate. *See* ECF No. 141 at 3:18-23. Defendants previously submitted a declaration from Kent Spjute (who is no longer a defendant in this case) that indicates that only some of the agents participating in the 2006 search even entered Plaintiffs' residence. (ECF No. 131-6 at 3:6-8.)

Even the document that Plaintiffs submit as an attachment to the Motions, which purports to be a list of the agents who participated in the 2006 search, does not support the amendment. Each name in the list has notations showing that several of the Federal Agents had roles that did not involve entering the residence or interacting with Plaintiffs. Several of the Federal Agents, for instance, appear to have done work as "outside cover," suggesting that they did not "rush through the door" at the beginning of the search or point a gun at Plaintiffs. (ECF No. 217.) In other words, there is no genuine issue of fact as to whether the Federal Agents committed the

7

conduct alleged in the SAC—Plaintiffs' allegations and testimony have already foreclosed the possibility that they did. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Nor do Plaintiffs make any specific allegations with respect to the actions each of the Federal Agents took that created a cause of action. Rather, Plaintiffs allege only that "[e]ach of the names in the attached list were either directly or indirectly involved in the excessive force claims of Ioane." (ECF No. 217.) A wide-sweeping declaration of this sort is inadequate to state a claim against the Federal Agents. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss").

The proposed amendment adding the Federal Agents to the SAC thus: (1) would create significant delay in the litigation, prejudicing Defendants; (2) appears to have been brought by Plaintiffs merely to delay the litigation in bad faith; and (3) would not survive either a motion to dismiss or a motion for summary judgment. The motion to add the federal defendants must thus be denied.

### B. Changes in Damages Alleged

Plaintiffs also request an amendment to increase the amount of compensatory and punitive damages alleged in the SAC. Plaintiffs assert that they have "uncovered facts" in the discovery process suggesting that higher damages are warranted, although they do not specify which facts or documents substantiate the new amount. (ECF No. 221.) In any litigation, the plaintiff bears the burden of proving the amount of his or her damages at trial. *Sloman v. Tadlock*, 21 F.3d 1462, 1472 (9th Cir. 1994) ("damages in § 1983 actions are not to be assessed on the basis of the abstract 'value' or 'importance' of the infringed constitutional right"). Punitive damages are likewise assessed by the jury at trial. *Smith v. Wade*, 461 U.S. 30, 54

(1983) ("Punitive damages are awarded in the jury's discretion"). The amount of compensatory and punitive damages alleged in a complaint is thus of little importance and a change to those amounts "would add nothing of substance to the original allegations." *Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984). An amendment to the amount of damages is thus unwarranted. *Greenfield v. Kanwit*, 87 F.R.D. 129, 132 (S.D.N.Y. 1980) ("Since the amount of damages awarded, if any, will be determined by the proof introduced at trial, amendment of the complaint at this time is unnecessary").

In addition, the same arguments that apply to the requested amendment to add the Federal Agents apply here, as well. Both Motions appear to have been brought to delay the litigation without any good faith basis and would thus prejudice Defendants, if granted. The motion to amend with respect to the damages is thus denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Joining Doe Defendants/Amend Complaint (ECF No. 217) and Motion to Supplement Second Amended Complaint (ECF No. 221) are DENIED.

IT IS SO ORDERED.

Dated: **April 30, 2015**         **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE