1

2

3

4

5

6

7    **UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

8

9

**MICHAEL IOANE, et al.,**          )

10                                   )    **Case No. 1:07-cv-00620-AWI-GSA**
        **Plaintiffs,**              )

11                                   )    **ORDER DENYING PLAINTIFF'S**
        **v.**                       )    **MOTION TO ALLOW ADDITIONAL**

12                                   )    **INTERROGATORIES**
**KENT SPJUTE, et al.,**             )

13                                   )    (ECF Nos. 225, 229)
        **Defendants.**              )

14    _____)

15         Plaintiffs Michael and Shelly Ioane ("Plaintiffs") are a married couple involved in tax

16   disputes with the United States. Current defendants are Jean Nole, Jeff Hodges, and Brian

17   Applegate, federal agents who assisted in searching Plaintiffs' residence in 2006 ("Defendants").

18   Mr. Ioane was convicted of tax fraud conspiracy on October 3, 2011 as a result, in part, of

19   evidence that was obtained during the search. On April 4, 2014, Plaintiff Michael Ioane filed a

20   Motion requesting the Court grant him leave to propound additional interrogatories on

21   Defendants. (ECF No. 225.) Plaintiff Shelly Ioane joined Mr. Ioane's motion on April 7, 2014.

22   (ECF No. 229.) Defendants oppose this Motion. (ECF No. 233.) The Court has reviewed the

23   papers and determined that this matter is suitable for decision without oral argument pursuant to

1

Local Rule 230(l). Based on a review of the pleadings, Plaintiff's motion is DENIED.

Federal Rule of Civil Procedure 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to extent consistent with Rule 26(b)(2)." A party "seeking leave to . . . serve more Interrogatories than are contemplated by the Federal Rules . . . must make a particularized showing of [why] the discovery is necessary." *Castaneda v. Burger King Corp.*, No. C 08-4262 WHA (JL), 2009 WL 4282596, at *1 (N.D. Cal. Nov. 25, 2009), *citing Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999); *see also Jacobs v. Scribner*, No. 1:06-cv-01280-AWI-GSA PC, 2008 WL 2773999, at *1 (E.D. Cal. June 27, 2008) ("a bare assertion of need is usually insufficient").

Rule 26(b)(2) also requires courts to "limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Plaintiff Michael Ioane initially propounded 44 interrogatories on Defendants, the first 25 of which Defendants responded to in a timely manner. Defendants objected to the remainder of the 44 interrogatories on the grounds that Plaintiff had exceeded his limit on written interrogatories under Rule 33. Plaintiff then took the 19 extra interrogatories and served them on the Defendants as Plaintiff Shelly Ioane's First Set of Interrogatories. Two days later, Plaintiff

Shelly Ioane served an additional 20 interrogatories as her Second Set of Interrogatories. Both sets of interrogatories served by Plaintiff Shelly Ioane were served in an untimely fashion and Defendants did not respond to them.[1] (Order re: Motion to Compel Responses to Interrogatories, ECF No. 299.) Plaintiffs now seek an order from the Court allowing them to re-propound the additional interrogatories on Defendants. Discovery closed on April 4, 2014, the date Plaintiff filed his motion.

Plaintiffs claim that they are entitled to further interrogatories because the additional interrogatories are "relevant to the subject matter and would clearly lead to additional discoverable information." (Motion 2, ECF No. 225.) Defendants object that the requested information is "irrelevant" and the interrogatories "are served to vex and harass the Federal Defendants and to needlessly prolong fact discovery in this matter." (Opposition to Motion 2:4-5, ECF No. 233.) Moreover, they argue, Plaintiffs have not demonstrated any good cause (or even good faith) in their request for additional interrogatories.

The interrogatories themselves do not request information that is particularly relevant to the current scope of the litigation. Rather, they appear to be interrogatories that were copied from the California Judicial Council's General Form Interrogatories for use in state court actions. One asks, for example, for Defendants to describe: "At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any matter (for example, primary, pro-rate, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT?" (Plaintiff's First Set of Interrogatories

---

[1] Although Plaintiffs' motion to compel responses to these interrogatories was denied by separate order, the Court has reviewed the interrogatories for the purposes of the current Motion.

1   6, ECF No. 220.) This is identical to interrogatory 4.1 in the General Form Interrogatories.

2         Many of the interrogatories also have multiple discrete subparts which likely constitute

3   more than one interrogatory. For instance, one interrogatory (which appears to be identical to

4   California Form Interrogatory 15.1) requests that Defendants: (1) identify "each denial of a

5   material allegation and each special or affirmative defense in your pleadings"; (2) state the facts

6   that substantiate each denial or affirmative defense identified; (3) identify documents (and

7   document custodians) that substantiate each denial or affirmative defense identified; (4) identify

8   any witnesses with knowledge to substantiate each denial or affirmative defense. Such a

9   compound interrogatory likely constitutes multiple interrogatories under the federal rules.

10  *Paananen v. Celico Partnership*, No. C08-1042 RSM, 2009 WL 3327227, at *3 (W.D. Wash.

11  Oct. 8, 2009) ("'[A] demand for information about a certain event and for the documents about it

12  should be counted as two separate interrogatories' because 'knowing that an event occurred is

13  entirely different from learning about the documents that evidence it occurred'").

14        Finally, the scope of the litigation has narrowed substantially. The current operative

15  version of the Second Amended Complaint (the "SAC"), which began with six causes of action

16  and five individual defendants, has been pared down to a single cause of action for excessive

17  force and violation of bodily privacy  against three individual defendants. Moreover, the

18  surviving claims are based on limited and discrete facts. The excessive force claim, for example,

19  revolves around whether or not any of the Defendants pointed guns in a threatening manner at

20  Defendants while they entered Plaintiffs' residence. (SAC 3:27-4:5, ECF No. 228.) The bodily

21  privacy claim centers on an allegation that a Defendant accompanied Shelly Ioane into the

22  bathroom during the search. (SAC 4:17-18.) Put simply, the existing claims are not complex and

23  should not require extensive discovery to investigate.

1    Given these facts, Plaintiffs have not made a "particularized showing" under Rule 33 that

2  the additional interrogatories are necessary to the litigation. In addition, the limited benefits of

3  the interrogatories to the litigation, viewed within the factual context of the case, do not justify

4  the burden or expense of responding to them. Rule 26 would thus require the Court to limit

5  discovery in this instance, even had Plaintiffs made an adequate demonstration of need.

6    Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Allow Additional

7  Interrogatories (ECF No. 225) is DENIED.

8

9  IT IS SO ORDERED.

10    Dated:   **April 30, 2015**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23