1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL IOANE, et al.,**　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　　） | **Case No. 1:07-cv-00620-AWI-GSA** |
| 　　　　**Plaintiffs,**　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　　） | **ORDER DENYING PLAINTIFFS'** |
| 　　　　**v.**　　　　　　　　　　） | **MOTION TO MODIFY** |
| 　　　　　　　　　　　　　　　　　　） | **SCHEDULING ORDER** |
| **KENT SPJUTE, et al.,**　　　　　　） | |
| 　　　　　　　　　　　　　　　　　　） | (ECF Nos. 259, 271) |
| 　　　　**Defendants.**　　　　　　） | |
| _____） | |

　　　Plaintiffs Michael and Shelly Ioane ("Plaintiffs") are a married couple involved in tax

disputes with the United States. Current defendants are Jean Nole, Jeff Hodges, and Brian

Applegate, federal agents who assisted in searching Plaintiffs' residence in 2006 ("Defendants").

Mr. Ioane was convicted of tax fraud conspiracy on October 3, 2011 as a result, in part, of

evidence that was obtained during the search. On July 21, 2014, Plaintiff Michael Ioane filed a

Motion requesting the Court modify a number of dates on its pretrial scheduling order. (ECF No.

259.) Plaintiff Shelly Ioane joined Mr. Ioane's motion on August 1, 2014. (ECF No. 266.)

Defendants oppose this Motion. (ECF No. 263.) Plaintiffs also filed a request for the Court to

1

1   take judicial notice of a cover letter sent to Defendants in support of the Motion.[1] (ECF No. 271.)

2   The Court has reviewed the papers and determined that this matter is suitable for decision

3   without oral argument pursuant to Local Rule 230(l). Based on a review of the pleadings,

4   Plaintiff's motions are DENIED.[2]

5       Federal Rule of Civil Procedure 16 requires courts to issue a scheduling order as soon as

6   practicable. A scheduling order typically limits the amount of time parties have to amend the

7   pleadings, complete discovery, and file motions. Once a scheduling order has been set, the

8   "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P.

9   16(b)(4). "[G]ood cause primarily considers the diligence of the party seeking the amendment."

10  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where the "moving

11  party fails to demonstrate diligence, 'the inquiry should end.'" *Sharp v. Covenant Care LLC*, 288

12  F.R.D. 465, 467 (S.D. Cal. 2012), *quoting Mammoth Recreations, Inc.*, 975 F.2d at 609.

13      Good cause can be shown "where the moving party shows it assisted the court with

14  creating a workable scheduling order, that it is unable to comply with the scheduling order's

15  deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and

16  that it was diligent in seeking a modification once it became apparent it could not comply with

17  the scheduling order." *Id*. "[I]gnorance of the law is not good cause for modification," nor does a

18

19  [1] It is not entirely clear whether the request for judicial notice is meant to be in support of the present motion or Plaintiffs' motion to continue the discovery cutoff date (ECF No. 219). Nonetheless, the Court has examined the request in the review of this motion.

20  [2] The Court declines to take judicial notice of the cover letter submitted by Plaintiffs. The letter, which was sent on

21  August 19, 2014, appears to describe discovery Plaintiffs produced to Defendants. It is unclear in the request what facts Plaintiffs would like the Court to judicially notice. Judicial notice is only intended to govern facts that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be

22  questioned." Fed. R. Evid. 201(b). Letters between the parties do not fall into either of these categories. *Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 12 fn. 5 (D.C. Cir. 1980) (declining to judicially notice correspondence because it is "not the type of material embraced by Rule 201(b)(2) of the Federal Rules of Evidence").

23

1    moving party's "incarcerated, pro se status," constitute good cause. *Gorton v. Bick*, No. 1:05-

2    CV-00354-DLB PC, 2011 WL 345855, at \*2 (E.D. Cal. Feb. 1, 2011), *citing King v. Atiyeh*, 814

3    F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that

4    govern other litigants").

5         Plaintiffs argue the modification of the scheduling order is justified for two reasons. First,

6    Plaintiff's incarceration has made it difficult to meet the existing deadlines. Plaintiff does not

7    identify which particular deadlines he has been unable to meet because he is in custody. Second,

8    he suggests that he is in the process of producing discovery to the Defendants and that, unless the

9    discovery cutoff dates are extended, any discovery that he produces will be late. Plaintiff also

10   attaches a list of the discovery he intends to produce, including a list of doctors supporting his

11   claims for damages, names of expert witnesses, and other evidence related to damages.

12        Defendants respond that Plaintiffs have not offered any adequate excuses for their lack of

13   diligence in meeting the established schedule and have been deliberately attempting to push

14   dates out to delay discovery in bad faith.

15        At the hearing held on May 1, 2015, Plaintiff asserted that he had produced medical

16   records in his possession and provided Defendants with a list of doctors that he planned  to call

17   as expert witnesses. The Court also laid out a revised schedule for expert discovery. (ECF No.

18   307.) This revised schedule obviates the need for the requested discovery modifications.

19   Similarly, Plaintiffs' requests to continue the pretrial and trial dates are unnecessary because

20   those dates were vacated after the Motion was filed. (ECF No. 274.) Finally, Plaintiffs have not

21   demonstrated good cause for modification of the scheduling order with respect to any other

22   dates. As indicated above, the mere fact that Plaintiff is incarcerated does not constitute good

23   cause for the modification of a scheduling order. As a result, there is no valid explanation for

1  Plaintiffs' lack of diligence in meeting the scheduled deadlines. The inquiry ends and the Motion

2  must be denied.

3      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Modify Scheduling

4  Conference Order (ECF No. 259) and Request for Judicial Notice in Support of Motion to

5  Continue Discovery Cut-off (ECF No. 271) are DENIED.

6
   IT IS SO ORDERED.
7
      Dated:   **May 16, 2015**            **/s/ Gary S. Austin**
8                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23