**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLEN HALLIDAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KENT R. SPJUTE, et al., <br><br> Defendants. | 1:07-cv-00620 AWI GSA <br><br> **ORDER RE. DEFENDANTS' MOTION TO BIFURCATE TRIAL OR TO REOPEN DISCOVERY** <br><br> **(Doc. 284)** |

**INTRODUCTION**[1]

Pending before the Court is a Motion to Bifurcate Trial filed by Defendants Jean Nole, Jeff Hodges, and Brian Applegate (collectively, "Defendants"). Doc. 284. Plaintiffs Michael and Shelly Ioane (collectively, "Plaintiffs") filed an opposition and Defendants filed a reply. Docs. 292; 295. The motion was heard on May 1, 2015. As the Court indicated at the hearing, the motion is DENIED IN PART and GRANTED IN PART. Defendants may renew their motion to bifurcate the trial before the District Court at an appropriate future juncture.

---

[1] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

1

# DISCUSSION

Defendants seek to bifurcate the trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, into two phases: an initial phase to determine liability and punitive damages, and, if necessary, a subsequent phase to determine other damages. Doc. 284 at 1-2. In the alternative, Defendants request that discovery be re-opened to allow them to depose Plaintiffs' treating doctors, who were identified after the close of discovery as part of Plaintiffs' opposition to Defendants' motion for summary judgment. *See* Doc. 279, page 11: 2-7; Doc. 252, Ex. D, page 49 of 101. Plaintiffs oppose bifurcation of the trial. Doc. 292.

Federal Rule 42(b) provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue.

Fed. R. Civ. P. 42(b). The decision whether to grant or deny a motion for bifurcation lies within the trial court's sound discretion, and is subject to appellate reversal only for clear abuse. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507 (9th Cir. 1985). However, "piecemeal trial of separate issues in a single suit is not to be the usual course [and] should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." *Hangarter v. Paul Revere Life Ins. Co.*, 236 F.Supp.2d 1069, 1094 (N.D. Cal. 2002), aff'd in part, rev'd in part on other grounds, 373 F.3d 998 (9th Cir. 2004). Under Rule 42(b), bifurcation of a trial into liability and damages phases may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase. *Arthur Young & Co. v. U.S. Dist. Court (Kaufman)*, 549 F.2d 686, 697 (9th Cir.1979). As discussed at the hearing, Plaintiffs contemplate designating only two expert witnesses regarding their claim for medical and mental suffering damages. Moreover, there would be some overlap in the evidence likely to be presented at the liability phase and any

separate damages phase. Accordingly, it does not appear that bifurcation would result in great gains in judicial economy and efficiency. Furthermore, "courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. Essentially … courts must balance the equities in ruling on a motion to bifurcate." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc*., 2007 WL 3208540, at *1 (D. Ariz. Oct. 30, 2007) (quotation marks and citation omitted). In the instant matter, a denial of the motion for bifurcation does not create a significant potential for confusion of a jury; at the same time ordering separate trials and suspending potentially-needed discovery would result in considerable delay. Based on all these factors, the Court declines to exercise its discretion to bifurcate this trial as requested by Defendants.

The Court, however, grants Defendants' alternative request to reopen discovery on a limited basis, in light of the District Court's order denying summary adjudication with respect to Plaintiffs' claims for medical and mental suffering. Specifically, expert discovery is reopened as follows: Plaintiffs shall designate experts for purposes of their claims for medical and mental suffering damages only, no later than May 22, 2015; Plaintiffs' shall serve expert reports no later than June 12, 2015; depositions of Plaintiffs' experts shall be completed no later than July 10, 2015; and Defendants' shall designate any rebuttal expert(s) no later than July 31, 2015. As the parties were advised at the hearing, the Court expects strict compliance with these deadlines.

IT IS SO ORDERED.

Dated:   **May 18, 2015**                    /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE