UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, et al., | 1:07-cv-00620 AWI GSA |
| Plaintiffs, | |
| v. | **ORDER RE. SHELLY IOANE'S MOTION TO CONTINUE DISCOVERY CUT-OFF** |
| KENT R. SPJUTE, et al., | |
| Defendants. | |
| | **(Doc. 219)** |

### INTRODUCTION[1]

Pending before the Court is a Motion to Continue Discovery Cut-Off filed by Plaintiff Shelly Ioane ("Plaintiff"). Doc. 219. Defendants Jean Nole, Brian Applegate, and Jeff Hodges (collectively, "Defendants") filed an opposition. Doc. 222. The motion was submitted on the papers pursuant to Local Rule 230(l). For the reasons discussed below, Plaintiff's motion is DENIED.

///

---

[1] The factual background of this case is familiar to the Court and the litigants and will not be repeated here.

1

## DISCUSSION AND ORDER

Plaintiff seeks to extend the expert and non-expert discovery deadlines set forth in the Court's scheduling order.  Docs. 219; 174.  Plaintiff alleges that she has certain mental and physical disabilities which prevented her from complying with the Court's scheduling order.  However, she does not specify what these disabilities are or how they interfered with her ability to comply with the Federal Rules of Civil Procedure and this Court's scheduling order.  Plaintiff's vague reference to unidentified mental and physical disabilities does not constitute good cause to modify the scheduling order.  *See* Fed. R. Civ. P. 16(b)(4) (once a scheduling order has been set, the "schedule may be modified only for good cause and with the judge's consent").  Plaintiff's assertion that her pro se status militates in favor of obtaining a modification of the scheduling order is also unavailing.  A party's pro se status and/or ignorance of the law do not constitute good cause for medication.  *Gorton v. Bick*, 2011 WL 345855, at *2 (E.D. Cal. Feb. 1, 2011) ("Plaintiff's ignorance of the law is not good cause for modification"), *citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants").  Finally, Plaintiff claims that an extension of the non-expert discovery deadline is warranted because she seeks to conduct additional discovery based on Defendants' responses to discovery requests she previously propounded.  However, Plaintiff does not explain with any specificity what additional discovery is needed and how it relates to Defendants' responses to discovery requests she previously propounded.  The Court cannot comb through the voluminous discovery requests at issue to determine the validity of Plaintiff's assertions.  Accordingly, Plaintiff's motion to extend discovery deadlines is DENIED in its entirety.

Furthermore, Plaintiff's request to extend expert discovery deadlines is moot in light of the Court's ruling on the Defendants' motion to bifurcate trial or to reopen discovery.  Docs. 284, 307.  The Court has re-opened expert discovery and issued a new schedule for completion of

expert discovery. Doc. 307. Therefore, to the extent Plaintiff's motion seeks an extension of expert discovery deadlines, Plaintiff's motion is moot. In addition, Defendants have withdrawn their motion for discovery sanctions, thereby potentially alleviating the risk of sanctions with regard to Plaintiff's late-served responses to Defendants' discovery requests. Docs. 240, 307, 309.

IT IS SO ORDERED.

Dated: __May 18, 2015__        __/s/ Gary S. Austin__
                                UNITED STATES MAGISTRATE JUDGE