UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>KENT SPJUTE, et al,<br><br>　　　　Defendants | CASE NO. 1:07-CV-00620-AWI-GSA<br><br>ORDER RE: MOTION FOR RECONSIDERATION<br><br><br>(Doc. 331) |

**I. History**

The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with United States. Current Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents. Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by Defendants on June 8, 2006. Their actions in executing the search forms the basis for the claims in this suit. The only active causes of action left in this suit are Fourth Amendment excessive force and violation of bodily privacy claims. Plaintiffs allege that they have suffered and continue to suffer emotional distress.

Fed. R. Civ. Proc. 35(a)(1) allows the court to "order a party whose mental or physical condition - including blood group - is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Plaintiffs' mental condition is in controversy in this case. Defendants made a motion to compel both Plaintiffs undergo psychological examinations. Doc. 318. Magistrate Judge Gary Austin granted the motion, setting out the procedures for the

examinations to be conducted by Dr. Ricardo Winkle. Doc. 329.  Plaintiffs have filed objections to certain conditions of the examination. Doc. 331.

## II. Legal Standards

Federal Rules of Civil Procedure 72(a) gives Magistrate Judges the authority to hear and decide nondispositive pre-trial matters. Fed. R. Civ. Proc. 72(a).  Title 28 U.S.C. §636(b)(1)(A) states "A judge of the court may reconsider any pretrial matter under this subparagraph(A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  The court must give deference to a nondispositive order entered by a magistrate judge unless the order is "clearly erroneous or contrary to law." Grimes v. City and County of San Francisco, 951 F. 2d 236, 241 (9th Cir. 1991).  Additionally, the reviewing court may not substitute its judgment for that of the deciding court. U.S. v. BNS, Inc., 858 F. 2d 456, 464 (9th Cir. 1988).

An order is "clearly erroneous" if, after consideration of all of the evidence, the district court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F. 2d 1369, 1370 (9th Cir. 1992).  An order is "contrary to law" if it fails to apply or misapplies the existing law including case law, statues, or rules of procedure. Yen v. Baca, 2002 WL 32810316 at *2 (C.D. Cal. 2002).

## III. Analysis

Plaintiffs state that the examinations should take place in a medical office and not at Fresno offices of the U.S. Attorney and Taft Correctional Facility for a variety of reasons.

In general, Plaintiffs assert "it is unusual and unreasonable to request Mrs. Ioane to show up and submit to the examination at Defendant attorneys office....the attorneys office is the same office that obtained an indictment, conviction, and sentence against her husband." Doc. 331, Plaintiffs Objections, pp 1-2.  As for a general unease with the U.S. Attorney's Office in general, that is not a valid basis for veto of the location.  The Magistrate Judge has ordered that "No third party observers will be present in the examination rooms during the examinations." Doc. 329, June 30, 2015 Order, 9:18-19.  There is no danger of interference with the examination.

Plaintiffs object that Fresno, CA is an inconvenient location as "Shelly Ioane has a medical condition which prevents her from driving long distances and 1 hr to Fresno is too long a drive." Doc. 331, Plaintiffs Objections, p 2.  In the briefing of this matter before the Magistrate Judge, Plaintiffs listed Merced, Fresno, and San Francisco as valid options in discussing where Shelly Ioane's examination could take place. Doc. 325, Plaintiffs Opposition, 3:9-12.  The latest objection is contradicted by earlier representations.

Plaintiffs requested audio recording of the examinations.  While courts disfavor the practice, Defendants indicated they did not object if Dr. Winkle made the recordings.  Since both parties consented, the Magistrate Judge ordered that Dr. Winkle may record the sessions and provide copies to both sides with his Rule 35 report. Doc. 329, June 30, 2015 Order, 9:2-5 and 9:15-17.  Now, Plaintiffs raise concerns that the recordings and general medical records may be used in violation of the Health Insurance Portability and Accountability Act ("HIPAA"). Doc. 331, Plaintiffs Objections, pp 2-3.  Plaintiffs have not explained exactly what provision of HIPAA might be violated in this circumstance.  As the earlier order pointed out, courts "have rejected general privacy challenges to Rule 35 examinations where a party has placed his mental health at issue." Gavin v. Hilton Worldwide, Inc., 291 F.R.D. 161, 166 (N.D. Cal. 2013).

## IV. Order

Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   July 10, 2015                           _____
                                                  SENIOR  DISTRICT  JUDGE