UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>KENT SPJUTE, et al,<br><br>　　　　　Defendants | CASE NO. 1:07-CV-0620 AWI GSA<br><br>ORDER RE: MOTION TO STAY PROCEEDINGS<br><br><br>(Doc. 322) |

　　　The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with United States. Current Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents. Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by the IRS agents on June 8, 2006. The manner in which this search was executed forms the basis for the claims in this suit.

　　　Michael Ioane Sr. and Shelly Ioane filed suit on April 20, 2007 and a First Amended Complaint shortly thereafter. Docs. 1 and 39. On the motion of the Defendants, the case was stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud conspiracy, based in part on the evidence seized during the search. Crim. Case. No. 09-0142 LJO. Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial. He appealed the conviction, but it was affirmed. In the meantime, the stay was lifted in this case. Doc. 107. Plaintiffs opposed the lifting of the stay. Doc. 103. Since that time, Plaintiffs have made three motions to stay (Docs. 129, 148, and 254) which were denied (Docs. 138, 158, and 280). This present motion is the yet

another attempt at reversing that decision. Plaintiffs seek a stay, or alternatively, to be permitted to dismiss the suit without prejudice. Doc. 322.

Plaintiffs argue a stay is justified as "The Bureau of Prisons has refused reasonable accommodations to allow Plaintiff to participate in court hearings, make telephone calls to counsel and interview experts for designation." Doc. 322, Plaintiff Brief, at 1. Defendants oppose the motion. Doc. 330. As Magistrate Judge Austin has already made clear in a prior order, the court has analyzed the arguments in favor of and against a stay under the standard set out by Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995) and found that a stay is not warranted. Doc. 138, December 17, 2012 Order, 3:4-13. The specific issue of Michael Ioane Sr.'s incarceration was also considered and found insufficient: "Plaintiffs have not provided any legal authority to suggest that a stay is more appropriate where a party with an interest in the proceedings is incarcerated and thus at a disadvantage with regard to participation in the proceedings....This factor, in the circumstances present here, weighs against the imposition of a stay of these proceedings." Doc. 138, Dec. 17, 2012 Order, 4:12-14. Plaintiffs have not shown any circumstance that changes the analysis.

In this motion, Plaintiff attached a response from Taft Correctional Institution (where Michael Ioane is being held) which states "concerning the possibility of purchasing additional phone time for legal purposes....[you need] documentation from the court(s) to indicate you are needed on the phone for legal purposes such as hearings, motions, etc., otherwise, your request will not be considered. Additionally, we will not consider additional minutes for the purposes of calling paralegals, Co-defendants, or witnesses." Doc. 322, Ex. A. While being incarcerated does make the logistics of prosecuting this case much more difficult for Michael Ioane, it is not a sufficient reason for stay or dismissal without prejudice. Taft has cooperated in the past to make Michael Ioane available for hearings and reaffirms that commitment in the response provided by Plaintiffs. As for general preparation in civil cases, prisoners can not force correctional facilities to provide phone time for that purpose; instead, they may have to resort to other means of communication (mail and visits). See Bellamy v. McMickens, 692 F. Supp. 205, 214 (S.D.N.Y. 1988); Pino v. Dalsheim, 558 F. Supp. 673, 675 (S.D.N.Y. 1983).

The request for a stay or dismissal without prejudice is DENIED.

IT IS SO ORDERED.

Dated:   August 6, 2015                                   _____
                                                          SENIOR DISTRICT JUDGE