# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, MICHAEL S. IOANE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KENT R. SPJUTE, *et al.*,<br><br>Defendants. | Case No. 1:07-cv-00620-AWI-GSA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**<br><br>(ECF No. 339) |

Pending before the Court is a Motion by Defendants for Discovery Sanctions against *pro se* Plaintiffs Michael S. Ioane, Sr. and Shelly Ioane (collectively, "Plaintiffs") based on Ms. Ioane's failure to appear for a previously ordered psychological examination. (ECF Nos. 329, 339.) The matter was heard on August 14, 2015 before the Honorable Gary S. Austin, United States Magistrate Judge. G. Patrick Jennings personally appeared and Aaron Bailey appeared telephonically on behalf of Defendants. Shelly Ioane personally appeared and Michael S. Ioane, Sr. appeared telephonically. Plaintiffs have also filed an opposition brief objecting to portions of the Motion. (ECF No. 345.) After considering the pleadings and arguments by the parties and for the reasons set forth below, the Motion for Discovery Sanctions is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiffs are a married couple involved in tax disputes with the United States. Defendants are federal agents who assisted in searching Plaintiffs' residence in 2006. Mr. Ioane was convicted of tax fraud conspiracy on October 3, 2011 as a result, in part, of evidence that was obtained during the search. Plaintiffs allege that they have suffered and continue to suffer emotional distress as a result of the search. In particular, both Plaintiffs have described their emotional distress damages as including:

> 1) mental anguish and suffering, 2) pain and suffering from physical injury caused by the trauma, 3) emotional distress; such as anxiety, depression, 4) loss of enjoyment of life 4) [sic] loss of consortium, (husband and wife) 5) loss of potency due to drugs required to take, [sic] 6) traumatic neurosis, 7) weight gain, 8) high blood pressure, 9) loss of sleep, 10) shock and fear of being murdered, 11) shock and fear of being shot, 12) impairment of earning capacity, 13) potential development of future diseases and disorders caused by the traumatic event of being fearful of death, 14) Additionally, the trauma of the even triggered various personality disorders of Michael Ioane; such as delusional personality disorder, adjudicated by Judge Lawrence O'Neill in Case # 1:09-cr-0142, Narcissistic personality disorder touched on during sentencing in Case # 1:09-cr-0142 and in the probation report. As a natural and proximate consequence of the defendants [sic] wrongful acts Michael Ioane was in indicted [sic] and convicted to 9 years in Federal prison. Each day Mr. Ioane spends in prison because of the wrongful acts of defendant increase the emotional and mental damage and consequently the loss of income real and potential.

(Declaration of Lauren Castaldi ("Castaldi Decl."), Exh. 6 (Michael Ioane's Responses to Defendants' First Set of Interrogatories 5:10-26), ECF No. 248-12.) Both Plaintiffs allege these damages. (Castaldi Decl., Exh. 5 (Shelly Ioane's Responses to Defendants' First Set of Interrogatories 5:12-28), ECF No. 248-11.)

Although non-expert discovery in the case has concluded, the Court previously issued an order providing a limited window for the parties to designate expert witnesses with respect to Plaintiffs' claims for medical and mental suffering and discovery concerning those experts. (ECF No. 307.) Plaintiffs have identified two expert witnesses and one substitute expert witness to testify at trial regarding their medical and mental distress damages. (ECF No. 314.)

On June 30, 2015, the Court granted a motion compelling both Plaintiffs to appear for psychological examinations per Federal Rule of Civil Procedure 35. (ECF No. 329.) In particular, the Court's order required Ms. Ioane to appear for an examination on Wednesday, July 15, 2015

2

1  at 10:00 a.m. at 2500 Tulare Street, Suite 4401, Fresno, California, 93721. The order was served

2  on both Mr. and Ms. Ioane by U.S. mail. On July 8, 2015, Mr. Ioane filed a motion for

3  reconsideration of the order compelling psychological examinations. (ECF No. 331.)

4        On July 10, 2015, Defendants received a handwritten note from Mr. Ioane informing them

5  that "Niether [sic] my wife or myself will be participating in the medical examine; [sic] until and

6  unless the issues we have raised are addressed. Shelly will not be appearing on 1/15/2015."

7  (Declaration of G. Patrick Jennings ("Jennings Decl.") Exh. E, ECF No. 340-3.)

8        The motion for reconsideration was denied by United States District Judge Anthony W.

9  Ishii on Monday, July 13, 2015. (ECF No. 335.) On the same day, Defendants sent Ms. Ioane, via

10  FedEx, a copy of the order denying the motion for reconsideration and a cover letter informing

11  her that they expected her to show up for the examination on Wednesday, July 15, 2015 and that

12  they would move for sanctions if she did not appear. (Jennings Decl. Exh. F, ECF No. 340-4.)

13        At 7:19 p.m. (EDT) on Tuesday, July 14, 2015, Ms. Ioane emailed Defendants and stated

14  that "Michael Just [sic] informed me that I needed to inform you that I would not be available for

15  medical examinations, based on the Objection that was filed last week." (Jennings Decl. Exh. G,

16  ECF No. 340-5.) Early the next morning, at 10:25 a.m. (EDT), Defendants responded with an

17  email stating:

> Ms. Ioane,
>
> Your objections to the exam were incorporated in the order. Your appeal was deemed by the Court a motion for reconsideration and denied. You are under Court order to appear today. We will seek serious sanctions, including dismissal, if you do not appear in Fresno at 10 a.m. today. Our expert is traveling there and is prepared to take your exam today. A motion to stay does not stay proceedings until an order is issued, if any. Please confirm that you will appear, or be prepared to face the consequences.

(Jennings Decl. Exh. G, ECF No. 340-5.)

      Ms. Ioane did not appear for the psychological examination on July 15, 2015. Ricardo Winkel, Ph.D., Defendants' expert witness, traveled to the site of the scheduled examination on July 15, 2015, waited approximately one hour for Ms. Ioane, and then traveled back to his office in the Bay Area. (Declaration of Ricardo Winkel, Ph.D. ("Winkel Decl.") ¶¶ 2, 3, ECF No. 339-

2.) Mr. Ioane sat for his psychological examination on July 24 and July 25, 2015. On July 30, 2015, Defendants filed the current Motion, which asks the Court to issue terminating sanctions as a result of Ms. Ioane's failure to comply with a court order and appear for her psychological examination. (ECF No. 339.)

In the alternative, Defendants request:

- Monetary sanctions of $2,070, the amount in fees incurred by Dr. Winkel for his travel to and from Fresno from Oakland, along with travel expenses. At the hearing, Plaintiffs also requested attorneys' fees incurred as a result of G. Patrick Jennings's personal appearance at the hearing;
- A second order compelling Ms. Ioane to appear for a Rule 35 psychological examination;
- An order striking the Plaintiffs' three expert witnesses;
- An order precluding Plaintiffs' from introducing any evidence in support of Ms. Ioane's alleged medical damages; or
- Dismissal of Ms. Ioane's claims.

Defendants point to the Ioanes' extensive history in pursuing claims against various parties in U.S. District Courts which they construe as a "pattern of harassment and delay" that continues in the present case.[1] (Memorandum of Points and Authorities in Support of Application for Order to Show Cause 4:12, ECF No. 339-1.)

Plaintiffs concede that Ms. Ioane should be required to "appear for a mental examination with appropriate language advising of the potential imposition of severe sanctions, including dismissal for a non-appearance," but object to the imposition of dispositive sanctions in this instance. (Opposition 9:14-19, ECF No. 345.)

## II. DISCUSSION

**A. Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the

---

[1] Plaintiffs were deemed "vexatious litigants" by the U.S. District Court for the Northern District of California after filing over twenty separate actions in a four year period. *Ioane v. Smith, et al.*, No. 99-21119 SW (N.D. Cal. Aug. 25, 2000). A copy of the decisions imposing the sanction of pre-filing review on Plaintiffs was filed by Defendants in a supplemental declaration. (Supplement Declaration of G. Patrick Jennings Exhs. A, B, ECF No. 342.)

4

action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "Just orders" may include, among other things, the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed; or,
>
> (v) dismissing the action or proceedings in whole or in part.

Fed. R. Civ. P. 37(b)(2).

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir.1983), *citing Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). In addition, Rule 37 provides for an award of monetary sanctions: if a party fails to obey a discovery order, the party may be required to "pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C) (emphasis added). Notably, "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am. Honda Motor Co.,* 762 F.2d 1334, 1343 (9th Cir.1985), *citing Lew v. Kona Hosp.,* 754 F.2d 1420, 1427 (9th Cir.1985); *Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir.1978).

A court is permitted to impose the sanction of dismissal or default under Rule 37 only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir.1996). In determining whether to dismiss an action or enter default pursuant to Rule 37(b)(2)(C), a district court should consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

5

of less drastic sanctions.' *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir. 1997), *quoting Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987). Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them. *Id.*

*Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004).

The Ninth Circuit Court of Appeals has stated that this multi-factor test is "not mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co.,* 482 F.3d at 1096. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether discovery violations threaten to interfere with the rightful decision of the case." *Id.* at 1097.

Courts may also impose sanctions, including terminating sanctions, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). In both instances, the Ninth Circuit has held that the same five-factor test utilized in the context of Rule 37 sanctions applies. *Leon,* 464 F.3d at 958 n. 4; *Pagtalunan*, 291 F.3d at 642.

**B. Dispositive Sanctions**

Plaintiff Shelly Ioane failed to appear for the psychological examination on July 15, 2015 as ordered by the Court. Plaintiffs argue that Ms. Ioane's failure to appear was "due to confusion over the status of Plaintiffs' objection" to the order compelling psychological examinations, but Plaintiffs' objections (in the form of their motion for reconsideration) were overruled on July 13, 2015, two days before the scheduled examination. Defendants provided Ms. Ioane notice of the denial of the motion for reconsideration and she acknowledged that she received that notice. The notice also contained the date and time of the scheduled examination. Moreover, the Court served Ms. Ioane with the original order granting the motion to compel psychological examination,

6

which also contained the date, time, and specific location of the examination. Ms. Ioane was thus on notice that she was required to appear.

Defendants request dispositive sanctions based on Ms. Ioane's disobedience of the Court's order compelling psychological examinations. As explained above, the Court must consider five factors in deciding whether to issue terminating sanctions.

The first and second factors (the public's interest in expeditious resolution of the litigation and the court's need to manage its docket) both favor the issuance of dispositive sanctions, while the fourth (the public policy favoring disposition of cases on their merits) disfavors it. *Li v. A Perfect Day Franchise*, 281 F.R.D. 373, 392 (N.D. Cal. 2012) ("Where a court order is violated, the first and second factors weigh in favor of default, while the fourth weighs against default; the third (risk of prejudice to the party seeking sanctions) and fifth factors (availability of less drastic sanctions) are therefore decisive"), *citing Malone*, 833 F.2d at 130.

The third factor, the risk of prejudice to the party seeking sanctions, considers whether "the [non-moving party's] actions impair the [moving party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* Ms. Ioane's failure to appear at her Rule 35 examination does interfere with the ability of the parties to receive a rightful decision in this case. As explained in the order compelling psychological examinations, Plaintiffs have offered expert witnesses who have examined Plaintiffs and will testify to their emotional distress damages at trial. (ECF No. 329.) Fairness thus dictates that Defendants have an opportunity to rebut this testimony with their own expert. *Nguyen v. Qualcomm Inc.*, No. 09-1925-MMA (WVG), 2013 WL 3353840, at *7 (S.D. Cal. July 3, 2013) ("A defendant should have a 'balanced opportunity to assess the plaintiff's allegations and proof concerning emotional distress damages,' and a plaintiff's chosen expert should not be the only expert who 'ever actually examined the plaintiff'").

The fifth factor, however, the availability of lesser sanctions, counsels against dismissal at this point in the case. As Defendants acknowledge, there are other avenues and sanctions available. Dismissal of a case as a sanction "is 'the most severe penalty,' and is authorized only in 'extreme circumstances.'" *Li*, 281 F.R.D. at 392, *quoting United States ex rel. Wiltec Guam, Inc.*

*v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 n. 5 (9th Cir. 1988). Dismissal of the entire case is also not warranted here because it was only Ms. Ioane who failed to obey a court order. Mr. Ioane appeared for his psychological examination, so it would make little sense to dismiss his claims based solely on Ms. Ioane's failure. *Id.* ("This 'most severe penalty' is not warranted in this case because Defendants are not equally culpable for the discovery violations that have occurred").

The Court thus finds that dispositive sanctions are not justified in this instance. Ms. Ioane's evasion of the psychological examination can be remedied by a second order directing her to appear for examination, which Plaintiffs concede is appropriate. Ms. Ioane is advised, however, that future failures to appear for examination or obey court orders will be grounds for additional sanctions, up to and including dismissal of her claims.

**C. Monetary Sanctions**

As mentioned above, Defendants have requested monetary sanctions in addition to, or as an alternative to, terminating sanctions. Specifically, Defendants request expert fees incurred by Dr. Winkel in traveling to and from Fresno, the site of the medical examination, as well as attorneys' fees incurred by G. Patrick Jennings in his personal appearance for the hearing on this Motion.

Federal Rule of Civil Procedure 37(b)(2)(C) requires that monetary sanctions be imposed on the disobedient party or attorney "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Such sanctions can include expert fees incurred after a failure to appear for a Rule 35 medical examination. *Rachel-Smith v. FTData, Inc.*, 247 F.Supp.2d 734, 739-40 (D. Md. 2003). Plaintiffs bear the burden of establishing that their failure to comply with the order was substantially justified. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). The fact that Ms. Ioane may appear for a new examination does not preclude the further imposition of monetary sanctions. *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions").

In this case, Ms. Ioane was not substantially justified in failing to attend the medical examination as ordered. While a "good faith dispute concerning a discovery question might, in

8

the proper case, constitute 'substantial justification,'" there was no good faith dispute here. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Ms. Ioane's attendance at the examination was specifically ordered on June 30, 2015. Even assuming Mr. Ioane's motion for reconsideration created a good faith dispute as to the order compelling psychological examinations, the dispute was resolved when the motion for reconsideration was denied on July 13, 2015.[2] (ECF No. 335.) She was thus not substantially justified in failing to appear for the examination on July 15, 2015. *Reddy v. Precyse Solutions LLC*, No. 1:12-cv-02061-AWI-SAB, 2015 WL 3407447, at *4 (E.D. Cal. May 26, 2015) ("Plaintiff's disagreement with this Court's order does not substantially justify her failure to appear").

To the extent her failure to appear was the result of mere "confusion" on the part of Plaintiffs, as suggested in the Opposition Brief, monetary sanctions are still justified. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985) ("in view of the possibility of light sanctions, even a negligent failure" can justify monetary sanctions); *Bergeron v. Leo Inns, Inc.*, 87 F.R.D. 486, 486-87 (M.D. Pa. 1980) (imposing sanctions on defendant for failure to appear despite recognition that defendant received inadequate notice of deposition); *see also Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984) (imposing sanctions despite assertion that party was indigent because "[a] flat per se policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of the rule and would open the door to many possible abuses"). The Court thus finds that it is appropriate to award sanctions for Dr. Winkel's expert fees incurred in traveling to and from Fresno and waiting for Ms. Ioane's appearance in the amount of $2,070.

## III. CONCLUSION

Based on the above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Discovery Sanctions (ECF No. 339). Accordingly:

1. Defendants' request for dismissal sanctions is DENIED;

---

[2] Notably, the motion for reconsideration purports to be brought on behalf of both Plaintiffs, but is only signed by Mr. Ioane. (ECF No. 331.) At the hearing on the instant Motion, Ms. Ioane informed the Court that she had given Mr. Ioane permission to execute filings on her behalf and represent her interests in this case. Such an arrangement is prohibited by Local Rule 183(a).

Case 1:07-cv-00620-AWI-EPG   Document 347   Filed 08/18/15   Page 10 of 11

2. Defendants' request for evidentiary sanctions is DENIED;

3. Defendants' request for monetary sanctions against Plaintiff Shelly Ioane to account for Dr. Winkel's expert fees in the amount of $2,070 is GRANTED;

4. Defendants' request for monetary sanctions against Plaintiff Shelly Ioane to account for G. Patrick Jennings's attorney fees incurred to personally appear for the motion hearing is DENIED;

5. The parties are encouraged to meet and confer to discuss a payment plan, if necessary, for the payment of the monetary sanctions;

6. Plaintiff Shelly Ioane is ORDERED to appear for a psychological exam before Dr. Winkel;

    a. The examination shall take place at Dr. Winkel's office at 5665 College Avenue, Suite 330D, Oakland, California 94618;

    b. The examination shall occur on September 14, 2015 at 10:00 a.m., or at such earlier date as agreed upon between Plaintiff Shelly Ioane, Defendants, and Dr. Winkel;

    c. The examination will occur in one eight hour session, with breaks at Dr. Winkel's discretion;

    d. Dr. Winkel may record the examination, with a digital copy of the recording to be provided to defense counsel and to Shelly Ioane with the production of his Rule 35 report;

    e. Defendants shall serve Dr. Winkel's Rule 35 report within ten calendar days following the completion of the psychological examination;

7. No third party observers will be present in the examination room during the examination; and

8. In conducting the examinations, Dr. Winkel will in all respects exercise his professional judgment consistent with his professional and ethical obligations as a licensed psychologist in the state of California.

Plaintiffs are advised that future failures to adhere to court orders may subject them to

further sanctions, up to and including dismissal of claims.

IT IS SO ORDERED.

    Dated:  **August 18, 2015**                             **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE