UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY,<br>MICHAEL S. IOANE, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>KENT R. SPJUTE, *et al.*,<br><br>    Defendants. | **Case No. 1:07-cv-00620-AWI-GSA**<br><br>**ORDER RE: REQUEST TO MAGISTRATE JUDGE FOR ADDITIONAL DISCOVERY**<br><br>(ECF No. 348) |

Plaintiffs Michael and Shelly Ioane ("Plaintiffs") are a married couple involved in tax disputes with the United States. Current defendants are Jean Nole, Jeff Hodges, and Brian Applegate, federal agents who assisted in searching Plaintiffs' residence in 2006 ("Defendants"). Mr. Ioane was convicted of tax fraud conspiracy on October 3, 2011 as a result, in part, of evidence that was obtained during the search.

On August 26, 2015, Plaintiff Michael Ioane filed a Motion to Magistrate Judge to Order Clerk to Issue Trial Subpoenas for Pro Per Plaintiff. (ECF No. 348.) Among other things, the Motion requested that the Court: (1) issue subpoenas to a number of individuals for trial; (2) appoint a single individual from the Internal Revenue Service to accept service of process for all federal employee witnesses in this case; (3) instruct the U.S. Marshal Service to serve subpoenas on witnesses; (4) direct the U.S. Attorney's Office to prepare trial binders; and (5) order the

1

production of certain documents from Defendants. United States District Judge Anthony W. Ishii referred the request for the production of documents to United States Magistrate Judge Gary S. Austin and denied Mr. Ioane's other requests. (ECF No. 352.)

In the Motion, Plaintiff Michael Ioane requests that the Court instruct Defendants to produce: (1) A DVD of the search of the Plaintiffs' residence that was "mentioned prominently in the IRS report on the search warrant"; (2) a copy of the "Enforcement Action Review Form," which was mentioned in Defendants' initial disclosures; (3) a copy of the "Post Enforcement Operation Summary Form," which was mentioned in Defendants' initial disclosures; (4) any witness statements prepared by Jeffrey Hodge, Kent Spjute, Jean Noll, or Brian Applegate in the criminal investigation of Stephen Booth and Michael Ioane. (ECF No. 348.) For the reasons set forth below, the Court DENIES Plaintiff's request.

District courts have "wide latitude to determine the scope of discovery." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F.Supp.2d 136, 139 (S.D.N.Y. 2011), *quoting In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). To exercise that authority, Federal Rule of Civil Procedure 16 allows courts to create scheduling orders that limit the amount of time parties have to complete discovery and file motions regarding that discovery. Once a scheduling order has been set, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[G]ood cause primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where the "moving party fails to demonstrate diligence, 'the inquiry should end.'" *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012), *quoting Mammoth Recreations, Inc.*, 975 F.2d at 609. "[I]gnorance of the law is not good cause for modification," nor does a moving party's "incarcerated, pro se status," constitute good cause. *Gorton v. Bick*, No. 1:05-CV-00354-DLB PC, 2011 WL 345855, at *2 (E.D. Cal. Feb. 1, 2011), *citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants"). And as explained in this Court's prior orders, for "discovery requests to be timely, the requesting party must serve them at least 30 days before the discovery cutoff in order to allow the other party sufficient time to respond. (ECF No. 299, *citing Miller v. Rufion*, No. 08-1233 BTM (WMc),

2010 WL 4137278, at *1 (E.D. Cal. Oct. 19, 2010).)

Non-expert discovery in this case closed on April 4, 2014. (ECF No. 174.) The non-dispositive motion deadline was June 30, 2014. (ECF No. 174.) Although the Court re-opened discovery on May 6, 2015, it expressly did so only for the limited basis of conducting expert discovery. (ECF No. 307.) Defendants served their initial discovery disclosures in this case on Plaintiffs on December 6, 2013. (ECF No. 177.)

Plaintiff offers no justification for his lack of diligence in seeking the requested documents before the close of discovery and thus has not demonstrated good cause to allow further discovery. Plaintiff's requests make clear that Plaintiff has known of these documents since December 2013, when Defendants served their initial disclosures on Plaintiffs. Despite this fact, Plaintiff has waited until August 2015, nearly two years after the initial disclosures, to seek production. Given this lack of diligence in the discovery process, the Court finds no good cause to allow Plaintiffs to conduct further discovery.[1] *Gil v. Woodend*, No. 1:09-cv-00917 DLB (PC), 2013 WL 4517828, at *1 (E.D. Cal. Aug. 26, 2013) (discovery request filed 9 months after close of discovery denied as untimely); *Gucci*, 790 F.Supp.2d at 139 ("Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied"); *Cont'l Indus., Inc. v. Integrated Logistics Solutions, LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (discovery request filed "six months after discovery cutoff . . . waived any discovery violations through unreasonable delay"); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production").

Nor would it be fair to require Defendants to respond to further discovery at this late date. The purpose of setting a time limit on discovery "is to assure both sides an opportunity immediately before trial to engage in orderly, final trial preparation, uninterrupted by a flurry of 'midnight' discovery." *King v. Georgia Power Co.*, 50 F.R.D. 134, 135-36 (N.D. Ga. 1970).

---

[1] Nor do the requested documents relate to expert discovery, which involved only the specific medical and emotional damages Plaintiffs allege they incurred as a result of Defendants' actions.

1  Allowing further discovery at this point would frustrate both this purpose and the "obligation of
2  the court 'to secure the just, speedy and inexpensive determination of every action.'" *Gault v.*
3  *Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999), *quoting* Fed. R. Civ. P. 1. To the extent
4  that Defendants had originally had an obligation to produce these documents (and the Court does
5  not hold, at this juncture, that they did), Plaintiff's failure to seek disclosure of the documents in a
6  timely fashion has waived any objections he may have had. *Buttler*, 193 F.R.D. at 666
7  ("plaintiff's unexplained delay in seeking court assistance to obtain the documents now at issue . .
8  . raises the inference that the plaintiff is not as concerned with obtaining the documents as he is
9  with 'holding in abeyance a putative discovery violation' for the strategic purpose of using it late
10 in the proceedings as a basis to prevent defendants from defending the claims against them");
11 *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 3 (N.D. Cal. 1974) *aff'd*, 540 F.2d 458 (9th
12 Cir. 1976) ("plaintiff's failure to discover any facts in support of her claim for fraud in a year and
13 a half . . . convinces the Court that allowing additional discovery would not serve the interests of
14 justice").

15    Plaintiff does not present any explanation why he is seeking discovery at this late date, nor
16 does he even acknowledge that the discovery deadline has passed. Plaintiff has not demonstrated
17 diligence in seeking the documents he now requests and has not shown good cause to re-open
18 non-expert discovery. Accordingly, Plaintiff's Motion seeking additional discovery (ECF No.
19 348) is DENIED.

20
21 IT IS SO ORDERED.

22    Dated:   **September 1, 2015**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE
23

4