UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY,<br>MICHAEL S. IOANE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KENT R. SPJUTE, *et al.*,<br><br>Defendants. | Case No. 1:07-cv-00620-AWI-GSA<br><br>ORDER RE: REQUEST FOR<br>EVIDENTIARY ITEMS<br><br><br>(ECF No. 355) |

Plaintiffs Michael and Shelly Ioane ("Plaintiffs") are a married couple involved in tax disputes with the United States. Current defendants are Jean Nole, Jeff Hodges, and Brian Applegate, federal agents who assisted in searching Plaintiffs' residence in 2006 ("Defendants"). Mr. Ioane was convicted of tax fraud conspiracy on October 3, 2011 as a result, in part, of evidence that was obtained during the search.

On September 2, 2015, Plaintiff Michael Ioane filed a Request for Order Directing United States to Produce Certain Evidentiary Items to Plaintiffs. (ECF No. 355.) The Request asks the Court to compel the production of: (1) a DVD of the search of Plaintiffs' residence on June 8, 2006; (2) deposition transcripts for the depositions of Plaintiff Shelly Ioane's treating physicians (whom Plaintiffs have designated as expert witnesses); (3) the notes and a digital recording created by Dr. Ricardo Winkel (Defendants' rebuttal expert) during his examination of Plaintiff

Michael Ioane; and (4) a transcript of the digital recording Dr. Winkel created during his examination of Plaintiff Michael Ioane. (ECF No. 355.) Plaintiff asserts that Defendants agreed to produce these items at an Order to Show Cause hearing before the Court on August 14, 2015.

The Court has reviewed the record of the Order to Show Cause hearing and determines that Defendants agreed to produce digital recordings of the examinations conducted by Dr. Winkel. Mr. Ioane briefly mentioned the transcripts of the depositions of Ms. Ioane's expert witnesses, but Defendants did not agree (or decline) to produce such transcripts—Defendants appear to have construed his request as a request for the digital recordings of Dr. Winkel's examinations. No mention was made of the DVD.

**The DVD**

As the Court previously noted, non-expert discovery in this case closed on April 4, 2014. (ECF No. 174.) The non-dispositive motion deadline was June 30, 2014. (ECF No. 174.) Although the Court re-opened discovery on May 6, 2015, it expressly did so only for the limited basis of conducting expert discovery. (ECF No. 307.)

The DVD requested by Mr. Ioane in his latest request was also the subject of Plaintiffs' last request for additional discovery. (ECF No. 348.) As explained in the order addressing that request:

> Plaintiff offers no justification for his lack of diligence in seeking the requested documents before the close of discovery and thus has not demonstrated good cause to allow further discovery. Plaintiff's requests make clear that Plaintiff has known of these documents since December 2013, when Defendants served their initial disclosures on Plaintiffs. Despite this fact, Plaintiff has waited until August 2015, nearly two years after the initial disclosures, to seek production. Given this lack of diligence in the discovery process, the Court finds no good cause to allow Plaintiffs to conduct further discovery.[1] *Gil v. Woodend*, No. 1:09-cv-00917 DLB (PC), 2013 WL 4517828, at *1 (E.D. Cal. Aug. 26, 2013) (discovery request filed 9 months after close of discovery denied as untimely); *Gucci*, 790 F.Supp.2d at 139 ("Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied"); *Cont'l Indus., Inc. v. Integrated Logistics Solutions, LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (discovery request filed "six months after discovery cutoff . . . waived any discovery violations through unreasonable delay"); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production").

---

[1] Nor do the requested documents relate to expert discovery, which involved only the specific medical and emotional damages Plaintiffs allege they incurred as a result of Defendants' actions.

(ECF No. 354.) The Court declines to revisit its previous order and the DVD need not be produced at this juncture.

**Deposition Transcripts**

With respect to copies of the transcripts of the depositions of Ms. Ioane's medical experts, no agreement was made on the record. Nor is there case law to support the proposition that Defendants should be required to provide Plaintiffs with free copies of deposition transcripts. Plaintiffs are not proceeding *in forma pauperis* in this case. (ECF Nos. 5, 11.) And even in cases dealing with *in forma pauperis* plaintiffs, courts have declined to require defendants to bear deposition expenses for plaintiffs. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses"); *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("we cannot say that the district court's decision not to order defendants to provide Tabron with copies of the deposition transcripts was an abuse of discretion"); *Westbrook v. Grant Cnty. Jail*, No. 1:05-cv-00057, 2006 WL 1285146, at *1 (N.D. Ind. May 10, 2006) ("indigent litigants . . . bear their own litigation costs, at least initially. This means that plaintiffs like Westbrook are generally not entitled to free transcripts of depositions taken by defendants"); *Doe v. United States*, 112 F.R.D. 183, 184 (S.D.N.Y. 1986) ("While a prevailing party in an action may recover certain deposition expenses from the opposing party, including stenographic and transcription costs . . . and while a court may in certain instances order a defendant to advance the travel expenses involved in plaintiff's deposing him outside the district where the action is lodged . . . a defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses").

Nor has Mr. Ioane demonstrated that the transcripts are necessary. Defendants were required to provide proper notice to Plaintiffs of any depositions they intended to take. Fed. R. Civ. P. 30(b)(1). Although Mr. Ioane is currently incarcerated, Ms. Ioane was free to attend the depositions, make any objections she desired, and take notes with respect to the substance of the depositions. The Court thus sees little cause to force Defendants to bear the expense of providing

Plaintiffs with transcripts.[2] *Rivera v. DiSabato*, 962 F.Supp. 38, 41 (D.N.J. 1997) ("plaintiff could have taken notes during the deposition to memorialize the information that he now seeks. This Court will not subvert the established rules . . . simply because plaintiff may have neglected to avail himself of this opportunity"). Plaintiffs are also free to contact the court reporting service that transcribed the depositions in question and order copies of the transcripts themselves. *Schroer v. United States*, 250 F.R.D. 531, 535 (D. Colo. 2008) (declining to require defendant to produce deposition transcripts because "any party may obtain a copy of any deposition transcript from the officer who conducted the deposition upon the payment of a reasonable charge"). In the event Plaintiffs prevail, such costs may even be recoverable, depending upon their utility in the case. 28 U.S.C. § 1920; *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995).

**Dr. Winkel's Digital Recordings and Transcript of Mr. Ioane's Examination**

Defendants have previously agreed to produce the digital recordings of Dr. Winkel's examinations of both Plaintiffs. (Defendants' Reply to Opposition to Motion to Compel Psychological Examinations 2:13-16, ECF No. 327 ("Defendants do not strongly object to a recording, however, and so Dr. Winkel will record the entire interview, provided that the Warden allows the recording device, and provide Ms. Ioane with a complete and accurate digital copy through defense counsel. Ms. Ioane will have to share the information with Mr. Ioane").) Shortly thereafter, the Court entered an order requiring Defendants to produce the digital recordings to Ms. Ioane, along with the production of the Rule 35 reports on the medical examinations. (ECF No. 329.) If Defendants have not yet produced the recordings, they should do so now. Ms. Ioane remains responsible for sharing the recordings with Mr. Ioane.

As explained above, the general rule is that litigants, even *pro se* or *in forma pauperis* litigants, must "bear their own litigation costs." *Westbrook*, 2006 WL 1285146 at *1. While a court may, in its discretion, order an opposing party "to pay for or to provide copies of deposition transcripts," such an order typically requires a demonstration of particular need on the part of the party requesting the transcript. *Tabron*, 6 F.3d at 159; *Jackson v. Runnels*, No. CIV S-05-1531

---

[2] In the event Defendants rely on the transcripts in any future proceeding before the Court, of course, they will be required to attach and serve the relevant portions of the transcript in accordance with Local Rule 133(j), in which case Plaintiffs will receive portions of the transcript at no cost.

LKK EFB P, 2007 WL 2481782, at *1 (E.D. Cal. Aug. 29, 2007).

In this instance, Mr. Ioane is not requesting a transcript of a deposition or other proceeding under oath; he is requesting a transcript of a medical examination for which he already possesses a Rule 35 report and a digital audio recording. In other words, he is asking Defendants to undertake clerical work on his behalf for an item of dubious evidentiary value. Requiring Defendants to comply with such a request is not consistent with case law or principles of fairness. *Doe*, 112 F.R.D. at 184-185 ("a defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses. Indeed such a rule would in effect force defendants to finance much of their indigent adversary's trial preparation, regardless of the outcome of the case").

Nor has Mr. Ioane made any particularized showing of need here. Although Mr. Ioane is incarcerated, nothing precludes Plaintiffs from obtaining their own transcript of the recordings. Defendants agreed to produce the digital recordings of Dr. Winkel's examinations to Ms. Ioane, rather than Mr. Ioane, with the caveat that Ms. Ioane would be responsible for providing the information within the recordings to Mr. Ioane. Ms. Ioane is free to provide the recording to Mr. Ioane in whatever format she finds most convenient. She could, for instance, retain a court reporter or other transcription service to transcribe the recordings or transcribe them herself. As indicated above with respect to the medical expert deposition transcripts, such expenses may be recoverable should Plaintiffs prevail.

After a review of the record, the Court finds that Defendants agreed to produce the digital recordings of Dr. Winkel's medical examinations of Mr. and Ms. Ioane, but did not agree to produce the other items listed in Mr. Ioane's request. Mr. Ioane's request for the production of a DVD showing the search of the Ioane residence was previously denied as untimely.[3] Furthermore, Mr. Ioane has not demonstrated the need for Defendants to provide free deposition transcripts or free transcription of Dr. Winkel's audio recordings to Plaintiffs. Accordingly, the Court orders as follows:

---

[3] As explained in the Court's previous order, the deadlines for non-expert discovery and non-dispositive motions have long since passed. (ECF No. 354.) The Court will thus view with disfavor any further motions to compel discovery or other duplicative motions.

1. Plaintiff Michael Ioane's request to require Defendants to produce a DVD of the June 8, 2006 search of the Ioane residence is DENIED;
2. Plaintiff Michael Ioane's request to require Defendants to provide free transcripts of the depositions of Shelly Ioane's treating physicians is DENIED;
3. Plaintiff Michael Ioane's request to require Defendants to create a written transcript of the digital audio recording of Dr. Ricardo Winkel's examination of Plaintiff Michael Ioane is DENIED; and
4. Defendants are DIRECTED to produce to Shelly Ioane copies of the digital audio recordings created by Dr. Ricardo Winkel during his medical examinations of Plaintiffs, if they have not already done so. Defendants shall file the proof of service of the recordings with the Court; and,
5. Defendants are DIRECTED to provide Shelly Ioane with the contact information for the court reporting service used to transcribe the depositions of her treating physicians so that Ms. Ioane may order copies of the deposition transcripts and arrange any other transcription services as needed.

IT IS SO ORDERED.

Dated: **September 28, 2015**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE