# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>KENT SPJUTE, et al,<br><br>　　　　　Defendants | CASE NO. 1:07-CV-0620 AWI EPG<br><br>**ORDER RE: MOTION FOR RECONSIDERATION**<br><br><br>**(Doc. 360)** |

## I. History

The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with United States. Current Defendants Kent Spjute, Jean Nole, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents. Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence. The search was carried out by Defendants on June 8, 2006. Their actions in executing the search warrant forms the basis for the claims in this suit. The only active causes of action left in this suit are Fourth Amendment excessive force and violation of bodily privacy claims. Plaintiffs allege that they have suffered and continue to suffer emotional distress.

This case was originally filed in 2007 but was stayed in 2008 pending resolution of a related criminal case. The stay was lifted in 2012. Discovery was undertaken in 2014 with a trial to be held in December of that year. Unfortunately, the last two trial dates have been vacated due to the court's schedule. Plaintiffs made a motion for non-expert discovery to be reopened. Doc. 219. Magistrate Judge Gary Austin denied that motion. Doc. 313. Plaintiffs have now made a

motion for reconsideration. Doc. 360. Defendants oppose the motion. Doc. 362. Plaintiffs have filed a reply. Doc. 364.

## II. Legal Standards

Federal Rules of Civil Procedure 72(a) gives Magistrate Judges the authority to hear and decide nondispositive pre-trial matters. Fed. R. Civ. Proc. 72(a). Title 28 U.S.C. §636(b)(1)(A) states "A judge of the court may reconsider any pretrial matter under this subparagraph(A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The court must give deference to a nondispositive order entered by a magistrate judge unless the order is "clearly erroneous or contrary to law." Grimes v. City and County of San Francisco, 951 F. 2d 236, 241 (9th Cir. 1991). Additionally, "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

## III. Analysis

Judge Austin denied Shelly Ioane's request to extend the non-expert discovery deadline. Doc. 313. Michael Ioane now seeks reconsideration of that order to depose Defendants Jean Nole, Brian Applegate, and Jeff Hodges. Doc. 360, 1:25-28. He explains that during the discovery window "Plaintiffs neglected to serve deposition notices having been preoccupied with preliminary interrogatories and document requests." Doc. 360, 10:10-13. Defendants point out that the depositions are a new request that was not presented to Judge Austin as Plaintiffs did not initially describe what additional discovery they were seeking. Doc. 362, 4:7-9.

Michael Ioane argues that the initial period for discovery was unreasonably short. Doc. 360, 8:11-24. The scheduling conference order was issued December 5, 2013 and set the non-expert discovery deadline as April 4, 2014 with trial set for December 16, 2014. Doc. 174. Michael Ioane objects that "Plaintiffs were not aware of the rule that all discovery had to be served

2

1   more than 30 days before the cutoff" which effectively only gave them four months for discovery.
2   Doc. 360, 10:6-8.  While Plaintiffs are pro se, they "must follow the same rules of procedure that
3   govern other litigants." Jacobs v. Woodford, 592 Fed. Appx. 618, 618 (9th Cir. 2015), quoting
4   King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  It is the standard rule that "discovery requests
5   must be served at least 30 days prior to the discovery deadline." Miller v. Rufion, 2010 WL
6   4137278, *1 (E.D. Cal. Oct. 19, 2010).  Plaintiffs are held to that rule.  Moreover, this is not a
7   factually complicated case.  Four or five months is a reasonable period for discovery for this type
8   of claim. See e.g. Bonner v. Smyre, 2015 U.S. Dist. LEXIS 9202, *5-6 (S.D. Ga. Jan. 27, 2015)
9   (four months); Hardee v. City of New York, 2014 U.S. Dist. LEXIS 113024, *9 (S.D.N.Y. Aug.
10  14, 2014) (five months); Njos v. Argueta, 2014 U.S. Dist. LEXIS 56713, *13 (M.D. Pa. Apr. 23,
11  2014) (four months); Giordano v. Murano-Nix, 2014 U.S. Dist. LEXIS 1861, *2-3 n.4 (E.D. Pa.
12  Jan. 7, 2014) (four months); L.A., Tony Sisneros v. City of Albuquerque, 2013 U.S. Dist. LEXIS
13  187686, *4-5 (D.N.M. Nov. 7, 2013) (five months); Macdonald v. Metro. Transit Sys., 2013 U.S.
14  Dist. LEXIS 62184, *9 (S.D. Cal. Apr. 30, 2013) (four months).

15  Michael Ioane also states "I have contacted outside counsel about taking on this case and
16  doing discovery necessary for trial. Counsel is unwilling to come into the action with discovery
17  closed.  However, I have the agreement of counsel that if discovery is re-opened, he will take the
18  depositions of the defendant and discuss with my wife and myself substitution into the case as trial
19  counsel." Doc. 360, 15:9-16.  He has cited to some precedent that permitted reopening discovery
20  when a pro se litigant found counsel to substitute into the case. See Draper v. Rosario, 2013 U.S.
21  Dist. LEXIS 169493, *7 (E.D. Cal. Nov. 26, 2013) ("Generally, the arrival of new counsel does
22  not entitle parties to conduct additional discovery....This rule is sometimes relaxed when, as here,
23  pro bono counsel have agreed to represent pro se plaintiffs after the discovery deadlines have
24  closed"); Calloway v. Scribner, 2014 U.S. Dist. LEXIS 42354, *9-10 (E.D. Cal. Mar. 27, 2014).
25  Those cases are distinguishable as Plaintiffs in this case have not secured counsel to represent
26  them.  They have discussed the case with potential counsel but have no firm commitment for
27  representation.

28  Michael Ioane also argues that newly discovered evidence justifies additional discovery:

3

"after the discovery cutoff, the Defendants provided declarations in support of a motion for summary judgment which provided new facts.  Also, just recently, long after the discovery cutoff, Defendants finally provided Michael Ioane with a copy of a video of the search on dvd which elicited new information." Doc. 360, 7:9-15.  Michael Ioane does not explain what specific new information was provided which would justify allowing late depositions of Defendants.  He does not describe how this was information that he was unable to explore during the discovery window.

### IV. Order

Plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   November 20, 2015                        _____
                                                  SENIOR  DISTRICT  JUDGE