CAROLINE D. CIRAOLO
Acting Assistant Attorney General

G. PATRICK JENNINGS
AARON M. BAILEY
YEN JEANNETTE TRAN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6648 (v)
(202) 616-3164 (v)
(202) 616-3366 (v)
(202) 307-0054 (f)
Guy.P.Jennings@usdoj.gov
Aaron.M.Bailey@usdoj.gov
Y.Jeannette.Tran@usdoj.gov

*Of Counsel:*
BENJAMIN B. WAGNER
United States Attorney
Eastern District of California

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, MICHAEL S. IOANE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KENT SPJUTE, ET AL., <br><br> Defendants. | Case No. 1:07-cv-00620-AWI-GSA <br><br> NOTICE OF MOTION, MOTION FOR LEAVE AND MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> Judge: Anthony W. Ishii <br> Time: 1:30 p.m. <br> Place: Courtroom 2 |

PLEASE TAKE NOTICE that counsel for Defendant Jean Noll will bring the above-captioned motion for hearing before the Honorable Anthony W. Ishii, United States District Judge, in Courtroom 2 of the United States Courthouse located at 2500 Tulare Street, Fresno,

California, Monday, April 4, 2016 at 1:30 p.m. or as soon thereafter as may be heard. The Defendant requests leave to bring this motion at this time for the reasons that follow:

A qualified immunity defense may be raised and require dismissal of a claim or suit at any time prior to trial, whether on motion under Rule 12 or 56. *See, .e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 808 (1982). Thus, "when the complaint fails to allege a violation of clearly established law or when discovery fails to uncover evidence sufficient to create a genuine issue whether the defendant committed such a violation, [the qualified immunity doctrine] provides the defendant with an immunity from the burdens of trial as well as a defense to liability. *Johnson v. Fankell*, 520 U.S. 911, 915 (1997). Indeed, "because the entitlement is an immunity from suit rather than a mere defense to liability, *we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation*. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citations and quotations omitted, emphasis added).

Defendant Noll seeks a ruling on the issue of qualified immunity as to the only apparent allegation against her, specifically, that she violated Plaintiff Shelly Ioane's Fourth Amendment privacy rights. This issue was previously raised in the Defendants' Motion to Dismiss or Alternatively for Summary Judgment. Rec. Doc. 131. The Court granted this motion in part, dismissing all claims but the Second Cause of Action, for excessive force and invasion of privacy under the Fourth Amendment. Rec. Doc. 163 at p.12. This claim, as set forth in the Second Amended Complaint, remain the operative allegations still to be litigated in this matter. Importantly, the Court has not rendered a final ruling on the Defendant's qualified immunity defense as to the "privacy violation" allegations. *See* Rec. Doc. 61 at p.11 (citing a lack of sufficient information at the time). The record is now sufficient to enter a final ruling on this

issue.  Disposing of this claim will not only narrow the issues for trial, but also, in accord with the imperative voiced by the *Hunter* court, eliminate the needless inclusion of Defendant Noll.[1]

      Dated this 26th day of February, 2016.

    Respectfully submitted,

    CAROLINE D. CIRAOLO
    Acting Assistant Attorney General

    */s/ Aaron M. Bailey*
    AARON M. BAILEY
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 683
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 616-3164

    *Of Counsel:*
    BENJAMIN B. WAGNER
    United States Attorney
    Eastern District of California

    *Attorneys for the Federal Defendants*

---

[1]  A finding of qualified immunity will leave two defendants and one claim (excessive force) for trial.  It is noteworthy that this claim (and the defendants) is severable from the invasion of privacy claim.  Thus, regardless of whether an appeal would be taken on the claim against Defendant Noll, trial may proceed on the excessive force claim.

3

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing was made on this 26th day of February, 2016, by sending copies thereof by United States Mail, postage prepaid, addressed to:

Shelly J. Ioane
257 East Bellevue Road #188
Atwater, CA 95301

Michael S. Ioane
#64460-097
TAFT CORRECTIONAL INSTITUTION
P.O. Box 7001
Taft, California 93268

/s/ Aaron Bailey
AARON BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice