Mike Ioane
64460-097
P.O. Box 7001
Taft, CA 93268
Plaintiff in Pro per



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
(FRESNO)

| | |
|---|---|
| GLEN HALLIDAY, ET AL., PLAINTIFFS, V. KENT SPJUTE, ET AL., DEFENDANTS. | CASE NO. 1:07-CV-00620-AWI OPPOSITION TO GOVERNMENT'S/ DEFENDANT'S MOTION FOR A LEAVE AND MOTION FOR PARTIAL SUMMARY JUDGMENT |

COMES NOW, Plaintiff, MICHAEL IOANE and SHELLY IOANE and oppose the Governments/Defendant's Motion for Leave and Motion for Partial Summary Judgment.

The Opposition is based on the following:

The governments motion seeks a reconsideration of this court's prior orders denying summary Judgment. However Defendant's and the government have not provided this court with a shred of

new evidence, new law, new facts or any unusual circumstances warranting reconsideration.

Additionally, Government Attorney G. Patrick Jennings has failed to comply with Local Rules, specifically, Rule 230(j) (Previously 230(k)).

## Legal standard

"Reconsideration is appropriate if the district Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) If there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County V. Acards, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted. To Succeed, a party must set forth facts or law of a strong convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

The Government/Defendant's Motion for leave to file Motion for Partial Summary Judgment must be denied.

## Argument

The Government Attorney C. Patrick Jennings has carefully avoided using the word "reconsideration" in the Motion for Leave to file Partial Summary Judgment. In an attempt to circumvent Local Rule 230(J) and mislead the court. This is the fourth time the Government/Defendants have moved for either Summary Judgment or motion to dismiss alternatively Summary Judgment. Three times this court has denied the request.

This motion is an abuse of process and done for the sole purpose of harrassing the plaintiffs and this Court.

Local Rule 230(J) requires that; Counsel shall present an affidavit setting forth the material facts and circumstances surrounding the subsequent motion including the following:

(1) When and to what Judge the prior motion was made;

(2) What ruling, decision or order was made thereon;

(3) <u>What new or different facts or circumstances are claimed to exist or did not exist or where</u>

not shown on such prior motion or what other grounds exist for the motion;

(4) why the facts or circumstances where not shown at the time of the prior motion.

There is no such declaration from counsel because there are no new facts or changed circumstances. This Court MUST THEREFORE DENY THE MOTION.

If Mr. Jennings is going to practice in this district court he is expected to know the Local Rules and comply with them or he should not be permitted to appear in this Court pro hoc vice.

"A Motion for Reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals v. Mucos Pharma GmbH, 571 F.3d 873, 880, (9th Cir 2009).

The Government/Defendants failed to set forth any facts or law of a "strongly convincing nature" in its motion for reconsideration

Therefore the Motion for Leave to File Motion for Partial Summary Judgment should be denied.

However, in the unusual event that the Court would entertain a motion filed in blantant disregard of the Court's Local Rules Plaintiff will submit a timely Opposition after receiving the Court's Order.

This case involves highly unusual circumstances of federal agents using excessive force and invading the bodily privacy of a woman who was not subject of the investigation, not arrested and who has never been charged with a crime. There are no cases on point, (presumably because most federal agents have the common sense and decency to refrain from engaging in such outrageous conduct.). As this Court has ruled multiple times before this case must be decided by a jury who will determine the appropriate damages to be awarded to Plaintiff.

Dated: March 14, 2016

By: /s/ Mileloani
Michael Ioane, Plaintiff

By: /s/
Shelly Ioane, Plaintiff

# CERTIFICATE OF SERVICE

I, **Michael Ioane** hereby certify that I have served a true and correct copy of the following: **Opposition to Government/Defendant's motion for Leave and motion for Partial summary Judgment**

Which is deemed filed at the time it was deposited in Taft Correctional Institution's internal mail system, since TCI has no separate system designed for legal mail, in accordance with Rule 4, Federal Rules of Appellate Procedure and Houston V. Lack, 108 S. Ct. 2379 (1988), by placing same in a sealed, first class postage prepaid envelope addressed to: **G Patrick Jennings c/o Dept of Justice, P.O. Box 683, Washington, D.C. 20044**

and depositing same in the institution mail box at Taft Correctional Institution at Taft, California.

I declare, under penalty of perjury (Title 28 U.S.C. 1746), That the foregoing is true and correct.

Dated this **14** day of **March**, **2016**.

_Mike Ioane_