# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL IOANE, et al,** | **CASE NO. 1:07-CV-0620 AWI EPG** |
| Plaintiffs | **ORDER RE: MOTION TO BIFURCATE TRIAL OR TO CONTINUE THE TRIAL DATE** |
| v. | |
| **KENT SPJUTE, et al,** | **(Doc. 372)** |
| Defendants | |

This case stems from allegations that Defendants acted improperly in executing a search warrant on Plaintiffs' home, violating Plaintiffs' constitutional rights. Part of Plaintiffs' claim is that Defendants' actions caused mental suffering. Defendants' expert Dr. Ricardo Winkel completed psychological examinations of both Plaintiffs, produced an expert report, and is expected to testify at trial regarding Plaintiffs' mental state. The trial in this case is set to begin June 7, 2016. Due to a family matter that has recently arisen, Dr. Winkel will be out of the country at a memorial service from June 8 to June 20, 2016. Defendants have made a motion to bifurcate the trial into liability and damages phases or to continue the trial date; Defendants specify that they seek to retain the same jury for both phases of the trial. Doc. 372. Plaintiffs consent to a postponement of the trial but oppose bifurcation. Doc. 376. Before Dr. Winkel's scheduling conflicts arose, Defendants had made a prior motion to bifurcate, arguing it would be efficient and avoid the possibility of damages testimony prejudicing the liability determination. Doc. 284. Magistrate Judge Gary Austin denied the motion. Doc. 312.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. Rule Civ. Proc. 42(b). Bifurcating a trial into liability and damages phases is not uncommon. See, e.g. Boone v. Los Angeles, 522 Fed. Appx. 402, 403 (9th Cir. 2013); M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005); Hill v. Clark, 2016 U.S.

Dist. LEXIS 23366, *11 (E.D. Cal. 2016); Fahmy v. Jay-Z, 2016 U.S. Dist. LEXIS 12342, *13 n.2 (C.D. Cal. 2016); Petersen v. Costco Wholesale Co., 2016 U.S. Dist. LEXIS 9030, *46-47 (C.D. Cal. 2016). As liability is a dispositive issue, a verdict in the first phase could "obviate[] the need" for the second phase which "properly serve[s] the goals of Rule 42(b)." Allstate Ins. Co. v. Breeden, 410 Fed. Appx. 6, 9 (9th Cir. 2010).

Defendants again argue that bifurcation would be efficient and avoid the possibility of damages testimony prejudicing the liability determination. The new factor to be considered is the unavailability of Dr. Winkel. In this case, Plaintiffs' damages are solely based on mental suffering. Plaintiffs do not assert any physical injuries and their claims for economic damages were dismissed. Dr. Winkel's testimony is central to Defendants' case on this point.

Plaintiffs argue that presentation of the entire case, liability and damages, is likely to take less than a week so there would be little time savings in bifurcating the trial. Further Plaintiffs point out logistical concerns weighing against phasing. Plaintiff Michael Ioane, Sr. is currently incarcerated so having two trials could potentially create problems with transportation and his housing. Arranging to bring back the same jury for a second phase may also be difficult to schedule.

In this case, the drawbacks of bifurcation outweigh the benefits. The entire case, liability and damages, is expected to be short. Given Dr. Winkel's schedule, the second phase would have to take place several weeks after the first phase; the jury would not be able to immediately start the second phase of trial immediately after the first. Continuing the trial until a time when all witnesses are available is the preferable option.

The trial date of June 7, 2016 is VACATED. The pretrial conference is to be held on April 4, 2016. At that time, the parties are expected to be familiar with their own schedules and prepared to set a new date for trial.

IT IS SO ORDERED.

Dated:   March 31, 2016                        _____
                                                SENIOR DISTRICT JUDGE

2