# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL IOANE, et al,** | **CASE NO. 1:07-CV-0620 AWI EPG** |
| **Plaintiffs** | **ORDER RE: DEFENDANTS' MOTION TO BIFURCATE, OR IN THE ALTERNATIVE, TO SEVER** |
| **v.** | |
| **KENT SPJUTE, et al,** | |
| **Defendants** | |

The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA.  They are a married couple involved in tax disputes with the United States. Kent Spjute, Jean Noll, Jeff Hodges, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents").  Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence to collect records related to taxation.  The search was carried out by the Federal Agents on June 8, 2006.  This search forms the basis for the claims in this suit.

Michael Ioane Sr. and Shelly Ioane, together with former plaintiffs Glen Halliday, Ashley Ioane, and Michael Ioane Jr., filed suit against the Federal Agents and the United States on April 20, 2007 and a First Amended Complaint shortly thereafter. Docs. 1 and 39.  The case was stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud conspiracy, based in part on the evidence seized during the search. Crim. Case. No. 09-0142 LJO.  Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial.  He appealed the conviction, but it was affirmed.  Michael Ioane Sr. has filed a habeas corpus petition under 28 U.S.C. § 2255.  In the meantime, the stay was lifted in this case. Doc. 107.

Plaintiffs Michael Ioane Sr. and Shelly Ioane originally pursued several causes of action against the United States and the Federal Agents.  Through several rounds of motions, the only claims left are Fourth Amendment excessive force claims against Defendants Hodge and Applegate and Fourth Amendment violation of bodily privacy claims against Defendant Noll. Specifically, Plaintiffs allege that Defendants Hodge and Applegate pointed guns at the heads of Plaintiffs and that Defendant Noll insisted upon entering the restroom with Plaintiff Shelly Ioane to witness her relieve herself.

In the last summary judgment motion, Defendant Noll sought qualified immunity for her actions in monitoring Plaintiff Shelly Ioane. Doc. 369.  Qualified immunity was denied. Doc. 384. In response, Defendant Noll filed a notice of appeal to the Ninth Circuit. Doc. 394.  Defendants then filed a motion to bifurcate the claims against Defendant Noll from the claims against Defendants Hodge and Applegate, or in the alternative, to sever the claims. Doc. 398.  Plaintiffs oppose the motion. Doc. 401.

**II. Legal Standard**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. Rule Civ. Proc. 42(b).  This rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002).  "Courts may consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties. The party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." Aoki v. Gilbert, 2015 U.S. Dist. LEXIS 131828, *14 (E.D. Cal. Sept. 28, 2015), citations omitted.

Federal Rules of Civil Procedure 21 allows a court to "sever any claim against a party." Generally, "[a] court considers the same factors relevant to severance under Rule 21 in deciding

whether to bifurcate under Rule 42(b)." <u>Anticancer, Inc. v. Pfizer Inc.</u>, 2012 U.S. Dist. LEXIS 40979, *4 (S.D. Cal. Mar. 26, 2012), citing <u>Morris v. Northrop Grumman Corp.</u>, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).  "The difference between severance under Rule 21 and separation under Rule 42(b) is that severance results in separate and independent actions with separate final judgments, whereas separation does not." <u>Brophy v. Day & Zimmermann Hawthorne Corp.</u>, 2012 U.S. Dist. LEXIS 33955, *4 n.2 (D. Nev. 2012), citing 4 James Wm. Moore et al., Moore's Federal Practice § 21.06[1] (3d ed. 2011).

### III. Discussion

The significance of bifurcation in this case is that doing so would allow the excessive force claims to go to trial on the currently scheduled trial date of September 7, 2016.  Defendant Noll has appealed as a matter of right the denial of qualified immunity.  That appeal prevents the whole case from moving forward to trial at this time.

In opposition to this motion, Plaintiffs reject this contention.  They argue that Defendants' appeal on the question of qualified immunity is based on issues of fact rather than issues of law which render it unfit for interlocutory appeal. Doc. 401, at 2.  The Ninth Circuit has stated "we have jurisdiction over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law given the undisputed facts, while we do not have jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts." <u>Knox v. Southwest Airlines</u>, 124 F.3d 1103, 1107 (9th Cir. 1997).  Plaintiffs assert that the appeal is frivolous and should be subject to the <u>Chuman</u> rule: "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial. In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." <u>Chuman v. Wright</u>, 960 F.2d 104, 105 (9th Cir. 1992).  Thus, Plaintiffs assert that there is no need to bifurcate as the all the claims in this case may proceed to trial on September 7, 2016.

Defendants assert that "[t]he Noll appeal is not frivolous and is not based on insufficiency

of evidence or disputed facts.....For purposes of this appeal only, defendant Noll accepts as true all of the facts alleged by Shelly Ioane in the second amended complaint and in the portions of her deposition attached to the motion for summary judgment. The only issues on appeal will be whether those facts, as a matter of law, (1) constituted a violation of a constitutional right to bodily privacy and (2) violated law that was sufficiently clearly established to put a reasonable official on notice that the conduct complained of violated such a constitutional right." Doc. 404, 3:1-20.  The appeal fits within what is permitted, and the law is not so clear cut as to render it frivolous.  Based on the representations of the parties, there is no basis for finding that this court retains jurisdiction over the claims against Defendant Noll nor is there a basis for invoking Chuman certification.

As an initial matter, Plaintiffs assert that this issue has already been ruled upon by the court.  Plaintiffs note that Defendants have requested bifurcation in two prior motions, both of which were denied.  However, the prior motions involved requests to phase the liability and damages portions of the trial. See Docs. 284 and 372.  Defendants had never asked to separate the claim against Defendants Hodge and Applegate (excessive force) from the claim against Defendant Noll (violation of bodily privacy).  The prior orders denying the requests to bifurcate do not address the issue at bar. Docs. 312 and 379.  The relevant factors, "whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties" (Aoki v. Gilbert, 2015 U.S. Dist. LEXIS 131828, *14 (E.D. Cal. Sept. 28, 2015)), have never been examined in this case.

**A. Separability of Claims**

The excessive force claims arise from allegations that Defendants Hodge and Applegate pointed their firearms at Plaintiffs in an unreasonable manner when they first entered Plaintiffs' residence to execute the search warrant.  The violation of bodily privacy claim arises from a separate set of actions by Defendant Noll in monitoring Plaintiff Shelly Ioane in the bathroom a significant while later.  The warrant itself is not being challenged as part of this suit.  While they share general background facts (the warrant and reason the Federal Agents were at Plaintiffs' residence) the specific facts in dispute are different for the two sets of claims.  The claims appear

1   to be readily separable.

2

3   **B. Convenience and Judicial Economy**

4   As a general rule, holding multiple trials when claims could be consolidated in one trial is

5   not conducive to judicial economy. See <u>Thomas v. Wilber</u>, 2015 U.S. Dist. LEXIS 100549, *6

6   (E.D. Cal. July 31, 2015) ("it is not convenient, expeditious, or economical to conduct two jury

7   trials on three claims arising from two incidents, none of which is legally or factually complex");

8   <u>Knight v. City of Sacramento Police Dep't</u>, 2014 U.S. Dist. LEXIS 65235, *9 (E.D. Cal. May 9,

9   2014) ("the interest of judicial economy cuts strongly in favor of holding a joint trial: holding nine

10  separate trials would not only be substantially burdensome on the Court's calendar, but would also

11  likely result in the repeated presentation of identical evidence against Defendant City at each

12  trial").  Judicial economy in bifurcation is achieved when an earlier trial deals with a dispositive

13  matter which may moot the necessity of a later trial. See, e.g. <u>Drennan v. Md. Cas. Co.</u>, 366 F.

14  Supp. 2d 1002, 1007 (D. Nev. 2005) ("Bifurcation is particularly appropriate when resolution of a

15  single claim or issue could be dispositive of the entire case"); <u>Atencio v. Arpaio</u>, 2013 U.S. Dist.

16  LEXIS 137783, *11-12 (D. Ariz. Sept. 24, 2013).  Alternatively, extreme length may also justify

17  separate trials. See <u>United States v. Baker</u>, 10 F.3d 1374, 1389 (9th Cir. 1993) (in a case involving

18  24 initial defendants in a 44 count indictment covering an 11 year period of criminal activity

19  which ultimately culminated in a 16 month trial, the court stated "Where trials of this magnitude

20  are involved, judicial economy will often be better served by severance").  Neither of these

21  situations arises in this case.  Bifurcation would not serve judicial economy.

22

23  **C. Risk of Jury Confusion**

24  Defendants assert "there is a significant risk of jury confusion if the excessive force claim

25  is tried with the bodily privacy claim because: the jury may confuse the evidence and the law on

26  these two distinct and separate claims." Doc. 398-1, 4:9-11.  Though excessive force and bodily

27  privacy are different claims, there is no special risk that a jury would confuse the law between

28  them. See <u>Kimbro v. Miranda</u>, 2015 U.S. Dist. LEXIS 157412, *7-8 (E.D. Cal. Nov. 20, 2015) (in

a Section 1983 case based on denial of medication and excessive force against two distinct sets of defendants, the court stated "Given that Plaintiff's remaining claims arising from two incidents are neither legally nor factually complex, the Court finds that any risk of prejudice due to jury confusion or conflation of issues is purely speculative. Further, any risk of confusion or conflation is readily ameliorated through jury instructions and separate verdict forms"); cf. <u>Brophy v. Day & Zimmermann Hawthorne Corp.</u>, 2012 U.S. Dist. LEXIS 33955, *6-7 (D. Nev. Mar. 14, 2012) (no juror confusion when asked to consider different kinds of employment discrimination, namely race, gender, and pregnancy).

**D. Prejudice**

Ultimately, the main argument presented by Defendants is that bifurcation "is necessary to avoid prejudice against Defendants Hodge and Applegate by any further delay in the litigation." Doc. 398-1, 7:16-18.  "[P]rejudice...may simply amount to unfair delay of the final disposition of the matter." <u>Aoki v. Gilbert</u>, 2015 U.S. Dist. LEXIS 131828, *19 (E.D. Cal. Sept. 28, 2015), quoting <u>Willemijn HoudstermaatschaapijBV v. Apollo Computer Inc.</u>, 707 F. Supp. 1429, 1435 (D. Del. 1989).  As disputed events recede into the distant past, prejudice also arises from the difficulty of presenting all percipient witnesses. See <u>Citizens Utilities Co. v. American Tel. & Tel. Co.</u>, 595 F.2d 1171, 1174 (9th Cir. 1979) (prejudice in delay where case was16 years old and dealing with events that took place 25-30 years ago as "Numerous witnesses have died; memories have faded"); <u>Nolan v. City of Los Angeles</u>, 2014 U.S. Dist. LEXIS 2256, *23 (C.D. Cal. Jan. 28, 2014) ("There is little doubt that the requested continuance will prejudice the City. The case is already very old, and involved events that occurred between 8 and 13 years ago").  Plaintiffs do point out that Defendant Noll is the cause of the delay in this circumstance. Doc. 401, at 4. However, given that this case deals with events that took place a decade ago, the prejudice of delay must be given significant weight regardless of its source.

Though there is no gain in judicial efficiency and no special risk of jury confusion, the prejudice of delay together with the clear separability of the claims justify bifurcating this case to allow the excessive force claims to move forward to trial.

**IV. Order**

Defendants' motion is GRANTED.

The excessive force claims against Defendants Hodges and Applegate and the violation of bodily privacy claim against Defendant Noll are to be tried separately per Federal Rule of Civil Procedure 42(b).  The excessive force claims will proceed to trial on September 7, 2016; the existing schedule and deadlines remain in effect for those claims.  The violation of bodily privacy claim awaits a ruling from the Ninth Circuit; the trial date, existing schedule, and deadlines for that claim are vacated.

IT IS SO ORDERED.

Dated:   July 19, 2016

_____
SENIOR  DISTRICT  JUDGE