UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al, | CASE NO. 1:07-CV-0620 AWI EPG |
| **Plaintiffs** | ORDER RE: MOTIONS IN LIMINE |
| v. | |
| KENT SPJUTE, et al, | (Docs. 406, 409, and 411) |
| **Defendants** | |

## I. History

The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA.  They are a married couple involved in tax disputes with the United States. Kent Spjute, Jean Noll, Jeff Hodge, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents").  Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence to collect records related to Steven and Louise Booth, to whom Michael Ioane Sr. provided tax consulting services.  The search was carried out by the Federal Agents on June 8, 2006.  This search forms the basis for the claims in this suit.

Michael Ioane Sr. and Shelly Ioane, together with former plaintiffs Glen Halliday, Ashley Ioane, and Michael Ioane Jr., filed suit against the Federal Agents and the United States on April 20, 2007 and a First Amended Complaint shortly thereafter. Docs. 1 and 39.  The case was stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud conspiracy, based in part on the evidence seized during the search. Crim. Case. No. 09-0142 LJO.  Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial.  He appealed the conviction, but it was

1   affirmed.  Michael Ioane Sr. has filed a habeas corpus petition under 28 U.S.C. § 2255.  In the

2   meantime, the stay was lifted in this case. Doc. 107.

3         Plaintiffs Michael Ioane Sr. and Shelly Ioane originally pursued several causes of action

4   against the United States and the Federal Agents.  Through several rounds of motions, the only

5   claims left are Fourth Amendment excessive force claims against Defendants Hodge and

6   Applegate and Fourth Amendment violation of bodily privacy claims against Defendant Noll.

7   Specifically, Plaintiffs allege that Defendants Hodge and Applegate pointed guns at the heads of

8   Plaintiffs and that Defendant Noll insisted upon entering the restroom with Plaintiff Shelly Ioane

9   to witness her relieve herself.

10         This case has been bifurcated.  The bodily privacy claims against Defendant Noll are on

11   appeal with the Ninth Circuit.  The upcoming trial will only deal with the excessive force claims

12   against Defendants Hodge and Applegate.  Plaintiffs filed eleven timely motions in limine

13   ("MILs") and three untimely MILs. Docs. 409 and 411.  Defendants filed twelve MILs. Doc. 406.

14   A hearing on the MILs was held on August 22, 2016.

15

16                          **II. Legal Standards**

17         Motions in limine may be "made before or during trial, to exclude anticipated prejudicial

18   evidence before the evidence is actually offered." <u>Luce v. United States</u>, 469 U.S. 38, 40 n.2

19   (1984).  Fed. Rule Evid. 403 states generally that, "The court may exclude relevant evidence if its

20   probative value is substantially outweighed by a danger of one or more of the following: unfair

21   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

22   presenting cumulative evidence."  "Although the Federal Rules of Evidence do not explicitly

23   authorize in limine rulings, the practice has developed pursuant to the district court's inherent

24   authority to manage the course of trials." <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984). The

25   parties must abide by the court's rulings but may ask for reconsideration as trial progresses.  "[A]

26   ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the

27   discretion of the district court. The district court may change its ruling at trial because testimony

28   may bring facts to the district court's attention that it did not anticipate at the time of its initial

1  ruling." United States v. Bensimon, 172 F.3d 1121, 1127 (9th Cir. 1999), citing Luce v. United

2  States, 469 U.S. 38, 41-42 (1984).

3

4                                    **III. Analysis**

5  **Plaintiffs' MIL 1** – Excluding testimony, exhibits, or the reference to order imposing sanctions of

6  pre-filing review and order dismissing action; OSC re pre-filing order U.S.D.C. Civil Case No. 99-

7  21119 SW (N.D. Cal. September 26, 2000)(ECF342-3)

8          Plaintiffs seek to exclude any reference to the finding that they were vexatious litigants in

9  the case Ioane v. Sheriff of Santa Clara County, N.D. Civ. Case No. 99-21119. Doc. 409, 2:8-4:16.

10  Defendants include two orders from that case as exhibits 15 and 16. Doc. 399, 20:14-19.  In that

11  case, Plaintiffs challenged an eviction and foreclosure.  Of note, the Northern District reviewed

12  fifteen prior cases brought by Plaintiffs and determined they were vexatious litigants to be subject

13  to pre-filing review.  Defendants wish to use the vexatious litigant finding to support the assertion

14  that Plaintiffs "have a plan and habit of retaliating against government action with baseless

15  lawsuits, with the improper motive of retaliation." Doc. 415, 2:3-5.  Fed. Rule Evid. 404(b)(2)

16  does allow evidence of other acts to be admitted to demonstrate other purposes, including "motive,

17  opportunity, [or] intent."  However, this provision is subject to a balancing test. United States v.

18  Mayans, 17 F.3d 1174, 1183 (9th Cir. 1994) ("This circuit has specifically incorporated Rule

19  403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry").

20  Misconduct of parties in the prosecution of prior, unrelated litigation is generally excluded. See

21  Hiramanek v. Clark, 2016 U.S. Dist. LEXIS 89657, *6-7 (N.D. Cal. July 8, 2016) ("While an

22  order finding that Mr. Hiramanek has made frivolous filings in the past may be somewhat relevant

23  to plaintiff's reputation for truthfulness, introduction of such an order would likely cause the jury

24  to waste time considering the merits of plaintiff's past acts"); Al-Turki v. Robinson, 2015 U.S.

25  Dist. LEXIS 145608, *20 (D. Colo. Oct. 27, 2015) ("While the fact of Plaintiff's involvement in

26  other unrelated legal proceedings after this time may be relevant to Defendant's theory that

27  Plaintiff was a vexatious litigant, the content of such proceedings is not, and is highly likely to

28  distract the jury and derail the presentation of evidence"); Reddy v. Nuance Communs., Inc., 2015

                                         3

U.S. Dist. LEXIS 102739, *4 (N.D. Cal. Aug. 5, 2015) ("Information regarding Reddy's unrelated

suits and vexatious litigant designations might be relevant to this case, but it would be [] highly

prejudicial. However incredible her previous suits may have been, they do not sufficiently bear on

the circumstances here to warrant the obvious prejudice Reddy will suffer"); McMillan v.

Weathersby, 31 Fed. Appx. 371, 374 (9th Cir. 2002) (noting that the S.D. Cal. trial court made an

"in limine ruling barring reference to McMillan as a 'vexatious litigant'").  Even when the prior

suits are relevant to show a scheme or plan, the potential prejudice is often great enough to warrant

exclusion:

> Although evidence of Mathis's other lawsuits could have been used for the
> forbidden purpose of suggesting that because Mathis had filed frivolous
> discrimination claims in the past, he was likely doing so again in this case, it could
> also have been used (with a proper limiting instruction) to show that Mathis was
> engaged in a plan or scheme to harass Chicago-area car dealerships, and that his
> methods or modus operandi in the prior suits were very similar to the approach he
> employed in this case.... Although both the Second Circuit in Outley and this court
> in Gastineau recognized that the danger of unfair prejudice from a charge of
> litigiousness might be minimized if the defendant could show that the plaintiff had
> a history not merely of filing numerous lawsuits, but of filing fraudulent ones[], the
> merits of Mathis's prior suits were contested here. Managers from the other
> dealerships would have testified that Mathis fabricated the prior claims, but Mathis
> disputed those allegations, and the district court was understandably reluctant to
> plunge into a series of mini-trials on the merits of each of the prior suits.
> Ultimately, the district court was faced with an offer of evidence that had some
> permissible uses but that could also have given rise to the impermissible inference
> that, because Mathis was given to filing frivolous lawsuits, the jury should not
> credit his claims in this suit.

Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001) (upholding the trial court's

decision to exclude past lawsuits).  With respect to the present case, the Northern District case

appears to be wholly unrelated.  Further, Plaintiffs assert that the fifteen prior cases upon which

the Northern District made its determination involved some which were not brought against public

officials. Doc. 409, 3:22-24.  Any relevance is outweighed by the potential prejudice.

Defendants argue that they "do not seek to relitigate those matters but barring any mention

will deny the defendants a primary defense." Doc. 415, 2:5-7.  Defendants may still advance their

theory as to Plaintiffs' motivations.  However, they may not use the Northern District's orders to

support that theory.

Plaintiffs' MIL is granted to exclude the two proposed exhibits and any reference to

Plaintiffs' formal vexatious litigant status.

**Plaintiffs' MIL 2** – Exclude any testimony, exhibits, or reference to the Fruitland Avenue, Atwater property deed and Tax Court memorandum in case Ioane v. Commisioner, T.C. Memo 2009-68 (Tax Court 2009)

Plaintiffs seek to exclude any reference to the ownership of their residence by Acacia Charitable Foundation and a tax court case that discusses the Ioane's own tax liability issues. Doc. 409, 4:17-6:22.  Defendants have listed the deed to the house and a tax court decision as exhibits 13 and 14. Doc. 399, 20:12-13.

First, Defendants argue "The plaintiffs are asserting the right to be free of excessive force in their home. The defendants should be permitted to show that the plaintiffs were concealing their interest in the home, in order to evade tax collection." Doc. 415, 2:21-24.  It is undisputed that 1521 Fruitland Ave. was the Plaintiffs' residence.  Whether Plaintiffs owned the home or rented it is completely immaterial in determining if Defendants used excessive force in executing the search warrant.

Second, Defendants argue the Tax Court specifically stated "Mr. Ioane's testimony as evasive and unbelievable"; they wish for this court to "take judicial notice of the contents of the published decisions, and to admit them as relevant to plaintiffs' credibility and probative of their truthfulness, and therefore admissible pursuant to Rule 608(b)." Doc. 406-9, 1:26-2:18. Additionally, Defendants state that the case revealed that "The Ioanes used other identities at this home to try to avoid discovery by the IRS. Use of a false identity supports an adverse credibility finding." Doc. 406-9, 3:2-5.   Defendants cite to an Eastern District of New York case for support:

> courts in this Circuit have consistently permitted cross-examination regarding a witness's failure to pay income taxes pursuant to Rule 608(b). In United States v. Beridze, the Second Circuit found no error in a prosecutor's cross-examination of a witness regarding his failure to pay taxes because such questions were 'probative of his character for truthfulness' and permissible under Rule 608(b)). 415 Fed. Appx. 320, 328 (2d Cir. 2011). Moreover, the court does not find that undue prejudice will result from any such inquiry into plaintiff's past failure to pay income taxes.

> Accordingly, the court grants defendants' motion in limine and will permit defendants to cross-examine plaintiff regarding his self-employment as an unregistered and unlicensed cab driver. In addition, if defendants first establish

1   plaintiff's obligation to pay income taxes, they will be permitted to cross-examine
    plaintiff regarding his failure to pay income taxes at the time of the incident.

2   Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 553 (E.D.N.Y. 2011).  However, there is no

3   indication from the Eastern District of New York opinion that the court was permitting the

4   introduction of any outside documents to substantiate the argument.  Indeed, Fed. Rule Evid.

5   608(b), which Defendants cite as the basis of admissibility, states "Except for a criminal

6   conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a

7   witness's conduct in order to attack or support the witness's character for truthfulness. But the

8   court may, on cross-examination, allow them to be inquired into if they are probative of the

9   character for truthfulness or untruthfulnes of ...the witness."

10          "Generally, prior civil judgments are considered inadmissible hearsay.  Thus, neither party

11  may introduce the tax court opinion as substantive proof of the matters concluded therein."

12  Wolkowitz v. Lerner, 2008 U.S. Dist. LEXIS 34698, *16-17 (C.D. Cal. Apr. 21, 2008) (discussing

13  use of the findings of the Tax Court which were non-preclusive), citing United States v. Boulware,

14  384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment is therefore hearsay to the extent that it is

15  offered to prove the truth of the matters asserted in the judgment. A prior judgment is not hearsay,

16  however, to the extent that it is offered as legally operative verbal conduct that determined the

17  rights and duties of the parties"); United States v. Sine, 493 F.3d 1021, 1036 (9th Cir. 2007)

18  ("judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a

19  specific hearsay exception exists").

20          Third, Defendants state "The Tax Court Decision explains what Acacia Charitable

21  Foundation is, and shows the profitable nature of the Ioane criminal enterprise.  Defendants argue

22  that the cause of plaintiffs' distress, if any, is the conviction and the loss of the criminal

23  enterprise." Doc. 415, 2:25-28.  Defendants are free to make their argument about the source of

24  Plaintiffs' emotional distress, but may not use the findings of the Tax Court as evidence to bolster

25  their position.

26          Plaintiffs' MIL is granted to exclude the two proposed exhibits and any reference to them.

27

28  **Plaintiffs' MIL 3** – Exclude any reference to complaint in Booth v. Spjute, U.S.D.C. E.D. Cal.

1  Case No. 1:07-cv-0609 LJO, testimony, or exhibits

2          Plaintiffs seek to exclude any reference to the case Booth v. Spjute, E.D. Cal. Civ. Case

3  No. 07-0609. Doc. 409, 6:24-7:28.  Defendants include the original complaint in that case as

4  exhibit 12. Doc. 399, 20:11. That case involved the execution of search warrants on two properties

5  of Steven and Louise Booth.  It appears that the exact same Federal Agents executed the searches

6  in both Ioane v. Spjute and Booth v. Spjute.  In the other case, the Booths ultimately stipulated to

7  dismissing their claims with prejudice.  Plaintiffs argue that the search in that case is irrelevant to

8  the question of excessive force in this case. Doc. 409, 6-17.  Defendants argue that the other case

9  involved "the nearly-identical complaint in an excessive force case brought by an Ioane client."

10  Doc. 415, 3:7-8.  However, review of both the original complaint and the first amended complaint

11  does not reveal any allegations of excessive force; the claims were based on allegations of

12  defective warrants, deprivation of property without due process, infringement of First Amendment

13  rights, and unlawful disclosure of tax information. See E.D. Cal. Civ. Case No. 07-0609, Docs. 1

14  and 46.  In contrast, this case has involved allegations of excessive force from the original

15  complaint. Doc. 1, 3:7-18.  The details of Booth v. Spjute are not relevant to the claims to be

16  presented at trial.

17          Plaintiffs' MIL is granted to exclude the proposed exhibit and any reference to Booth v.

18  Spjute.

19

20  **Plaintiffs' MIL 4** – Exclude any reference to exhibits from criminal case no. 1:09-cr-0142 LJO,

21  summary of Ioane scheme and bills of exchange, testimony, or exhibits 3i-3.1

22          Plaintiffs seek to exclude all exhibits or reference to this case except for the fact of the

23  conviction itself. Doc. 409, 8:1-9:4.  Defendants have listed a summary of the criminal scheme

24  and a fraudulent "bill of exchange" as exhibits 8 and 9. Doc. 399, 20:7-8.  Defendants argue that

25  "(1) the information is admissible under Rule 609(a)(2), without balancing under Rule 403, and

26  (2) beyond showing that Mr. Ioane is untruthful, the facts show that the criminal enterprise was

27  profitable and extensive, and (3) that Ioane schemes have a pattern of deception. The bare

28  admission of the fact of the conviction does not give the defendants a fair chance to support their

7

valid defenses." Doc. 415, 3:17-23.  Michael Ioane Sr. was convicted of one count of conspiracy to defraud the United States under 18 U.S.C. § 371 and several counts of presenting a false or fictitious document purporting to be an actual security or financial instrument of the United States and abets under 18 U.S.C. §§ 541 and 2. E.D. Cal. Crim. Case No. 09-0142, Doc. 138.  "A conviction for fraud and conspiracy to commit fraud under 18 U.S.C. §§ 1341 and 371 is one involving 'dishonesty or false statement' within the meaning of Rule 609(a)(2)." United States v. Phillips, 488 F. Supp. 508, 512 (W.D. Mo. 1980).

   "[T]he scope of inquiry into prior convictions is limited. Absent exceptional circumstances, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the defendant's credibility." United States v. Osazuwa, 564 F.3d 1169, 1175 (9th Cir. 2009), citations omitted.  Fed. Rule Evid. 609(a)(2) permits the admission of a criminal conviction itself, not exhibits in a criminal case.  Attacking credibility through a prior conviction related to a dishonest act or false statement is asserting that a person has a pattern of deception; there is nothing special about Defendants' position.  In terms of showing that Plaintiffs' scheme was profitable, any proffered exhibit must stand on its own to demonstrate that conclusion; the simple fact that it was used in a criminal trial will not bootstrap it in to a civil case.

   Plaintiffs' MIL is granted to exclude the proposed exhibits.  The MIL is denied in all other respects.


**Plaintiffs' MIL 5** – Exclude any reference and documents to United States v. Booth, Case No. 1:09-cv-1689 AWI GSA; depositions or any part thereof from, testimony, or exhibits

   Plaintiffs seek to exclude all exhibits or references to this case which involved certain properties the Booths owned which Michael Ioane Sr. helped to transfer to other parties/entities in sham transactions, trying to keep them from being sold to satisfy the IRS's tax liens against the Booths. Doc. 409, 9:5-10:8.  Defendants have listed the findings of fact and portions of Michael Ioane Sr.'s depositions in that case as exhibits 6 and 7. Doc. 399, 20:5-6.

As stated above, judgments in other cases are hearsay. United States v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment is therefore hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment. A prior judgment is not hearsay, however, to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties"); United States v. Sine, 493 F.3d 1021, 1036 (9th Cir. 2007) ("judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists").  Defendants may inquire into the relationship between the Booths and Plaintiffs to support the contention that any distress was caused by loss of income but may not use the judgment itself.  An alternate source of emotional distress is relevant. See Herbert v. Architect of the Capitol, 920 F. Supp. 2d 33, 39-40 (D.D.C. 2013) ("in light of Plaintiff's anticipated proffer at trial of evidence regarding his alleged emotional damages, evidence that other stress factors in his life (particularly those as objectively taxing as divorce and criminal justice proceedings) were more significant contributors to Plaintiff's emotional pain and suffering than the alleged problems at work, would be highly probative as to Plaintiff's entitlement to recover damages").

"Deposition testimony is ordinarily inadmissible hearsay." Garcia-Martinez v. City & County of Denver, 392 F.3d 1187, 1191 (10th Cir. 2004).  However, an opposing party's statement is an exclusion from the definition of hearsay. Fed. Rule Evid. 801(d)(2).  There is no basis for excluding the deposition of Michael Ioane Sr. subject to an adequate showing of relevance.

Plaintiffs' MIL is granted to exclude use of the findings of fact in United States vs. Booth. The MIL is denied in all other respects.


**Plaintiffs' MIL 6** – Exclude any reference to judgment, indictment, verdict, and decision on appeal in United States v. Ioane, U.S.D.C. E.D. Cal. No. 1:09-cr-0142 LJO

Plaintiffs wish to exclude all references to the conviction and sentence "save and except the bare minimum information necessary to allow impeachment of Mr. Ioane, pursuant to F.R.E. 609(a)(2)." Doc. 409, 10:24-25.  Defendants have listed the conviction, judgment, indictment, verdict form, and decision on appeal as exhibit 5. Doc. 399, 20:3-4.  "[E]vidence of a prior

conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. Generally, only the prior conviction, its general nature, and punishment of felony range are fair game for testing the defendant's credibility." United States v. Osazuwa, 564 F.3d 1169, 1175 (9th Cir. 2009), citations omitted.  All other documents are not admissible. See Hagan v. Jackson Cnty., 2016 U.S. Dist. LEXIS 90044, *3 (S.D. Miss. Mar. 24, 2016) (indictments are not admissible under Fed. Rule Evid. 609).

Plaintiffs' MIL is granted to exclude the indictment, verdict form, and decision on appeal and any references to these documents.  The MIL is denied in all other respects.

**Plaintiffs' MIL 7** – Exclude any reference to/redact misdemeanors in IRS pre-operational plan

Defendants agree to this MIL.  It is granted.

**Plaintiffs' MIL 8** – Exclude any generic reference to guns or ammo in Plaintiffs' residence

Defendants list the Pre-Operational Plan as an exhibit 3. Doc. 399, 20:1.  That report contains the statement that Michael Ioane Sr. was the registered owner of a firearm. Plaintiffs reason "The purpose of this limine motion is to preclude references to the discovery of the gun case and a rifle at the residence because they were found after the excessive force incident which occurred at the inception of the search." Doc. 409, 14:27-15:1.

However, Plaintiffs go further to argue "The fact that Mr. Ioane registered an AR-15 rifle which he purchased in the 1980's should not be relevant to the execution of a search warrant for tax records in 2006. That's almost a quarter century gap in time." Doc. 419, at 24.  Knowledge that there may be firearms at a residence which is the subject of a search warrant is plainly relevant in determining the level of force necessary to carry out the search.  Plaintiffs wish to challenge the reasonableness of relying on an old firearms registration.  In turn, Defendants should be given the chance to establish that though the registration was old, Plaintiffs did indeed have a firearm and ammunition at their residence, helping to validate the precautions they took.

Plaintiffs' MIL is denied.

**Plaintiffs' MIL 9** – Exclude witnesses from the courtroom

Defendants agree to this MIL.  It is granted with the caveat that parties to the case may remain in the courtroom through other witnesses' testimonies.


**Plaintiffs' MIL 10** – Exclude use of Plaintiff Michael Ioane Sr. mug shot

Plaintiffs seek to exclude a photo of Michael Ioane Sr. they term a "mug shot." Doc. 409, 15:23-16:16.  There is some confusion as Defendants assert that it is a DMV photograph and that Plaintiffs listed it as an exhibit. Doc, 415, 5:23-6:2.  At the hearing, Defendants stated that as part of the preparation for executing the search warrant, the Federal Agents may have viewed DMV photographs of Plaintiffs to familiarize themselves with who they would encounter at the address. Plaintiffs did not assert otherwise.  Given that the photographs formed part of the background of the Federal Agents' preparation, they may be relevant.

Plaintiffs' MIL is denied.


**Plaintiffs' MIL 11** – To preclude IRS agents from providing expert opinion on any matter.

Plaintiffs seek a blanket ban on any of the Federal Agents expressing any opinions on "A. the cause of Plaintiffs' injuries; B. whether Plaintiffs suffer or suffered from emotional distress; C. other matters related to the IRS search and subsequent bogus prosecution" on the basis that these are subject which "require[e] expert opinion." Doc. 409, 16:22-17:2.  In particular Defendants acknowledge that the Federal Agents are not proffered as expert witnesses. Doc. 415, 6:4-5.

Fed. Rule Evid. 701(c) limits lay witnesses to testimony that is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  The Federal Agents can certainly testify as to what they saw and did without making their testimony expert opinion. See United States v. Mavashev, 455 Fed. Appx. 107, 113 (2nd Cir. 2012) ("his testimony primarily described what he actually did during the course of his investigation and thus was based on the investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise").  Plaintiffs have framed this MIL expansively without pointing to any specifics.  At this point, there is no basis for excluding any specific testimony.

1      Plaintiffs' MIL is denied.

2

3      **Plaintiffs' MIL 12** – Exclude any reference to medical expert examination report prepared in

4      2015 and/or 2016, Dr. Ricardo Winkel

5          Plaintiffs seek to exclude Dr. Winkel based on two assertions: 1) he is biased and 2) he has

6      not expressed an opinion about emotional distress in the applicable time frame. Doc. 411, at 1-9.

7      Plaintiffs argue that the fact Dr. Winkel relied on litigation materials provided by Defendants and

8      has testified almost exclusively on the side of law enforcement parties shows his bias.  However,

9      "an expert's bias is not a proper basis to bar testimony under <u>Daubert</u>." <u>Cage v. City of Chicago</u>,

10     979 F. Supp. 2d 787, 827 (N.D. Ill. 2013).  Bias goes to the weight of the testimony, not to

11     admissibility.

12         The second objection is more complicated.  The events of this case took place June 8,

13     2006.  Dr. Winkel was retained by the Defendants and examined Plaintiffs in 2015.  Throughout

14     this case, Plaintiffs have sought mental distress damages from the time of the incident through the

15     present time.  In filing this MIL, Plaintiffs now state that their damages claim is limited: "Mr. and

16     MRs. Ioane are not claiming current damages. They claim injuries from the search in 2006 until

17     late 2007 to early 2008." Doc. 411, at 9.  The objection to Dr. Winkel is that his opinion is of

18     Shelly Ioane's "current symptoms of emotional distress which are not in issue because she

19     reported that her emotional distress and symptoms resulting from the 2006 search were in

20     remission one year later." Doc. 411, at 5.  In their reply, they reiterated that "The Ioanes are not

21     claiming to have suffered emotional distress recently, or in the recent years, as a result of the 2006

22     search incident. Instead, as would be reasonably expected, they are claiming emotional distress

23     damages for emotional suffering and trauma they experienced primarily during the outrageous and

24     humiliating events in 2006, and their immediate aftermath, with all residual emotion after effects

25     having diminished no later than mid 2007. To the actual emotional distress damages being claimed

26     by the plaintiffs, Dr. Winkel's report has absolutely nothing to say on the subject." Doc. 426, 7:16-

27     23.  At the hearing, both Shelly Ioane and Michael Ioane Sr. verbally affirmed that their claim for

28     emotional distress damages is limited from the time of the incident in 2006 through late 2007 or

1   early 2008.  Dr. Winkel's expert opinion was formed without that limitation in mind.  It is

2   uncertain at his point whether his testimony would be relevant.  Defendants must make a proffer

3   of evidence before Dr. Winkel may testify.

4          Plaintiffs' MIL is reserved.

5

6   **Plaintiffs' MIL 13** – To exclude any reference to Ioane as publisher of a Boston Tea Party Book

7   and comments regarding the IRS

8          Plaintiffs assert that both the book and transcripts of Michael Ioane Sr.'s testimony in past

9   trials would show his hostility to the IRS which are "ad hominem attacks [] precluded by F.R.E.

10  608(b)." Doc. 411, at 10.  Defendants have listed the deposition of Michael Ioane Sr. from the

11  civil United States v. Booth case as exhibit 7, Doc. 399, 20:6.  At the hearing, Defendants agreed

12  that they will not refer to the book.  However, Defendants seek to use Michael Ioane Sr.'s prior

13  deposition in which he states his hostility towards the IRS to impeach him by asserting he is

14  biased.  "Any party...may attack the witness's credibility." Fed. Rule Evid. 607.  "[I]t is

15  permissible to impeach a witness by showing his bias under the Federal Rules of Evidence....Bias

16  is a term used in the 'common law of evidence' to describe the relationship between a party and a

17  witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor

18  of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the

19  witness' self-interest. Proof of bias is almost always relevant because the jury, as finder of fact and

20  weigher of credibility, has historically been entitled to assess all evidence which might bear on the

21  accuracy and truth of a witness' testimony. The 'common law of evidence' allowed the showing of

22  bias by extrinsic evidence, while requiring the cross-examiner to 'take the answer of the witness'

23  with respect to less favored forms of impeachment." United States v. Abel, 469 U.S. 45, 51-52

24  (1984).  Michael Ioane Sr.'s views of the IRS are a valid line of questioning for impeachment. Cf.

25  United States v. Sommerstedt, 752 F.2d 1494, 1499 (9th Cir. 1985) (in criminal case involving

26  assault of an Assistant United States Attorney, "testimony that Sommerstedt and other defense

27  witnesses were associated with Condo and shared his anti-tax beliefs was clearly admissible to

28  prove the bias of these witnesses").  The relevance is limited to determining credibility; the

1  deposition may not be used to demonstrate that Plaintiffs were trying to retaliate against the IRS in

2  filing this suit.

3      Defendants have not produced the precise portion of the deposition they seek to use so a

4  specific ruling on its admissibility can not be made at this time.

5      Plaintiffs' MIL is reserved.

6

7  **Plaintiffs' MIL 14** – Affidavit of Kent R. Spjute in support of search warrant

8      Plaintiffs seek to exclude the affidavit as prejudicial and hearsay.  Defendants have listed

9  the search warrant affidavit as part of exhibit 2. Doc. 399, 19:28.  Plaintiffs assert that "The

10  affidavit is replete with hearsay information." Doc. 411, at 11.  Indeed, "an affidavit for a search

11  warrant may be based on hearsay information not admissible in a trial." Eres v. County of

12  Alameda, 1999 U.S. Dist. LEXIS 1385, *13 (N.D. Cal. Feb. 2, 1999); Howard v. United States,

13  2009 U.S. Dist. LEXIS 36942, *26-27 (E.D. Mo. May 1, 2009) ("Search warrant affidavits are

14  hearsay, and are not normally admissible at trial"); McDermott v. Williams, 2010 U.S. Dist.

15  LEXIS 141207, *28 (N.D. Ohio Sept. 28, 2010) ("Defense counsel also moved to exclude the

16  search warrant affidavit on the grounds of hearsay, and the court granted the motion").  Kent

17  Spjute is no longer a defendant so the affidavit is not an admission of party opponent.  It is

18  hearsay.

19      Plaintiffs' MIL is granted.

20

21  **Defendants' MIL 1** – Re expert testimony

22      Defendants seek to exclude the testimony of Dr. Manolito Castillo and Dr. Roger

23  Chamberlain on the basis that they do not qualify as experts and that they have not filed an expert

24  report. Doc. 408.  Plaintiffs respond that the two are not being proffered as expert witnesses but

25  rather as lay witnesses that provided treatment for Shelly Ioane's mental distress. Doc. 419, at 2-3.

26      "[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement

27  to the extent that his opinions were formed during the course of treatment." Goodman v. Staples

28  the Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011).  A treating physician's testimony

must be circumscribed. See <u>Patrick v. Henry County</u>, 2016 U.S. Dist. LEXIS 67101, *7 (N.D. Ga. May 23, 2016) ("when a treating physician testifies as to the cause of an injury or illness, he or she testifies as an expert").  As discussed above, Plaintiffs have now limited their mental distress damages claim to the period between the incident and early 2008.  These two witnesses did not treat Shelly Ioane in the relevant time frame.  Dr. Castillo saw Shelly Ioane for the first time in June 2014.  Doc. 408-6, 18:10-16.  At the hearing, Defendants asserted that Dr. Chamberlain first saw Shelly Ioane in May 2014.  Their lay testimonies are not relevant to determine what emotional distress Shelly Ioane suffered years before.

Defendants' MIL is granted.

**Defendants' MIL 2** – To bar mention of indemnification

Defendants seek exclusion of any evidence or argument that Defendants could seek indemnification after any adverse judgment.  Doc. 406-4.  Plaintiffs argue that they may ask about indemnification of the non-Defendant Federal Agents to demonstrate bias as "a judgment against the defendants may reflect poorly or have an adverse effect on the witness's standing with that common employer [the government]."  Doc. 419, at 5.  Generally, "evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction. We see no reason to depart from this rule in the context of a § 1983 action." <u>Larez v. Holcomb</u>, 16 F.3d 1513, 1518 (9th Cir. 1994). The risk is that juries would inflate a plaintiff's verdict under the reasoning that the defendant would not have to pay whatever damages were awarded.  However, a party may use evidence of indemnity to show bias. See <u>Peri & Sons Farms, Inc. v. Jain Irrigation, Inc.</u>, 2013 U.S. Dist. LEXIS 14785, *22 (D. Nev. Feb. 4, 2013); <u>Util. Trailer Sales of Kan. City, Inc. v. MAC Trailer Mfg., Inc.</u>, 2010 U.S. Dist. LEXIS 48089, *12 (D. Kan. May 14, 2010)  In another Section 1983 case dealing with the same issue, the Southern District of New York found that notwithstanding the relevance of the bias consideration, "Given the incremental benefit of evidence of indemnification for the purpose of bias in this case, and the significant likelihood that the jury's liability and damages determination would be influenced even if the Court were to issue a limiting

1  instruction, the Court concludes that its admission is substantially outweighed by the risk of unfair

2  prejudice to defendants under Rule 403." <u>Jaquez v. Flores</u>, 2016 U.S. Dist. LEXIS 34521, *8

3  (S.D.N.Y. Mar. 17, 2016).  In this case, Plaintiffs seek to show that other Federal Agents are

4  biased in favor of Defendants.  The fact that they are co-workers who work together on a team

5  already provides a means to show bias.  The risk of prejudice substantially outweighs its

6  relevance.

7       Defendants' MIL is granted.

8

9  **Defendants' MIL 3** – To bar any further amendment including (1) Doe defendant amendments

10  and (2) unlawful detention claim

11       Defendants seek to prevent Plaintiffs from amending this case during trial. Doc. 406-5.

12  Plaintiffs object that MILs are not the proper means by which to address these issues.  On the

13  merits, they assert that "if plaintiffs discover during the course of trial that the IRS agents who

14  pointed guns at plaintiffs were not agents Hodge and Applegate, but some other agents, a doe

15  amendment may be filed." Doc. 419, at 6-7.  Fed. Rule Civ. Proc. 15(b) provides for amendments

16  during and after trial.  When a party is surprised by new information at trial notwithstanding their

17  reasonable efforts at conducting discovery, amendment may be appropriate. See <u>Martin v. Arrow

18  Elecs., Inc.</u>, 336 Fed. Appx. 596, 599 (9th Cir. 2009) ("Before Martin's trial testimony was

19  presented, Arrow did not know the key fact that Martin had received money from an Arrow

20  customer as a result of Martin's brokering deals for Arrow's goods, and it did not exhibit bad faith

21  in failing to discover this evidence earlier").  Additionally, amendment can be denied if it "would

22  cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."

23  <u>Madeja v. Olympic Packers</u>, 310 F.3d 628, 636 (9th Cir. 2002), citations omitted.  At this point,

24  with no actual new information nor any motion to amend, a ruling in the abstract need not be

25  made.

26       Defendants' MIL is reserved.

27

28  **Defendants' MIL 4** – To strike medical damages claim

Defendants seek to strike Plaintiffs' medical damages claim, or in the alternative, to exclude any evidence of medical bills. Doc. 406-6.  Defendants argue that Plaintiffs have failed to comply with the rules of discovery by not providing any medical bills during discovery.  "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." Russell v. Absolute Collection Servs., 763 F.3d 385, 396 (4th Cir. 2014).  Fed. Rule Civ. Proc. 26(a)(1)(A)(iii) specifically requires a party to provide to the opposing party without waiting for a discovery request, "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Fed. Rule Civ. Proc. 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010).  The burden of persuasion lies with the party that failed to comply with Rule 26. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994) ("the burden of showing substantial justification and special circumstances is on the party being sanctioned); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001) ("the burden is on the party facing sanctions to prove harmlessness").  The party seeking Rule 37(c) sanctions is not required to articulate how it is prejudiced by the lack of disclosure. Torres v. City of L.A., 548 F.3d 1197, 1213 (9th Cir. 2008).

The original nonexpert discovery deadline was April 4, 2014. Doc. 174.  Plaintiffs did not reveal the names of their doctors until July 9, 2014. Doc. 252, Ex. D., page 49 of 101.  In August 2014, Plaintiffs provided a bare calculation of medical expenses that only listed a total dollar

amount for each year. Doc. 407-3.  This lapse is not substantially justified or harmless.
Defendants have not had an opportunity to examine the bills and to conduct investigation to
determine if they are for Plaintiffs' emotional distress.  At the hearing, Plaintiffs withdrew their
objection to the MIL.

Defendants' MIL is granted.  Plaintiffs are barred from recovering their medical expenses;
their emotional distress damages are limited to their mental suffering.

**Defendants' MIL 5** – To exclude certain witnesses

Defendants seek to exclude Steven Stucker, Daniel Helms, Miguel Diaz, and Mark Cullers
for failure to designate these witnesses in their discovery documents and seek to exclude Virna
Santos for relevance. Doc. 406-3.  Plaintiffs acknowledge that none of these persons were
percipient witnesses but claims that their testimony is relevant.

Daniel Helms and Miguel Diaz are paramedics who treated Shelly Ioane this year.  At the
hearing, Plaintiffs withdrew their opposition to the MIL with respect to these two individuals.

Steven Stucker is an attorney and a business associate of Michael Ioane Sr..  Plaintiffs wish
to call him to rebut any evidence Defendants present regarding Michael Ioane Sr.'s criminal case
and the civil case involving the Booths. Doc. 419, at 10.  Mark Cullers was the prosecutor in
Michael Ioane Sr.'s criminal case.  Plaintiffs wish to call him to rebut any evidence Defendants
present regarding the criminal case.  Since the exploration of those topics is being limited, their
testimonies are unnecessary.  The parties will not be allowed to bring in large quantities of
extrinsic evidence to create mini-trials regarding tangentially related matters; that evidence will be
limited under Fed. Rule Evid. 403.

Virna Santos was an Assistant US Attorney who was contacted by Plaintiffs' attorney
during or shortly after the search on June 8, 2006.  Plaintiffs wish to call her to testify as to the
contents of their telephone conversation.  At the hearing, Plaintiffs did not state what the relevance
of her testimony would be; there is no indication that any discovery was done on this subject.
Virna Santos was not present at the search.  Presumably, Plaintiffs seek to elicit what their own
attorney told Virna Santos.  Such testimony would be inadmissible hearsay.

1    Defendants' MIL is granted.

2

3    **Defendants' MIL 6** – To bar mention of video alteration

4          Defendants wish to exclude any mention of possible alteration of the video taken during

5    the search, arguing that there is no expert qualified to give such an opinion in this case. Doc. 406-

6    7. An expert is required to testify about video alteration to give the assertion any weight. See

7    Rowley v. Morant, 631 Fed. Appx. 651 (10th Cir. 2015) (summary judgment granted in favor of

8    defendant after plaintiff's expert was disqualified though plaintiff continued to claim the video

9    was altered as it did not conform to his memory of the events).  Plaintiffs argue that they will not

10   assert that the video was altered; instead they will ask "about the length and content of the

11   original, whether any edits or alterations were made, and if so, what were the edits and who did it.

12   Questions will be posed regarding who decided to film what parts of the search and the reasons

13   why the video does not contain the parts where the agents confronted the occupants of the house

14   or when the occupants went to the bathroom and were searched." Doc. 419, at 12.  Plaintiff's

15   questions are relevant; asking of the witnesses if the videotape was altered is permissible.

16         Defendants' MIL is granted to prohibit any lay witness from giving an expert opinion

17   about video alteration.  The MIL is denied in all other respects.

18

19   **Defendants' MIL 7** – To admit criminal convictions

20         This MIL is addressed in Plaintiffs' MIL 6.

21

22   **Defendants' MIL 8** – To exclude Plaintiffs' proposed exhibits 64 and 65

23         Defendants state that these two documents have not been produced or even disclosed

24   during discovery; they do not know the contents of these documents. Doc. 406-8, 3:5-15.

25   Plaintiffs have listed them as exhibits but state that they do not have these documents.  They

26   intend to subpoena them for trial where all parties will see them for the first time. Doc. 419, at 16.

27   Discovery closed a long time ago.  These documents were not disclosed to Defendants.  They

28   must be excluded under Fed. Rule Civ. Proc. 37(c)(1) as their introduction at trial would certainly

be a surprise to Defendants as neither party is currently aware as to their contents and not allow

Defendants any way to conduct discovery of their own to respond to this new evidence.  The trial

itself is not the time to conduct discovery.

Defendants' MIL is granted.


**Defendants' MIL 9** – To admit Ioane Tax Court decision and this court's findings of fact in

United States v. Booth

This MIL is addressed in Plaintiffs' MILs 2 and 5.


**Defendants' MIL 10** – To admit history of prior litigation for limited purposes

This MIL is addressed in Plaintiffs' MIL 1.


**Defendants' MIL 11** – To admit firearms testimony

This MIL is addressed in Plaintiffs' MIL 8.


**Defendants' MIL 12** – To bar mention of bathroom allegations

Defendants wish to exclude all mention of the invasion of bodily privacy claims against

Defendant Noll that are before the Ninth Circuit.  Doc. 406-12.  They argue that given the nature of

the interaction, the evidence would be distracting and prejudicial.  Given the facts of the alleged

violation of bodily privacy, there is a valid concern of prejudice.  Plaintiffs argue that "the chief,

and perhaps only, contributing cause to Mrs. Ioane's emotional distress was the conduct related to

the bodily invasion of privacy during the search" and that excluding any mention of that incident

would lead the jury to conclude "all of Mrs. Ioane's emotional distress damages were caused by

the excessive force incident – when that plainly is not the truth." Doc. 419, at 26.  Plaintiffs assert

that granting this MIL runs the risk that all of Shelly Ioane's emotional distress might be

misattributed by the jury to excessive force when some of it was caused by invasion of bodily

privacy.  This was a topic that was discussed extensively at the hearing by both sides.

Notwithstanding this valid concern, Defendants still seek to have their MIL granted.  In doing so,

they are voluntarily assuming the risk that emotional distress caused by Defendant Noll will be

attributed to Defendants Hodge and Applegate.

Defendants' MIL is granted.


## IV. Order

The motions in limine are granted, denied, and reserved as described above.


IT IS SO ORDERED.

Dated:   August 29, 2016

_____

SENIOR  DISTRICT  JUDGE