# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al, | CASE NO. 1:07-CV-0620 AWI EPG |
| Plaintiffs | ORDER RE: MOTIONS FOR RECONSIDERATION AND EX PARTE MOTION TO AMEND |
| v. | |
| KENT SPJUTE, et al, | |
| Defendants | (Docs. 410, 412, and 435) |

## I. History

The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with the United States. Kent Spjute, Jean Noll, Jeff Hodge, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence to collect records related to Steven and Louise Booth, clients of Michael Ioane Sr. The search was carried out by Federal Agents (including the previously named individuals) on June 8, 2006. This search forms the basis for the claims in this suit.

Michael Ioane Sr. and Shelly Ioane, together with former plaintiffs Glen Halliday, Ashley Ioane, and Michael Ioane Jr., filed suit against the named Federal Agents and the United States on April 20, 2007 and a First Amended Complaint shortly thereafter. Docs. 1 and 39. The case was stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud conspiracy, based in part on the evidence seized during the search. Crim. Case. No. 09-0142 LJO. Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial. He appealed the conviction, but it

1  was affirmed.  Michael Ioane Sr. has filed a habeas corpus petition under 28 U.S.C. § 2255.  In the

2  meantime, the stay was lifted in this case. Doc. 107.

3      Plaintiffs Michael Ioane Sr. and Shelly Ioane originally pursued several causes of action

4  against the United States and the Federal Agents.  Through several rounds of motions, the only

5  claims left are Fourth Amendment excessive force claims against Defendants Hodge and

6  Applegate and Fourth Amendment violation of bodily privacy claims against Defendant Noll.

7  Specifically, Plaintiffs allege that Defendants Hodge and Applegate pointed guns at the heads of

8  Plaintiffs and that Defendant Noll insisted upon entering the restroom with Plaintiff Shelly Ioane

9  to witness her relieve herself.

10      In the last summary judgment motion, Defendant Noll sought qualified immunity for her

11  actions in monitoring Plaintiff Shelly Ioane. Doc. 369.  Qualified immunity was denied. Doc. 384.

12  In response, Defendant Noll filed a notice of appeal to the Ninth Circuit. Doc. 394.  Defendants

13  then filed a motion to bifurcate the claims against Defendant Noll from the claims against

14  Defendants Hodge and Applegate, or in the alternative, to sever the claims. Doc. 398.  Plaintiffs

15  opposed the motion. Doc. 401.  The request for bifurcation was granted. Doc. 405.  Trial on

16  Plaintiffs' claims against Defendant Hodge and Applegate is scheduled to begin September 7,

17  2016.  Plaintiffs now seek reconsideration of the motion granting bifurcation. Doc. 410.

18      In August 2015, Plaintiffs sought the court's aid is serving subpoenas on witnesses for trial

19  and for the court to order the production of four items Plaintiffs sought from Defendants. Doc.

20  348.  The request for aid in serving subpoenas was denied as Plaintiffs, though pro se, are not

21  proceeding in forma pauperis and Shelly Ioane is not incarcerated and could arrange for the

22  service of the subpoenas unhindered. Doc. 352.  Regarding the four items Plaintiffs sought,

23  Magistrate Judge Gary Austin denied the request, finding that discovery was closed and Plaintiffs

24  did not demonstrate diligence in seeking the documents. Doc. 354.  Plaintiffs now seek

25  reconsideration of these two orders. Doc. 412.

26      The motions for reconsideration were discussed at the motions in limine hearing held on

27  August 22, 2106.  After the hearing Plaintiffs made an ex parte motion to amend their complaint to

28  add previously unnamed Federal Agents who took part in the search as defendants. Doc. 435.

## II. Legal Standards

Federal Rules of Civil Procedure 72(a) gives Magistrate Judges the authority to hear and decide nondispositive pre-trial matters. Fed. R. Civ. Proc. 72(a).  Title 28 U.S.C. §636(b)(1)(A) states "A judge of the court may reconsider any pretrial matter under this subparagraph(A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  The court must give deference to a nondispositive order entered by a magistrate judge unless the order is "clearly erroneous or contrary to law." Grimes v. City and County of San Francisco, 951 F. 2d 236, 241 (9th Cir. 1991).  Additionally, "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

## III. Analysis

### A. Bifurcation

"Courts may consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties. The party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." Aoki v. Gilbert, 2015 U.S. Dist. LEXIS 131828, *14 (E.D. Cal. Sept. 28, 2015), citations omitted.  The prior order considered these factors and concluded that the prejudice of delay plus the clear separability of the claims justified bifurcation. Doc. 405, 6:26-28.  Regarding the separability of the issues:

> The excessive force claims arise from allegations that Defendants Hodge and Applegate pointed their firearms at Plaintiffs in an unreasonable manner when they first entered Plaintiffs' residence to execute the search warrant.  The violation of bodily privacy claim arises from a separate set of actions by Defendant Noll in monitoring Plaintiff Shelly Ioane in the bathroom a significant while later.  The warrant itself is not being challenged as part of this suit.  While they share general background facts (the warrant and reason the Federal Agents were at Plaintiffs' residence) the specific facts in dispute are different for the two sets of claims.  The claims appear to be readily separable.

Doc. 405, 4:22-5:1.  Plaintiffs now argue that "From a practical point of view, it will be very difficult for the witnesses, experts, and jurors to address the issue of apportionment of damages for Mrs. Ioane between the excessive force and invasion of bodily privacy claims. First, there has been no pre-trial discovery into this issue by either side....Each side has no idea what the other side intends to say or argue on apportionment. Moreover, the District Court has not addressed this issue in its Pre-Trial Order." Doc. 410, at 5-6.

The need to apportion potential damages between excessive force and bodily privacy has always been present in this case, even before bifurcation.  These two categories of claims are brought against different Defendants so any verdict in favor of Plaintiffs would have had to apportion emotional distress damages regardless.  As Defendants point out, it is the Plaintiffs' burden to establish that any emotional distress is caused by the allegedly excessive force used, and not from some other source. Doc. 413, 7:9-13.  Plaintiffs must provide evidence of that causation at trial.  Further, Defendants have made a motion in limine to exclude any mention of the bodily privacy claim in the jury trial on excessive force. Doc. 406-12.  Given this limitation, Defendants are voluntarily assuming the risk that should the jury determine liability in favor of Plaintiffs, some damages that may have been caused by an independent violation might be misattributed to Defendants Hodge and Applegate.

**B. Service of Subpoenas**

Since the prior denial of Michael Ioane Sr.'s request for the US Marshals Service to effect service of subpoenas, he has been granted in forma pauperis status. Doc. 428.  A party with such status has "officers of the court [] issue and serve all process." 28 U.S.C. § 1915(d).  As was discussed during the hearing on August 22, 2016, the court declines to serve Plaintiffs' total of thirty eight requested subpoenas.

Michael Ioane Sr. first made his motion for reconsideration on August 5, 2016. Doc. 412. In that motion, he noted that he had been granted in forma pauperis status in another case in the Eastern District.  As he was not in forma pauperis in this case, the court ordered him to file a formal application in this case.  This was important as a first step in looking at service of

1   subpoenas as well as determining the procedures (and payment) for physically transporting

2   Michael Ioane Sr. to court for the trial.  Additionally, given the large number of subpoenas

3   requested, he was also ordered to provide "a brief summary of anticipated testimony for each of

4   the witnesses he seeks to subpoena at trial." Doc. 418.  In violation of the order, Michael Ioane Sr.

5   did not provide any such summaries; instead, he filed a document which just listed out each

6   potential witness's title or connection with the case. Doc. 427.

7          Of note, Plaintiffs only named thirty four individuals (including Plaintiffs themselves) to

8   be included in the pretrial order. See Doc. 390, at 9-10.  That list was incorporated into the pretrial

9   order which specifically warned that no unlisted witnesses would be permitted to be called unless

10  the parties stipulated to it or their exclusion would constitute a manifest injustice. Doc. 399, 14:19-

11  24.  Plaintiffs attempted to have the court serve subpoenas on seven individuals who were not

12  included in the pretrial order.  At the hearing Plaintiffs stated that these additional individuals are

13  custodians of records (for documents that were not listed as exhibits to be included in the pretrial

14  order), Plaintiffs' children (who witnessed Plaintiffs' emotional distress), and neighbors (who may

15  have witnessed the entry of the Federal Agents into Plaintiffs' home or Plaintiffs' emotional

16  distress).  Defendants stated that these individuals were never disclosed in discovery.  The

17  custodians of records will not be called to testify because the underlying documents have been

18  excluded pursuant to a motion in limine. Doc. 434, 19:22-20:4.  The percipient witnesses should

19  plainly have been disclosed to Defendants in discovery.  They were not included in the pretrial

20  order and there is no basis to add them at this stage of the litigation.

21         This is part of a pattern in Plaintiffs' behavior.  They have consistently delayed discovery

22  and pushed off examination of the case, and failed to reveal the existence of evidence until the trial

23  itself.  Defendants have complained of several discovery violations, stating that Plaintiffs' have

24  been unresponsive and are seeking to introduce documents and witnesses at trial who were not

25  disclosed in discovery.  In reply, Plaintiffs have consistently claimed that they did not violate the

26  rules because they themselves did not know information or did not have records in their

27  possession that are responsive to Defendants' requests.  Indeed as far as can be ascertained,

28  Plaintiffs have not taken any depositions or undertaken any discovery to determine what each

1   Federal Agent present at the search did or saw.  Instead, Plaintiffs appear to want to introduce

2   documents that neither side has seen and call witnesses that neither side has spoken to.  At the

3   hearing, Shelly Ioane revealed their improper strategy by openly stating that Plaintiffs did not

4   want to let the opposing party know the anticipated content of their witnesses' testimonies because

5   they wanted it to be a "surprise" at trial.  This is not acceptable.  As Plaintiffs refused to provide

6   the most basic summary of each proposed witness's testimony so that it can be evaluated for

7   admissibility (relevance, hearsay, prejudice, cumulativeness, etc), the court declines to effect

8   service of the numerous subpoenas.  Plaintiffs will have to rely on themselves to serve their

9   desired subpoenas on individuals who were properly disclosed in discovery and listed in the

10  pretrial order.  As Shelly Ioane is not incarcerated and does not have in forma pauperis status,

11  having Plaintiffs themselves deal with the service of subpoenas is not an unreasonable burden.

12       The situation is exacerbated by the extreme lateness of Plaintiffs' motion.  The original

13  request for aid in effecting service was denied August 28, 2015. Doc. 352.  Michael Ioane Sr. was

14  granted in forma pauperis status in the other civil case on September 15, 2015. Civ. Case No. 09-

15  1689, Doc. 268.  Yet, Plaintiffs did not move for reconsideration until August 5, 2016, one month

16  before the start of the September 7, 2016 trial. Doc. 412.  In the motion, Plaintiffs only provided

17  the names of the witnesses, not their locations.  The location information is critical for both

18  service itself as well as for calculating witness fees required under Fed. Rule Civ. Proc. 45.  In

19  forma pauperis parties must pay those fees before any subpoena can be served under 28 U.S.C. §

20  1915(d). See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("Although the plain language of

21  section 1915 provides for service of process for an indigent's witnesses, it does not waive payment

22  of fees or expenses for those witnesses"); Harpool v. Beyer, 2011 U.S. Dist. LEXIS 105283, *1-2

23  (E.D. Cal. 2011).  Michael Ioane Sr. did not formally apply for in forma pauperis status in this

24  case until August 15, 2016. Doc. 423.  Normally, the procedures used in the Eastern District

25  requires an in forma pauperis party to list the names of the witnesses and their locations a full two

26  months before the trial.  The court calculates witness fees based on the location information and

27  the party must pay those fees by a month before trial.  The U.S. Marshals Service then serves the

28  subpoenas in the remaining month.  The court consulted with the U.S. Marshals Service in Fresno

and was apprised of the extreme difficulty in serving the number of subpoenas proposed by Plaintiffs, especially without having location information for the witnesses.  The manner in which Plaintiffs have brought this motion has almost forced a postponement of the trial.

Since Michael Ioane Sr. was convicted in 2011, Plaintiffs have consistently sought to delay this trial until he is released from prison. See Docs. 129, 148, 254, and 322.  These requests have been denied.  Further, Plaintiffs have not filed documents required by the pretrial order, namely a trial brief (due August 8, 2016), proposed jury instructions (due August 15, 2016), and proposed verdict form (due August 15, 2016).  The Court is aware from pretrial filings that Plaintiffs have been parties to numerous state and federal legal proceedings and are thus not strangers to the duties and obligations of litigants in a law suit.

**C. Documents**

Judge Austin declined to reopen discovery to allow Plaintiffs to obtain the four documents sought.  He noted that the non-expert discovery deadline was April 4, 1014 and the non-dispositive motion deadline was June 30, 2014.  Plaintiffs did not make their motion until August 2015.  Judge Austin found that "Plaintiff does not present any explanation why he is seeking discovery at this late date, nor does he even acknowledge that the discovery deadline has passed. Plaintiff has not demonstrated diligence in seeking the documents he now requests and has not shown good cause to re-open non-expert discovery." Doc. 354, 4:5-18.  In this request for reconsideration, Plaintiffs have not addressed any of these concerns; instead only arguing that the documents are relevant. See Doc. 412, 7:14-8:23.  There is no basis to grant reconsideration.

**D. Amend the Complaint**

Plaintiffs seek to amend their complaint by adding additional Federal Agents who took part in the search as defendants. Doc. 435.  The operative second amended complaint includes Doe defendants, described as "also federal agents, and acting under color of federal law at all times mentioned. They include other unknown persons involved with planning and executing the below described search warrant raids, as well as supervisors and superiors of the agents who physically

1   participated in the raids. Plaintiffs do not presently know the true names of these defendants."

2   Doc. 64, 2:5-9.  Now, Plaintiffs claim to have just discovered that Kulbir Mand and Tony Lovan

3   were present when a Federal Agent pointed his firearm at her, while John Rylon videotaped the

4   execution of the search.  First, there is no conceivable way that Plaintiffs can construe videotaping

5   the search to constitute excessive force.  Additionally, as mentioned above, Plaintiffs have not

6   taken any depositions or undertaken any discovery to determine what each Federal Agent present

7   at the search did i.e. the central issue in this case.  Plaintiffs have been inexcusably dilatory.

8   Plaintiffs do not allege that Kulbir Mand and Tony Lovan pointed guns at Shelly Ioane.  As they

9   state in their filing, Plaintiffs assert "*if* Plaintiffs discover during the course of trial that the IRS

10  agent who pointed the gun at plaintiffs were not agents Hodge and Applegate, but some other

11  agents, a Doe amendment may be filed." Doc. 435, 2:15-17, emphasis added.  Trial has not yet

12  begun and Plaintiffs can point to no evidence that Kulbir Mand and Tony Lovan ***did*** point firearms

13  at Plaintiffs.  Fed. Rule Civ. Proc. 15(b) provides for amendments during and after trial.  When a

14  party is surprised by new information at trial notwithstanding their reasonable efforts at

15  conducting discovery, amendment may be appropriate. See Martin v. Arrow Elecs., Inc., 336 Fed.

16  Appx. 596, 599 (9th Cir. 2009) ("Before Martin's trial testimony was presented, Arrow did not

17  know the key fact that Martin had received money from an Arrow customer as a result of Martin's

18  brokering deals for Arrow's goods, and it did not exhibit bad faith in failing to discover this

19  evidence earlier").  There is no basis to amend the complaint at this point.

20  ///

21  ///

22  ///

23

24

25

26

27

28

1

## IV. Order

2        Plaintiffs' motion for reconsideration regarding bifurcation is DENIED.

3        Plaintiffs' motion for reconsideration regarding service of subpoenas is DENIED.

4        Plaintiffs' motion for reconsideration regarding documents is DENIED.

5        Plaintiffs' motion to amend the complaint is DENIED.

6

7    IT IS SO ORDERED.

8    Dated:   September 1, 2016        _____

9                                              SENIOR  DISTRICT  JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28