## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al,<br><br>        Plaintiffs<br><br>        v.<br><br>KENT SPJUTE, et al,<br><br>        Defendants | CASE NO. 1:07-CV-0620 AWI EPG<br><br>ORDER GRANTING ENTRY OF FINAL JUDGMENT IN FAVOR OF BRIAN APPLEGATE AND JEFFREY HODGE UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) |

**I. Background**

Plaintiffs Michael Ioane Sr. and Shelly Ioane lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with the United States. Defendants Jean Noll, Jeffrey Hodge, and Brian Applegate are Internal Revenue Service special agents ("Federal Agents").  The IRS obtained a search warrant for Plaintiffs' residence to collect records related to Steven and Louise Booth, clients of Michael Ioane Sr.  The search was carried out by Federal Agents (including the previously named individuals) on June 8, 2006.  This search forms the basis for the claims in this suit.

The Ioanes are proceeding pro se in this case.  Through several rounds of motions, the only claims left were the Ioane's Fourth Amendment excessive force claims against Hodge and Applegate plus Shelly Ioane's Fourth Amendment violation of bodily privacy claims against Noll. Specifically, the Ioanes allege that Hodge and Applegate pointed guns at the heads of both Ioanes and that Noll insisted upon entering the restroom with Shelly Ioane to witness her relieve herself.

In the last round of summary judgment, Noll sought qualified immunity for her actions in

monitoring Shelly Ioane. Doc. 369.  Qualified immunity was denied. Doc. 384.  In response, Noll filed a notice of appeal to the Ninth Circuit. Doc. 394.  Defendants then filed a motion to bifurcate the claims against Noll from the claims against Hodge and Applegate. Doc. 398.  The motion was granted. Doc. 405.  This allowed the Ioanes' excessive force claims against Hodge and Applegate to proceed to trial as scheduled.

On September 6, 2016 (the day before trial was set to begin),the Ioanes filed separate motions to continue. Docs. 445 and 450.  Both motions were denied. Doc. 452.  On the morning of trial, Michael Ioane Sr. was present but Shelly Ioane failed to appear .  Based on Shelly Ioane's failure to prosecute, her claims based on excessive force against Hodge and Applegate were dismissed. Doc. 458.  The trial went forward with Michael Ioane Sr.'s claims.  The jury reached verdicts in favor of Hodge and Applegate, finding that they did not use excessive force against Michael Ioane Sr. Docs. 465 and 466.  At this point the only remaining claim in this case is Shelly Ioane's Fourth Amendment bodily privacy claim against Noll, which is pending Ninth Circuit review for qualified immunity.

The court now sua sponte raises the issue of Fed. Rule Civ. Proc. 54(b) certification to allow entry of final judgment on the Ioane's excessive force claims against Hodge and Applegate. A court need not wait for parties to move for Rule 54(b) certification. <u>State Treasurer v. Barry</u>, 168 F.3d 8, 14 (11th Cir. 1999) ("The district court, sua sponte or on motion, could have certified that there was no reason for delay and directed the entry of final judgment").

**II. Legal Standards**

Federal Rule of Civil Procedure 54(b) states "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." <u>Curtiss-Wright Corp. v.</u>

2

General Elec. Co., 446 U.S. 1, 7 (1980), quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956).  Second, the court must determine "whether there is any just reason for delay….It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980), quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435-37 (1956). The district court should make specific findings that set forth the reasons for granting a Rule 54(b) motion. Morrison-Knudsen v. Archer, 655 F.2d 962, 965 (9th Cir.1981).

### III. Discussion

First, both Shelly Ioane's and Michael Ioane Sr.'s excessive force claims against Hodge and Applegate have reached finality at the trial level.  The dismissal for failure to prosecute and the jury verdicts are clear "ultimate disposition[s]" of those claims.

Second, there is no just reason for delay.  As explained in the order granting bifurcation (Doc. 405), this case neatly cleaves into two parts with the excessive force claims and the bodily privacy claim largely unconnected with the other.  They are easily resolved separately and would not cause multiple appeals to resolve the same issue, factors which weigh in favor of entering final judgment now. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) ("proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals").  There would be no saving of judicial time or effort in waiting for resolution of the bodily privacy claim before allowing any appeal in this part of the case.   One goal of Rule 54(b) is to "prevent piecemeal appeals." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 954 (9th Cir. 2006), citations omitted.  As the bodily privacy part of this case is already under appeal, allowing appeal on the excessive force claims could conceivably allow both parts of the case to be heard simultaneously by the Ninth Circuit.  From a policy perspective, for claims dismissed for a plaintiff's failure to prosecute, "there is every just

1  and practical reason to promptly issue the final judgment." <u>Veliz v. Cintas Corp.</u>, 2007 U.S. Dist.
2  LEXIS 44100, *8 (N.D. Cal. June 6, 2007).

### IV. Order

The Clerk is directed to enter final judgment against Plaintiffs Michael Ioane Sr. and Shelly Ioane in favor of Defendants Brian Applegate and Jeffrey Hodge.

IT IS SO ORDERED.

Dated:   September 21, 2016                              _____
                                                          SENIOR DISTRICT JUDGE