Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
SHELLY J. IOANE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, et. al., | Case No. 1:07-cv-00620-AWI-EPG |
| Plaintiffs, | |
| vs. | **JOINT STATUS REPORT AND REQUEST FOR SCHEDULING ORDER** |
| KENT SPJUTE, et. al., | |
| Defendants. | |

**JOINT STAUS REPORT AND REQUEST FOR SCHEDULING ORDER SUBMITTED BY PLAINTIFF SHELLY IOANE AND DEFENDANT JEAN NOLL**

Pursuant to Federal Rule of Civil Procedure 16(b), Plaintiff Shelly J. Ioane ("Plaintiff" or "Mrs. Ioane"), by and through her counsel of record Peter Borenstein, and Defendant Jean Noll ("Defendant" or "Ms. Noll"), by and through her counsel James Weaver and Yen Jeannette Tran, submit this joint report and request for scheduling order.

This case commenced on April 24, 2007, although Plaintiffs' Second Amended Complaint, filed on October 10, 2008, alleges the factual basis for Mrs. Ioane's invasion of bodily privacy claim. (*See* Dkt. No. 64). The case was shortly thereafter stayed due to the pending criminal proceeding on November 25, 2008. (Dkt. No. 77). The stay was lifted on August 31, 2012. (Dkt. No. 107). On October 4, 2012, the Defendants filed a motion to extend the time to respond to the Second Amended Complaint by 60 days. (Dkt. No. 109). Defendants filed a motion to dismiss (or in the alternative summary judgment on the basis of qualified immunity) on November 21, 2012. (Dkt. No. 131). Following adjudication of the motion,

Defendants timely filed an answer on October 10, 2013 (Dkt. No. 164).

On February 26, 2016, Ms. Noll moved for summary judgment on grounds of qualified immunity with respect to Mrs. Ioane's invasion of bodily privacy claim. (Dkt. No. 369). On April 19, 2016, Ms. Noll's motion for summary judgment was denied. (Dkt. No. 384). On June 16, 2016, Ms. Noll appealed the decision to the Ninth Circuit. (Dkt. No. 394). On September 10, 2018, the Ninth Circuit affirmed this Court's denial of Ms. Noll's motion for summary judgment. *See Ioane v. Hodges*, 903 F.3d 929 (9th Cir. 2018). On September 19, 2019, the Ninth Circuit filed an Order and Amended Opinion. (Dkt. No. 497). On November 4, 2019, the Clerk for the Ninth Circuit issued the formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. (Dkt. No. 500).

As indicated above, this case has been pending for more than twelve years and the parties have previously filed scheduling/status reports and attended scheduling/status conferences. (*See* Dkt. Nos. 174 & 356). The undersigned parties are desirous of resolving this case and therefore request a scheduling order in which a jury trial date can be set.

**A.    STATEMENT OF THE CASE**

PLAINTIFF'S STATEMENT: On June 8, 2006, IRS tax agents, including Agent Noll, raided the home of Mrs. Ioane and her husband, Michael Ioane, Sr., pursuant to a valid warrant to search the premises for, among other things, records, computers, computer-related equipment, and computer storage devices. The Ioanes were not detained during the search and chose to stay on the premises while the search was being conducted.

At some point during the search, Mrs. Ioane informed the agents that she needed to use the restroom. Agent Noll insisted on escorting Mrs. Ioane to the restroom. When Mrs. Ioane entered the restroom and tried to close the door behind her, Agent Noll informed her that she would accompany her inside the restroom as well. Thereafter, Agent Noll demanded that Mrs. Ioane remove her clothing to make sure that she did not have anything hidden on her person. Despite protesting the need for any type of search, let alone of her naked body, Mrs. Ioane complied under duress and lifted her dress to show Agent Noll she had nothing hidden under it. Then, Agent Noll stood in front of Mrs. Ioane and watched her relieve herself, forcing Mrs. Ioane to use one hand to hold her dress up and the other to pull her underwear down. Mrs. Ioane was traumatized by this wholly unnecessary and unreasonable invasion of bodily privacy and, as

a result, has suffered several nervous breakdowns, seizures, emotional pain, reduced earning capacity, loss of memory, and physical symptoms caused by extreme levels of stress and post-traumatic stress.

In support of her motion for summary judgment on a theory of qualified immunity, Agent Noll declared that she did not remember escorting Mrs. Ioane to the bathroom or being alone with her. (Dkt. No. 369-3 at p. 3). Nevertheless, Agent Noll also declared that it is "standard procedure to escort an individual to the restroom during the execution of a search warrant." (*Id.*).

DEFENDANT'S STATEMENT: To be clear, Ms. Noll denies escorting Mrs. Ioane to the restroom, accompanying Mrs. Ioane inside the restroom, or demanding that Mrs. Ioane remove her clothing during the search of the Ioanes' residence (and related out buildings) on June 8, 2006.[1] Moreover, Ms. Noll, a supervisory special agent, was never alone with Mrs. Ioane during the time when Mrs. Ioane claims that the restroom incident occurred. In fact, Ms. Noll spent much of the day of the search outside the Ioanes' residence or off site procuring a U-Haul truck and lunch for the agents.

Key elements of Mrs. Ioane's story concerning the search on June 8, 2006 are demonstrably false and will be contradicted at trial by contemporaneous written observations recorded in an IRS report prepared by Agent Hodge, as well as testimony of IRS agents who participated in the search.

Ms. Noll will also show that Mrs. Ioane's alleged damages, to the extent not fabricated or exaggerated, were not caused by an alleged bathroom incident and likely arise out of the incarceration of her husband.

///
///
///
///
///

---

[1] *See e.g.*, Dkt. 369-1, at p. 13, footnote 2:

"One 'mistake of fact' that bears mentioning is the identification of Defendant Noll. Indeed, Noll is not identified as having taken any specific action in violation of a constitutional right in the Second Amended Complaint. Only the deposition testimony of Plaintiff Michael Ioane ties Noll to the purported 'privacy' violation. While other female agents were present, Plaintiffs appear to have latched on to Noll as a scapegoat based on Michael Ioane's postwarrant trolling of the IRS offices. *See* Ioane Dep. at p.54:8-55:4. Defendant Noll has at all times denied that she was the person who escorted the Plaintiff during the alleged violation."

B.  **PROCEDURAL ISSUES**

PLAINTIFF'S STATEMENT: Upon remand from the Ninth Circuit, the only claim left to be litigated and brought to trial is Mrs. Ioane's *Bivens* claim against Agent Noll for invasion of bodily privacy. During the course of this matter, all of the plaintiffs proceeded *pro se*; Mrs. Ioane is the first plaintiff to retain counsel.

Despite the number of plaintiffs and defendants in this case, only Michael Ioane, Sr. has had his claim for excessive force against defendants Jeffrey Hodge and Brian Applegate heard by a jury in September 2016. Mrs. Ioane joined her husband as co-plaintiff on the excessive force claim but was dismissed on the first day of trial for failure to prosecute. (Dkt. No. 487 at p. 28). On September 16, 2016, verdicts were returned by the jury finding no liability for Agents Hodge and Applegate for excessive force against Mr. Ioane. (Dkt. Nos. 465, 466).

Mr. Ioane continues to represent himself *pro se.* Given that Mrs. Ioane is now represented by counsel, she hereby declines to join in any motions filed previously by Mr. Ioane with regard to his previously adjudicated excessive force claim.  As such, Mrs. Ioane objects to the following paragraphs in Defendant's Statement that concern Mr. Ioane's post-trial motions or his already adjudicated claim for excessive force:  Mr. Ioane is not a signatory to this joint status report and his post-trial motions have no bearing on Mrs. Ioane's remaining claim for invasion of bodily privacy against Agent Noll.

DEFENDANT'S STATEMENT: This case commenced on April 24, 2007.  Through prior orders, the Court narrowed matters raised by several plaintiffs down to two claims asserted by Shelly and Michael Ioane, both allegedly arising out of a search executed by IRS Special Agents on June 8, 2006: excessive force allegedly utilized by IRS Agents Brian Applegate and Jeff Hodge, and invasion of Mrs. Ioane's bodily privacy, allegedly by then-IRS Supervisory Agent Jean Noll (now retired). (*See* Dkt. No. 434 at 2:3-9).

With respect to the excessive force issue, Mrs. Ioane's claims were dismissed on September 9, 2016 (Dkt. No. 458), and Mr. Ioane's claims were tried to a jury on September 7-9, 2016 and September 13-15, 2016 (*See* Dkt. Nos. 455, 456, 459-462).  The Court entered final judgment in favor of Agents Applegate and Hodge on September 16, 2016.  (Dkt. No. 464).

Counsel for Ms. Noll contends that the excessive force claims of the Ioanes have been resolved.  There are, however, two pending matters to be resolved on the docket, aside from Mrs. Ioane's invasion of bodily privacy claim.

First, Mr. Ioane subsequently filed a motion for a new trial that Mrs. Ioane joined. This motion has been briefed and is pending on the Court's docket. (*See* Dkt. Nos. 473, 475, 477, 478, 479, 481). Counsel for Ms. Noll contends that the motion should be denied.

Second, Mr. and Mrs. Ioane filed a motion to amend their complaint. (Dkt. No. 480). This second motion was not properly noticed by the Ioanes on the Court's calendar; therefore, no briefing schedule for that motion has ever been set. Counsel for Ms. Noll opposes the motion as untimely and, moreover, the motion seeks to reopen matters resolved by prior orders of the Court and by a jury trial. Counsel for Mrs. Ioane has indicated he will withdraw Mrs. Ioane's name from the motion. If the second motion is calendared for a briefing, the United States will formally respond with an opposition brief.

Counsel for the sole remaining defendant, Ms. Noll, believes that the sole remaining matter to be addressed in this case is the bodily invasion of privacy claim of Mrs. Ioane. Therefore, the Court should deny the pending matters referred to above and terminate Mr. Ioane as a party-plaintiff.

## C. WITNESSES

PLAINTIFF'S STATEMENT: Mrs. Ioane anticipates calling the following witnesses: Mrs. Ioane, her three children, her neighbors at the time of the search, her general practitioner Dr. Shibbar, her psychiatrist Dr. Castillo, and Dr. Winkel, Defendant's expert who interviewed Mrs. Ioane in 2015. In addition to her own medical professionals, Plaintiff plans on calling an expert on women's trauma and post-traumatic stress to prove up the extensive damages in this case.

DEFENDANT'S STATEMENT: Defendant will timely disclose its witness list in accordance with Rule 26(a)(3). Defendant tentatively anticipates calling several current or former IRS agents as fact witnesses, as well as Mrs. Ioane during its case in chief. As to expert witnesses and expert discovery, Defendant refers the Court to its statement on expert discovery below. Defendant will object to efforts by Plaintiff to utilize "fact" witnesses other than those individuals with relevant and admissible personal knowledge of matters at issue and who were included in Plaintiff's initial disclosures, as supplemented.

///
///

JOINT SCHEDULING REPORT – HALLIDAY, ET. AL. V. KENT SPJUTE, ET. AL.
5

**D.     DAMAGES**

PLAINTIFF'S STATEMENT:  Agent Noll's invasion of Mrs. Ioane's bodily privacy caused her severe injury with physical, emotional, and psychological symptoms, intense emotional pain, physical discomfort and suffering, ongoing and extremely disruptive for more than thirteen years. Though certainly compensable, the range is not readily quantified. Accordingly, compensatory (and potentially punitive) damages will be determined by a jury at the time of trial.

DEFENDANT'S STATEMENT:  Plaintiff did not suffer any damages on account of Defendant.  Moreover, Plaintiff's statement, as further discussed below under the heading of expert discovery, varies materially from Mrs. Ioane's prior discovery responses and/or statements in this case.  In particular, Mrs. Ioane previously limited the relevant time period for her damages from the search in 2006 until late 2007 to early 2008, as discussed below. Defendant objects to Plaintiff's untimely re-framing of her alleged damages.

**E.     FACT DISCOVERY**

PLAINTIFF'S STATEMENT:  Given the extent to which this matter has been litigated, including one jury trial on a separate claim, a substantial amount of evidence and testimony has already been produced by the parties. As such, Counsel have agreed to engage in limited fact discovery; specifically, Plaintiff intends to depose Agent Noll. Otherwise, the parties are desirous of an expedited discovery schedule to resolve this case after more than twelve years.

Plaintiff will supply counsel for Defendant with written discovery provided to the Defendant earlier in this case, along with any supplementation to that written discovery by January 20, 2020.

DEFENDANT'S STATEMENT:  Fact discovery in this case closed on April 4, 2014. (Dkt. No. 174).

Since Mrs. Ioane has now retained counsel, Defendant does not object to her retained counsel taking the deposition of Defendant Jean Noll.

Moreover, Defendant will supply counsel for Plaintiff with written discovery provided to the Ioanes earlier in this case, along with any supplementation to that written discovery, by January 20, 2020.  Defendant's undersigned counsel is reviewing relevant records and information in that regard.

If Mrs. Ioane is permitted to offer evidence of damages outside of the time period running from the search in 2006 until late 2007 to early 2008, or is permitted to re-open expert discovery, then Defendant will seek to obtain additional deposition testimony from Mrs. Ioane and, potentially, other fact witnesses regarding alleged damages.

## F.     EXPERT DISCOVERY

PLAINTIFF'S STATEMENT: Mrs. Ioane's invasion of bodily privacy claim is entirely separate from the excessive force claim arising from the 2006 search. Now, upon remand from Agent Noll's unsuccessful appeal, Mrs. Ioane has the opportunity for the first time to litigate her invasion of bodily privacy claim and present it to a jury. Given the unique and personal nature of the claim, expert testimony is required for Mrs. Ioane to present her case and properly calculate her damages. Mrs. Ioane has already disclosed the name of three experts, all of whom participated in her medical treatment since 2006: Roger Chamberlain, Manolito Castillo, MD, and Muhammed Shabbir, MD. (Dkt. No. 314). None of these experts were required to submit an expert report pursuant to Rule 26, subdivision (2)(B) of the Federal Rules of Civil Procedure. Besides the three experts she has already disclosed to the Court, Mrs. Ioane plans to retain an expert on women's trauma and post-traumatic stress.

Here, the 2013 scheduling order (Dkt. No. 174) is not controlling given that none of its deadlines were kept to during the course of litigation: Non-expert discovery continued well past April 4, 2014; as Defendant admits below, expert discovery continued after June 16, 2014; Agent Noll filed her motion for summary judgment after the dispositive motion filing deadline of July 21, 2014; and trial on Mr. Ioane's excessive force claim did not begin until nearly two years after the scheduling order's trial date.

DEFENDANT'S STATEMENT: The deadline for completion of expert discovery was originally June 16, 2014.  (Dkt. No. 174).  There were no separate deadlines for "excessive force" and "invasion of bodily privacy" claims.  There was one deadline for the case. No experts were designated by the parties.

Plaintiff's statement, above, regarding expert discovery is incomplete and misleading, and with respect to the discussion of fact discovery, simply incorrect.  Moreover, fact discovery did in fact close on April 4, 2014.  The 2013 scheduling order governed relevant deadlines,

except as further amended or addressed by subsequent Court orders, providing extensions, at least in part at the request of, or with the concurrence of, Plaintiffs.

In May 2015, the Court re-opened expert discovery on a limited basis, allowing Plaintiffs to designate experts for purposes of their claims for medical and mental suffering damages only, no later than May 22, 2015, and with Defendants to designate any rebuttal experts by July 31, 2015. (Dkt. No. 307; *see also* Dkt. No. 312). Again, this deadline covered the case, not merely the "excessive force" claim.

On June 12, 2015, Defendants moved to compel psychological examinations of the Ioanes, identifying Ricardo Winkel Ph.D as an expert qualified to conduct the examinations. (Dkt. No. 318). The Court ruled that Dr. Winkel was qualified to conduct the examinations and ordered that both Mr. Ioane and Mrs. Ioane be examined. (Dkt. No. 329). After delay (*see* Dkt. Nos. 339 & 347), Mrs. Ioane appeared for an examination on September 15, 2015 and September 20, 2015. A copy of Dr. Winkel's report was provided to Mrs. Ioane. On or about March 7, 2016, Dr. Winkel's report was supplemented with a list of prior testimony, his CV and his billing rate. (Dkt. No. 370).

Defendant contends that expert discovery has closed and should remain so. Defendant notes that although Plaintiffs previously designated Mr. Chamberlain, Dr, Castillo and Dr. Shabbir as expert witnesses in 2015, none of those individuals ever produced an expert report and should not now qualify as experts. Moreover, Defendant notes that the Ioanes, in moving in limine with respect to Dr. Winkel in advance of the trial on excessive force claims, expressly limited their damages claims as follows:

> Mr. and Mrs. Ioane are not claiming current damages. They claim injuries from the search in 2006 until late 2007 to early 2008.

(Dkt. No. 411 at 9; *see also* Dkt. No. 434 at 15:3-4). Accordingly, there is no reason to reopen expert discovery at this late date. Contrary to Plaintiff's statement, above, Mrs. Ioane in fact, has had ample opportunity to litigate her claims through identification of expert witnesses. Ms. Noll and her counsel relied on positions taken by Plaintiffs, as well as the evidence adduced during the discovery periods previously set forth by the Court. Ms. Ioane should not now be able to, at this very late date, insert new theories of damages, new claims of damages, and new experts, into the case.

Alternatively, If Plaintiff is granted additional expert discovery, then Defendant requests permission to also conduct additional rebuttal expert discovery.

### G. DISCOVERY CUT-OFF

Given that discovery has mostly been completed in this case, the parties request that the fact discovery cut-off, including depositions, be set for March 31, 2020.

Plaintiff requests that the expert discovery cut-off be set for June 25, 2020. Defendant opposes further expert discovery.

### H. DISPOSITIVE MOTIONS

Plaintiff intends to bring motions for summary judgment and/or adjudication as to the substantive elements of her invasion of bodily privacy claim.

Defendant believes that the remaining matter requires findings of fact which can only be resolved through trial.

The parties request a deadline for filing dispositive motions of July 15, 2020.

### I. MOTIONS IN LIMINE

Counsel for both parties plan to file motions *in limine*.

The parties request a deadline for filing motions *in limine* of September 1, 2020.

### J. SETTLEMENT

Following the close of additional discovery, counsel for the parties are amenable to a settlement conference before a magistrate judge.

### K. TRIAL ESTIMATE

The parties have requested a jury trial. Counsel requests four days for the trial of this matter.

///
///
///
///

## L. TIMETABLE

The parties propose the following:

| Matter | Jointly Proposed Date | Plaintiff's Proposed Dates (if disputed) | Defendant's Position regarding Disputed Dates |
|---|---|---|---|
| Supplementation of Written Discovery | January 20, 2020 | | |
| Limited Fact Discovery Cutoff | March 31, 2020 | | |
| Expert Disclosure (Initial) | | April 30, 2020 | If additional expert discovery permitted, then April 30, 2020 |
| Expert Disclosure (Rebuttal) | | May 29, 2020 | If additional expert discovery permitted, then May 29, 2020 |
| Expert Discovery Cutoff | | June 25, 2020 | If additional expert discovery permitted, then June 25, 2020 |
| Last Date to Conduct Settlement Conf. | To be determined by the Court after discovery closes | | |
| Dispositive Motion Filing Deadline | July 15, 2020 | | |
| Final Pretrial Conference | August 18, 2020 (or next available date) | | |
| Motions in Limine Filing Deadline | September 1, 2020 | | |
| Jury Trial (Estimated time: 4 days) | October 13, 2020 (or next available dates) | | |

**M. OTHER ISSUES**

No other issues are anticipated at this time. However, if issues arise, the parties will bring them before the court via appropriate filing(s).

Respectfully submitted,

Dated: 11/25/19                                By: _____
PETER BORENSTEIN
Attorney for Plaintiff
SHELLY J. IOANE

Dated: 11-22-2019                        By: /s/ James E. Weaver
JAMES WEAVER
Attorney for Defendant
JEAN NOLL

Dated: 11-22-2019                        By: /s/ Yen Jeannette Tran
YEN JEANNETTE TRAN
Attorney for Defendant
JEAN NOLL