**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHELLY J. IOANE,<br><br>    Plaintiff,<br><br>v.<br><br>JEAN NOLL,[1]<br><br>    Defendant. | Case No. 1:07-cv-00620-AWI-EPG<br><br>ORDER GRANTING ADDITIONAL EXPERT DISCOVERY AND SETTING SCHEDULE<br><br>ORDER DIRECTING CLERK OF COURT TO CORRECT DOCKET TO CORRECTLY REFLECT THE SPELLING OF DEFENDANT JEAN NOLL'S LAST NAME |

## I. BACKGROUND

This case commenced on April 24, 2007, and proceeded on the second amended complaint, filed on October 10, 2008 (ECF No. 64). The parties are familiar with the underlying facts and the Court will not repeat them here.

In February 2016, Defendant Jean Noll filed a motion for summary judgment on grounds of qualified immunity with respect to Plaintiff Shelly Ioane's claim for invasion of bodily privacy. The motion was denied and Defendant Noll appealed. While the qualified immunity issue was on appeal, the remainder of the case went to trial, with a verdict rendered in favor of the remaining defendants and against the remaining plaintiffs.[2]

---

[1] The docket and initial complaint incorrectly spells the last name of Defendant Jean Noll as "Nole." The Court will direct the Clerk of the Court to change the docket to reflect the correct spelling of Defendant Noll's name.

[2] Plaintiff Shelly Ioane's remaining claims were dismissed prior to trial.

1

1    The Ninth Circuit affirmed the denial of qualified immunity in an amended opinion and
2 order entered on September 19, 2019 (ECF No. 497), and the Ninth Circuit issued its mandate on
3 November 5, 2019 (ECF No. 500). The case is now back before this Court.
4    The only remaining parties before the Court are Plaintiff Shelly Ioane and Defendant Jean
5 Noll, and the only remaining claim is Plaintiff Shelly Ioane's claim against Defendant Jean Noll
6 for invasion of bodily privacy. The Court will therefore refer to Shelley Ioane as "Plaintiff" and
7 will refer to Jean Noll as "Defendant."
8    On November 25, 2019, Plaintiff and Defendant submitted a joint status report regarding a
9 schedule to move the remainder of this case forward to a jury trial (ECF No. 502). The status
10 report set forth a proposed schedule and raised several discovery issues. On January 8, 2020, the
11 Court held a status conference to discuss the proposed schedule and the issues raised in the
12 parties' joint status report. During the status conference and in a minute order following the
13 conference, the Court directed the parties to (1) proceed with limited additional fact discovery; and
14 (2) serve on the opposing party, by January 27, 2020, all written discovery that they had provided
15 to the opposing parties earlier in this case, along with any supplementation to that written
16 discovery. The Court seat a deadline of April 17, 2020 for additional fact discovery (ECF No.
17 505). The Court took under advisement the issue of whether expert discovery should be reopened.
18 In this order, the Court sets the schedule for proceeding to trial and grants Plaintiff's request to
19 reopen expert discovery.

**II.   CORRECTION OF SPELLING OF DEFENDANT JEAN NOLL'S NAME**

    As a preliminary matter, the Court notes that the initial complaint, and the docket incorrectly spells the last name of Defendant Jean Noll as "Nole." The Court DIRECTS the clerk of the Court to correct the docket to reflect the correct spelling of Defendant Jean Noll's last name

**III.   EXPERT DISCOVERY**

    Plaintiff anticipates calling three non-retained experts who participated in her medical treatment since 2006—Roger Chamberlain; Manolito Castillo, MD; and Muhammed Shabbir, MD. These expert witnesses were previously disclosed by Plaintiff's husband, Michael Ioane, a co-plaintiff who proceeded to trial (ECF No. 314). Plaintiff also seeks to retain an additional

expert on women's trauma and post-traumatic stress. Plaintiff seeks to reopen expert discovery to allow the appropriate expert disclosures.

Discovery, including expert discovery, has been closed for several years. Thus, Plaintiff must show good cause for reopening discovery. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (District courts will modify dates set forth in a scheduling order only upon a showing of good cause); *Sheridan v. Reinke*, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *see also Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" (citation omitted)).

The "good cause" standard primarily considers the diligence of the moving party, and a court should modify the scheduling order to reopen discovery only if the deadline could not "reasonably be met despite the diligence of the party seeking" to reopen. *Johnson*, 975 F.2d at 609. In determining whether good cause exists to reopen discovery, courts may consider a variety of factors, such as:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997).

As to the first factor, whether trial is imminent, the Court is setting a trial in this order, and thus the trial is not imminent, and the trial date can be set based on whether expert discovery will be reopened.

As to the second and third factors, whether the request is opposed and whether the non-moving party would be prejudiced, Defendant both opposes the request to reopen and asserts that she will be prejudiced if the Court grants the request. Defendant contends that the three non-retained experts, although designated as an expert by Plaintiff, never produced an expert report

and should not now qualify as experts. Defendant also relies on a statement made in a motion in limine by Plaintiff and her husband on July 28, 2016, that they are not claiming current damages but are claiming "injuries from the search in 2006 until late 2007 to early 2008." (*See* ECF No. 411.) Defendant argues that Plaintiff should not now be able to insert new damages claims and theories and new experts into the case.

After considering Defendant's arguments, and the record in this case, the Court does not find that reopening expert discovery to allow the disclosure of experts regarding Plaintiff's injuries related to the invasion of bodily privacy claim will result in prejudice to Defendant. The Court further finds that, to the extent Defendant may be prejudiced, such prejudice can be mitigated through allowing Defendant to disclose rebuttal experts.

First, as to the failure of Plaintiff to disclose an expert report from the three non-retained experts, Plaintiff contends that no expert report is required from these experts. The Court does not herein address or determine whether an expert report is needed from the non-retained experts but notes that if the Court reopens expert discovery, such reports can be disclosed if required by Federal Rule of Civil Procedure 26(a)(2).

Second, as to Plaintiff's prior statement regarding damages, the Court notes that at the time Plaintiff made this statement in late July 2016, the issue of invasion of bodily privacy was on appeal and was thus not proceeding to trial. (*See* ECF Nos. 384, 394.) Therefore, Plaintiff's damages statement appears to have related only to the excessive force claims that were still proceeding to trial at that time, and not to Plaintiff's invasion of bodily privacy claim, which was on appeal.

Third, any potential prejudice to Defendant can be mitigated by allowing Defendant to disclose rebuttal experts.

As to the fourth factor and fifth factors, Defendant asserts that Plaintiff was not diligent in pursuing expert discovery prior to the discovery cutoff. However, the Court notes that at the time expert discovery closed and indeed until the appeal, Plaintiff was proceeding pro se and thus did not have the assistance of counsel. Further, the Court notes that there has been a gap of several years since discovery closed, and the Ninth Circuit has issued a decision regarding Plaintiff's

4

invasion of bodily privacy claim in the interim. Plaintiff's counsel represents that the Ninth Circuit decision has "reshaped" the nature of this case. Plaintiff's counsel also represents that in the years since expert discovery closed, the science and research has significantly advanced in the area of expertise on which Plaintiff seeks to disclose an additional expert—women's trauma and post-traumatic stress.

The Court finds that, under the circumstances of this case, Plaintiff has demonstrated good cause for reopening expert discovery. Accordingly, the Court GRANTS Plaintiff's request and reopens expert discovery.

**IV.    SCHEDULE**

The Court sets the following dates and deadlines:

| | |
|---|---|
| Fact Discovery Deadline | April 17, 2020 |
| Expert Disclosure Deadline | May 22, 2020 |
| Rebuttal Expert Disclosure Deadline | June 19, 2020 |
| Expert Discovery Cutoff | July 17, 2020 |
| Dispositive Motion Filing Deadline | August 17, 2020 |
| Pretrial Conference | December 17, 2020, at 10:00 am |
| Hearing on Motions in Limine | February 1, 2021, at 1:30 pm |
| Jury Trial | February 17, 2021, at 8:30 am |

IT IS SO ORDERED.

Dated:  **February 13, 2020**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE