RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JAMES E. WEAVER
Senior Litigation Counsel
YEN JEANNETTE TRAN
RYAN S. WATSON
Trial Attorneys
Tax Division, U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
(202) 305-4929 (v)
(202) 616-3366 (v)
(202) 307-0054 (f)
James.E.Weaver@usdoj.gov
Y.Jeannette.Tran@usdoj.gov
Ryan.Watson@usdoj.gov

*Of Counsel:*
MCGREGOR W. SCOTT
United States Attorney
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY J. IOANE, | Case No. 1:07-cv-00620 AWI EPG |
| Plaintiff, | **DEFENDANT'S NOTICE AND MOTION TO COMPEL** |
| v. | |
| JEAN NOLL, | **Judge: Hon. Erica P. Grosjean** |
| Defendant. | **Date: June 19, 2020** |
| | **Time: 10:00 a.m.** |
| | **Place: Courtroom 10** |

PLEASE TAKE NOTICE that counsel for Defendant, Jean Noll, will bring the above-captioned motion for hearing before the Honorable Erica P. Grosjean, United States Magistrate

1

13477218.2

Judge, in Courtroom 10 of the United States Courthouse located at 2500 Tulare Street, Fresno, California, on Friday, June 19, 2020 at 10:00 a.m., or as soon thereafter as may be heard.

Pursuant to Local Rule 251, Defendant conferred with Plaintiff, under the Court's supervision, during an informal telephonic discovery dispute conference held on April 23, 2020 ("Conference"). Pursuant to the instructions of the Court during that conference, and an ensuing order of April 27, 2020, a Joint Statement Regarding Discovery Disputes ("Joint Statement") is filed concurrently with this motion.

## MOTION

Defendant, Jean Noll, moves as follows:

1. To compel a more complete response by Plaintiff to Interrogatory No. 20, which inquired about the particulars of alleged emotional distress and trauma experienced by Plaintiff. The interrogatory was propounded by Defendant on February 27, 2020. Plaintiff answered in a wholly non-responsive fashion on March 30, 2020 and supplemented her response on June 1, 2020 in a cursory, generalized, and incomplete fashion.[1] Pursuant to Rule 37(a)(3)(B) & (a)(4) of the Federal Rules of Civil Procedure, Defendant moves to compel Plaintiff to include in her response to Interrogatory No. 20 the following information, in a complete and comprehensive manner:

(1) all dates when treatment or counseling services for emotional distress or trauma were provided;

(2) the nature of the treatment provided on particular dates;

---

[1] For example, Plaintiff's response leaves Defendant largely in the dark about specific factual information dating to the 2015-2020 time period. The response generically refers to "psychiatric treatment, counseling, and anti-depressant medication." By whom was Plaintiff treated or counseled during 2015-2020? When? What medications was she prescribed during the 2015-2020 time period? By whom? The response does not say. Plaintiff's response also appears to allege symptoms and conditions for the first time.

2

13477218.2

(3) the identity of the professionals providing the treatment;

(4) the diagnoses provided by the professionals; and

(5) the medications prescribed during the course of treatment, with an indication of the dates during which the medication was taken; and

(6) specific instances where alleged distress or trauma resulted in loss (financial or otherwise), expense, or other kinds of damage.

In addition, if treatments or counseling services were provided during the time period running from 2015 through the present, then Defendant requests further relief, pursuant to the Court's inherent power to oversee discovery and remedy abusive practices, in the form of:

(7) permission to subpoena deposition testimony from the professionals providing such treatment (and relevant documents relating to diagnosis or treatment by such professionals).

Absent the requested relief, the only fair alternative would entail the exclusion of factual evidence of injuries or damages sought by Defendant but not provided by Plaintiff prior to the close of fact discovery.

2. To remedy the failure of Plaintiff to provide, prior to the close of discovery, a complete response to Interrogatory No. 18, also propounded by Defendant on February 27, 2020. The interrogatory asked Plaintiff to identify persons not included in Plaintiff's Rule 26(a)(1) disclosures likely to have discoverable information—along with the subjects of that information—that Plaintiff might use to support her claims or defenses. Plaintiff answered only in part on March 30, 2020 and supplemented her response on June 1, 2020. The June 1, 2020 supplement, served well after the close of discovery, identified three individuals for the first time that Plaintiff may utilize at trial, and, also, for the first time, provided contact information for five other individuals that Plaintiff says she may utilize at trial. For the reasons discussed in Defendant's portion of the Joint Statement, and in accordance with permission granted by the

Court during the course of the parties' informal telephonic discovery dispute conference,[2] Defendant seeks to take depositions of each of individual identified in Plaintiff's supplemental answer, and therefore moves for permission to serve subpoenas on these individuals for deposition testimony.  Absent the requested relief, the only fair alternative would entail precluding Plaintiff from utilizing the individuals identified in Plaintiff's supplemental answer as witnesses at trial or in support of motions filings, in accordance with Rule 37(c) of the Federal Rules of Civil Procedure and the inherent powers of the Court.

       3.     Costs and expenses associated with this motion to compel, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant moves for the relief requested above, and as discussed in greater detail in the Joint Statement.

Dated this 12th day of June, 2020.

**(signature on next page)**

//

//

//

---

[2] The Court indicated that

> Defendant has permission to file a motion to compel on any discovery request that has been addressed here and already served and additionally move to compel any depositions. That's going to be in the order. I will clarify usually I would have liked to do another informal conference, and I'm also not necessarily saying that I think that it is timely. But, as we discussed, if there isn't agreement and Defendant is seeking depositions, this would be the time for me to hear about it.

Dkt. No. 532 at 49:13-22.  Defendant notes that depositions are not expressly addressed in the Court's order of April 27, 2020; however, based on the Court's discussion on April 23, 2020, this motion is logically the time for the Court to address the matter and Defendant does so here.

|     |     |
| --- | --- |
| 1   |     |
| 2   | Respectfully submitted, |
| 3   | RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney General |
| 4   |     |
| 5   | */s/ James E. Weaver*<br>JAMES E. WEAVER |
| 6   | Senior Litigation Counsel<br>YEN JEANNETTE TRAN |
| 7   | Trial Attorney<br>U.S. Department of Justice |
| 8   | Post Office Box 683<br>Ben Franklin Station |
| 9   | Washington, D.C.  20044<br>Telephone: (202) 305-4929 |
| 10  |     |
| 11  | *Of Counsel:*<br>MCGREGOR W. SCOTT |
| 12  | United States Attorney<br>Eastern District of California |
| 13  |     |
| 14  | *Attorneys for Jean Noll* |

5

13477218.2