UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, ET AL.,<br><br>         Plaintiffs,<br><br>   v.<br><br>KENT SPJUTE, ET AL.,<br><br>         Defendants. | Case No. 1:07-cv-00620 AWI EPG<br><br>**PROTECTIVE ORDER** |

For the reasons set forth in the Order Granting Motion for Protective Order, issued concurrently herewith,

IT IS HEREBY ORDERED:

1. All personality assessment, post-traumatic stress, or other mental health tests or test forms (including specific questions, answer sheets, profiles, score sheets, scores, or raw data from a testing service or generated by test scoring/interpretation software, or graphs of test results, and any other unfiltered and raw data from such tests) may be designated in good faith by the party disclosing the tests and data to the receiving party as confidential "Protected Information," if said tests and data are believed to include proprietary or trade secret information that might prevent other patients or examinees from being examined with those tests or otherwise diminish the efficacy of the tests, if widely circulated in the public domain.

2. The party designating such tests and data as Protected Information shall affix to such Protected Information a legend stating: Protected Information Subject to Protective Order, *Halliday, et al. v. Spjute, et al.,* United States District Court for the Eastern District of California, Docket No. 1:07-cv-00620 AWI EPG.

3. Expert reports produced and disclosed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure which provide discussion, analysis, or generalized or summarized results of the tests and data and/or expert testimony pursuant to Rules 702, 703, and 704 of the Federal Rules of Evidence based on said tests and data shall not be construed as Protected Information.

4. Generalized or summarized results of the tests and data, or discussions of analytics or methodologies, with respect to tests designated as containing Protected Information, whether quantitative or narrative in nature, shall not constitute Protected Information and may be disclosed for purposes of this litigation.  If counsel for Mrs. Ioane or counsel for Ms. Noll, or experts retained by Mrs. Ioane or Ms. Noll, in good faith, construe a description or discussion of test results, analytics or methodologies to be a generalization or summary of test results or methodology, then such description or discussion shall not be construed to constitute Protected Information.

5. If counsel, in good faith, seeks to disclose Protected Information in a docketed filing with the Court, counsel will move to seal such information pursuant to Local Rule 141.

6. If counsel, in good faith, seeks to disclose Protected Information at trial or during a court hearing or other proceeding, counsel will first bring the matter to the attention of the Court before disclosing the Protected Information.

7. It is expected, and it is permitted, that a Rule 26 expert witness who conducts a psychological examination of Plaintiff will disclose the facts and data, including test data

2

13477218.2

obtained, to counsel for the party retaining that expert for use in this litigation, irrespective of whether or not Plaintiff consents to such disclosure.

8. Counsel for the parties may, in good faith, disclose relevant portions of the Protected Information during expert discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions.

9. Except as set forth above in Paragraphs 5 and 6, access to Protected Information shall be restricted to:

    a. This Court and its personnel;

    b. Counsel for the parties, and counsels' staff, assistants and administrators, to whom it is necessary to disclose Protected Information for purposes of this litigation (including secretaries, paralegals (whether contractors or employees), clerks, and other assistants);

    c. The parties themselves;

    d. Experts or consultants retained by the parties or their counsel for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose Protected Information in order to assist in their participation in this litigation;

    e. Any mediators, arbitrators, or other outside parties and their staff enlisted by all Parties to assist in the resolution of this matter;

    f. Outside or contracted litigation-support services, including commercial copying services and court reporters, transcribers or videographers who report, transcribe or record testimony in this action at a deposition or other court proceeding;

g.  Anyone as may be ordered by the Court.

10. Protected Information, and any other health information gathered through psychological examinations of Plaintiff by expert witnesses in this case, shall not be utilized or disclosed for any purpose other than purposes of this litigation.

11. Within ninety (90) days after the final conclusion of this litigation, including all appeals, all material constituting Protected Information under this Protective Order shall be destroyed, except with respect to:

a.  material that becomes part of the court record in this matter;

b.  attorney work product;

c.  transcripts, exhibits, and other documents required to be maintained by the Department of Justice's written record retention policy as necessary for an understanding of the outcome of the case.

IT IS SO ORDERED.

Dated: **July 22, 2020**                    /s/ *Erica P. Grosjean*
                                                            UNITED STATES MAGISTRATE JUDGE

4

13477218.2