UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IOANE, et al,<br><br>Plaintiffs<br><br>v.<br><br>KENT SPJUTE, et al,<br><br>Defendants | CASE NO. 1:07-CV-0620 AWI EPG<br><br>ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED<br><br>(Doc. 506) |

**I. History**

The current Plaintiffs are Michael Ioane Sr. and Shelly Ioane who lived at 1521 Fruitland Ave., Atwater, CA. They are a married couple involved in tax disputes with the United States. Kent Spjute, Jean Noll, Jeff Hodge, Brian Applegate, and Michelle Casarez are Internal Revenue Service agents ("Federal Agents"). Based on the affidavit of Kent Spjute, the United States was able to obtain a search warrant for Plaintiffs' residence to collect records related to Steven and Louise Booth, clients of Michael Ioane Sr. The search was carried out by Federal Agents (including the previously named individuals) on June 8, 2006. This search forms the basis for the claims in this suit.

Michael Ioane Sr. and Shelly Ioane, together with former plaintiffs Glen Halliday, Ashley Ioane, and Michael Ioane Jr., filed suit against the named Federal Agents and the United States on April 20, 2007 and a First Amended Complaint shortly thereafter. Docs. 1 and 39. The case was stayed pending resolution of a criminal case against Michael Ioane Sr. for tax fraud conspiracy, based in part on the evidence seized during the search. Crim. Case. No. 09-0142 LJO. Michael Ioane Sr. was convicted on October 3, 2011 after a jury trial. He appealed the conviction, but it

was affirmed. Michael Ioane Sr. has filed a habeas corpus petition under 28 U.S.C. § 2255. In the meantime, the stay was lifted in this case. Doc. 107.

Plaintiffs Michael Ioane Sr. and Shelly Ioane originally pursued several causes of action against the United States and the Federal Agents. Through several rounds of motions, the only claims left are Fourth Amendment excessive force claims against Defendants Hodge and Applegate and Fourth Amendment violation of bodily privacy claims against Defendant Noll. Specifically, Plaintiffs allege that Defendants Hodge and Applegate pointed guns at the heads of Plaintiffs and that Defendant Noll insisted upon entering the restroom with Plaintiff Shelly Ioane to witness her relieve herself.

In the last summary judgment motion, Defendant Noll sought qualified immunity for her actions in monitoring Plaintiff Shelly Ioane. Doc. 369. Qualified immunity was denied. Doc. 384. In response, Defendant Noll filed a notice of appeal to the Ninth Circuit. Doc. 394. Meanwhile, Defendants filed a motion to bifurcate the claims against Defendant Noll from the claims against Defendants Hodge and Applegate, or in the alternative, to sever the claims. Doc. 398. Plaintiffs opposed the motion. Doc. 401. The request for bifurcation was granted. Doc. 405. The Ninth Circuit affirmed the denial of qualified immunity. Doc. 497.

Plaintiff Shelly Ioane filed a motion for partial summary judgment against Defendant Noll. Doc. 506. Defendant Noll opposes the motion. Doc. 508.

## II. Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it

might affect the outcome of the suit under the governing law. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986); <u>Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Assn</u>, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007). Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See <u>James River Ins. Co. v. Schenk, P.C.</u>, 519 F.3d 917, 925 (9th Cir. 2008). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." <u>Nissan Fire & Marine Ins. Co. v. Fritz Companies</u>, 210 F.3d 1099, 1102-03 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" <u>Estate of Tucker v. Interscope Records</u>, 515 F.3d 1019, 1030 (9th Cir. 2008).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Stegall v. Citadel Broad, Inc.</u>, 350 F.3d 1061, 1065 (9th Cir. 2003). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See <u>Juell v. Forest Pharms., Inc.</u>, 456 F.Supp.2d 1141, 1149 (E.D. Cal. 2006); <u>UMG Recordings,</u>

3

Inc. v. Sinnott, 300 F.Supp.2d 993, 997 (E.D. Cal. 2004). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007); Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002). Further, a "motion for summary judgment may not be defeated ...by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006). Additionally, the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, but the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references. See Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003). If the non-moving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. See Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1103 (9th Cir. 2000).

### III. Analysis

Shelly Ioane seeks partial summary judgment to "establish the fact of the bathroom incident: That on June 8, 2006, Agent Noll insisted on accompanying Mrs. Ioane into the bathroom, ordered her to lift up her dress and pull down her underwear, thereby exposing her naked body, and then watched as Mrs. Ioane relieved herself. Furthermore, based on the undisputed facts, this Court should hold that Agent Noll violated Mrs. Ioane's right to bodily privacy." Doc. 506-1, 11:16-20. In opposition to the motion, Noll has provided a declaration in which she denies escorting Shelly Ioane to the restroom altogether. Doc. 511, 5:15-24. Noll's declaration on its own would constitute a genuine material dispute which would preclude grant of summary judgment. Shelly Ioane asks that this declaration be disregarded as a "sham affidavit" for contradicting Noll's prior sworn statements. Doc. 506-1, 8:21-11:2. Noll opposes the request arguing that her statements have not been contradictory. Doc. 514, 11:11-12:21. Whether or not

1  Noll's recent declaration may be considered is dispositive to the motion.

2      "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony. If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991), citations and quotations omitted.  A declaration or affidavit will not be disregarded unless two conditions are met. First, "We conclude that the Foster-Radobenko rule does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony. Rather, the Radobenko court was concerned with 'sham' testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment. Therefore, before applying the Radobenko sanction, the district court must make a factual determination that the contradiction was actually a 'sham.'" Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266-67 (9th Cir. 1991).  "Second, our cases have emphasized that the inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998-99 (9th Cir. 2009).

    In the present case, there is a discrepancy between Noll's past statements and her current statement but the discrepancy is ambiguous.  Noll now states:

> I stayed outside for the duration of the morning.  I have no recollection whatsoever of escorting Mrs. Ioane to the restroom, and I do not recall being alone with Mrs. Ioane at any time during the search.  Had I accompanied Mrs. Ioane into the bathroom, I would remember it.  I did not do so. As I have previously stated in earlier declarations, it is standard procedure to escort an individual to the restroom during the execution of a search warrant.  It is also standard procedure for an agent to monitor an individual while they are in the restroom.  In some instances a female agent may be inside the restroom in order to monitor a female using the restroom. In many instances the agent will maintain the individual in their field of vision in order to monitor her activity.  But to be clear, if an agent did escort Mrs. Ioane to the restroom and go inside of the restroom, that agent was someone other than me.

Doc. 511, 5:15-24.  In this statement, Noll unequivocally says that she was not the person who accompanied Shelly Ioane to the bathroom.  In the past, she had not directly affirmed or denied that fact and left it ambiguous.

5

Noll's first declaration from December 2007 only addressed the facts surrounding the excessive force claim and did not include any detail about escorting Shelley Ioane to the bathroom. Doc. 35-7. Noll's second declaration in November 2012 stated:

> It is standard procedure to escort an individual to the restroom during the execution of a search warrant. It is also standard procedure for an agent to monitor an individual while they are in the restroom. With males, for instance, the door to the restroom is almost always left open. While females often are afforded more privacy, in some instances a female agent may be inside the restroom in order to monitor a female using the restroom. In many instances the agent will maintain the individual in their peripheral vision in order to monitor her activity. This is not only for the safety of the agents, but also to ensure that an individual does not harm themselves with medication or other substances that may be found in the bathroom.

Doc. 131-10, 2:25-3:6. Noll's third declaration in February 2016 stated:

> 9. I do not recall escorting Ms. Ioane to the restroom and do not recall being alone with her at any time.
>
> ….
>
> 11. It is standard procedure to escort an individual to the restroom during the execution of a search warrant. It is also standard procedure for an agent to monitor an individual while they are in the restroom. In some instances a female agent may be inside the restroom in order to monitor a female using the restroom. In many instances the agent will maintain the individual in their field of vision in order to monitor her activity.

Doc. 369-3, 3:7-16. In a February 2013 response to request for admissions, Noll stated

> Request No. 8: Admit or Deny that Shelly Ioane was escorted to the restroom by I.R.S. Agent(s) whom required her to disrobe and urinate while she/they watched.
>
> Response: The Federal Defendant objects to this request for admission because it is a compound request. Subject to and without waiving her general and specific objections, the Federal Defendant denies the admission for lack of personal knowledge.
>
> Request No. 9: Admit or Deny that while the violation of Shelly Ioane's bodily privacy took place the agent(s) watching her urinate were armed with gun(s).
>
> Response: The Federal Defendant objects to this request for admission because it is a compound request and calls for a legal conclusion. Subject to and without waiving her general and specific objections, the Federal Defendant denies this request for admission for lack of knowledge.

Doc. 506-5, 5:5-16. Similarly, in her February 2014 response to interrogatories, Noll stated:

> Interrogatory No. 6: Explain why Shelly Ioane was escorted to the restroom, forced to undress in the presence of the agent escorting her and then forced to use the toilet in her escort's presence.
>
> Response: The Federal Defendant objects to this Interrogatory as it is compound

6

and assumes facts that are not established by the finder of fact. Subject to and without waiving the general and specific objections, the Federal Defendant has no personal knowledge of whether Shelly Ioane was escorted to the restroom or not, nor what may have occurred at such time.

Doc. 506-4, 5:5-10.

The case law applying this doctrine appears to require explicit, direct contradiction of a form that leaves the firm conclusion that one of the statements is false. See, e.g. Pavel v. Univ. of Or., 2017 U.S. Dist. LEXIS 69102, *18 (D. Or. Apr. 3, 2017) ("the two statements do not clearly and unambiguously conflict because plaintiff's deposition testimony speaks to defendants' offer of *some* time to respond and plaintiffs affidavit speaks to assertion that he did not have *sufficient* time to meaningfully respond"); Naff v. State Farm Gen. Ins. Co., 2016 U.S. Dist. LEXIS 86854, at *13-14 (E.D. Cal. July 3, 2016) ("Defendant asserts the classification of items as 'gifts' to her children, including CDs, DVDs, and game consoles indicates the declaration is a sham. Defendant contends that Mrs. Naff 'Declared under Penalty of Perjury to the United States Bankruptcy Court for the Eastern District of California that she made no such gifts.' Notably, in the declaration Mrs. Naff does not indicate who the gifts were from, whether from her, her husband or Mrs. Naff's father—who gave her 'several hundred dollars, if not more' each month for several years—or when the gifts were received by her children. Thus, the evidence is ambiguous such that there is not a clear conflict between the declaration and the representation made to the Bankruptcy Court"); Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC, 2016 U.S. Dist. LEXIS 83908, *29 (E.D. Cal. June 28, 2016) ("at his deposition, Smith testified that it was 'not [his] custom and practice in…35 years of experience requiring a down payment.' Defendants argue Smith's later statement in the declaration that he 'saw no reason to object to the deposit' is 'inconsistent' with the prior testimony. However, there is no conflict between the two statements. The fact that he chose to accept a down payment that was offered by the defendants does not contradict his practice of not requiring a down payment"); Taylor v. Shippers Transp. Express, Inc., 2014 U.S. Dist. LEXIS 180061, *12-13 (C.D. Cal. Sep. 30, 2014) ("Plaintiffs object to Mr. Alvarez's statement that STE's '[safety] meetings are not mandatory, are infrequent, and drivers suffer no repercussions if they do not attend.' Mr. Alvarez stated in his deposition that the Drivers attended a safety meeting that occurred on January 8, 2011. Mr. Alvarez's later testimony in his

7

declaration does not contradict that assertion. In his declaration, Mr. Alvarez is clearly referring to safety meetings in general, over the course of several years, whereas his deposition testimony is limited to one meeting in January 2011"). In determining what constitutes direct contradiction, all reasonable inferences must be made in favor of the non-moving party. See Bautista v. Transoceanic Cable Ship Co. LLC, 2019 U.S. Dist. LEXIS 187587, *10 (D. Haw. Oct. 29, 2019) ("Viewing this in the light most favorable to Plaintiff, as the court must at this stage, such testimony is not entirely contradicted nor inconsistent with his Declaration stating…").

Making inferences in favor of Noll, the non-moving party, her earlier statements assert that she did not recall escorting Shelly Ioane to the bathroom or know if that was done on June 8, 2006 but that standard police procedure would have been to observe her while she used the facilities. Noll's recent statement directly states that she did not recall escorting Shelly Ioane and that she is confident she would remember if she had done so. Taken strictly on their face, these statements do not directly contradict each other. A key fact is that Noll has not been deposed as part of this case; she has not had to answer direct questions about whether she escorted Shelly Ioane to the bathroom. Significantly, "a district court may find a declaration to be a sham when it contains facts that the affiant previously testified he could not remember." Yeager v. Bowlin, 693 F.3d 1076, 1080 (9th Cir. 2012). But, we do not have a prior statement in which Noll asserted that she could not remember what happened. Her prior statement is that "I do not recall escorting Ms. Ioane to the restroom." Doc. 369-3, 3:7-8. Shelly Ioane seems to assume that the statement means that Noll does not recall *if* she escorted Shelly Ioane to the restroom. However, the statement could also mean that Noll does not recall doing so. The latter interpretation is supported by Noll's statement that "the Federal Defendant has no personal knowledge of whether Shelly Ioane was escorted to the restroom or not, nor what may have occurred at such time." Doc. 506-4, 5:9-10. Noll's recent statement can be seen as an elaboration on her prior statements. When a subject is not explored during deposition, a later declaration that provides additional detail on that subject does not constitute a contradiction. See McMahon v. Valenzuela, 2015 U.S. Dist. LEXIS 129457, *25 (C.D. Cal. Sep. 24, 2015) ("The fact that McMahon 'at no point in time [during her deposition] indicated that any threats were made to her by Officer Valenzuela' does not render

8

more recent statements in her declaration regarding such alleged threats 'contradictory' or a 'sham'").

Shelly Ioane's motion for partial summary judgment to establish "That on June 8, 2006, Agent Noll insisted on accompanying Mrs. Ioane into the bathroom, ordered her to lift up her dress and pull down her underwear, thereby exposing her naked body, and then watched as Mrs. Ioane relieved herself" is completely dependent on establishing that Noll's recent declaration is a sham affidavit.  As the declaration does not merit that designation, Shelly Ioane's motion must be denied.

## IV. Order

Shelly Ioane's motion for partial summary judgment is DENIED.

IT IS SO ORDERED.

Dated:  July 24, 2020                                        _____
                                                                                        SENIOR  DISTRICT  JUDGE