Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
SHELLY J. IOANE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, SHELLY J. IOANE, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>KENT SPJUTE, JEAN NOLL, ET AL.,<br><br>Defendants. | Case No. 1:07-cv-00620-AWI-EPG<br><br>**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT [L.R. 251(C)]**<br><br>Date: October 9, 2020<br>Time: 10:00 am<br>Dept.: Courtroom 10<br>Judge: Hon. Erica P. Grosjean<br><br>Action Filed: April 24, 2007 |

I.      **Details of the Conference [L.R. 251(c)(1)]**

This Joint Statement is filed on behalf of Plaintiff Shelly Ioane ("Plaintiff" or "Mrs. Ioane") and Defendant Jean Noll ("Defendant" or "Ms. Noll") pursuant to Local Rule 251 and subsequent to an informal discovery dispute conference held on August 28, 2020 during which time the Court granted permission to Plaintiff to move to compel the deposition of Ms. Noll.

//

II. **Statement of Nature of the Action. [L.R. 251(c)(2)].**

**<u>Plaintiff's Statement</u>**

On November 25, 2019, the parties filed their Joint Status Report outlining their respective discovery plans for the end stage of this litigation. Dkt. No. 502. Ms. Noll is the only individual mentioned by name by either party as an intended deposition witness during the limited fact discovery period. *Id*. at 6. On January 8, 2020, the Court set the close of fact discovery for April 17. Dkt. No. 505.

On February 20, 2020, Plaintiff served a notice of deposition upon Defendant calendaring March 19 for the deposition of Ms. Noll. Borenstein Decl., ¶ 5. On March 12, 2020, counsel for Plaintiff informed opposing counsel that he would be postponing the deposition due to concerns regarding the coronavirus crisis. Borenstein Decl., ¶ 8. On April 10, 2020, counsel for Plaintiff indicated by email to opposing counsel that "the inclusion of a limited fact discovery period in our schedule was intended solely to provide the opportunity to depose Agent Noll. Given the circumstances and the fact that Agent Noll really isn't a fact witness at all, we will forego deposing her and allow the limited fact discovery period to end next week." Borenstein Decl., ¶ 15. The limited fact discovery period ended seven days later on April 17. On April 27, 2020, the Court granted permission to Defendant to file a motion to compel discovery responses and continued the trial date in this case to May 25, 2021. Dkt. No. 527.

On June 22, 2020, the Court granted Defendant's motion to compel discovery responses and allowed as many as nine depositions after the close of fact discovery, including a remote deposition of Mrs. Ioane, her second deposition in this action. Dkt. No. 542. The protocol for the remote deposition of Mrs. Ioane would serve as the model for the other eight depositions taken by Defendant between August 31 to September 23 in light of the ongoing pandemic. Borenstein

Decl., ¶ 17.

On August 4, 2020, counsel for Plaintiff requested that Ms. Noll's deposition be rescheduled after the close of fact discovery, to which he was refused. Borenstein Decl., ¶¶ 18, 19. Thereafter, on August 28, 2020, the parties met for an informal discovery conference on the issue, during which time the Court granted Plaintiff permission to file a motion to compel Ms. Noll's deposition. 8/28 Transcript of Informal Discovery Conference at 7.

**Defendant's Statement**

Defendant disagrees with the incomplete recounting of background facts contained in Plaintiff's Statement, above. Defendant's background facts are included, with Defendant's contentions, in Part III.B, below. Moreover, Defendant separately submits exhibits referenced in Part III.B, below, through the concurrently-filed declaration of James Weaver.[1]

**III.   Contentions of the Parties**

    **A.   Plaintiff's Contentions[2]**

Plaintiff seeks to reopen discovery for the limited purpose of deposing Ms. Noll. This Court can reopen discovery only upon a showing of good cause by the moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its

---

[1] In footnote 2, below, Plaintiff moves to strike exhibits submitted through the Weaver declaration, following the rejection by Defendant's counsel of an offer made by Plaintiff's counsel to "just combine them all into one document with the declaration so that [Plaintiff's counsel] can attach to the end of the document when we're ready to file." Plaintiff's approach would jumble up Defendant's evidence and preclude the Court from quickly accessing particular exhibits through ECF. The proper means of submitting evidence in support or opposition to a motion is through declarations, filed on ECF as separate docket entries. And Defendant's exhibits should be offered into evidence by Defendant's counsel, not Plaintiff's counsel. Nothing in Local Rule 251(c) (which precludes separate briefing) says otherwise. In short Plaintiff's motion to strike should be summarily denied.

[2] Plaintiff hereby moves to strike all exhibits and declarations not filed with the instant Joint Statement. Defendant is incorrect that the "proper means of submitted evidence" is by filing on ECF "as separate docket entries," especially as it relates to a joint statement signed by the parties. Therefore, any exhibits or declarations not filed as part of the same docket entry as the instant Joint Statement should not be considered as evidence in support of Defendant's position as put forth in Part III.B and must be stricken.

JOINT STATEMENT RE DISCOVERY DISAGREEMENT – HALLIDAY, ET AL. V. SPJUTE, ET AL.
3

attempts to complete discovery in a timely manner. *Id*. Additionally, the existence of "extraordinary circumstances" may also establish good cause to reopen discovery after the cut-off date. *Ibid*. at 10; *see Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 116 F.R.D. 363, 365 (M.D.N.C. 1987) *(*"A reasonable discovery schedule may be enforced, even if relevant discovery is denied, unless extenuating circumstances compel a contrary finding.") Other factors the Court may consider in determining whether to reopen discovery are: Whether trial is imminent; whether the request is opposed; whether the non-moving party would be prejudiced; the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; the likelihood that the discovery will lead to relevant evidence. *Smith v. U.S.,* 834 F.2d 166, 169; *see also Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Here, Plaintiff was undoubtedly diligent in seeking to depose Ms. Noll: Since Mrs. Ioane retained counsel at the beginning of 2019, she has made it clear to Defendant that their main intention was to depose Ms. Noll. Borenstein Decl., ¶¶ 3, 4. Indeed, Ms. Noll was the only deponent identified by name in the parties' Joint Status Report. Dkt. No. 502 at 6. Meanwhile, Defendant was served with a notice of deposition in February, calendaring her deposition date a month before the close of fact discovery. Borenstein Decl., ¶ 5. At all relevant times, Plaintiff's primary intention was to depose Ms. Noll during the limited fact discovery period and she was diligent in doing so until it became clear that it would not be safe to conduct an in-person deposition. Borenstein Decl., ¶ 7. Indeed, if there have ever been "extraordinary circumstances" sufficient to reopen discovery, the coronavirus crisis has to fit the bill: Our country is still in the grips of a once-in-a-generation pandemic, the start of which began two weeks before Ms. Noll was scheduled to be deposed and led to its cancelation for safety reasons. Borenstein Decl., ¶¶ 6,

JOINT STATEMENT RE DISCOVERY DISAGREEMENT – HALLIDAY, ET AL. V. SPJUTE, ET AL.
4

7. Meanwhile, the day that Ms. Noll was to be deposed, Governor Newsom issued California's shelter in place order as the coronavirus crisis worsened. Borenstein Decl., ¶ 9.

Plaintiff's counsel readily admits that he made a mistake in deciding to forego rescheduling Agent Noll's deposition before the close of fact discovery. Borenstein Decl., ¶ 14. The poor tactical choice was made under duress and extreme anxiety caused by the coronavirus crisis. Borenstein Decl., ¶¶ 10, 11. It was also made in the expectation that parties would be held to the limited fact discovery period they agreed to. Borenstein Decl., ¶ 13. Nevertheless, the Court would go on to grant Defendant the ability to depose as many as eight fact witnesses after the close of fact discovery. Dkt. No. 542. Therefore, fundamental fairness demands that Plaintiff be allowed to depose the named defendant in this case, an individual whom Plaintiff has made clear she intends to depose for more than a year, who was served with a notice of deposition, and was scheduled to be deposed on March 19, 2020 until the coronavirus crisis made it impossible. Borenstein Decl., ¶¶ 3-8.

Otherwise, trial is set for May 2021, which provides ample time to depose Ms. Noll without causing any prejudice to Defendant and in a safe manner given the demonstrated ease of conducting remote depositions during the pandemic. Borenstein Decl., ¶ 20. By contrast, Defendant showed a striking lack of diligence in deposing any witness until the limited fact discovery period had elapsed. Dkt. No. 532 at 14-15. Meanwhile, Plaintiff seeks to reopen discovery for the sole purpose of deposing Ms. Noll, consistent with her intention since she retained counsel in February 2019. Borenstein Decl., ¶ 3. And, of course, should the Court permit Plaintiff to depose Ms. Noll, the only named defendant left in this case and the first to be deposed since the action was filed in 2007, critical information relevant to both sides will be

produced. Therefore, good cause exists to reopen discovery for the limited purpose of deposing Ms. Noll.

To her credit, Ms. Noll was initially willing to be deposed in March 2020. However, Ms. Noll now resists being deposed after the close of fact discovery and this Court informally denied Plaintiff's request to reschedule her deposition. 8/28 Transcript of Informal Discovery Conference at 7. Therefore, the legal standard for a motion to compel discovery is also relevant here. Generally, courts have broad discretion to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in "actual and substantial prejudice" to the moving party. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Here, Plaintiff will suffer actual and substantial prejudice by not being able to depose Ms. Noll: She is a named defendant whose three prior sworn declarations over the course of thirteen years are critical to Plaintiff's case, particularly with regard to Ms. Noll's memory, or lack thereof, of the bathroom incident. Mrs. Ioane will suffer actual and substantial prejudice without being able to test Ms. Noll's credibility, demeanor, and memory through vigorous questioning before trial. Meanwhile, Ms. Noll recently revealed in her most recent sworn declaration that she has been involved in other bathroom searches, details of which are crucial to her credibility as a witness and defendant. Dkt. No. 511 at 5. Therefore, without the benefit of Ms. Noll's deposition testimony, Plaintiff will suffer unfair prejudice that will significantly impact this case's outcome.

Ultimately, as the last remaining named defendant in this case, Ms. Noll's deposition testimony will be absolutely crucial to Plaintiff's case in chief. Indeed, Mrs. Ioane should not be denied such important evidence simply because she had the misfortune of scheduling Ms. Noll's deposition days after the coronavirus crisis erupted in this country. Moreover, given the undue

prejudice she stands to suffer as a result, Mrs. Ioane should be excused from the consequences of her attorney's mistake in declining to reschedule Ms. Noll's deposition before the close of fact discovery. Borenstein Decl., ¶ 21. As remote depositions have become a safe and convenient alternative to in-person depositions during the pandemic, fundamental fairness demands that Plaintiff be permitted the same freedom to conduct depositions as Defendant. Borenstein Decl., ¶ 16. Good cause being established and in consideration of the prejudice that Plaintiff stands to suffer in being denied such critical discovery, this Court should reopen discovery and allow Plaintiff to depose Ms. Noll as she has intended to since she retained counsel in February 2019. Borenstein Decl., ¶ 3.

### B. Defendant's Contentions

**Introduction**

Plaintiff and her counsel knowingly, intentionally and strategically advocated against extending fact discovery past April 17, 2020, in an effort to prevent Defendant from obtaining information about Plaintiff's untimely-disclosed witnesses. In furtherance of that effort, Plaintiff expressly stated that "we will forego" taking Defendant's deposition. Plaintiff's counsel expressly confirmed this strategic decision when addressing the Court during an informal discovery dispute conference held on April 23, 2020.

Once set, a scheduling order may only be modified for "'good cause and with the judge's consent.'" *See Lanier v. San Joaquin Valley Officials Assn.*, 1:14-CV-01938-EPG, 2016 WL 4764678, at *1 (E.D. Cal. Sept. 13, 2016) (quoting Fed. R. Civ. P. 16(b)(4)). In the Ninth Circuit, the "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Carelessness is incompatible with a finding of diligence. *See id*. Indeed, "[i]f that party was not diligent, the inquiry should end." *Id*.

Rarely has there been as clear-cut a case as this one, where a party's lack of diligence is unmistakably intentional and motivated by strategic considerations. Rarely has there been a case where granting a motion to reopen fact discovery would so obviously "reward the indolent and cavalier." *Id*. at 610. Plaintiff's earlier opposition to extending the very same fact discovery deadline that Plaintiff now seeks to set aside created hours of work on the part of Defendant's counsel and required the filing of a motion to compel. Plaintiff's motion should be denied.

**Background Facts**

As reflected in the parties' joint status report filed on November 25, 2019, Plaintiff requested, and Defendant was agreeable to, a limited fact discovery period that would include a deposition of Defendant. (Dkt. No. 502 at 6:13-7:4). On January 8, 2020, the Court ordered that "[l]imited additional fact discovery shall be completed by 4/17/2020." Dkt. No. 505 (minute order); *see also* Dkt. No. 507 (order of 2/13/2020).

Shortly thereafter, Defendant offered to be deposed in Fresno, either in late January or early February 2020. (**Exhibit 1** to Weaver Declaration, Letter of 1/10/2020). Defendant indicated that some planning would be involved. Because Defendant would be deposed regarding actions taken in her capacity as an IRS employee, Ms. Noll would need to comply with so-called "Touhy regulations," an IRS Counsel would be present at the deposition, and the IRS would need to issue a testimonial authorization outlining the scope of Defendant's permitted testimony. (*See* **Exhibit 1**).

Having not heard back from Plaintiff's counsel, Defendant followed up with an inquiry on January 17, 2020, asking Plaintiff to either promptly select one of the offered dates, or Defendant would ascertain Defendant's availability during the second half of February 2020 for a deposition. (**Exhibit 2** to Weaver Declaration, Letter of 1/17/2020, at p. 2).

Plaintiff's counsel responded on January 21, 2020, indicating that Plaintiff wished to push back the date of the deposition into "mid-March." (**Exhibit 3-A** to Weaver Declaration, Email chain of 1/21/2020). Unbeknownst to Defendant, Plaintiff was, apparently, planning to file and brief a motion for partial summary judgment shortly thereafter.

Plaintiff filed her dispositive motion on February 11, 2020. (Dkt. No. 506). She calendared a hearing date on the motion of March 16, 2020. At the core of her motion was an attempt to invoke the sham affidavit rule to prevent Defendant from telling her story at trial, and to restrict the presentation of evidence to Plaintiff's version of what transpired during a search of the Ioane residence on June 8, 2006. (*See* Dkt. No. 506-1 at 9-10).

Only after calendaring Plaintiff's motion for a March 16, 2020 hearing date did Plaintiff's counsel schedule Defendant's deposition for March 19, 2020 – a carefully-selected date that ensured that Plaintiff's sham affidavit motion would be submitted without the potential for any adverse deposition testimony from Defendant being introduced into the record, thereby reducing Plaintiff's chances for success on her motion.[3] (*See* **Exhibit 4** to Weaver Declaration, Notice of Deposition served 2/20/2020).

By mid-March, the covid virus was spreading across the United States. On March 12, 2020 Plaintiff's counsel asked to "postpone the deposition until April or May." (*See* **Exhibit 5** to Weaver Declaration, email chain of 3/12/2020). Defendant's counsel was fine with that. (*See* **Exhibit 6** to Weaver Declaration, email chain of 3/12/2020).

But by April 10, 2020, Plaintiff had abruptly changed her tune. Why? Because in the interim, on March 30, 2020, Plaintiff served wholly-inadequate responses to Defendant's

---

[3] In response to Plaintiff's email of January 21, 2020 asking for dates of availability in mid-March (**Exhibit 3-A**), Defendant offered four dates in mid-March: March 12, 13, 19 & 20. (*See* **Exhibit 3-B** to Weaver Declaration, email chain of 1/30/2020).

interrogatories.  (*See* **Exhibit 7** to Weaver Declaration, Plaintiff's Responses to Interrogatories).  Upon receipt of Plaintiff's responses, Defendant's counsel promptly wrote to Plaintiff, proposing to extend fact discovery.  (*See* **Exhibit 8** to Weaver Declaration, Letter of 4/6/2020 at pp. 1-2).

It was at this point that Plaintiff crossed the proverbial Rubicon and made a strategic decision that she must now live with.  Plaintiff would contend that she no longer needed Defendant's deposition and oppose Defendant's request to extend fact discovery:

> I'm fine with extending the deadlines for expert discovery as you suggested **but I won't stipulate to any further fact discovery. The inclusion of a limited fact discovery period in our schedule was intended solely to provide the opportunity to depose Agent Noll. Given the circumstances and the fact that Agent Noll really isn't a fact witness at all, we will forego deposing her and allow the limited fact discovery period to end next week. Otherwise, I don't really see any other reason to extend the limited fact discovery period beyond what we agreed to originally.**

(**Exhibit 9** to Weaver Declaration, email from Plaintiff's counsel of 4/10/2020) (emphasis added).

This was no mistake on the part of Plaintiff.  It was an intentional strategy designed to prevent Defendant from going behind the inadequate responses to interrogatories served by Plaintiff.

Two weeks later, Plaintiff submitted to the Court a letter brief in advance of an informal discovery dispute conference that clearly and unequivocally stated the following:

> Agent Noll was scheduled to be deposed on March 19, 2020 but, due to concerns regarding the coronavirus, the deposition was canceled.  **I have since advised opposing counsel that Plaintiff will forgo deposing Agent Noll as she has no personal knowledge of the bathroom incident and is therefore not a fact witness.**

(**Exhibit 10** to Weaver Declaration, Plaintiff's Letter Brief of 4/22/2020, fnt. 1)(emphasis added).

During the informal conference that ensued, Plaintiff's counsel again confirmed Plaintiff's decision to forego a deposition of Defendant.  (**Exhibit 11** to Weaver Declaration,

Excerpt from Tr. of 4/23/2020 Conference at 9:14-15) (Mr. Borenstein stating "and now that deposition is not necessary.")  This statement was made in the context of Plaintiff's counsel advocating for fact discovery to <u>not</u> be extended.  (*See* **Exhibit 11** at 10:23-11:9).

The connection is clear.  Plaintiff was gambling that her strategic interests would be better served by taking a hard line with respect to the fact discovery deadline of April 17, 2020, thereby precluding Defendant from further discovery, even if Plaintiff would thereby forego an opportunity to depose Defendant.  Moreover, it was only in early August, long after the close of fact discovery, and only after Defendant was granted permission to take depositions of late-disclosed witnesses <u>and</u>, furthermore, only after the Court denied Plaintiff's motion for partial summary judgment on July 24, 2020, that Plaintiff changed her position.  She waited until her strategic bets had all played out before she changed her calculus.  Only then did she raise the issue of taking Defendant's deposition.  (*See* **Exhibit 12**, email of 8/4/2020).

**Legal Argument**

A scheduling order may only be modified for "good cause and with the judge's consent." *See Lanier*, 2016 WL 4764678, at *1 (quoting Fed. R. Civ. P. 16(b)(4)).

The authoritative statement of what constitutes "good cause" in the Ninth Circuit is set forth in the case of *Johnson v. Mammoth Recreations, Inc.*:

> . . . Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann,* 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule

60(b)); *Martella v. Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (same), *cert. denied,* 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972); *Smith v. Stone,* 308 F.2d 15, 18 (9th Cir.1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D.Me.1985). If that party was not diligent, the inquiry should end.

975 F.2d at 609. Thus, this Court has, in another case, denied a party leave to take an out-of-time deposition well after the close of discovery where the party earlier elected to forego the deposition for strategic considerations. *See Reese v. Barton Healthcare Sys.*, CV S-08-1703 KJM-GGH, 2011 WL 13247441, at *1 (E.D. Cal. May 11, 2011) (party opted to not take deposition during discovery in order to reduce costs, "in an effort to promote settlement").

Under the Ninth Circuit standard, the starting and ending point of the relevant analysis is Plaintiff's lack of diligence. To say, as Plaintiff has said, that she now seeks Defendant's deposition because "Judge Ishii concluded that Ms. Noll is a fact witness . . ." is to rewrite history. (*See* **Exhibit 13**, email chain of 8/6/2020). Plaintiff's counsel already knew (obviously) that Ms. Noll was a fact witness, as evidenced by his efforts to seek her deposition following the filing of Plaintiff's motion for partial summary judgment on February 11, 2020, which essentially sought to bar Ms. Noll's testimony – but Plaintiff was careful to schedule the deposition for a date just after the motions filings were under submission. (*See* **Exhibits 4 & 5**). Only later – after it was in Plaintiff's interest to close off discovery without depositions or other fact discovery regarding Plaintiff's late-disclosed witnesses, did Plaintiff decided to strategically forego the deposition of Defendant.

Even after it was clear on June 19, 2020 that Plaintiff would not prevail in her efforts to prevent follow-up discovery regarding her untimely interrogatory responses, Plaintiff showed no diligence in seeking relief from the discovery deadline for purposes of taking Defendant's

deposition.  It was only weeks later, after an adverse decision on Plaintiff's dispositive motion in late July 2020, that Plaintiff changed her position.  But having intentionally made a strategic gamble that entailed not taking Defendant's deposition, Plaintiff cannot now ask for a "do-over" because her bet did not pay off.  To do so would be profoundly unfair.  As noted above, Plaintiff's earlier opposition to extending the very same fact discovery deadline that Plaintiff now seeks to set aside created hours of work on the part of Defendant's counsel and required the filing of a motion to compel.  Plaintiff strategically gave up taking the deposition to improve her odds of success in opposing Defendant's motion to compel.  (*See* **Exhibit 9**).  She should be held to her position.

Nor does the covid pandemic provide Plaintiff an excuse, not after she took a contrary position when the proverbial shoe was on the other foot.  (*See* Dkt. No. 537, p. 29 fnt. 3).

In short, Plaintiff's lack of diligence, and the strategic nature of her prior contrary choices, weigh heavily in favor of denying Plaintiff's motion.

\\
\\
\\
\\
\\
\\
\\

Respectfully submitted,

Dated: _____
PETER BORENSTEIN
Attorney for Plaintiff
SHELLY J. IOANE


RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

Dated: 10-2-2020   /s/ James E. Weaver
JAMES E. WEAVER
Senior Litigation Counsel
YEN JEANNETTE TRAN
Trial Attorney
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-4929

*Of Counsel:*
MCGREGOR W. SCOTT
United States Attorney
Eastern District of California
*Attorneys for Jean Noll*