UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLY J. IOANE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JEAN NOLL, et al.,<br><br>    Defendants. | Case No. 1:07-cv-00620-AWI-EPG<br><br>**ORDER DENYING MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE OF COMPELLING DEPOSITION OF DEFENDANT JEAN NOLL**<br><br>(ECF No. 572) |

Before the Court is plaintiff Shelly Ioane's motion to reopen discovery for the limited purpose of compelling the deposition of defendant Jean Noll. (ECF No. 572.) The Court will deny the motion.

To reopen discovery, the moving party must show good cause, which in turn requires a showing of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). If the moving party has not acted with diligence in pursuing discovery, she has failed to show good cause to reopen discovery and therefore "the inquiry should end." *Id.* at 609.

Here, Ioane's failure to diligently pursue the deposition of Noll is demonstrated by the record and supports denying the request to reopen. *See id.* ("good cause" inquiry focuses primarily on diligence of requesting party).[1]

---

[1] The Court will deny Ioane's motion, contained in a footnote of the Joint Discovery Dispute Statement, to strike the supplemental declaration and exhibits filed by Noll. (ECF No. 587 at 3, n.2; ECF No. 588.) All arguments and briefing that would generally be included in a memorandum of points and authorities supporting or opposing a

1

Noll's deposition was originally scheduled for March 19, 2020. However, on March 12, 2020, Ioane's counsel requested that the Noll deposition be postponed to April or May in light of the COVID-19 pandemic and stated that Ioane was willing to stipulate to extend the fact discovery deadline to do so. (ECF No. 588-6.) Noll's counsel agreed to the postponement and the extension of the fact discovery deadline and provided available dates of late April 2020 for the deposition. (ECF Nos. 588-7, 588-9.) However, in early April 2020, prior to scheduling Noll's deposition, Ioane changed her position, stating that Ioane no longer wished to depose Noll, and refused to agree to extend the fact discovery deadline. In an email to Noll's counsel dated April 10, 2020, Ioane's counsel stated:

> . . . I won't stipulate to any further fact discovery. The inclusion of a limited fact discovery period in our schedule was intended solely to provide the opportunity to depose Agent Noll. Given the circumstances and the fact that Agent Noll really isn't a fact witness at all, we will forego deposing her and allow the limited fact discovery period to end next week. Otherwise, I don't really see any other reason to extend the limited fact discovery period beyond what we agreed to originally.

(ECF No. 588-10.) In an informal letter brief submitted to the Court on April 22, 2020, Ioane again stated that she would forego deposing Noll "as she [Noll] has no personal knowledge of the bathroom incident and is therefore not a fact witness." (ECF No. 588-11.) And, during an April 23, 2020, informal discovery dispute conference, Ioane's counsel stated to the Court: "[W]e agreed on a limited fact discovery period for one deposition, which was the deposition of the Defendant, and now that deposition is not necessary." (ECF No. 588-12 at 4.) Thus, Ioane had the opportunity to depose Noll but made a strategic decision to forego that deposition.

Finally, as the record clearly demonstrates, contrary to Ioane's assertion, her choice to forego the Noll deposition was not merely a "mistake" made under duress. Rather, it was a strategic choice that she made.

---

motion to compel are to be included in the joint statement of discovery dispute. L.R. 251(c)(3). The Court also generally requires declarations and exhibits to be included as attachments to the joint statement, as set forth in the scheduling order that the Court generally issues in civil cases. However, the scheduling order that was issued in the present case does not include that limitation (*see* ECF No. 365), and Local Rule 251 does not explicitly prohibit the filing of a separate declaration and exhibits. Thus, there was nothing preventing Noll from filing a separate declaration and exhibits.

Given Ioane's lack of diligence in pursuing the deposition of Noll, and indeed strategic choice to forego that deposition, she has failed to show good cause to reopen discovery and therefore "the inquiry should end." *Johnson*, 975 F.2d at 609; *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) ("Sheridan's failure to diligently pursue discovery is demonstrated in the record and supports the refusal to reopen discovery.").

IT IS ORDERED:

1. Plaintiff Shelly Ioane's motion to reopen discovery for the limited purpose of deposing defendant Jean Noll (ECF No. 572) is DENIED.
2. Plaintiff Shelly Ioane's motion to strike the supplemental declaration and exhibits filed by Noll (ECF No. 587 at 3, n.2) is DENIED.

IT IS SO ORDERED.

Dated: **October 19, 2020**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3