Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Plaintiff
SHELLY J. IOANE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, SHELLY J. IOANE, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> KENT SPJUTE, JEAN NOLL, ET AL., <br><br> Defendants. | Case No. 1:07-cv-00620-AWI-EPG <br><br> **PLAINTIFF SHELLY J. IOANE'S REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING.** |

**INTRODUCTION**

Pursuant to Local Rule 303 and Rule 72 of the Federal Rules of Civil Procedure, Plaintiff Shelly J. Ioane ("Plaintiff" or "Mrs. Ioane") respectfully requests reconsideration of Magistrate Judge Erica P. Grosjean's ruling on October 19, 2020 denying Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Compelling the Deposition of Defendant Jean Noll ("Defendant" or "Agent Noll"). Dkt. No. 593. The Magistrate's order is clearly erroneous given that, at all relevant times, Plaintiff was the only party to be diligent with respect to deposing any witness but was ultimately stymied from moving forward with the deposition of Agent Noll due to the ongoing coronavirus crisis.

Furthermore, the Magistrate's denial of Plaintiff's motion was contrary to law because she failed to consider other factors to determine whether there was good cause to reopen

discovery, such as the presence of "extraordinary circumstances," that may have frustrated Plaintiff's ability to complete discovery before the deadline. The Magistrate's ruling was also contrary to law because she considered inadmissible evidence filed separately from the parties' Joint Statement and in violation of Local Rule 251(c). Therefore, the District Court should set aside the Magistrate's order denying Plaintiff's motion and enter a new order reopening discovery for a short period of time to allow Plaintiff to finally depose Agent Noll, the first defendant to be deposed in this matter despite nearly thirteen years litigation.

## LEGAL STANDARD

"The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).

## ARGUMENT

**1.  Plaintiff Was the Only Diligent Party with Respect to Depositions During the Limited Fact Discovery Period.**

The Magistrate's factual finding that Plaintiff was not diligent in seeking to depose Agent Noll is clearly erroneous: Agent Noll's deposition was the only one discussed by the parties and the only deposition noticed for any witness during the limited fact discovery period. But for the worsening Covid-19 situation during March 2020, Agent Noll would have been deposed as planned. However, given the uncertainty caused by the pandemic at that time, Agent Noll's deposition was postponed and it was unclear whether in-person depositions would be possible going forward. The Magistrate also erred in conflating counsel for Plaintiff's decision to forego deposing Agent Noll one week before the limited fact discovery deadline as a lack of diligence. Dkt. No. 593 at 2. Yet Plaintiff was the only party to be diligent with respect to any deposition during the limited fact discovery period; that counsel made a decision one week before the deadline to forego the deposition has no bearing on her diligence before or after the deadline.

The Magistrate's erroneous ruling is confirmed by contrast with Defendant's utter lack of diligence in deposing anyone yet still being granted the opportunity to depose nine of Plaintiff's witnesses, including a second deposition of Mrs. Ioane herself, after the close of fact discovery. Dkt. No. 542. During the four months that the parties allowed themselves for limited fact discovery, Defendant did not notice any depositions nor express an intention to depose anyone. The only discovery request that Defendant managed during the limited fact discovery period was

a set of special interrogatories served on February 27, 2020. With the discovery deadline of April 17, 2020, Defendant left herself absolutely no time to conduct any depositions after Mrs. Ioane responded to the special interrogatories.

Having failed to display any diligence whatsoever, Defendant filed a motion to extend the limited fact discovery period on April 15, 2020, two days before the deadline. Dkt. No. 518. Defendant did not obtain permission to file the motion pursuant to the Magistrate's standing order. Dkt. No. 524. Despite Defendant's improper motion, the Magistrate calendared an informal discovery conference for April 23, five days after the fact discovery deadline, during which time counsel for Defendant indicated his intention to depose Plaintiff's witnesses who might testify regarding her damages. Dkt. No. 532 at 16-17. The Magistrate would ultimately allow Defendant to conduct nine depositions, including a second deposition of Mrs. Ioane, after the close of fact discovery; in permitting Defendant more time to depose nine witnesses, the Magistrate did not consider Defendant's diligence in completing discovery before the deadline. Dkt. No. 542. On the other hand, the Magistrate made the clearly erroneous factual finding that Plaintiff was not diligent despite being the only party to notice any depositions during the limited fact discovery period. To correct this error, the District Court should set aside the Magistrate's order and allow Plaintiff the opportunity to reschedule and depose the only remaining named defendant in this case.

**2.     The Magistrate Did Not Consider Extraordinary Circumstances, Such as a Global Pandemic, in Ruling on Plaintiff's Motion to Reopen Discovery.**

In addition to the Magistrate's error on the facts in denying Plaintiff's motion to reopen discovery, the ruling is also contrary to law given that the Magistrate did not consider the "extraordinary circumstances" of the coronavirus in making her ruling. While the primary factor to find good cause to reopen discovery is diligence in completing discovery, consideration of "extraordinary circumstances" also bears on a finding of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Here, the Magistrate utterly failed to take the coronavirus pandemic and its impact on Plaintiff's discovery plan into consideration when denying Plaintiff's motion. It cannot be disputed that a once-in-a-generation pandemic constitutes "extraordinary circumstances" and by simply ignoring it as a factor in her ruling, the Magistrate's denial of Plaintiff's motion was contrary to law. Therefore, the District Court should set aside the Magistrate's ruling and enter a new order reopening discovery for a short

period of time and allow Plaintiff to depose Agent Noll as originally intended before the coronavirus frustrated her plans.

### A. The Magistrate Relied on Inadmissible Evidence in Violation of the Eastern District's Local Rules

In denying Plaintiff's motion, the Magistrate relied solely on evidence filed separately from the parties' Joint Statement by counsel for Defendant. Dkt. No. 593 at 2. Defendant's separately filed declaration and fourteen exhibits (Dkt. No. 588) violated Local Rule 251(c)'s express requirement that "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed." Counsel for Defendant insisted on filing the declaration and evidence separately despite Plaintiff's offer to file it in the same docket entry as the parties' Joint Statement in compliance with Local Rule 251(c). Plaintiff moved to strike Defendant's evidence in their Joint Statement but the Magistrate declined to observe Local Rule 251 and, instead, relied on the inadmissible evidence in her ruling. Meanwhile, the Magistrate did not consider any of Plaintiff's evidence, which was properly filed with the Joint Statement pursuant to Local Rule 251(c). Given that the Magistrate relied on inadmissible evidence in violation of the Local Rules, her ruling is contrary to law and must be set aside.

### CONCLUSION

For the reasons stated above, this Court should set aside the Magistrate's October 19 order denying Plaintiff's Motion to Reopen Discovery for the Limited Purpose of Compelling the Deposition of Defendant Jean Noll and enter a new order reopening discovery for a short period of time to allow Plaintiff the opportunity to depose Agent Noll.

Respectfully submitted,

Dated: 11/2/20                 By:_____
                                   Peter Borenstein
                                   Attorney for Plaintiff
                                   SHELLY J. IOANE