# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN HALLIDAY, SHELLY J. IOANE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KENT SPJUTE, JEAN NOLL, ET AL., <br><br> Defendants. | CASE NO. 1:07-cv-00620-AWI-EPG <br><br> ORDER ON PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING <br><br> (Doc. No. 595) |

This is a civil rights lawsuit brought by Plaintiff Shelly J. Ioane against personnel employed at the Internal Revenue Service. Currently pending before the Court is Plaintiff's request for reconsideration (Doc. No. 595) of the Magistrate Judge's ruling on Plaintiff's motion to reopen discovery for the limited purpose of compelling the deposition of Defendant Jean Noll (Doc. No. 593).

*Legal Standard*

A district court may refer pretrial issues to a magistrate judge to either hear and decide or issue findings and recommendations. See 28 U.S.C. § 636(b)(1); Khrapunov v. Prosyankin, 931 F.3d 922, 930-31 (9th Cir. 2019); Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Khrapunov, 931 F.3d at 931; Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991).

A magistrate judge's factual findings or discretionary decisions are "clearly erroneous"

when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Avalos v. Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This standard is "significantly deferential." Avalos, 798 F.Supp.2d at 1160. The district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Avalos, 798 F.Supp.2d at 1160.

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (5th Cir. 2010); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir.1992); Avalos, 798 F.Supp.2d at 1160; Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Perez v. City of Fresno, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); Jadwin, 767 F.Supp.2d at 1010-11.

*Discussion*

Plaintiff's motion seeks reconsideration of the Magistrate Judge's order (Doc. No. 593), which denied Plaintiff's motion (Doc. No. 572) to reopen discovery for the limited purpose of compelling the deposition of Defendant Jean Noll. Plaintiff argues that the Magistrate Judge's order was "clearly erroneous" because Plaintiff was the "only party to be diligent with respect to deposing any witness but was ultimately stymied from moving forward with the deposition of Agent Noll due to the ongoing coronavirus crisis." Doc. No. 595 at 1. Additionally, Plaintiff contends that the Magistrate Judge's order was "contrary to law" because the Magistrate Judge failed to consider "other factors to determine whether there was good cause to reopen discovery, such as the presence of 'extraordinary circumstances,' that may have frustrated Plaintiff's ability to complete discovery before the deadline." Id. at 1-2. Plaintiff further contends that the Magistrate Judge's order was "contrary to law" because the Magistrate Judge considered "inadmissible evidence filed separately from the parties' Joint Statement and in violation of Local Rule 251(c)." Id. at 2.

Regarding Plaintiff's contention that the Magistrate Judge's order was "clearly erroneous,"

the Court is not "left with the definite and firm conviction that a mistake has been committed." Security Farms, 124 F.3d at 1014; Avalos, 798 F.Supp.2d at 1160. To the contrary, the Court agrees with the Magistrate Judge's decision. To reopen discovery, the moving party must show "good cause," and the "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (The determination of "good cause" "focuses on the reasonable diligence of the moving party."). Based on the record, the Magistrate Judge found that Plaintiff did not act with "diligence" in pursuing the deposition of Defendant Noll and, therefore, there was no "good cause" to reopen discovery for the limited purpose of compelling Defendant Noll's deposition. Johnson, 975 F.2d at 608-09 (finding no "good cause" to modify pretrial schedule because the movant did not exercise "diligence"). The record demonstrates that Plaintiff had multiple opportunities to depose Defendant Noll but made a strategic decision to forego that deposition.[1] For example, after postponing Defendant Noll's originally scheduled deposition from March 19, 2020 to late-April, Plaintiff later informed Defendant and the Court of her conscious and voluntary decision to forgo the deposition of Defendant Noll and to not extend the fact discovery period. Doc. No. 588-10 at 1; Doc. No. 588-11 at 1 n.1; Doc. No. 588-12 at 4. Thus, the Court disagrees with Plaintiff's assertion that the Magistrate Judge was "clearly erroneous" in finding no "good cause" to reopen discovery. See Reese v. Barton Healthcare Sys., 2011 U.S. Dist. LEXIS 170799, *3-4 (E.D. Cal. May 10, 2011) (denying plaintiff's request to schedule a deposition after the close of discovery because plaintiff's lack of "diligence" in seeking the deposition earlier precluded a finding of "good cause").

Regarding Plaintiff's contention that the Magistrate Judge's order was "contrary to law," the Court holds that the Magistrate Judge did not fail to apply, or misapply, the applicable law. First, with respect to the Magistrate Judge's application of the "good cause" standard, the Magistrate Judge correctly prioritized the "diligence" of Plaintiff while giving the "extraordinary circumstance" of COVID-19 its due weight. The Magistrate Judge noted that the originally

---

[1] As explained in further detail in the lower portion of this Discussion, the Magistrate Judge's decision to not strike Defendant's declaration and supporting exhibits (Doc. No. 588) was not "contrary to law." Therefore, the Court will consider these documents while issuing this Order.

3

scheduled deposition of Defendant Noll on March 19, 2020 was postponed "in light of the COVID-19 pandemic," but the key evidence that guided the Magistrate Judge's decision was Plaintiff's series of communications in April 2020 to forgo the deposition of Defendant Noll altogether. Doc. No. 593 at 2:1-21 (citing Doc. No. 588-10 at 1; Doc. No. 588-11 at 1 n.1; Doc. No. 588-12 at 4). Plaintiff offered no evidence that her April communications were made based on COVID-19 concerns, and Plaintiff admits that "the primary factor to find good cause to reopen discovery is diligence." Doc. No. 595 at 3:21-22. Because the Magistrate Judge's decision was issued based on findings on Plaintiff's diligence, the Magistrate Judge applied the law correctly. Johnson, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end.").

Second, with respect to the Magistrate Judge's application of Local Rule 251(c)(3), the Court finds no failure to apply, or misapplication of, this rule. Local Rule 251(c) requires all parties who are concerned with a discovery motion to prepare and sign a joint statement, and "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed."[2] In *Centeno v. City of Fresno*, the Court interpreted Local Rule 251(c) to not require declarations and exhibits filed separately from the joint statement to be stricken from the record. Centeno v. City of Fresno, 2016 U.S. Dist. LEXIS 180013, *2 n.1 (E.D. Cal. Dec. 29, 2016). The court noted that although the defendant filed an "opposition" containing declarations and exhibits separate from the parties' joint statement, that defendant had indicated to the plaintiff that it would file its exhibits separately and the joint statement itself said that the defendant would separately file its declarations and exhibits. Id. In applying Local Rule 251(c) to these facts, the court found that the declarations and exhibits should not be stricken and thereafter considered them with the joint statement. Id. at *2. Here, because Defendant and the joint statement itself indicated to Plaintiff and the Court that Defendant would file its declaration and exhibits separately (Doc. No. 587 at 3), the Magistrate Judge's decision to consider them while

---

[2] As the Magistrate Judge noted, Local Rule 251 does not explicitly prohibit the filing of a separate declaration and exhibit.

reviewing Plaintiff's motion to reopen discovery was not "contrary to law."

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 595) is DENIED.

IT IS SO ORDERED.

Dated:   March 24, 2022

_____
SENIOR  DISTRICT  JUDGE