UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHELLY J. IOANE, et al.,** | CASE NO. 1:07-CV-00620-AWI-EPG |
| **Plaintiffs,** | |
| v. | ORDER ON PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING |
| **JEAN NOLL, et al.,** | |
| **Defendants.** | (Doc. No. 580) |

Currently pending before the Court is Plaintiff Shelly Ioane's request for reconsideration (Doc. No. 580) of the Magistrate Judge's order (Doc. No. 578), which granted Defendant Jean Noll's motion for a follow-up psychological examination of Plaintiff Ioane pursuant to Rule 35 of the Federal Rules of Civil Procedure (Doc. No. 565).

*Legal Standard*

A district court may refer pretrial issues to a magistrate judge to either hear and decide or issue findings and recommendations. See 28 U.S.C. § 636(b)(1); Khrapunov v. Prosyankin, 931 F.3d 922, 930-31 (9th Cir. 2019); Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Khrapunov, 931 F.3d at 931; Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991).

A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been

committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Avalos v. Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011). This standard is "significantly deferential." Avalos, 798 F.Supp.2d at 1160. The district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241; Avalos, 798 F.Supp.2d at 1160.

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (5th Cir. 2010); Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Avalos, 798 F.Supp.2d at 1160; Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Perez v. City of Fresno, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); Jadwin, 767 F.Supp.2d at 1010-11.

*Discussion*

Plaintiff's motion seeks reconsideration of the Magistrate Judge's order (Doc. No. 578), which granted Defendant's motion for a follow-up psychological examination of Plaintiff Ioane pursuant to Rule 35 of the Federal Rules of Civil Procedure (Doc. No. 565). Plaintiff argues that the Magistrate Judge's order was clearly erroneous and contrary to law because a second examination is not permissible "rebuttal evidence" and the information Defendant is seeking is "available from sources other than another intrusive mental exam," Doc. No. 580 at 3-4.

Federal Rule of Civil Procedure 35(a) gives a court authority to order a party to comply with the other's legitimate discovery request to submit to a mental examination by a licensed examiner. Guidry v. Golden Gate Nat'l Parks Conservancy, 2014 U.S. Dist. LEXIS 168379, *3-4 (N.D. Cal. Dec. 4, 2014) (citing Fed. R. Civ. P. 35(a)). The party requesting the mental examination must demonstrate that (1) the physical or mental condition of the party is "in controversy" and (2) "good cause" for the examination exists. Id. at *4 (citing Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Cal. 1995)). A mental condition is "in controversy" when it is itself the subject of the litigation, and "good cause" for a mental examination requires a showing that the examination could adduce specific facts relevant to the

cause of action and necessary to the defendant's case. Id. (citations omitted).  Factors that are relevant to determining whether good cause exists include, but are not limited to, the possibility of obtaining desired information by other means; whether plaintiff plans to prove his claim through testimony of expert witnesses; whether the desired materials are relevant; and whether plaintiff claims ongoing emotional distress. Mandujano v. Geithner, 2011 U.S. Dist. LEXIS 27986, *7 (N.D. Cal. Mar. 7, 2011) (citing Franco v. Bos. Sci. Corp., 2006 U.S. Dist. LEXIS 81425, *3 (N.D. Cal. Oct. 27, 2006)). A purpose of Rule 35 is to "level the playing field" and "preserve the equal footing of the parties to evaluate the plaintiff's mental state." Ragge, 165 F.R.D. at 608 (citing Tomlin vs. Holecek, 150 F.R.D. 628, 633 (D. Minn. 1993)).

The language of Rule 35 "does not limit the number of examinations." Terrell v. Harder Mech. Contractors, Inc., 2011 U.S. Dist. LEXIS 44861, *5 (N.D. Cal. Apr. 19, 2011) (citing Peters v. Nelson, 153 F.R.D. 635, 637 (N.D. Iowa 1994)); Guidry, 2014 U.S. Dist. LEXIS 168379 at *4. "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances of the underlying request." Guidry, 2014 U.S. Dist. LEXIS 168379 at *4 (citing Alhozbur v. McHugh, 2010 U.S. Dist. LEXIS 80271, 2010 WL 3504724, at *1 (N.D. Cal. Sept. 8, 2010)). "[T]he number of examinations ordered should be held to the minimum necessary considering the party's right to privacy and the need for the court to have accurate information." Terrell, 2011 U.S. Dist. LEXIS 44861 at *6 (citing Shirsat v. Mutual Pharm. Co., Inc., 169 F.R.D. 68, 72 (E.D. Penn. 1996)). The decision whether to allow a proposed examination rests within the broad discretion of the court. Id. (citing Lester v. Mineta, 2006 WL 3741949, *1 (N.D. Cal. Dec.19, 2006)).

The party requesting a second examination must meet a stronger showing of necessity before the court will order a second exam. Id. (citing Edson v. Liberty Mut. Ins. Co., 2002 U.S. Dist. LEXIS 25258, *2 (N.D. Cal. Oct. 4, 2002)); Alhozbur, 2010 U.S. Dist. LEXIS 80271 at *3. Examples of circumstances which have been held sufficient to justify second examinations include where the first examination was not adequate or complete and where a substantial time lag occurred between the initial examination and the trial. See Edson, 2002 U.S. Dist. LEXIS 25258,

3

at *3 (granting second exam after two years elapsed since the plaintiff's prior examination and where plaintiff's condition may have improved since then); Daum v. Allstate Fire & Cas. Ins. Co., 2014 U.S. Dist. LEXIS 193339, *6-7 (D. Mont. Oct. 28, 2014) (granting second exam where there was (1) substantial time lag between prior exam and trial and (2) a change in plaintiff's health situation since the initial exam); Steinman v. Morton Int'l, Inc., 2015 U.S. Dist. LEXIS 173036, *5 (W.D.N.Y. Dec. 30, 2015) (same); Sadler v. Acker, 263 F.R.D. 333, 336 (M.D. La. 2009) (same); Ziemann v. Burlington County Bridge Comm'n, 155 F.R.D. 497, 501–502 (D.N.J. 1994) (same). If the party to be examined has alleged an ongoing injury or illness, a prior examination alone probably will not provide an adequate basis for evaluating the party's condition. See 7 Moore's Federal Practice - Civil § 35.04 (2022) (collecting cases); Steinman, 2015 U.S. Dist. LEXIS 173036 at *4-5.

Here, the Court finds that the Magistrate Judge's order granting a second examination was not clearly erroneous or contrary to law. As the Magistrate Judge noted, it will be more than five years between the date of Plaintiff Ioane's first examination in September 2015 to the date of trial, and the record demonstrates that there is a notable change in Plaintiff's mental status since that examination. Doc. No. 578 at 3 (citing Doc. No. 571-3 at 2:5 and Doc. No. 568-1 at 6-9). As numerous cases have shown, these circumstances are sufficient to justify a second examination. Edson, 2002 U.S. Dist. LEXIS 25258 at *3; Daum, 2014 U.S. Dist. LEXIS 193339 at *6-7. Furthermore, given that Plaintiff is claiming damages for ongoing mental and emotional distress, there is more reason for a second examination to assess her current condition. Steinman, 2015 U.S. Dist. LEXIS 173036 at*4-5; see also Edson, 2002 U.S. Dist. LEXIS 25258 at *3 ("If permanent injuries are claimed most courts will, on request, allow an additional examination shortly before the trial.").

Plaintiff contends that good cause for a second examination does not exist because the information sought is available in other sources. While the availability of obtaining the desired information by other means is a relevant factor, the Magistrate Judge, in finding good cause for a second examination, placed weight on Dr. Debra Borys's Report, the relevance of the second examination, and Plaintiff's allegation of ongoing mental distress. Doc. No. 578 at 1-3. The

Magistrate Judge's finding was not "clearly erroneous" or "contrary to law."[1] See Mandujano, 2011 U.S. Dist. LEXIS 27986 at *7 (finding good cause for examination after weighing the relevant factors); see also Steinman, 2015 U.S. Dist. LEXIS 173036 at *5-6 ("[W]hile plaintiff has produced voluminous medical records and reports . . . this production does not necessarily negate the defendant's interest in an independent examination of the plaintiff.") (citing Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D. Conn. 1994)).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. No. 580) is DENIED.

IT IS SO ORDERED.

Dated:   April 8, 2022

_____
SENIOR DISTRICT JUDGE

---

[1] Plaintiff's contention that a second examination is impermissible "rebuttal evidence" is unavailing because the requested examination is not for rebuttal but rather to assess Plaintiff's current mental status. Additionally, the cases Plaintiff cites to support her above contention were not in the context of opposing a second examination but rather in the context of striking statements included in already existing rebuttal reports that exceeded the permissible scope of rebuttal.

5